IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAKEEPER, INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>DOMETIC CORPORATION,<br><br>Defendant. | C.A. No. 25- 0484-JCB<br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] ORDER GRANTING SEAKEEPER, INCORPORATED'S
MOTION FOR A TEMPORARY RESTRAINING ORDER**

The Court, having considered Plaintiff Seakeeper, Incorporated's ("Seakeeper" or "Plaintiff") Motion for a Temporary Restraining Order, as well as submissions related thereto, and good cause having been found therefor, the Court hereby GRANTS Seakeeper's Motion for a Temporary Restraining Order.

Defendant received notice of Seakeeper's Motion for a Temporary Restraining Order and has had an opportunity to be heard.

The Court finds that issuing this Order pending resolution of Seakeeper's Motion for a Preliminary Injunction, is appropriate pursuant to Rule 65 of the Federal Rules of Civil Procedure, because Seakeeper has presented specific facts in the Declarations of Andrew Semprevivo [D.I. 11], Will Cimino [D.I. 12], Rebecca Smitha [D.I. 13], Thomas Duston [filed contemporaneously herewith] and Sean Sheridan [filed contemporaneously herewith] in support of the Motion for Temporary Restraining Order and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to Seakeeper before disposition of Seakeeper's request for a preliminary injunction. Specifically, in the absence of such an order, Defendant's launch and sale of its DG3 product, including design and placement into particular boat models,

1

will cause Seakeeper immediate and irreparable injuries from lost market share, damage to customer relationships, inability to re-enter key distribution channels, price erosion, and the resulting effect on Seakeeper's business including in research and development, sales, and marketing, for which there is no adequate remedy at law in the absence of intervention by this Court;

IT IS HEREBY ORDERED this ____ day of _____, 2025 that:

1. Seakeeper, Incorporated's Motion for a Temporary Restraining Order is GRANTED.

2. Defendant Dometic Corporation ("Defendant" or "Dometic"), and Dometic's officers, agents, servants, employees, and attorneys, all parent, subsidiary, and affiliate companies and other related business entities, and all other persons or entities acting in concert, participation or in privity with one or more of them, and their successors and assigns, are each prohibited from:

    a. Marketing, advertising, selling, offering for sale, using or making within or importing into the United States products with features that infringe claims 11 or 17 of U.S. Patent No. 7,546,782 ("the '782 Patent") or claim 1 of U.S. Patent No. 8,117,930 ("the '930 Patent") or which practice each step of the method claimed in claim 14 of the '930 Patent, including but not limited to Dometic's DG3 gyrostabilizer product;

    b. Inducing other persons to market, advertise, sell, offer for sale, or use within the United States products with features that infringe claims 11 or 17 of the '782 Patent or claim 1 of the '930 Patent or to practice the method claimed in claim 14 of the '930 Patent, including but not limited to Dometic's DG3 gyrostabilizer product;

    c. Contributing to any acts of other persons marketing, advertising, selling, offering for sale, or using within the United States products with features that infringe claims 11 or 17 of the '782 Patent or claim 1 of the '930 Patent or the practice of the method claimed in claim 14 of the '930 Patent, including but not limited to Dometic's DG3 gyrostabilizer product.

3. Dometic is directed to provide a copy of this Order within five (5) days to any customers, potential customers or other third-parties to whom it has offered to sell, promoted, marketed, sold or shipped a DG3 product.

4. A hearing is set for _____, 2025, at _____, to consider Seakeeper's Motion for a Preliminary Injunction.

5. This temporary injunction shall remain in force until _____, 2025. It may be extended upon a showing of good cause.

_____
United States District Judge