IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAKEEPER INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-484-JCB |
| | ) |
| DOMETIC CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MOTION FOR LEAVE TO FILE UNDER SEAL**

Defendant Dometic Corporation ("Defendant" or "Dometic") hereby moves for leave to file Dometic's Answering Brief in Opposition to Plaintiff's Motion for a temporary restraining order (the "Answering Brief") under seal and in support thereof state as follows:

The information contained in Dometic's Answering Brief includes confidential, proprietary, and sensitive business information that, if made available to the general public and to Dometic's competitors, could cause harm to Dometic. As such, good cause exists to permit Dometic to file its Answering Brief and exhibits under seal. *See, e.g.*, *Honeywell*, 2010 WL 744535, at *3 (sealing litigant's confidential research and on-sale materials including technical and development information pertaining to litigant's products); *Joint Stock Soc.*, 104 F. Supp.2d at 396 (holding that litigant's product formulas, research studies, strategic plans, and financial information were all sensitive commercial information entitled to confidential protection). *See also In Re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662 (3d Cir. 2019) (requiring a that a proponent seeking to seal "demonstrate that 'good cause' exists for the order," and explaining that "[g]ood cause means that disclosure will work a clearly defined and serious injury to the party seeking closure") (quotations omitted).

Courts routinely protect information constituting a party's confidential commercial information, which if disclosed publicly, would subject a party to competitive harm in the marketplace, see Fed. R. Civ. P. 26(c)(1)(G), and here, the public does not have an interest in the commercially sensitive information that would outweigh the harm to the parties in disclosing such information. The Third Circuit expressly recognizes that "courts may deny access to judicial records . . . where they are sources of business information that might harm a litigant's competitive standing." *Mosaid Technologies Inc. v. LSI Corp.*, 878 F. Supp.2d 503, 507 (D. Del. 2012) (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)). Courts protect information that is particularly sensitive to a party's "competitive place in the market" when such information goes to a party's "business strategies and approach" in dealing with other major business entities. *Honeywell Int'l Inc. v. Nikon Corp.*, No. 04-1337-JJF, 2010 WL 744535, at *3 (D. Del. Mar. 2, 2010). Information amounting to "trade secrets, confidential research and business information" fall under that category. *Id.* Courts also seal information that amounts to "business strategies" and "sensitive to [the parties'] competitive place in the market." *Id.*

If Dometic is permitted to file its Answering Brief in Opposition to Plaintiff's Motion for a temporary restraining order under seal, Dometic will prepare and file redacted, public versions of these materials within seven (7) days, in accordance with this Court's procedures.

<table>
<tr><td>

*Of Counsel:*

Oleg Khariton
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
(513) 977-8200
oleg.khariton@dinsmore.com

Michael A. Xavier
DINSMORE & SHOHL LLP
1775 Sherman Street, Suite 2600
Denver, CO 80203
(303) 296-3996
michael.xavier@dinsmore.com

Dated: May 22, 2025

</td><td>

ASHBY & GEDDES

*/s/ Andrew C. Mayo*
_____
Andrew C. Mayo (#5207)
Brian A. Biggs (#5591)
500 Delaware Avenue, 8th Floor
PO Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com
bbiggs@ashbygeddes.com

*Attorneys for Defendant*

</td></tr>
</table>