# ATTACHMENT TD-7

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

Case No.: _____

_____

                                              )
DOMETIC CORPORATION                           )
                                              )
        Plaintiff,                            )
                                              )
v.                                            )          **JURY TRIAL DEMANDED**
                                              )
CITIMARINE LLC                                )
                                              )
        Defendant.                            )
_____)

### COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Dometic Corporation d/b/a/ Dometic Marine ("Plaintiff" or "Dometic"), by and through its undersigned counsel, complains of Defendant CitiMarine LLC's ("Defendant" or "CitiMarine") conduct and alleges upon information and belief as follows:

### NATURE OF THIS ACTION

1.      Dometic seeks injunctive relief and monetary damages for Defendant's trademark infringement and false advertising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as well as related state law claims arising from Defendant's breach of contract, improper sale of Dometic products, use of trademarks owned or used by Dometic, and unfair and deceptive business practices.

2.      As described in more detail below, Defendant breached the Authorized Internet Reseller Agreement entered into between Defendant and Dometic by improperly selling certain Dometic products on the Internet without authorization. Despite Dometic's warnings, demands for liquidated damages, and eventual termination of the Authorized Internet Reseller Agreement, Defendant continues to advertise and sell Dometic products, improperly use Dometic intellectual

property, including trademarks and copyrighted images, and represent itself as an authorized reseller of Dometic products to consumers.

3. As a result of Defendant's actions, Dometic is suffering a loss of the enormous goodwill that Dometic has created in trademarks and is losing profits from lost sales of products. This action seeks permanent injunctive relief and monetary damages for Defendant's breach of contract and infringement of Dometic intellectual property rights, including liquidated damages in relation to Defendant's breach.

4. Further, this case concerns Defendant's continued wrongful, unauthorized promotion and sale of Dometic's products on the Internet and through online commerce. As described more fully below, upon information and belief, Defendant has tortiously interfered with and intentionally induced the breach of Dometic's contractual relations with one or more of its Authorized Internet Resellers.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

6. This Court has supplemental jurisdiction over the pendant state law claims pursuant to 28 U.S.C. § 1367(a).

7. Defendant is subject to personal jurisdiction in the State of Florida and this District because it resides in the State of Florida. Additionally, Defendant is subject to personal jurisdiction in the State of Florida and this District because: (a) Defendant entered into a forum selection clause that identifies this District as the exclusive district for resolution of the disputes between the parties; (b) Defendant has sold numerous products into the State and this District; (c) Defendant

has caused tortious injury to Dometic's trademarks within the State and this District; (d) Defendant practices the unlawful conduct complained of herein, in part, within the State and this District; (e) Defendant regularly conducts or solicits business within the State and this District; (f) Defendant regularly and systematically directs electronic activity into the State and this District with the manifest intent of engaging in business within the State and this District, including the sale and/or offer for sale to Internet users within the State and this District; and (g) Defendant enters into sales contracts with residents of the State and this District through the sale of items on various online commerce websites.

8. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## PARTIES

9. Plaintiff Dometic Corporation is a Delaware corporation. Dometic develops, manufactures, and sells marine products throughout the world, including the United States of America, under various brands, including, but not limited to, the "Dometic Marine" brand (the "Dometic Brands," and the products sold under the "Dometic Brands," the "Dometic Products").

10. Defendant CitiMarine LLC is a Florida limited liability company with a principal place of business located at 3300 NW 112 Avenue, #4, Doral, Florida 33172. Defendant does or has done business and sold products, including the Dometic Products, to customers within the State of Florida and this District through its own website, https://citimarinestore.com/en/, and other online commerce websites. Defendant is an unauthorized reseller of Dometic Products.

## FACTS

### *Dometic's Trademark Usage*

11.     The U.S. Patent and Trademark Office ("PTO") has issued several registrations for marks used with marine products and accessories (hereinafter, the "Dometic Marks"). The Dometic Marks include, but are not limited to:

| Mark | Registration No. | Registration Date | Class/Goods |
|------|------------------|-------------------|-------------|
| ⌁⌁ DOMETIC | 5,403,863 | February 20, 2018 | "installation, repair and maintenance of products and accessories installed and used in… yachts and boats" <br><br> "electric air conditioners; air conditioners for vehicles; air conditioners for ships" |
| DOMETIC | 4,179,622 | July 24, 2012 | "electronic controls for heating, ventilating and air conditioning systems" <br><br> "recreational vehicle accessories" |
| ⌁⌁ | 5,403,862 | February 20, 2018 | "installation, repair and maintenance of products and accessories installed and used in… yachts and boats" <br><br> "electric air conditioners; air conditioners for vehicles; air conditioners for ships" |

12.     The Dometic Marks have been in continuous use since at least their respective dates of registration. True and accurate copies of printouts from TESS evidencing these registrations are attached hereto as Exhibit 1.

13.     Dometic advertises, distributes, and sells its products to consumers under the Dometic Marks.

14.     Dometic has also acquired common law rights in the use of the Dometic Marks throughout the United States.

15.     The federal trademark registrations for the Dometic Marks were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of the validity of the Dometic Marks.

16.     Dometic has invested a substantial amount of money and has expended significant time and effort in advertising, promoting, and developing the Dometic Marks throughout the United States and the world.  As a result of such advertising and promotion, Dometic has established substantial goodwill and widespread recognition in the Dometic Marks, and the marks have become associated exclusively with Dometic and its products by both customers and potential customers, as well as the general public at large.

17.     To create and maintain such goodwill among its customers, Dometic has taken substantial steps to ensure that products bearing the Dometic Marks are of the highest quality.  As a result, the Dometic Marks have become widely known and are recognized throughout the United States and the world as symbols of high quality products.

18.     As a result of, *inter alia*, the care and skill exercised by Dometic in the conduct of its business, the high quality of the goods sold under the Dometic Marks, and the extensive advertising, sale, and promotion by Dometic of its products, the Dometic Marks have acquired secondary meaning in the United States and the world, including this District.

19.     Dometic is not now affiliated with Defendant, and Defendant is not authorized to use the Dometic Marks.

### Dometic's Authorized Internet Reseller Network

20.     Another critical investment that Dometic has made to ensure that the Dometic Products are of the highest quality is the development of a nationwide network of authorized

Internet resellers ("Authorized Internet Resellers" and the "Authorized Internet Reseller Network").

21.    As a prerequisite to becoming part of the carefully selected Authorized Internet Reseller Network, Dometic requires that its Authorized Internet Resellers execute an agreement (the "Authorized Internet Reseller Agreement"), which requires that its Authorized Internet Resellers follow specific quality controls and permits them to sell Dometic Products only to end-users and only at the locations and websites designated in the Authorized Internet Reseller Agreement.    The terms of the Authorized Internet Reseller Agreement also prohibit the transshipment, diversion, or transfer of any Dometic Products to any other party.  Furthermore, as part of its normal business dealings with its Authorized Internet Reseller Network, Dometic prohibits its Authorized Internet Resellers from transshipping Dometic Products to unauthorized resellers.

22.    Dometic's requirement that each of its Authorized Internet Resellers agree not to transfer any Dometic Products to any other unauthorized party is well known in the retail industry, particularly among retailers of marine products.

23.    Defendant was aware of this prohibition at all relevant times, as Defendant applied for and executed an Authorized Internet Reseller Agreement with Dometic on August 16, 2019.

24.    Dometic has invested and expended significant time and effort in advertising, promoting, and developing its Authorized Internet Reseller Network.  As a result of such advertising and promotion, Dometic has established substantial goodwill and widespread recognition in the Dometic Products, which have become associated exclusively with Dometic by both customers and potential customers, as well as the general public at large.

***Defendant's Breach of the Dometic Authorized Internet Reseller Agreement***

25.     Defendant applied for and executed an Authorized Internet Reseller Agreement

with Dometic on April 16, 2019 (the "Agreement").

26.     Section 1 of the Agreement states:

> <u>Internet Appointment</u>.  Dometic Marine grants to the Reseller and
> the Reseller accepts the non-exclusive right to fulfill orders and to
> market, sell, and distribute the Products to End-Users located in the
> Territory solely on the Internet URL locations listed in the then-
> current Internet Reseller Profile attached hereto as <u>Schedule C</u> and
> approved by Dometic Marine.

27.     Pursuant to Section 1 of the Agreement, Defendant was only permitted to market,

sell, and distribute those "Products" specifically identified in Schedule A of the Agreement on its

website, [www.citimarinestore.com](www.citimarinestore.com).

28.     Pursuant to Schedule A of the Agreement, Defendant was not permitted to market,

sell, and distribute Dometic's "Turbo" products on the Internet.

29.     Dometic prohibits the sale of various Dometic Products, such as Dometic's "Turbo"

products, on the Internet for several reasons, including, but not limited to, that such products are

not "do-it-yourself" products and must be installed by professionals trained in the care and skill

necessary for the installation and support of such products.

30.     An investigation revealed that after execution of the Agreement, Defendant offered

for sale and sold Dometic's "Turbo" products on its website, [www.citimarinestore.com](www.citimarinestore.com), without

authorization and in breach of the Agreement.  Examples of Defendant's product listings for

Dometic's "Turbo" products are below:



31.     Pursuant to Sections 12 and 13 of the Agreement, Dometic was permitted to terminate the Agreement effective immediately upon Defendant's breach of Section 1 of the Agreement.

32.     Due to Defendant's unauthorized sale of Dometic's "Turbo" products on the Internet, Dometic terminated the Agreement by letter dated January 17, 2020.    Dometic notified Defendant that it was no longer an Authorized Internet Reseller and demanded that it immediately remove all Dometic product listings from the Internet.

33.     Section 7 of the Agreement states:

> **Liquidated Damages.  For each occasion that Reseller breaches Sections 1, 2, 3, 4, 5, or 6 of this Agreement by engaging in the unauthorized sale of Products, in addition to all other remedies available to Dometic Marine under this Agreement and at law, Reseller agrees to pay Dometic Marine, as liquidated damages and not as a penalty, the greater of the following amounts:  (i) the costs and fees associated with Dometic Marine's investigation and enforcement regarding the unauthorized sales; or (ii) five times (5X) the MSRP of the Product(s) per unit of Product.  The parties agree that these damages are not punitive.**

34.     Dometic is entitled to liquidated damages in the amount of five times (5X) of the MSRP of the Product(s) per unit of Product Defendant offered for sale or sold in violation of the Agreement, pursuant to Section 7 of the Agreement.  Dometic demanded payment of liquidated damages in its letter to Defendant dated January 17, 2020.

35.     Upon termination of the Agreement, Defendant was no longer authorized to advertise or sell any Dometic Products on the Internet or use Dometic intellectual property, including, but not limited to, the Dometic Marks or any other Dometic trademark or copyrighted image.  Defendant was further prohibited from holding itself out as an authorized Dometic reseller.

***Defendant's Post-Termination Conduct***

36.     Despite the termination of the Agreement, Defendant continues to advertise and sell Dometic Products, use Dometic intellectual property, including, but not limited to, the Dometic Marks and Dometic copyrighted images, and represent itself as an Authorized Internet Reseller of Dometic Products.

37.     Specifically, even after Dometic terminated Defendant as a Dometic Authorized Internet Reseller, Defendant continues to use the Dometic Marks and the Dometic copyrighted images to offer Dometic Products on its website, [www.citimarinestore.com](http://www.citimarinestore.com), and even advertises

to consumers the "Dometic 2020 Complete Price List," all without authorization. A screenshot of Defendant's unauthorized use of the Dometic Marks and advertisement of the "Dometic 2020 Complete Price List" is below:



38.     The "Dometic 2020 Complete Price List" confirms that Defendant's conduct is unauthorized, as it states: "Any and all resellers that want to sell the Dometic Products authorized for sale online will be required to sign and adhere to an Authorized Internet Reseller Agreement."

39.     As evidenced from the image above, Defendant's website using the Dometic Marks and advertising the "Dometic 2020 Complete Price List" was updated on March 11, 2020, after Dometic terminated Defendant as an Authorized Internet Reseller.

40.     Moreover, because Defendant is no longer an Authorized Internet Reseller of Dometic Products, to obtain the inventory of Dometic Products that Defendant is offering for sale

on its website, Defendant intentionally sought out, directly or indirectly, and obtained Dometic Products from one or more Dometic Authorized Internet Resellers.

      41.    Based on knowledge in the industry as well as the fact that Defendant previously executed an Authorized Internet Reseller Agreement with Dometic, Defendant was and is aware that each of those Authorized Internet Resellers are prohibited from selling Dometic Products to Defendant.

      42.    Defendant's unauthorized use of the Dometic Marks, advertisement of the "Dometic 2020 Complete Price List," and use of the Dometic copyrighted images intentionally misrepresents to consumers that Defendant is an Authorized Internet Reseller of Dometic Products and the products sold by Defendant are subject to the specific quality controls that such Authorized Internet Resellers are required to follow.

      43.    Defendant's use of the Dometic Marks, advertisement of the "Dometic 2020 Complete Price List," and use of the Dometic copyrighted images without authorization or license creates the false and/or misleading impression that Defendant is among Dometic's Authorized Internet Reseller Network, which it is not, and is likely to cause (and has caused) consumer confusion and disappointment when, for example, consumers learn that the Dometic Products they have purchased from Defendant were not sold by a Dometic Authorized Internet Reseller and subject to the specific quality controls that such Authorized Internet Resellers are required to follow.

      44.    Specifically, many Dometic Products, such as Dometic's "Turbo" products, are not "do-it-yourself" products and must be installed by professionals trained in the care and skill necessary for the installation and support of such products. Accordingly, consumers are deceived and disappointed when they are unable to easily and correctly install such products themselves

after purchasing them from Defendant relying upon Defendant's false and/or misleading representation that it is authorized to sell such Dometic Products on the Internet and subject to the specific quality controls that such Authorized Internet Resellers are required to follow.

45.    Consumers rely upon Defendant's false and/or misleading representations that it is an Authorized Internet Reseller and the products sold by Defendant are subject to the specific quality controls that such Authorized Internet Resellers are required to follow when purchasing Dometic Products from Defendant.

46.    Defendant's unauthorized use of the Dometic Marks, false and/or misleading representation that it is an Authorized Internet Reseller, and use of the Dometic copyrighted images as aforesaid has harmed, and continues to harm Dometic and its relationships with its Authorized Internet Resellers.

47.    Defendant's actions cause consumer confusion and deception when, among other things, consumers are misled into believing that they are purchasing Dometic Products from a Dometic Authorized Internet Reseller and that the products sold by Defendant are subject to the specific quality controls that such Authorized Internet Resellers are required to follow.

48.    Defendant's actions substantially harm consumers when, among other things, consumers are disappointed upon learning that the Dometic Products they purchased from Defendant were not sold by a Dometic Authorized Internet Reseller and subject to the specific quality controls that such Authorized Internet Resellers are required to follow.

49.    Defendant's actions substantially harm Dometic's goodwill and reputation when, among other things, consumers learn that the Dometic Products they have purchased from Defendant were not sold by a Dometic Authorized Internet Reseller and subject to the specific quality controls that such Authorized Internet Resellers are required to follow.

50.     The sale of Dometic Products by unauthorized resellers, such as Defendant, interferes with Dometic's ability to control the quality of products bearing the Dometic Marks.

51.     As a result of Defendant's actions, Dometic is suffering the loss of the enormous goodwill it created in the Dometic Marks.

52.     Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Dometic's irreparable harm.

**COUNT I - BREACH OF CONTRACT**

53.     Dometic hereby realleges each and every allegation contained in Paragraphs 1 through 52 as if fully set forth herein.

54.     The Agreement was a valid and binding contract between Dometic and Defendant.

55.     Dometic fully performed its material obligations under the Agreement at all relevant times herein.

56.     Defendant materially breached the Agreement by selling Dometic's "Turbo" products on its website, www.citimarinestore.com, which the Agreement expressly prohibited.

57.     Pursuant to "Liquidated Damages," Section 7 of the Agreement, Dometic is entitled to liquidated damages in the amount of five times (5X) of the MSRP of the Product(s) per unit of Product Defendant offered for sale or sold in violation of the Agreement.

58.     Dometic seeks recovery of the liquidated damages it is entitled pursuant to Section 7 of the Agreement.

59.     As a direct and proximate result of Defendant's actions, Dometic has been and continues to be injured irreparably and has sustained significant damages in an amount to be determined by the evidence at trial.

60.    Such conduct on the part of Defendant has caused and will continue to cause irreparable injury to Dometic unless it is enjoined.

### COUNT II - UNFAIR COMPETITION, FALSE ADVERTISING, AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125)

61.    Dometic hereby realleges each and every allegation contained in Paragraphs 1 through 52 as if fully set forth herein.

62.    This is a claim for federal trademark infringement under 15 U.S.C. § 1125.

63.    Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that falsely designate the origin of Defendant's goods and services, falsely represent sponsorship by, affiliation with, or connection to Dometic and its goods and services, and/or falsely represent the nature, qualities, and characteristics of Dometic's Products sold by it in violation of 15 U.S.C. § 1125.

64.    Defendant's continued, unauthorized use of the Dometic Marks, advertisement of the "Dometic 2020 Complete Price List," and use of the Dometic copyrighted images constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125.

65.    Defendant's unauthorized use of the Dometic Marks, advertisement of the "Dometic 2020 Complete Price List," and use of the Dometic copyrighted images intentionally misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's goods and services.  Specifically, Defendant's unauthorized use of the Dometic Marks, advertisement of the "Dometic 2020 Complete Price List," and use of the Dometic copyrighted images intentionally misrepresents to consumers that Defendant is an Authorized Internet Reseller of Dometic Products

and the products sold by Defendant are subject to the specific quality controls that such Authorized Internet Resellers are required to follow.

66.  Defendant's continued, unauthorized use of the Dometic Marks, advertisement of the "Dometic 2020 Complete Price List," and use of the Dometic copyrighted images creates a false description and false designation of origin in violation of 15 U.S.C. § 1125, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to Dometic's goodwill and reputation as symbolized by the Dometic Marks, for which Dometic has no adequate remedy at law.

67.  Defendant's unauthorized use of the Dometic Marks, advertisement of the "Dometic 2020 Complete Price List," and use of the Dometic copyrighted images to mislead and deceive consumers into believing that Defendant is an Authorized Internet Reseller of Dometic Products and the products sold by Defendant are subject to the specific quality controls that such Authorized Internet Resellers are required to follow demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with the Dometic Marks, thereby causing immediate, substantial, and irreparable injury to Dometic.

68.  As a direct and proximate result of Defendant's actions, Dometic has been, and continues to be, damaged by Defendant's activities and conduct.  Defendant has profited thereby, and, unless its conduct is enjoined, Defendant's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Dometic is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with it, from engaging in further acts of trademark infringement.

69.     Dometic is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

70.     Dometic is entitled to a disgorgement of Defendant's profits received due to its conduct described herein pursuant to 15 U.S.C. § 1117.

## COUNT III - TORTIOUS INTERFERENCE WITH CONTRACT

71.     Dometic hereby realleges each and every allegation contained in Paragraphs 1 through 52 as if fully set forth herein.

72.     At all relevant times, Dometic has had valid Authorized Internet Reseller Agreements and/or business relationships with its Authorized Internet Resellers of Dometic Products which prohibited the transshipment of Dometic Products to other resellers.

73.     At all relevant times, Defendant had actual knowledge of Dometic's established contractual or business relationships with its Authorized Internet Resellers, and was aware that Dometic's Authorized Internet Reseller Agreements prohibit the transshipment, diversion, or transfer of any Dometic Products to any other party, directly or indirectly, including, without limitation, Defendant.

74.     Dometic has learned that Defendant has obtained significant inventories of new Dometic Products, directly or indirectly, from one or more Authorized Internet Resellers, and has offered for sale and sold, and continues to offer for sale and sell, such products through online retail spaces to customers throughout the United States including, without limitation, within this District.

75.     Defendant could only obtain the large inventory of new Dometic Products that it is offering for sale (1) through the knowing solicitation and procurement of Dometic Products from one or more of Dometic's Authorized Internet Resellers, (2) through intentional, improper, and

16

knowing interference with these Authorized Internet Resellers' advantageous business relationships with Dometic, or (3) by obtaining Dometic Products from Dometic Authorized Internet Resellers through fraudulent or illicit means.

76.     Defendant has knowingly, wrongfully, maliciously, intentionally, and tortiously interfered with Dometic's contractual relationships or its advantageous business relations by, among other things, soliciting, encouraging, or diverting sales of Dometic Products.  These actions have interfered with, impeded, and hindered Dometic's relationships with its Authorized Internet Reseller Network, and have caused specific harm to Dometic's contractual/business relationships with the Authorized Internet Resellers from whom Defendant improperly procured Dometic Products, and with other Authorized Internet Resellers with whom Dometic has contracted.

77.     Defendant has no privilege or justification for its actions and its conduct.

78.     Defendant's activities, as alleged, constitute tortious interference with a contract/business relation under the laws of the State of Florida.

79.     Defendant has refused to desist from these wrongful acts, and therefore has indicated its intent to continue this unlawful conduct, unless restrained by this Court.

80.     Defendant's actions have proximately caused Plaintiff's damage.

81.     Defendant's actions have irreparably harmed Dometic and its incalculable goodwill in the Dometic Brand, and, unless enjoined, will continue to do so in a manner affording Dometic no adequate remedy at law.

**COUNT IV - VIOLATION OF FDUTPA (Fla. Stat. §§ 501.201-501.213)**

82.     Dometic hereby realleges each and every allegation contained in Paragraphs 1 through 52 as if fully set forth herein.

83.     Defendant's past and continued trademark infringement, false advertising and false designation of origin, and intent to deceive and defraud the consuming public into believing that Defendant is an Authorized Internet Reseller of Dometic Products, which it is not, constitutes unfair and deceptive acts or practices in the conduct of trade or commerce in violation of FDUTPA.

84.     Defendant unauthorized use of the Dometic Marks, advertisement of the "Dometic 2020 Complete Price List," and use of the Dometic copyrighted images is likely to (and actually does) deceive consumers.

85.     Defendant's false representation that it is an Authorized Internet Reseller of Dometic Products has proximately caused Dometic to suffer actual damages in lost sales, and has also proximately cause Dometic to suffer harm to its goodwill and reputation, because consumers who purchase Dometic Products from Defendant believing Defendant to be an Authorized Internet Reseller of Dometic Products are disappointed with *Dometic* when the product purchased does not meet their expectations.

86.     As a direct result of Defendant's unfair and deceptive trade practices, customers seeking Dometic Products from an Authorized Internet Reseller did not purchase them from Dometic (or its Authorized Internet Resellers) and instead unknowingly purchased them from Defendant.  Therefore, the demand for Dometic Products created by Dometic was not fulfilled by the purchase of a Dometic Product from an Authorized Internet Reseller.  This results in lost revenue and actual damages to Dometic.

87.     As a direct result of Defendant's unfair and deceptive trade practices, Dometic has been injured and damaged, and is entitled to injunctive relief, actual damages, costs, and attorneys' fees.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Dometic Corporation prays for judgment in its favor and against Defendant CitiMarine LLC providing the following relief:

1.  For temporary, preliminary, and permanent injunctive relief prohibiting Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with it, including, but not limited to, any online platform, such as Amazon.com or eBay.com, or any website, website host, website administrator, domain registrar, or internet service provider, from:

    a.  using, or attempting to use, any of the Dometic intellectual property, including, but not limited to, the Dometic Marks or the Dometic copyrighted images;

    b.  engaging in any false or misleading advertising with respect to Dometic Products, which relief includes but is not limited to removal of all of Defendant's listings for Dometic Products from the Internet, including but not limited to: www.citimarinestore.com;

    c.  acquiring, or taking any steps to acquire, any Dometic Products in violation of Dometic's Authorized Internet Reseller Agreements, or through any other improper or unlawful channels;

    d.  advertising, selling, or taking any steps to sell, any Dometic Products;

    e.  engaging in any activity constituting unfair competition with Dometic; and

    f.  inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

2.     For an order requiring Defendant to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of the Dometic Products sold by it, including without limitation, the placement of corrective advertisement and providing written notice to the public to cure any residual impacts from Defendant's false advertising;

3.     Adjudge Defendant to have materially breached the Agreement and award Dometic liquidated damages in the amount of five times (5X) the MSRP of the Product(s) per unit of Product, as permitted by the Agreement;

4.     Adjudge Defendant to have violated 15 U.S.C. § 1125(a) and Fla. Stats. §§ 501.201-501.213 (FDUTPA) by unfairly competing against Dometic by using false, deceptive, or misleading statements of fact that misrepresent the nature, quality, and characteristics of the Dometic Products sold by it;

5.     Award Dometic its damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

6.     Award Dometic the disgorgement of Defendant's profits as provided by law pursuant to 15 U.S.C. § 1117;

7.     Award Dometic its reasonable attorneys' fees in bringing this action as allowed by law pursuant to 15 U.S.C. § 1117 and Fla. Stats. §§ 5101.201-.213;

8.     Award Dometic pre-judgment and post-judgment interest in the maximum amount allowed under the law;

9.     Award Dometic the costs incurred in bringing this action; and

10.    Grant Dometic such other relief as this Court deems just and proper.

## JURY TRIAL CLAIM

Dometic hereby requests trial by jury on all claims so triable.

August 10, 2020                                   Respectfully submitted,

                                                  **K&L Gates LLP**
                                                  *Counsel for Plaintiff Dometic Corporation*
                                                  Christina M. Paul, Esq.
                                                  Florida Bar No. 0596876
                                                  christina.paul@klgates.com
                                                  Charles F. Wolf, Esq.
                                                  Florida Bar No. 099227
                                                  charles.wolf@klgates.com
                                                  Southeast Financial Center
                                                  200 South Biscayne Boulevard, Suite 3900
                                                  Miami, Florida 33131-2399
                                                  Telephone:    305-539-3300
                                                  Facsimile:    305-358-7095

                                                  */s/      Christina M. Paul*


                                                  **K&L Gates LLP**
                                                  *Counsel for Plaintiff Dometic Corporation*
                                                  Michael R. Murphy, Esq.
                                                  (*to be admitted pro hac vice*)
                                                  michael.r.murphy@klgates.com
                                                  State Street Financial Center
                                                  One Lincoln Street
                                                  Boston, MA 02111
                                                  Telephone: 617-261-3132
                                                  Facsimile: 617-261-3175