# EXHIBIT F

Case 1:25-cv-00484-JCB     Document 60-6     Filed 05/27/25     Page 1 of 14 PageID #: 2994

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

WAVETAMER GYROS, LLC,
Petitioner,

v.

SEAKEEPER, INC.,
Patent Owner.

_____

Cases IPR2017-01931 and IPR2017-01996[1]
Patents 8,117,930 B2 and 7,546,782 B2

_____

Before LORA M. GREEN, MICHAEL W. KIM, and PATRICK R. SCANLON, *Administrative Patent Judges*.

GREEN, *Administrative Patent Judge*.

MOTION TO DISMISS THE PETITIONS AND AUTHORIZE
FILING OF CORRECTED PETITIONS

---

[1] This paper addresses issues that are the same in the identified cases. The word-for-word identical paper is filed in each proceeding identified in the heading. References to exhibits refer to Exhibits in IPR2017-01931.

## I. Introduction

Petitioner has requested *inter partes* review of U.S. 8,117,930 (the '930 patent, Exhibit 1001) (IPR2017-01931) and U.S. 7,546,782 (the '782 patent, Exhibit 1042) (IPR2017-01996). In both petitions, Petitioner's counsel mistakenly cited U.S. 6,973,847 (the Adams patent, Exhibit 1006) rather than identical text in U.S. Patent Pub. No. 2004/0244513 (the Adams publication, Exhibit 1043). The Adams publication is prior art under 35 U.S.C. §102(b). The Adams patent is not prior art.

The Board authorized Petitioner to move to dismiss the original petitions and seek approval to file corrected petitions. Patent Owner has filed a preliminary response in IPR2017-01931 but the Board has not issued an institution decision. A preliminary response has not been filed in IPR2017-01996.

Petitioner seeks only to correct citations in the petitions and expert declarations by substituting the Adams publication for the Adams patent. No substantive changes will be made. The invalidity grounds as well as the evidence and arguments supporting the grounds will remain the same.

There is no prejudice to the Patent Owner. On the other hand, if the Board prohibits Petitioner from correcting the mistake, Petitioner will be seriously harmed. Indeed, considering that the Adams reference is the primary reference for all grounds in the '930 petition and constitutes the primary reference for the

IPR2017-01931 and IPR2017-01996
Patents 8,117,930 B2 and 7,546,782 B2

strongest grounds in the '782 petition, and the potential estoppel effects, failure to correct the petitions is potentially devastating to the Petitioner.

## II.     Statement of Material Facts

Petitioner was formed for the purpose of developing and marketing gyroscopic boat stabilizers that will compete with the boat stabilizers made by Patent Owner. On August 10, 2017, Petitioner filed the petition requesting an *inter partes* review of U.S. Patent No. 8,117,930. On August 25, 2017, Petitioner filed a second petition requesting an *inter partes* review of U.S. Patent No. 7,546,782.

The Adams patent is cited in all grounds for challenge in IPR2017-01931 regarding the '930 patent and in the strongest grounds for challenge in IPR2017-01996 regarding the '782 patent. The application that led to the Adams patent was filed on June 4, 2003 and published on December 9, 2004 as Publication No. 2004/0244513 (the Adams publication). The Adams publication is prior art with respect to the '930 and '782 patents under 35. U.S.C. 102(b).

In the petitions for *inter partes* review, Petitioner's counsel mistakenly cites the Adams patent rather than the Adams publication. The expert's declarations likewise cite the Adams patent rather than the Adams publication. The mistake was inadvertent. [Bennett Decl., ¶¶ 2-6, 9; Woolard Decl., ¶¶ 2-6, 8.]

On November 17, 2017, Patent Owner filed its Preliminary Response in IPR2017-01931, which pointed out the error in the petition and declaration, and

2

IPR2017-01931 and IPR2017-01996
Patents 8,117,930 B2 and 7,546,782 B2

requested the Board to deny the petition for *inter partes* review. Petitioner filed this motion expeditiously after the discovery of the error. [Bennett Decl., ¶ 7.]

**III. Requested Relief**

Petitioner seeks an order dismissing the petitions in IPR2017-01931 and IPR2017-01996 and authorizing Petitioner to file corrected petitions substituting the Adams publication for the Adams patent in the petitions.

**IV.    Argument**

**1.    The Motion To Dismiss Should Be Granted to Allow the Correction of An Inadvertent Mistake In the Petitions.**

The Board has discretion to "take up petitions or motions for decisions in any order" and to "grant, deny, or dismiss any petition or motion." 37 C.F.R. §42.71(a); *see also*, *Samsung Electronics, Co., Ltd. Et al v. Nvidia Corp.*, IPR2015-01270 (Paper No. 11, December 8, 2015). Further, the Rules governing IPR proceedings "shall be construed to secure the just, speedy, and inexpensive resolution of every proceeding." 37 C.F.R. §42.1(b).

During the early stages of their analysis of the case, Petitioner's counsel, Mr. Bennett and Ms. Woolard, were provided printed copies of the Adams patent along with several other references and requested by another attorney, Mr. Coats, to provide an initial opinion regarding the validity of the '930 and '782 patents. [Bennett Decl., ¶ 2; Woolard Decl., ¶ 2.] Petitioner's counsel recognized that the

3

IPR2017-01931 and IPR2017-01996
Patents 8,117,930 B2 and 7,546,782 B2

Adams patent was not prior art, but that the Adams publication qualified as prior art under 35 U.S.C. §102(b). [Bennett Decl., ¶ 4; Woolard Decl., ¶ 3.] The publication data is printed on the face of the Adams patent. Ms. Woolard highlighted the publication date in a printed copy of the Adams patent and verified that the text of the Adams publication was the same as the text of the Adams patent. [Woolard Decl., ¶ 3.] Petitioner's counsel continued with their initial evaluation using the printed copies of the Adams patent. [Bennett Decl., ¶ 4; Woolard Decl., ¶ 3.]

In January, Mr. Coats requested Petitioner's counsel to perform a patent search and conduct some additional analysis. [Bennett Decl., ¶ 5.] On February 6, Mr. Bennett and Ms. Woolard conducted a patent search for relevant art related to interleaved fins and continued their analysis of the '930 and '782 patents in light of the new references. [*Id.*; Woolard Decl., ¶ 4.] They were not concerned at this time with prior art in the field of boat stabilizers because they expected to use the Adams publication in any invalidity challenges to show the basic elements of a boat stabilizer. [*Id.*] Their attention was focused on finding prior art showing interleaved fins that could be combined with the Adams publication to make strong invalidity arguments. [*Id.*]

Mr. Bennett began drafting the petitions in late February 2017, approximately ten (10) weeks after the initial evaluation. [Bennett Decl., ¶ 6.]

4

IPR2017-01931 and IPR2017-01996
Patents 8,117,930 B2 and 7,546,782 B2

While preparing the petitions, Mr. Bennett used copies of the references that he had previously printed and annotated, which included the Adams patent. [*Id.*] He did not spend time thinking about the prior art status of Adams. [*Id.*] In his mind, he knew that the subject matter disclosed by the Adams patent was prior art. [*Id.*] His focus was on the development of the legal theories of the case, understanding the scientific principles of heat transfer, and working with the expert witness to conduct simulations supporting his invalidity arguments. [*Id.*] Mr. Bennett spent more than 150 hours on these issues. [*Id.*] With his attention fixated on these matters, he overlooked the need to substitute the Adams publication for the Adams patent in the initial drafts of the petitions and mistakenly cited the Adams patent rather than the Adams publication in the petitions. [*Id.*] Although at one point Ms. Woolard mentioned the need to provide the expert witness with a copy of the Adams publication, Ms. Woolard did not catch the mistake in the final draft of the petitions. [Woolard Decl., ¶¶ 5&6.]

   Petitioner should be allowed to dismiss the petitions and to file corrected petitions in order to cure this inadvertent mistake, which amounts to an incorrect citation to the wrong version of a document. The content of the Adams publication and the Adams patent are virtually identical. They include the same specification and the same drawings. While the Adams patent is not technically prior art, the Patent Owner cannot deny that the subject matter disclosed in the Adams patent is

5

IPR2017-01931 and IPR2017-01996
Patents 8,117,930 B2 and 7,546,782 B2

prior art. If Petitioner is allowed to file a corrected petition, no new grounds or arguments will be introduced. The correction will simply involve changing the citations to the Adams patent to corresponding citations to the Adams publication.

Granting the motion to dismiss will not prejudice the Patent Owner. The Patent Owner was aware of the Adams publication even before the filing of the petitions. Patent Owner owns the Adams patent. Further, Patent Owner was provided drafts of the petitions prior to filing and the Patent Owner elected not to point out the mistake before he petitions were filed. [Bennett Decl., ¶7.] Having to defend the validity of the '782 and '930 patents on the merits is not prejudicial to Patent Owner.

Considerations of fairness and equity favor dismissal of the petitions to permit the filing of corrected petitions. Every party in a legal proceeding should be given a full and fair opportunity to have its case heard on the merits. The Adams patent is used in all grounds for challenge in the '930 petition and in strong grounds for challenge in the '782 petition. Denying the motion would, in effect, deny Petitioner a day in court to have its arguments regarding the Adams publication heard and leave question of invalidity unresolved. Moreover, in the case of the '782 patent, the Petitioner could be estopped from raising a validity challenge based on the Adams publication in any subsequent legal proceedings. By opposing this motion, Patent Owner seeks to gain an unfair advantage from a

6

IPR2017-01931 and IPR2017-01996
Patents 8,117,930 B2 and 7,546,782 B2

technical mistake by Petitioner's counsel and deny Petitioner a full and fair opportunity to have its case heard on the merits.

Petitioner's invalidity arguments based on Adams are compelling. [Bennett Decl., ¶ 8.] The Adams publication discloses the basic structure of the claimed gyroscopic boat stabilizer without the interleaved fins for cooling the flywheel bearings. [*Id.*] The Sibley (Exhibit 1009), Bimshas (Exhibit 1012) and Jäger (Exhibit 1010) references cited in the petitions all disclose interleaved fins for cooling bearings or other rotating heat generating elements. The Adams publication itself provides an explicit motivation to apply these teaching to the Adam's boat stabilizer. Exhibit 1043, ¶[0047] ("Provision for cooling the flywheel bearings may be necessary at very high tip speeds."). "The public interest in securing the just, speedy, and inexpensive resolution of every proceeding would be served in this case more fully by considering the merits of the asserted ground of unpatentability …rather than by denying consideration" based on Petitioner's mistake. *Zhongshan Broad Ocean Motor Co. Ltd et al v. Nidec Motor Corp.*, IPR2015-00762, p. 8 (Paper No. 16, October 5, 2015) (allowing second petition to correct mistake).

In *Presidio Components, Inc. v. AVX Corp.*, IPR2015-01332 (Paper No. 13, August 21, 2015), the Board noted that "[i]nadvertent mistakes generally not affecting the merits of a case can happen, and we expect the parties to address

7

IPR2017-01931 and IPR2017-01996
Patents 8,117,930 B2 and 7,546,782 B2

them amicably" *Presidio* involved a motion to correct under 37 C.F.R. § 42.104. However, technical mistakes may also occur that are not correctible under 37 C.F.R. § 42.104. Faced with this situation, the Board in *Zhongshan* allowed the filing of a second petition as an equitable remedy to correct fatal defects in a petition. The Board should also do so in this case.

  **2. The *General Plastic* Factors Weigh In Favor of Petitioner's Motion**

  In *General Plastic Industrial Co., Ltd v. Canon Kabushiki Kaisha*, IPR2016-01357 (Paper No. 19, September 6, 2017), the Board provided guidelines for exercising its discretion to allow follow-on petitions filed after an adverse institution decision. The Board listed seven factors to consider: (1) whether the same petitioner, patent, and claims are at issue; (2) whether the petitioner knew or should have known of the prior art cited in the second petition when the first petition was filed; (3) whether a Patent Owner Preliminary Response (POPR) or Institution Decision has been received; (4) the time elapsed between knowledge of art filed in second petition and petition filing; (5) whether second petition explained time elapsed since first petition filing; (6) PTAB resources; and (7) one year final determination requirement. The Board did not create a per se rule against second petitions. Instead, the Board stated that "there may be circumstances where multiple petitions by the same petitioner against the same

8

IPR2017-01931 and IPR2017-01996
Patents 8,117,930 B2 and 7,546,782 B2

claims of a patent should be permitted, and that such a determination is dependent on the facts at issue in the case." *General Plastic*, supra at 18.

    Factors 1 and 2 go to whether the petitioner has already had a fair chance to present its grounds for challenge. In this case, Petitioner simply seeks to correct a mistake in the petitions and to be given a chance to have its arguments heard on the merits rather than be dismissed based on a technical mistake. See, *Zhongshan*, supra at 7 ("Although the same ground was asserted by Petitioner in IPR2014-01121, institution was denied in the earlier decision not on the merits but because Petitioner failed to include an attesting affidavit with an English translation of [the reference]"). Factor 3 is used to evaluate whether the Petitioner seeks to gain advantage from a prior institution decision or preliminary response filed by the Patent Owner. In this case Petitioner is not seeking to file a second petition with new grounds or new arguments so there is no advantage to Petitioner. Factors 4 and 5 are used to evaluate reasons for any delay by Petitioner. Petitioner has explained how the mistake in the petitions occurred and expeditiously filed this motion after discovery of the error. Regarding factor 6, the proceedings are still in the early stages of the proceeding and no decision has been made on institution in either case. The resources of the Board are best utilized by considering the merits of the asserted grounds. *Zhongshan*, supra at 8. Factor 7 is not applicable in the present case because the no decision has been made on institution.

9

IPR2017-01931 and IPR2017-01996
Patents 8,117,930 B2 and 7,546,782 B2

The purpose of the *General Plastic* factors, is to prevent abuse of the IPR proceedings by petitioners seeking to file serial petitions using prior institution decisions or POPRs as a roadmap to assert new grounds or arguments. "[T]his is not similar to a case in which a petitioner seeks to introduce additional grounds based on additional prior art through a second petition." *Zhongshan*, supra at 8. Rather, Petitioner simply wants an opportunity to have its case heard on the merits.

The Board has the authority under Rule 42.71(a) to prevent an unfairness to the Petitioner. Granting the motion will not prejudice the Patent Owner, but instead will serve the public interest in seeing that invalid patents are removed and avoid an injustice to Petitioner for a simple technical mistake in the petitions.

## Conclusion

For the forgoing reasons, the Board is respectfully requested to grant Petitioner's Motion to Dismiss Petitions and Authorize Filing of Corrected Petitions.

COATS & BENNETT, P.L.L.C.

*David E. Bennett*

David E. Bennett ( Reg. No.: 32,194)
Attorney for the Petitioner

10

IPR2017-01931 and IPR2017-01996
Patents 8,117,930 B2 and 7,546,782 B2

# CERTIFICATE OF SERVICE UNDER 37 C.F.R. § 42.6(e)(4)

The undersigned hereby certifies that a true copy of the foregoing MOTION TO DISMISS PETITIONS AND AUTHORIZE FILING OF CORRECTED PETITIONS and related Exhibit 1043 was served on December 18, 2017 by filing this document through the Patent Trial and Appeal Board End to End (PTAB E2E) as well as providing a courtesy copy via e-mail to the following attorneys of record for the Patent Owner listed below:

| Lead Counsel | Edward J. Kelly (Reg. No. 38,936)<br>Ropes & Gray<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199-3600<br>T: 617-951-7532;  F: 617-235-9492<br>Edward.Kelly@ropesgray.com |
|---|---|
| Back-up Counsel | Regina Sam Penti (Reg. No. 67,362)<br>ROPES & GRAY LLP<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199-3600<br>T: 617-951-7814; F: 617-235-9492<br>Regina.Penti@ropesgray.com |
| Back-up Counsel | Scott A. McKeown<br>Reg. No. 42,866<br>ROPES & GRAY LLP<br>2099 Pennsylvania Avenue, NW<br>Washington, DC 20006-6807<br>T: 202-508-4740; F: 617-235-9492<br>Scott.McKeown@ropesgray.com |

Dated:         December 18, 2017         Respectfully submitted,

11

IPR2017-01931 and IPR2017-01996
Patents 8,117,930 B2 and 7,546,782 B2

          By:    <u>/Kenyatta Upchurch/</u>

                 COATS & BENNETT, PLLC

12