IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAKEEPER, INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>DOMETIC CORPORATION,<br><br>Defendant. | C.A. No. 25-0484-JCB<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiff Seakeeper, Incorporated ("Plaintiff" or "Seakeeper") hereby moves for leave to file under seal in this Court Seakeeper's Reply Brief in Support of Motion for a Temporary Restraining Order with Notice (the "Reply Brief") and the Declaration of Will Cimino (the "Cimino Declaration") and in support thereof states as follows:

1. The Reply Brief and Cimino Declaration contain Plaintiff's commercially sensitive and proprietary information. This information is critical to Plaintiff's ability to compete. The Reply Brief may also contain confidential information belonging to Defendant Dometic Corporation ("Dometic"). For these reasons, Plaintiff respectfully requests that the Court grant its Motion to file the Reply Brief and Cimino Declaration under seal.

2. Although there is a "presumption in favor of public accessibility," a court has the supervisory power and authority to seal documents "when justice so requires," provided the party requesting sealing demonstrates that "the interest in secrecy outweighs the presumption of access." *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221 (3d Cir. 2011). The party moving to seal

must show that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Marketing*, 924 F.3d 662, 672 (3d Cir. 2019) (citations omitted).

3. The Third Circuit expressly recognizes that "courts may deny access to judicial records . . . where they are sources of business information that might harm a litigant's competitive standing." *Mosaid Technologies Inc. v. LSI Corp.*, 878 F. Supp.2d 503, 507 (D. Del. 2012) (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)). Courts protect information that is particularly sensitive to a party's "competitive place in the market" when such information goes to a party's "business strategies and approach" in dealing with other major business entities. *Honeywell Int'l Inc. v. Nikon Corp.*, No. 04-1337-JJF, 2010 WL 744535, at *3 (D. Del. Mar. 2, 2010). Information amounting to "trade secrets, confidential research and business information" fall under that category. *Id.* Courts also seal information that amounts to "business strategies" and "sensitive to [the parties'] competitive place in the market." *Id.*; *see also Joint Stock Soc. V. UDV N. Am., Inc.*, 104 F. Supp. 2d 390, 409 (D. Del. 2000) (recognizing that "defendants' consumer research studies, strategic plans, and marketing information" should be sealed).

4. The information contained in the Reply Brief and the Cimino Declaration under seal includes confidential, proprietary, and sensitive business information that, if made available to the general public and to Plaintiff's competitors, could cause harm to Plaintiff. The Reply Brief may also contain confidential information belonging to Dometic. As such, good cause exists to permit Plaintiff to file the Reply Brief and the Cimino Declaration under seal. *See, e.g.*, *Honeywell*, 2010 WL 744535, at *3 (sealing litigant's confidential research and on-sale materials including technical and development information pertaining to litigant's products); *Joint Stock Soc.*, 104 F. Supp.2d at 396 (holding that litigant's product formulas, research studies, strategic plans, and

financial information were all sensitive commercial information entitled to confidential protection).

5. Plaintiff will file a redacted version of the sealed filings within 7 days of filing pursuant to the Administrative Procedures Governing Filing and Service by Electronic Means.

6. For the reasons set forth herein, Plaintiff respectfully requests that the Court grant its Motion for Leave to File Under Seal.

|  |  |
|---|---|
| OF COUNSEL: | /s/ Kelly E. Farnan<br>Steven J. Fineman (#4025)<br>Kelly E. Farnan (#4395) |
| MARSHALL, GERSTEIN & BORUN LLP<br>6300 Willis Tower<br>233 S. Wacker Drive<br>Chicago, IL 60606<br>(312) 474-6300 | Christine D. Haynes (#4697)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>302-651-7700<br>fineman@rlf.com |
| Dated: May 27, 2025 | farnan@rlf.com<br>haynes@rlf.com<br><br>*Attorneys for Plaintiff*<br>*Seakeeper, Inc.* |

3