IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAKEEPER INC. )<br>)<br>Plaintiff, )<br>)  C.A. No. 25-484-JCB<br>v. )<br>)<br>DOMETIC CORPORATION, )<br>)<br>Defendant. ) | |

# **LETTER TO THE HONORABLE J. CAMPBELL BARKER**

*Of Counsel:*

Oleg Khariton
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
(513) 977-8200
oleg.khariton@dinsmore.com

Michael A. Xavier
DINSMORE & SHOHL LLP
1775 Sherman Street, Suite 2600
Denver, CO 80203
(303) 296-3996
michael.xavier@dinsmore.com

Dated: June 2, 2025

Andrew C. Mayo (#5207)
Brian A. Biggs (#5591)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
PO Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com
bbiggs@ashbygeddes.com

*Attorneys for Defendant*

Dear Judge Barker:

On May 28, 2025, during argument regarding Seakeeper's TRO Motion, the Court inquired into the possibility of a negotiated resolution of the pending motions for injunctive relief. On May 29, 2025, Dometic respectfully submitted a letter in response to the Court's inquiry explaining that: 1) Dometic will not make, sell, or ship the version of the DG3 product that is accused of infringement in the Complaint (the "Accused Design"), and that 2) Dometic will put into production a different, alternative version of the DG3 product depicted in Exhibit A to its letter (the "New Design"), which inarguably removes the "cylindrical" "interleaved" "vanes" consistently touted by Seakeeper as the essential features of its invention. (D.I. 65.) Thus, Dometic's May 29 letter gave the Court yet another reason to deny Seakeeper's pending motions for injunctive relief, on top of all of the reasons addressed in prior briefing.[1] Specifically, Dometic's decision to discontinue the Accused Design means that Seakeeper's TRO Motion—and, indeed, its PI Motion—are now effectively moot, as they are directed to a product that will be neither made nor sold.

The next day, Seakeeper responded to Dometic's letter with a truly extraordinary demand. Seakeeper now requests that the Court issue a sweeping preliminary injunction prohibiting Dometic from making or selling, without Seakeeper's and/or the Court's prior approval, *any* gyroscopic stabilizer device pending trial in this matter, *irrespective* of whether the device has been found likely to infringe (or has even been accused of infringing) Seakeeper's patents. (D.I. 67 at 1 (requesting an injunction that would require Dometic to prospectively seek "modification" of the injunction to "exempt" new product designs).) Seakeeper identifies no statute, rule, or precedent that would authorize such a sweeping, unlawful extension of its patent monopoly, and there is none. To the contrary, the Federal Circuit has explicitly instructed that an injunction, including a preliminary injunction, can only extend to "those products *actually found likely to infringe* and those 'not more than colorably different.'" *ABC Corp. I v. P'ship & Unincorporated Ass'ns Identified on Schedule "A"*, 52 F.4th 934, 946 (Fed. Cir. 2022) (emphasis added) (quoting *International Rectifier Corp. v. IXYS Corp.*, 383 F.3d 1312 (Fed. Cir. 2004)).

Thus, even if the Court were to rule that the **TRO Motion** is not moot **and** that Seakeeper has satisfied the prerequisites for the issuance of emergency injunctive relief as to the Accused Design, Seakeeper could not leverage that ruling to obtain a TRO that extended *beyond* the Accused Design and broadly enjoined Dometic from launching *any* gyrostabilizer product, including the New Design, on the market. And yet, Seakeeper takes things even further and requests, without even holding a hearing on its PI Motion, that the Court issue a ***preliminary injunction*** and enjoin

---

[1] As addressed in prior briefing, Seakeeper has not shown that the Accused Design is likely to infringe its patents; Dometic has raised at least a substantial question as to the patents' validity; Seakeeper has not shown that it would suffer immediate, non-speculative, irreparable harm absent an injunction (whereas the harm that an injunction would cause to Dometic, including by preventing it from fulfilling existing purchase orders, would be substantial); and Seakeeper has not even sued the right Dometic entity.

Dometic from making or selling any gyrostabilizer product, no matter its design, ***until trial***. As discussed above, Seakeeper's request flies in the face of settled law and must be denied.

Tellingly, Seakeeper does not suggest that the New Design could conceivably infringe its patents. And, without the claimed "cylindrical" "interleaved" "vanes," it plainly couldn't. Indeed, in addition to providing the technical drawing of the New Design, Dometic asked Seakeeper to identify any other information it might need to fully evaluate whether the New Design would infringe the asserted patents. (*See* Ex. A.) Seakeeper has requested no additional information. And this is not surprising, because the drawing speaks for itself. It clearly shows that the New Design lacks the claimed "cylindrical" "interleaved" "vanes."[2]

Seakeeper's speculation that the New Design is an "imaginary device" that "likely bears little resemblance to any eventual commercial product that must obviously undergo fabrication and extensive testing" smacks of complete desperation. (D.I. 67 at 1.) Contrary to Seakeeper's conjecture, Dometic's work on the New Design has been on-going, and Dometic is now confident enough in the New Design to send it into full production.

In any event, Seakeeper's bald speculation about the readiness of the New Design is irrelevant. The salient point is that the New Design is not the design accused of patent infringement. The only product design alleged to infringe Seakeeper's patents is the Accused Design; because Dometic has now agreed to discontinue that design, the Court should deny Seakeeper's pending motions for injunctive relief as moot. To the extent Seakeeper intends to pursue an infringement claim as to the New Design (notwithstanding its plainly non-infringing character), Dometic is prepared to meet and confer with Seakeeper to discuss the appropriate procedure for addressing this product going forward.

Should the Court wish to schedule a status conference to discuss any of the above, counsel for Dometic is available at the Court's convenience.

Respectfully,

*/s/ Andrew C. Mayo*

Andrew C. Mayo (#5207)

ACM/nlm
cc:   All counsel of record (via electronic mail; w/attachment)

---

[2] Seakeeper's counsel criticizes Dometic for declining to permit Seakeeper's legal team to share the drawing of the New Design with Seakeeper's employees. (D.I. 67 at 1.) However, as Dometic's counsel explained to Seakeeper's counsel, the drawing of the New Design contains confidential design details that Dometic is not required to disclose to a direct competitor. (Ex. A at 1.) Dometic's counsel further advised Seakeeper's counsel that Dometic may be able to provide a less detailed version of the drawing that could be shared with Seakeeper's employees. (*Id.*)