IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAKEEPER INC. | ) |
| | ) **REDACTED PUBLIC VERSION** |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-484-JCB |
| | ) |
| DOMETIC CORPORATION, | ) |
| | ) |
| Defendant. | ) |

# LETTER TO THE HONORABLE J. CAMPBELL BARKER

*Of Counsel:*

Oleg Khariton
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
(513) 977-8200
oleg.khariton@dinsmore.com

Michael A. Xavier
DINSMORE & SHOHL LLP
1775 Sherman Street, Suite 2600
Denver, CO 80203
(303) 296-3996
michael.xavier@dinsmore.com

Dated: May 29, 2025

Andrew C. Mayo (#5207)
Brian A. Biggs (#5591)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
PO Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com
bbiggs@ashbygeddes.com

*Attorneys for Defendant*

Dear Judge Barker:

      We write to you on behalf of Defendant Dometic Corporation ("Dometic") in regards to Plaintiff Seakeeper, Inc.'s ("Seakeeper") pending Motion for a Temporary Restraining Order ("TRO Motion") (D.I. 29) and Motion for a Preliminary Injunction ("PI Motion"). (D.I. 9.)

      During yesterday's hearing on Seakeeper's TRO Motion, the Court inquired into the possibility of a negotiated resolution of the pending motions for injunctive relief. Seakeeper's counsel indicated that such a negotiated resolution may take the form of an agreement by Dometic[1] to remove the allegedly infringing features from the accused DG3 gyrostabilizer device. We wish to inform the Court that Dometic is willing to make such a product design change and thereby obviate the need for the Court to rule on Seakeeper's request to enjoin the manufacture and sale of the accused DG3 gyrostabilizer device.

      Dometic will not make, sell, or ship the version of the accused DG3 design that is depicted in the Complaint (D.I. 1, ¶ 47), Seakeeper's TRO and PI Motions (D.I. 9 at 9; D.I. 30 at 14), and Dometic's Answering Briefs in Opposition to the TRO and PI Motions. (D.I. 41 at 10-11; D.I. 46 at 10.) Instead, Dometic will put into production a different, alternative version of the DG3 product that is depicted in Exhibit A to this letter. As shown in Exhibit A, this alternative design completely eliminates the features that Seakeeper alleges to correspond to the limitations of claim 11 of U.S. Patent No. 7,546,782 (the "'782 Patent") requiring two sets of "cylindrical," "interleaved" "vanes." (*See* D.I. 1-1 at 16 (11:6-33) (requiring "a first plurality of vanes attached to the spinning member . . . [which] are cylindrical elements extending in a first direction substantially parallel to the axial direction" and "a second plurality of vanes fixed relative to the enclosure and the spinning member . . . [which] are cylindrical elements extending in a second direction substantially parallel to the axial direction and opposite the first direction, the second vanes defining cylindrical shaped channels into which the first vanes extend so that the first and second vanes are interleaved").) This design change will apply to all units of the DG3 that will be made and/or shipped by Dometic moving forward.

      To be clear, Dometic is making this design change without any prejudice to its position that the prior, accused version of the DG3 device does not infringe any claim of the '782 Patent or U.S. Patent No. 8,117,930 (the other patent-in-suit). Dometic strongly maintains that the prior, accused design does not infringe any valid claim of Seakeeper's patents.

---

[1] As discussed in Dometic's Answering Briefs in Opposition to the TRO and PI Motions (D.I. 41 at 13-14; D.I. 46 at 11-13), the entity that is actually responsible for the design, manufacture, and distribution of the DG3 device is Dometic Marine Canada, Inc. ("DMC"), not Dometic Corporation (the named defendant). For the sake of brevity and simplicity only, this letter will refer to Dometic Corporation and DMC collectively as "Dometic."

Notwithstanding this, Dometic submits that its design changes moot the pending motions for injunctive relief. Of course, counsel for Dometic is available at the Court's convenience to discuss the impact of the design change on the pending motions or the case more generally.

Respectfully,

*/s/ Andrew C. Mayo*

Andrew C. Mayo (#5207)

ACM/nlm

cc:   All counsel of record (via electronic mail)