**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEAKEEPER, INCORPORATED, | |
| Plaintiff, | C.A. No. 25-0484-JCB |
| v. | **PUBLIC VERSION** |
| DOMETIC CORPORATION, | |
| Defendant. | **JURY TRIAL DEMANDED** |

**LETTER TO THE HONORABLE J. CAMPBELL BARKER FROM**
**STEVEN J. FINEMAN REGARDING RESPONSE TO**
**DEFENDANT'S MAY 29, 2025 LETTER**

OF COUNSEL:

MARSHALL, GERSTEIN & BORUN LLP
6300 Willis Tower
233 S. Wacker Drive
Chicago, Illinois 60606
(312) 474-6300

Dated: May 30, 2025

Steven J. Fineman (#4025)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
fineman@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*
*SEAKEEPER, INC.*



Steven J. Fineman
Director
302-651-7592
fineman@rlf.com

May 30, 2025

**BY CM/ECF FILING AND HAND DELIVERY**
Hon. Judge J. Campbell Barker
William M Steger Federal Building and United States Courthouse
211 W. Ferguson Street – Room 106
Tyler, TX 75702

      Re:     *Seakeeper, Inc. v. Dometic Corp.*, C.A. No. 25-0484-JCB

Dear Judge Barker:

      We write to respond to Dometic Corporation's untimely correspondence dated May 29, 2025.

      Dometic's last-minute attempt to stave off a preliminary injunction should not be considered.  A defendant's protestations that it will no longer infringe are insufficient grounds to deny injunctive relief.  *See W.L. Gore & Associates, Inc. v. Garlock, Inc.*, 842 F.2d 1275, 1281-82 (Fed. Cir. 1988) ("The argument in such circumstances is very simple. If the defendant be honest in his protestations an injunction will do him no harm; if he be dishonest, the court should place a strong hand upon him[.]") (quoting *General Electric Co. v. New England Electric Mfg. Co.*, 128 F. 738, 740 (2d Cir. 1904)).

      In its correspondence, Dometic asks this Court to bless, as non-infringing, a design depicted in a two-dimensional, unlabeled drawing purporting to show a cut-away view of a hypothetical stabilizer's interior.  Apparently dashed off by a draftsman less than 24 hours after the conclusion of the recent hearing on Seakeeper's request for injunctive relief, this drawing represents an imaginary device that likely bears little resemblance to any eventual commercial product that must obviously undergo fabrication and extensive testing.  Dometic has further refused to share this diagram with employees of Seakeeper who might be in a position to advise.

      Seakeeper submits that the appropriate procedure here is to enter the requested preliminary injunction against Dometic Corporation and its subsidiaries.  If Dometic believes that the manufacture and sale of a device having a different design is sufficient to avoid infringement, it is free to seek later modification of the preliminary injunction to exempt such a design, contingent upon adequate investigation of that design and imposition of other, appropriate conditions. *See, e.g.*, *United States v. United Tote, Inc.*, No. CIV. A. 90-130 LON, 1991 WL 24632, *3 (D. Del. Jan. 11, 1991) (Court may modify preliminary injunction upon showing that "changed circumstances warrant the discontinuation of the order.") (citing *Franklin Tp. Sewerage v. Middlesex Cty. Utilities*, 787 F.2d 117, 121 (3rd Cir.), *cert. denied*, 479 U.S. 828 (1986)).  Alternatively, courts have dealt with the propriety of redesigns via contempt proceedings.

∎ ∎ ∎

Hon. Judge J. Campbell Barker
May 30, 2025
Page 2

*See, e.g., nCube Corp. v. SeaChange Int'l, Inc.*, 809 F. Supp. 2d 337, 343-44 (D. Del. 2011) (In determining a violation of an injunction, "the inquiry continues to be whether 'colorable differences' exist between the newly accused product and the adjudged infringing product[.]") (quoting *TiVo Inc. v. EchoStar Corp.*, 646 F.3d 869, 882 (Fed. Cir. 2011)).

Dometic's infringing actions continue unabated. Seakeeper urges this Court to promptly enter the requested preliminary injunction. In view of the absence of harm given Dometic's professed ability to redesign the DG3, Seakeeper proposes that the bond, if any, be minimal. *See W.L. Gore & Assoc.,* 842 F.2d at 1281-82 (If honest in their protestations, "an injunction will do him no harm [to Dometic][.]"). Dometic has the opportunity to pursue interlocutory appellate review pursuant to 28 U.S.C. §1282, if it continues to dispute the Court's grounds for such an order.

Respectfully,

/s/ *Steven J. Fineman*

Steven J. Fineman (#4025)

cc:    Counsel of Record