**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SEAKEEPER, INCORPORATED,

               Plaintiff,

    v.

DOMETIC CORPORATION,

               Defendant.

C.A. No. 25-0484-JCB

**PUBLIC VERSION**

**SEAKEEPER, INCORPORATED'S RESPONSE TO DEFENDANT DOMETIC
CORPORATION'S MOTION TO DISMISS**

OF COUNSEL:

MARSHALL, GERSTEIN & BORUN LLP
6300 Willis Tower
233 S. Wacker Drive
Chicago, Illinois 60606
(312) 474-6300

Steven J. Fineman (#4025)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff
SEAKEEPER, INC.*

Dated: July 3, 2025

1

## TABLE OF CONTENTS

I.    NATURE AND STAGE OF THE PROCEEDINGS ..........................................................5

II.   SUMMARY OF THE ARGUMENT ..............................................................................5

III.  STATEMENT OF FACTS ............................................................................................6

IV.   ARGUMENT ..............................................................................................................7

    A.    Legal Standards.................................................................................................7

    B.    Seakeeper has Sufficiently Pled that Dometic Infringes Seakeeper's Patents.........8

    C.    Dometic Improperly Asks that Inference be Drawn in Its Favor...........................11

    D.    Dometic's Declarations Cannot Be Considered When Deciding a 12(b)(6) Motion to Dismiss.....................................................................................................12

    E.    Dometic's Request that Seakeeper be Denied Leave to Amend is Baseless .........13

V.    CONCLUSION..........................................................................................................18

## **TABLE OF AUTHORITIES**

**Cases**

*Aventis Pharma Deutschland GMBH v. Lupin Ltd.,*
    403 F.Supp.2d 484 (E.D.Va. 2005) ........................................................................ 15

*Biometics, LLC v. New Womyn, Inc.,*
    112 F.Supp.2d 869 (E.D. Mo. 2000) ..................................................................... 17

*Celanese Int'l Corp. v. Anhui Jinhe Indus. Co.,*
    No. CV 20-1775-RGA, 2022 WL 797595 (D. Del. Mar. 16, 2022).................................. 9, 11

*Datel Holdings Ltd. v. Microsoft Corp.,*
    712 F. Supp. 2d 974 (N.D. Cal. 2010) ................................................................... 7

*Davis v. Wells Fargo,*
    824 F.3d 333 (3d Cir. 2009) ........................................................................ passim

*Foman v. Davis,*
    371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ..................................................... 14

*Gelboim v. Bank of Am. Corp.,*
    823 F.3d 759 (2d Cir. 2016) .......................................................................... 14

*Intellectual Ventures I LLC v. Toshiba Corp.,*
    66 F. Supp. 3d 495 (D. Del. Sep. 3, 2014)........................................................... 9, 11

*Int'l Bus. Machines Corp. v. Expedia, Inc.,*
    No. CV 17-1875-LPS-CJB, 2019 WL 1571680 (D. Del. Apr. 11, 2019) ........................... 8, 13

*ISCO Int'l, Inc. v. Conductus, Inc.,*
    C.A. No. 01-0487, 2003 WL 280276 (D. Del. Feb. 10, 2003) .................................... 17

*Marposs Societa Per Azioni v. Jenoptik Auto. N. Am., LLC,*
    262 F. Supp. 3d 611 (N.D. Ill. 2017) ................................................................. 16

*McZeal v. Sprint Nextel Corp.,*
    501 F.3d 1354 (Fed. Cir. 2007) ......................................................................... 8

*Mullin v. Balicki,*
    875 F. 3d 140 (3d Cir. 2017) ...................................................................... 13, 18

*Nalco Co. v. Chem-Mod, LLC,*
    883 F.3d 1337 (Fed. Cir. 2018) ......................................................................... 9

*Pension Benefit Guar. Corp. v. White Consol. Indus.,*
    998 F.2d 1192 (3d Cir. 1993) .................................................................... 8, 10, 12

*Perkins v. LinkedIn Corp.*,
    53 F. Supp. 3d 1190 (N.D. Cal. 2014) ........................................................................... 7

*Power Home Solar, LLC v. Sigora Solar, LLC*,
    No. 3:20-CV-42, 2021 WL 3856459 (W.D. Va. Aug. 30, 2021) ............................................. 7

*Rally AG LLC v. Apple, Inc.*,
    No. 23-1106, 2024 WL 4836540 (D. Del. Nov. 20, 2024) ................................................. 9, 11

*Shorter v. United States*,
    12 F. 4th 366 (3d Cir. 2021) ...................................................................................... 13, 17

*Smith v. Garlock Equip. Co.*,
    658 F. App'x 1017 (Fed. Cir. 2016) .............................................................................. 17

*Tarkus Imaging, Inc. v. Adobe Sys., Inc.*,
    No. CIV. 10-63-LPS, 2011 WL 1557930 (D. Del. Apr. 21, 2011) ......................................... 9

*Threshold Enters. Ltd. v. Pressed Juicery, Inc.*,
    445 F. Supp. 3d 139 (N.D. Cal. 2020) ........................................................................... 7

*Valve Corp. v. Ironburg Inventions Ltd.*,
    8 F.4th 1364 (Fed. Cir. 2021) ...................................................................................... 7

**Rules**

Rule 12(b)(6) .................................................................................................... *passim*

Rule 15 ........................................................................................................... 13

Plaintiff Seakeeper, Inc. ("Seakeeper"), by and through its undersigned attorneys, hereby responds to Defendant Dometic Corporation's ("Dometic" or "Defendant") Motion to Dismiss ("Motion") and its Memorandum ("Memo") as follows:

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Seakeeper sufficiently alleged in its Complaint that Dometic manufactures, uses, sells, offers for sale, and/or imports the DG3 into the United States. Seakeeper further sufficiently alleged that the DG3 infringes at least one claim of each of the asserted Seakeeper patents. Dometic does not dispute that the Complaint makes these allegations. Instead, Dometic seeks to attack the truth of these allegations at the pleading stage. Dometic asserts that Dometic's subsidiary, not Dometic, is responsible for the alleged infringement, relying upon two declarations of its President. Dometic's challenge to the Complaint and reliance on these declarations is improper in the context of a 12(b)(6) motion and must be rejected. *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2009) (District court "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" plaintiff). Moreover, dismissal without allowing Seakeeper an opportunity to amend, as Dometic demands, would constitute reversible error.

## II.    SUMMARY OF THE ARGUMENT

A.    Dometic's motion should be denied because Seakeeper sufficiently alleged in its Complaint that Dometic manufactures, uses, sells, offers for sale, and/or imports the DG3 into the United States. Seakeeper further sufficiently alleged that the DG3 infringes at least one claim of each of the asserted Seakeeper patents.

B.    Dometic's attempt to attack the truth of well-plead allegations at the pleading stage, to raise new issues via declaration not in the complaint, and to draw inferences in its favor are improper in the context of a 12(b)(6) motion and must be rejected.

C.    Seakeeper cannot be denied leave to amend the complaint or discovery directed to addressing defenses raised by Dometic.

III.    **STATEMENT OF FACTS**

Seakeeper is owner of two U.S. Patents. D.I. 1, ¶¶42-45. Each patent covers the design and use of certain gyrostabilizers used for marine applications. *Id.,* ¶¶25-45. Seakeeper's patents encompass an innovative cooling system that enables such gyrostabilizers to stabilize boats against unwanted rolling motions. *Id.*, ¶¶13-41. Dometic announced its entry into the gyrostabilizer market with its DG3 model. *Id.,* ¶46. The structure and use of Dometic's DG3 infringes at least one claim of each of Seakeeper's two patents. *Id.,* ¶¶47-48, 68-73, 88-95.

Seakeeper alleges that Dometic "manufactures, uses, sells, offers for sale and/or imports" the infringing DG3. *Id.,* ¶68, 88. Seakeeper alleges that Dometic induces third parties to commit acts that directly infringe each of its patents. *Id.,* ¶¶75, 97. Seakeeper alleges that "Dometic's sale of its DG3 product induces infringement by actively, knowingly and intentionally aiding, abetting, directing, encouraging, or otherwise instructing its customers to use the DG3 product in a manner that constitutes infringement" of Seakeeper's two patents. *Id*. Seakeeper further alleges that Dometic's acts in manufacturing, selling, offering for sale and/or importing its DG3 product contributes to the infringement of Seakeeper's patents by third parties, including contract manufacturers. *Id.,* ¶¶76, 98. Seakeeper alleges that Dometic has committed these acts "knowing that its DG3 product constitutes a material part of Seakeeper's patented invention, and knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." *Id*. Seakeeper alleges that Dometic's customers and contract builders have committed acts of direct infringement as a consequence of Dometic's actions. *Id.*, ¶¶77, 99. Seakeeper alleges that

6

"Dometic's manufacture, use, importation, sale, and/or offer for sale of Dometic's DG3 product constitutes willful infringement." *Id.*, ¶¶80, 102.

Seakeeper's Complaint additionally alleges that Dometic personnel promoted its DG3 product at the Miami Boat show. *Id.*, ¶¶46-47 (citing https://www.youtube.com/ watch?v= NM33FWzQc5c&t=92s (Dometic Sales Rep. Video).[1] Seakeeper's Complaint further cites to admissions by Dometic's Marine Division that Dometic's DG3 product was installed into boats and operated by Dometic personnel to demonstrate its performance to potential customers. *Id.*, ¶46 (citing https://www.youtube.com/watch?v=mcfgMCTFv0M).

Seakeeper alleges that Dometic persuaded at least one Seakeeper customer to discontinue purchases from Seakeeper in favor of Dometic's infringing product. *Id.*, ¶57. Seakeeper alleges that Dometic's continued infringement will undermine Seakeeper's ability to maintain its competitive position as industry leader in this specialized field. *Id.*, ¶62.

## IV.    ARGUMENT

### A.    Legal Standards

In evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and draw all reasonable inferences in his favor. *Davis,* 824 F.3d at 341. A complaint need only contain sufficient allegations which, if

---

[1] The Court may take judicial notice of information on "publicly available websites," such as YouTube and dometic.com. Fed. R. Ev. 201(b); *see, e.g., Valve Corp. v. Ironburg Inventions Ltd.*, 8 F.4th 1364, 1374 (Fed. Cir. 2021) (taking judicial notice of contents of publicly available webpages available through Wayback Machine); *Power Home Solar, LLC v. Sigora Solar, LLC*, No. 3:20-CV-42, 2021 WL 3856459, at *6 & n.3 (W.D. Va. Aug. 30, 2021) (unpublished) (taking judicial notice of plaintiff's publicly available website); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases and noting that "[i]n general, websites and their contents may be judicially noticed."); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking judicial notice of webpage screenshot); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-85 (N.D. Cal. 2010) (taking judicial notice of documents obtained from the Internet).

accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint may not be dismissed merely because a defendant argues it is unlikely the plaintiff can prove the facts alleged or ultimately prevail on the merits. *See Twombly*, 550 U.S. at 553-555, 558 n.8.

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only (1) the complaint, (2) exhibits attached to the complaint, (3) matters of public record, and (4) undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A Court is not permitted to take a declaration into account in resolving a Rule 12(b)(6) Motion, unless it falls into one of these four categories. *Int'l Bus. Machines Corp. v. Expedia, Inc.*, No. CV 17-1875-LPS-CJB, 2019 WL 1571680, at *3 (D. Del. Apr. 11, 2019), <u>report and recommendation adopted,</u> No. CV 17-1875-LPS-CJB, 2019 WL 4635137 (D. Del. Sept. 24, 2019).

### B.     Seakeeper has Sufficiently Pled that Dometic Infringes Seakeeper's Patents

Dometic does not dispute that Seakeeper's Complaint alleges infringement by Dometic. Memo at 8 ("The Complaint asserts that Dometic Corporation has directly infringed the Patents-in-Suit by 'manufactur[ing], us[ing], sell[ing], offer[ing] for sale and/or import[ing]' the Accused Product.") (citing D.I. 1, ¶¶68, 88). Contrary to Dometic's assertions, these factual allegations, which must be accepted as true and considered in a light most favorable to Seakeeper, are sufficient to survive a motion for to dismiss. *Davis,* 824 F.3d at 341 (allegations must be accepted as true and all permissible inferences drawn in plaintiff's favor); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357-58 (Fed. Cir. 2007) (reversing dismissal of complaint because allegation that accused product was "manufactured and distributed by the defendants" was sufficient under *Twombly*); *Celanese Int'l Corp. v. Anhui Jinhe Indus. Co.*, No. CV 20-1775-RGA, 2022 WL 797595, at *1

(D. Del. Mar. 16, 2022) (allegations that party induced third parties "to sell, offer for sale, use, and/or import into the United States" sufficient at pleading stage).

Dometic denies that it is responsible for the alleged infringing actions. However, Dometic's denial of the allegations, before Dometic has answered the Complaint, or provided discovery, does not support dismissal. *See, e.g., Tarkus Imaging, Inc. v. Adobe Sys., Inc.*, No. CIV. 10-63-LPS, 2011 WL 1557930, at *2 (D. Del. Apr. 21, 2011) (denying motion to dismiss based on claim that alleged infringer was merely a holding company because "At this stage of the proceedings, the Court must take [plaintiff's] factual allegations as true. Hence, [defendant's] general denial does not provide a basis to dismiss this case."); *Intellectual Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d 495, 498-99 (D. Del. Sep. 3, 2014) (allegations that parties "make, use, sell, offer for sale, and/or import products that infringe [asserted] patents" are sufficient to survive denial that alleged infringer was merely a holding company).

Dometic protests that the Complaint "does not plead any specific facts" that would support Seakeeper's allegations. Memo at 6. Dometic, however, cites no authority supporting its contention that the Court must disregard Seakeeper's factual allegations that Dometic has manufactured, used, sold, offered for sale, or imported that Accused Products. *Id.* at 8. Dometic has not and cannot because its position is contrary to law. *See, e.g., Rally AG LLC v. Apple, Inc.*, No. 23-1106, 2024 WL 4836540, *9 (D. Del. Nov. 20, 2024) ("A plaintiff alleging patent infringement 'need not prove its case at the pleadings stage'" and "a court need . . . 'not [] decide the merits.'") (quoting *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)).

Seakeeper alleges Dometic manufactures, uses, sells, offers for sale, and/or imports the Accused Product into the United States. D.I. 1, ¶¶68, 88. Seakeeper further alleges that Dometic announced its release of the DG3 in February 2025. *Id.,* ¶46. Seakeeper additionally alleges that

Dometic personnel promoted its DG3 product at the Miami Boat show. *Id.*, ¶¶46-47 (citing https://www.youtube.com/ watch?v= NM33FWzQc5c&t=92s (Dometic Sales Rep. Video)).[2] Seakeeper's Complaint further cites to video in which Dometic's Marine Division admits Dometic's DG3 product was installed into boats to demonstrate its performance to potential customers. *Id.*, ¶46 (citing https://www.youtube.com/watch?v=mcfgMCTFv0M).[3] Seakeeper additionally alleges that Dometic targeted a specific Seakeeper customer and persuaded that customer to discontinue purchases from Seakeeper in favor of purchasing the Accused Product from Dometic. *Id.,* ¶57. Seakeeper further alleges that Dometic has induced third parties to commit acts that directly infringe each of its patents. *Id.,* ¶¶75, 97. Seakeeper also alleges that "Dometic's sale of its DG3 product induces infringement by actively, knowingly and intentionally aiding, abetting, directing, encouraging, or otherwise instructing its customers to use the DG3 product in a manner that constitutes infringement" of Seakeeper's two patents. *Id.* Seakeeper further alleges that Dometic's acts in manufacturing, selling, offering for sale and/or importing its DG3 product contributes to the infringement of Seakeeper's patents by third parties, including contract manufacturers. *Id.,* ¶¶76, 98. Seakeeper alleges that Dometic has committed these acts "knowing that its DG3 product constitutes a material part of Seakeeper's patented invention, and knowing the same to be especially made or especially adapted for use in an infringement of such patent, and

---

[2] The presentation at the Miami Boat show was branded using trademarks which Dometic claims it has the exclusive right to use in the United States. D.I. 54, ¶6 and D.I. 54-3, ¶¶11-18. Dometic alleges that these trademarks are "associated exclusively" with Defendant Dometic Corporation and its products. D.I. 54-3, ¶16. Dometic admits that it exercises substantial control over the quality of all products bearing its trademark. *Id.,* ¶17. This Court may properly consider Dometic's judicial admissions. *See Pension Benefit Guar. Corp.*, 998 F.2d at 1196 (on motion to dismiss, court may consider matters of "public record" and "undisputedly authentic documents").

[3] Dometic admitted that it "develops, manufactures, and sells marine products" in the United States under the "Dometic Marine" brand. D.I. 54, ¶6 and D.I. 54-3, ¶9; *see also Pension Benefit Guar. Corp.*, *id.*

not a staple article or commodity of commerce suitable for substantial noninfringing use." *Id.* Seakeeper alleges that Dometic's customers and contract builders have committed acts of direct infringement as a consequence of Dometic's actions. *Id.*, ¶¶77, 99. Seakeeper alleges that "Dometic's manufacture, use, importation, sale, and/or offer for sale of Dometic's DG3 product constitutes willful infringement." *Id.*, ¶¶80, 102.

These factual allegations, and the reasonable inferences drawn therefrom in favor of Seakeeper, are more than adequate to allege Dometic's responsibility for one or more acts of infringement. *See, e.g., Intellectual Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d at 498-99 (allegations that parties "make, use, sell, offer for sale, and/or import products that infringe [asserted] patents" are sufficient to survive denial that alleged infringer was merely a holding company); *Celanese*, 2022 WL 797595 at *1 (allegations that party induced third parties "to sell, offer for sale, use, and/or import into the United States" sufficient at pleading stage). A Rule 12(b)(6) motion cannot demand the Court weigh the strength of the parties' respective arguments. *See Rally AG LLC*, 2024 WL 4836540, *9 (improper for court to resolve the merits on a motion to dismiss). Because Seakeeper's current allegations sufficiently set forth a claim for infringement by Dometic Corporation, Dometic's motion must be denied.

### C. Dometic Improperly Asks that Inference be Drawn in Its Favor

Dometic further improperly asks this Court to draw various inferences in its favor in connection with two documents referenced but not attached to the Complaint. *See* Memo at 8-10. First, Dometic argues that this Court should infer that the party listed as assignee on the face of a separate patent application which does not describe the Accused Products should be conclusively

deemed the sole party responsible for manufacturer of the Accused Products.[4] Not only is such inference unwarranted, but it is improper on a motion to dismiss to draw inferences in favor *of the movant* in order to dismiss a complaint. *Davis,* 824 F.3d at 341(in reviewing a 12(b)(6) motion to dismiss, court "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint.").

Second, Dometic argues that a confidentiality agreement identified in the Complaint fails to identify Defendant Dometic by name. Dometic does not explain how this fact, even if true,[5] rebuts allegations that Dometic manufactures, uses, sells, offers for sale, and/or imports the Accused Products into the United States.

**D.     Dometic's Declarations Cannot Be Considered When Deciding a 12(b)(6) Motion to Dismiss**

Undaunted, Dometic further attacks Seakeeper's Complaint by seeking to introduce two declarations of its president, Mr. Timothy Hall. Yet it is improper for the Court to consider material outside the Complaint when deciding a motion to dismiss under 12(b)(6). *Pension Benefit Guar*, 998 F.2d at 1196 ("a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents."). Mr. Hall's declarations do not fall under any of these allowable document types and therefore cannot be considered at this juncture. *Id*.

---

[4] These arguments further fail to address the distinct allegations concerning sale, offers to sell, use and importation.

[5] Dometic further misrepresents the terms of this agreement. The agreement encompasses not only Dometic AB, but all of its subsidiaries, including Dometic Corporation, who receive confidential information. D.I. 11-1 at 47, Sec. 1(b) (Recipient's Representatives includes affiliates of Dometic AB who receive confidential information), Sec. 2(a) (obligating such affiliates to confidentiality). Seakeeper has inferred that Dometic was apprised of its confidential information. D.I. 1, ¶55.

In language similar to that Dometic has declared conclusory, Mr. Hall avers that "Dometic Corporation has not made, sold, offered to sell or imported the Dometic DG3 gyrostabilizer product." Memo at Ex. A, ¶6; D.I. 41-1 at ¶7. Mr. Hall asserts Dometic Marine Canada, Inc. makes and distributes the Accused Product. Memo at Ex. A, ¶6; D.I. 41-1 at ¶8. In these respects, Mr. Hall's declarations mirror that offered by Expedia Inc. and disregarded by the Court in *Int'l Bus. Machines Corp. v. Expedia, Inc*., No. CV 17-1875-LPS-CJB, 2019 WL 1571680, at *3 (D. Del. Apr. 11, 2019), report and recommendation adopted, No. CV 17-1875-LPS-CJB, 2019 WL 4635137 (D. Del. Sept. 24, 2019). There, Expedia submitted a declaration alleging that it was "(1) merely a holding company that has no operations or products; (2) employ[ed] only three people; and (3) d[id] not own or operate any of the server systems associated with the other Defendants' accused websites or mobile applications (and that, instead, those websites and mobile applications are operated by the respective . . . subsidiaries)." The court rightly declined to consider that declaration and denied Expedia's motion to dismiss. Mr. Hall's declaration should likewise be disregarded and Dometic's motion similarly denied. *See also* Davis, 824 F.3d at 351 (vacating dismissal because defendant's declaration distinguishing itself from subsidiary "cannot factor into our analysis, and we must accept the well-pleaded facts of the amended complaint as true.")

### E.    Dometic's Request that Seakeeper be Denied Leave to Amend is Baseless

Dometic demands that this Court enter judgment in its favor pursuant to Rule 12(b)(6) without giving Seakeeper an opportunity to amend. Dometic's request is baseless and invites reversible error. Under Rule 15, leave to amend is to be freely given. *See Mullin v. Balicki*, 875 F. 3d 140, 149-150 (3d Cir. 2017) ("Leave to amend is governed by Rule 15 . . . [and] courts [should] 'freely give leave [to amend] when justice so requires.'); *Shorter v. United States*, 12 F. 4th 366, 375 (3d Cir. 2021) (reversing premature dismissal before opportunity for discovery). Absent undue delay, bad faith or a dilatory motive, the repeated failure to cure deficiencies by

amendments previously allowed, prejudice to the opposing party or futility, amendment must be permitted. *See Mullin*, 875 F.3d at 149-150 (citing *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Dometic has not, and cannot, meet this high bar.

First, Dometic wrongly reduces Seakeeper's allegations of infringing sales and offers for sale to the assertion that Dometic has offered the infringing product via its website. Memo at 11. In fact, Seakeeper alleges that Dometic Corporation has, *inter alia*, actually sold the DG3 and induced others to directly infringe by selling, offer to sell and using the DG3. Dometic does not address Seakeeper's allegations with respect to its actual sales or its inducement of infringement. Its motion must be denied for this reason alone.

With respect to actual sales, Seakeeper alleges, among other things, that independent of the website, Dometic has entered into an agreement with Seakeeper's long-time customer, Regulator Marine, to supply Regulator with the infringing DG3 for installation in Regulator 35's. D.I. 1, ¶¶56-57. Far from solely alleging that Dometic has "offered to sell" its infringing products via its website, Seakeeper has alleged that Dometic has *actually sold* its DG3 product. *Id.* Seakeeper's allegations render irrelevant Dometic's extended arguments concerning *offers* to sell.

In addition, Dometic's argument that the facts surrounding its alleged *use* of the Accused Product during the Miami Boat show would equally support a conclusion that this use was made by its Canadian subsidiary is irrelevant. Memo at 13 ("[T]his does not plausibly establish that Dometic Corporation, and not DMC, was responsible for bringing the Accused Product to the boat show and showcasing it there."). A complaint may not be dismissed simply because other inferences may be drawn from a set of facts. *See Gelboim v. Bank of Am. Corp.*, 823 F.3d 759, 782 (2d Cir. 2016) ("The Banks argue that the 'pack' behavior described in the complaints is equally consistent with parallelism. Maybe; but at the motion-to-dismiss stage, appellants must only put

forth sufficient factual matter to plausibly suggest an inference of conspiracy, *even if* the facts are susceptible to an equally likely interpretation.").[6] Instead, inferences must be drawn in Seakeeper's favor. *Davis,* 824 F.3d at 341.

Lastly, Dometic mischaracterizes Seakeeper's current allegations as asserting an alter ego theory. Memo at 14-17. While the facts now known and likely to be revealed during discovery would support such a relationship, such a question goes to the merits of the case and cannot be decided on a motion to dismiss. Dometic's argument mimics that made by the defendant and rejected by the Third Circuit in *Davis v. Wells Fargo*. There, an insurance company alleged its subsidiary should have been the named defendant and submitted a declaration to that effect to support a motion to dismiss. In reversing a dismissal, the Third Circuit explained:

> Taking the argument from its start, Assurant says that ASIC, its wholly-owned subsidiary, should have been the named defendant in Davis's complaint. But that is a matter open to reasonable dispute. Assurant and ASIC are related entities and the extent of their intertwined operations is a matter that has not yet been tested by the adversary process. Even if Assurant were to assert that it had absolutely no relationship with ASIC, however, its argument ought still to be treated as going to the merits of the case. Like all merits arguments, the question of whether a plaintiff has sued the correct defendant should ordinarily be addressed at the pleading stage by affording the plaintiff the protections provided by Rule 12(b)(6).

824 F.3d at 347. Dometic's identical allegations also must be rejected at this stage of the case and tested through the adversarial process.[7]

---

[6] In addition, as noted above, *supra* at p. 8, the use at the Miami Boat Show was made in conjunction with trademarks that Dometic asserts are used exclusively within the United States to identify Dometic as the source of the product and the party responsible.

[7] Nor is Dometic correct that resort may only be had to an alter ego theory with respect to concerted, joint efforts by both it and its subsidiary. *See, e.g., Aventis Pharma Deutschland GMBH v. Lupin Ltd.,* 403 F.Supp.2d 484, 492-94 (E.D.Va. 2005) (rejecting arguments that complaint failed to state an *alter ego* theory, noting that while "a parent company is not liable for the actions of its subsidiary solely because of the parent-subsidiary relationship, that doesn't mean, as Defendant Lupin Pharmaceuticals seems to suggest, no relationship exists at all. Many foreign

In addition, Dometic's argument ignores that Seakeeper's current allegations are directed to Dometic's own actions. As noted above, Seakeeper alleges that Dometic has *sold* the infringing product to Regulator, robbing Seakeeper of sales it would have made of its gyrostabilizers to this existing customer. The Dometic website to which Dometic makes reference in its Memo declares that it is operated by Defendant. D.I. 54, ¶¶9, 15 and D.I. 54-5 at 2 ("Thank you for accessing the DOMETIC CORPORATION (U.S.) Website (the 'Website' or 'dometic.com/en-us/us') **operated by DOMETIC CORPORATION** ('Dometic').") (emphasis added). On its website, Dometic trumpets its supply agreement with Regulator:

> **"As we look to bring our customers every innovation they seek and deserve, we are so excited to partner with Dometic and have the first in-market DG3 Gyro Stabilizer on our new Regulator 35. Faster spin time, less maintenance, and less power draw make this technology a win for Regulator 35 owners."**
>
> Joan Maxwell, President of Regulator Marine

Gyroscopic Stabilization | Dometic USA, available at https://www.dometic.com/en-us/outdoor/lp/marinelp-gyroscopic-stabilization (last accessed July 3, 2025).

And, contrary to Dometic's assertions, its website does offer the DG3 for sale, providing pricing, warranty and payment terms. D.I. 54, ¶12 and 54-4 (*see. e.g.* Section 8(a), "Buyer shall purchase the Goods from Seller at the price[s] (the 'Price[s]') set forth in Seller's published price list in force as of Seller's shipping date.")).[8] Dometic's website guides purchasers to its "dealer

---

corporations utilize United States subsidiaries for tax purposes as well as to market, manufacture, and distribute their products.")

[8] *See Marposs Societa Per Azioni v. Jenoptik Auto. N. Am., LLC,* 262 F. Supp. 3d 611, 616-17 (N.D. Ill. 2017) (price may be determined with reference to other evidence).

network" at locations within the United States, including in this District. *Id.* ("find a store").[9] Dometic advises that the "Dometic DG3 will begin shipping in June 2025," and it invites consumers to submit information in an interactive form. *Id.*[10] Dometic does not dispute that it has induced third parties to commit acts that directly infringe each of the patents. D.I. 1, ¶¶75, 97. Dometic does not dispute Seakeeper's allegations that Dometic is "actively, knowingly and intentionally aiding, abetting, directing, encouraging, or otherwise instructing its customers to use the DG3 product in a manner that constitutes infringement." *Id.* Nor does Dometic dispute that its acts "contribute[] to the infringement of Seakeeper's patents by third parties, including contract manufacturers." *Id.,* ¶¶76, 98. These allegations are sufficient to state a cause of action.

Dometic protests that its website recites only a "suggested retail price" at which its dealers are instructed to sell the DG3 to consumers. *See* Memo at 13. As noted above, this is untrue. D.I. 54-4 (offering the infringing DG3 at prices published in Dometic's own separate price list). In any event, Dometic's instructions to dealers to sell the infringing product at a particular price give rise to actionable inducement, or at least a reasonable inference thereof.

At a minimum, Seakeeper should be afforded the opportunity to engage in expedited discovery to challenge Dometic's suspect assertions of innocence and non-involvement. *Shorter*,

---

[9] *See ISCO Int'l, Inc. v. Conductus, Inc.*, C.A. No. 01-0487, 2003 WL 280276, at *2 (D. Del. Feb. 10, 2003) ("Web site pages . . . considered offers for sale if they include pricing and/or other ordering information[.]"); *Biometics, LLC v. New Womyn, Inc.*, 112 F. Supp. 2d 869, 873 (E.D. Mo. 2000) (website contained pricing information, form to request additional information, and independent sales representative locator, were offers to sell within the meaning of Section 271[a]).

[10] Dometic's citation of *Smith v. Garlock Equip. Co.*, 658 F. App'x 1017 (Fed. Cir. 2016) is inapposite. In that case the Federal Circuit failed to find an infringing offer for sale because there was no offer of a *combined* product necessary for infringement. *See id.* at 1029 ("Smith has produced only evidence that Garlock issued a general advertisement for its Twin–Man product, which showed use with a tether, **with no reference to the Twin–Man and tether being offered for sale collectively**.") (emphasis added). Here there is no similar allegation that what is offered for sale on Dometic's website fails to infringe Seakeper's patents.

12 F. 4th at 375 (reversing premature dismissal before opportunity for discovery) Expedited discovery will allow Seakeeper to explore the veracity of the factual assertions in Defendant's Motion and Memo, in which Dometic essentially asks the Court and Seakeeper to again take them at their word that they have "no involvement" with the DG3 after that contention has previously been refuted. *See, e.g.* D.I. 62 at 5-8.  Seakeeper cannot be denied an opportunity to amend its Complaint to conform to this evidence. *Mullin* 875 F. 3d at 149-150 (reversing dismissal without leave to amend as "Leave to amend. . . [should] 'freely give leave [to amend] when justice so requires.').

## V.    CONCLUSION

For the reasons discussed above, Dometic's Motion to Dismiss should be denied. Seakeeper has pled sufficient facts to support its patent infringement claims against Dometic Corporation.

|  |  |
|---|---|
|  | /s/ *Kelly E. Farnan* |
| OF COUNSEL: | Steven J. Fineman (#4025) |
|  | Kelly E. Farnan (#4395) |
| MARSHALL, GERSTEIN & BORUN LLP | Christine D. Haynes (#4697) |
| 6300 Willis Tower | RICHARDS, LAYTON & FINGER, P.A. |
| 233 South Wacker Drive | One Rodney Square |
| Chicago, IL 60606 | 920 North King Street |
| (312) 474-6300 | Wilmington, DE 19801 |
|  | (302) 651-7700 |
|  | farnan@rlf.com |
|  | haynes@rlf.com |
| Dated:  July 3, 2025 | *Attorneys for Plaintiff* |
|  | *SEAKEEPER, INC.* |