IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAKEEPER INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-484-JCB |
| | ) |
| DOMETIC CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

*Of Counsel:*

Oleg Khariton
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
(513) 977-8200
oleg.khariton@dinsmore.com

Michael A. Xavier
DINSMORE & SHOHL LLP
1775 Sherman Street, Suite 2600
Denver, CO 80203
(303) 296-3996
michael.xavier@dinsmore.com

Dated: August 4, 2025

ASHBY & GEDDES
Andrew C. Mayo (#5207)
Brian A. Biggs (#5591)
500 Delaware Avenue, 8th Floor
PO Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com
bbiggs@ashbygeddes.com

*Attorneys for Defendant*

{02149952;v1}       1

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 4

II.  ARGUMENT ...................................................................................................................... 4

    A.   The Court Did Not Commit "Clear Error" Because Seakeeper
        Never Asked for the Discovery or Hearing It Now Claims It Needed. ....................... 5

    B.   The Court Did Not Cause "Manifest Injustice" by Deciding
        the Ripe PI Motion on the Existing Record. .............................................................. 10

III. CONCLUSION ................................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*,
   793 F.3d 313 (3d Cir. 2015) ............................................................................................... 7, 8, 9

*Bradley v. Pittsburgh Bd. of Educ.*,
   910 F.2d 1172 (3d Cir. 1990) ....................................................................................................... 9

*Campbell v. Sussex Cty. Fed. Credit Union*,
   No. 10-710-RGA, 2015 U.S. Dist. LEXIS 86658 (D. Del. June 22, 2015) ............................... 7

*Corporate Synergies Group, LLC v. Andrews*,
   775 Fed. Appx. 54 (3d Cir. May 31, 2019) ............................................................................ 7, 8

*Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*,
   415 U.S. 423 (1974) ..................................................................................................................... 7

*Hynoski v. Columbia Cty. Redevelopment Auth.*,
   485 F. App'x 559 (3d Cir. 2012) ................................................................................................ 8

*Intellectual Ventures I LLC v. Check Point Software Techs. Ltd.*,
   215 F. Supp. 3d 314 (D. Del. 2014) ..................................................................................... 5, 10

*Jack Guttman, Inc. v. Kopykake Enters., Inc.*,
   302 F.3d 1352 (Fed. Cir. 2002) ................................................................................................ 11

*Lesende v. Borrero*,
   752 F.3d 324 (3d Cir. 2014) ........................................................................................................ 5

*OMG Fid., Inc. v. Sirius Techs., Inc.*,
   239 F.R.D. 300 (N.D.N.Y. 2006) ............................................................................................... 8

*Reilly v. City of Harrisburg*,
   858 F.3d 173 (3d Cir. 2017) .................................................................................................. 9, 10

*Stanley v. Univ. of S. Cal.*,
   13 F.3d 1313 (9th Cir. 1994) ....................................................................................................... 8

*Woodford Eurasia Assets Ltd. v. Lottery.com, Inc.*,
   No. 23-1317, 2023 U.S. Dist. LEXIS 206363 (D. Del. Nov. 17, 2023) .................................... 7

**Rules**

Fed. R. Civ. P. 65(a) ...................................................................................................................... 6, 7

I.  INTRODUCTION

After considering hundreds of pages of briefing and evidence in connection with Seakeeper's motions for a temporary restraining order ("TRO Motion") and preliminary injunction ("PI Motion") and holding a three-hour oral argument on May 28, 2025, the Court issued a thorough, 34-page opinion denying both motions. The Court found that none of the four preliminary-injunction factors weighed in favor of granting Seakeeper any injunctive relief. Dissatisfied with this outcome, Seakeeper now boldly moves for reconsideration, claiming that the Court committed a "clear error" and caused "manifest injustice" by denying its PI Motion without permitting it to obtain discovery from Dometic or holding a full evidentiary hearing.

The Court did not commit clear error or cause manifest injustice by deciding the PI motion without *sua sponte* ordering discovery or holding a hearing that Seakeeper never even requested. While Seakeeper claims it was entitled to discovery and a hearing as a matter of right, the rules and controlling precedent demonstrate otherwise. Moreover, not only did ***Seakeeper fail*** to timely request leave to take discovery or an opportunity to present evidence at a hearing, it also ***rejected Dometic's offer*** to stipulate to a preliminary-injunction schedule that would have included an opportunity for both. In fact, on multiple occasions, Seakeeper ***affirmatively urged*** the Court to enter a ruling on its PI Motion based solely on the existing paper record. Though Seakeeper apparently regrets its strategic choices, it cannot use a motion for reconsideration in an effort to supplement a motion it repeatedly told the Court was ripe. And, regardless, Seakeeper cannot show that the outcome of the PI Motion would have been any different had it timely pursued discovery or requested a hearing. Accordingly, the motion for reconsideration should be denied.

II.  ARGUMENT

Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." Indeed, a district court "should be loath to [revisit its prior decisions] in the absence

of extraordinary circumstances." *Lesende v. Borrero*, 752 F.3d 324, 339 (3d Cir. 2014).[1]  Thus, "[a] motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Intellectual Ventures I LLC v. Check Point Software Techs. Ltd.*, 215 F. Supp. 3d 314, 321 (D. Del. 2014).  "It is not an opportunity to accomplish repetition of arguments that were or should have been presented to the court previously." *Id.*  Rather, a party may seek reconsideration only if it can show that: "(i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice." *Id.*

Here, Seakeeper contends that the Court's order denying its PI Motion "constitutes clear error and results in manifest injustice." (Mot. at 2.)  While the Third Circuit has not adopted "strict or precise definitions for 'clear error of law or fact' and 'manifest injustice' in the context of a motion for reconsideration," there is "substantial, if not complete, overlap between the two concepts." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311-12 (3d Cir. 2018).  "[T]he focus is on the gravity and overtness of the error." *Id.*  Thus, Seakeeper "must show more than mere disagreement with the earlier ruling; it must show that the [Court] committed a direct, obvious, [or] observable error, and one that is of at least some importance to the larger proceedings." *Id.* (same).  Seakeeper has made no such showing.

### B. The Court Did Not Commit "Clear Error" Because Seakeeper Never Asked for the Discovery or Hearing It Now Claims It Needed.

Seakeeper says the Court made a "clear error" by not giving it proper "notice" before denying its PI Motion without discovery or a full evidentiary hearing. (Mot. at 2-4.)  Seakeeper is wrong.  Its "notice" argument assumes that a party seeking a preliminary injunction is entitled to take discovery or present evidence at a hearing as a matter of right.  In reality, however, Seakeeper

---

[1] Throughout this brief, internal quotation marks and citations are omitted unless otherwise noted.

had to make a timely request to the Court and show that discovery, an evidentiary hearing, or both would be appropriate. It made no such request during the two months its PI Motion was pending.

As an initial matter, even if any special "notice" had been required before the Court denied its PI Motion, Seakeeper cannot claim not to have received it. At the May 28 hearing, the Court explicitly told Seakeeper's counsel: "***I think both motions [for injunctive relief] are ripe***. They have been filed. All of the briefing is in." (D.I. 75 at 111:13-15) (emphasis added). The Court then asked Seakeeper's counsel to clarify his position as to whether, "regardless of how [it] rule[d]" on the pending motions, the Court should "rule on those together" or first issue a ruling on the TRO Motion and then direct "some sort of further proceedings on preliminary injunction." (*Id.* at 111-15:19.) Seakeeper's counsel tried to have it both ways in response, suggesting that the Court should only hold further proceedings if it were inclined to deny the PI Motion (but not it if it was going to grant it). (*Id.* at 111:23-112:3.) Notably, even in this exchange with the Court, Seakeeper's counsel did not say that, if the Court were inclined to deny the PI Motion on the existing record, it should order expedited discovery and/or set an evidentiary hearing—instead, he merely suggested that some "further argument" might be appropriate. (*Id.*) But even setting that aside, Seakeeper cannot argue that it lacked adequate "notice" that the Court was viewing its PI Motion as sufficiently "ripe" for decision when the Court explicitly said so at the May 28 hearing.

In any event, the Court was not obligated to give Seakeeper any special "notice" before denying its PI Motion without ordering discovery or holding an evidentiary hearing. Seakeeper claims that the requirement of "notice" in Rule 65(a) creates "procedural safeguards" for the moving party's benefit, including "the right to develop a factual record through limited discovery." (Mot. at 2-4.) Not so. The rule states that "[t]he court ***may issue*** a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a) (emphasis added). Naturally, the defendant

must be "given a fair opportunity to oppose the application and to prepare for such opposition" prior to being enjoined. *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 432 n.7 (1974). However, Rule 65(a) does not require the court to give a moving party any special "notice" before ***denying*** a motion for a preliminary injunction—indeed, that would make little sense, since the moving party needs no "notice" of a motion it itself filed. And Rule 65(a) certainly says nothing about requiring the court to grant the moving party leave to conduct discovery or hold an evidentiary hearing before denying a preliminary injunction motion.

Likewise, the cases cited by Seakeeper do not grant the movant "the right to develop a factual record" through discovery it never requested. (Mot. at 4). Neither *Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313 (3d Cir. 2015), nor *Corporate Synergies Group, LLC v. Andrews*, 775 Fed. Appx. 54 (3d Cir. May 31, 2019), even addresses a moving party's request for discovery. And, in fact, it is well-established that a party wishing to take expedited discovery in connection with its request for a preliminary injunction must file a motion seeking leave to conduct such discovery, in which it must demonstrate "the propriety of [the] expedited discovery request" in view of multiple factors. *See Woodford Eurasia Assets Ltd. v. Lottery.com, Inc.*, No. 23-1317, 2023 U.S. Dist. LEXIS 206363, at *11 (D. Del. Nov. 17, 2023) (describing the applicable standards used in the Third Circuit to evaluate requests for expedited discovery).

Here, Seakeeper filed no such motion at any time its PI Motion was pending, and, thus, it waived the opportunity to seek discovery from Dometic. While it initially stated in a footnote in its PI Motion that it intended to "seek entry of a schedule governing the preliminary injunction," including an opportunity for "discovery" (D.I. 9 at 1 n.1)—an explicit acknowledgement that it needed to ***affirmatively move*** for leave to conduct discovery—it never followed through on that statement. *See Campbell v. Sussex Cty. Fed. Credit Union*, No. 10-710-RGA, 2015 U.S. Dist.

LEXIS 86658, at *2 (D. Del. June 22, 2015) ("The Court will not address issues raised in footnotes[.]").  In fact, shortly after Seakeeper filed its PI Motion, Dometic proposed a schedule that would have included an opportunity for both parties to conduct limited discovery, yet Seakeeper *ignored Dometic's proposal*.  (D.I. 32 at 32-33.)  Seakeeper did not indicate any need for discovery in its reply in support of its PI Motion.  And Seakeeper did not request discovery even after the Court's clear indication at the May 28 hearing that it considered the PI Motion to be sufficiently "ripe" for decision based on the existing record.  On the contrary, in a post-hearing letter to the Court, Seakeeper continued to urge the Court to enter a ruling on its PI Motion as soon as possible.  (D.I. 67 at 1 ("Seakeeper submits that the appropriate procedure here is to enter the requested preliminary injunction against Dometic Corporation and its subsidiaries.").)  In sum, "the opportunity to conduct discovery was not denied; [Seakeeper] simply did not avail [itself] of it prior to [the Court's ruling]." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994).[2]

Similarly, Seakeeper never requested a separate evidentiary hearing on its PI Motion, and the Third Circuit has rejected as "meritless" the contention that a plaintiff has an automatic "right to a hearing" on a preliminary injunction motion. *Hynoski v. Columbia Cty. Redevelopment Auth.*, 485 F. App'x 559, 563 (3d Cir. 2012). "[T]here are no cases establishing an absolute right to a hearing on a preliminary injunction motion." *Id.*  Both cases cited by Seakeeper, *Arrowpoint* and *Corporate Synergies*, are in accord.  In *Corporate Synergies*, the Third Circuit reversed the **grant** of a preliminary injunction because the defendant had been given no notice before the district court converted its TRO into a preliminary injunction.  775 Fed. Appx. at 60-61.  And while in

---

[2] Seakeeper's citation to *OMG Fid., Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300 (N.D.N.Y. 2006), is thus inapposite.  (Mot. at 4-5.)  In that case, the plaintiff filed a motion requesting expedited discovery and presented grounds for seeking it, and the court granted plaintiff's motion.  *Id.* at 305.  Here, Seakeeper filed no such motion.

*Arrowpoint*, the Third Circuit reversed a denial of a preliminary injunction motion without a hearing, 793 F.3d at 324-26, that case is inapposite. In *Arrowpoint*, the district court ultimately denied the plaintiff's motion based on its assessment that the plaintiff's affiants lacked credibility. *Id.* The Third Circuit concluded that, on those facts, the district court should have conducted an evidentiary hearing before making any dispositive credibility determinations. *Id.* By contrast, as discussed *infra* at 11-12, this Court's denial of Seakeeper's PI Motion turned not on any perceived credibility issues with its affiants, but on largely undisputed facts concerning the disclosures of the prior art references and the extent and nature of the plaintiff's alleged irreparable harm (or lack thereof). In fact, citing *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175-76 (3d Cir. 1990), the *Arrowhead* court acknowledged that "an evidentiary hearing is not always required before resolving a preliminary injunction." *Id.* at 324. And *Bradley* affirmatively states that an evidentiary hearing is ***not*** required where "the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." 910 F.2d at 1175-76. Those are precisely the circumstances here.

Seakeeper also misleadingly cites *Reilly v. City of Harrisburg*, 858 F.3d 173 (3d Cir. 2017), as requiring a district court to "develop[]" the record through live testimony and targeted discovery before resolving a preliminary injunction motion. (Mot. at 4.) In *Reilly*, in denying the injunction, the district court had "applied the usual standard of placing the burden [of showing a likelihood of success on the merits] on Plaintiffs." *Id.* at 180. The Third Circuit held that this was error, because, in the First Amendment context, the burden actually rests on the defendant. *Id.* As neither party had been aware of this "narrow exception" to the usual allocation of the burden of proof, the Third Circuit remanded the case to the district court to give the defendants "the opportunity to meet their burden." *Id.* Of note, the Third Circuit did not indicate that this required the district court to hold

a hearing or permit the defendants to conduct any discovery on remand. And, regardless, *Reilly* is inapplicable here, because this is not a First Amendment case. Seakeeper cannot claim to have been unaware that it bore the burden of proving a likelihood of success on the merits, and that, as the party bearing that burden, it needed to file an appropriate motion with the Court if it desired an opportunity to "develop[]" the record through live testimony or expedited discovery.

Having received an unfavorable ruling on its PI Motion, Seakeeper apparently wishes it had sought expedited discovery or an evidentiary hearing on the motion. However, a motion for reconsideration is not a vehicle for raising arguments that "should have been presented to the court previously." *Intellectual Ventures*, 215 F. Supp. 3d at 321. Thus, Seakeeper cannot now claim that the Court committed a "clear error" by resolving the PI Motion on the record that Seakeeper presented to it.

### B. The Court Did Not Cause "Manifest Injustice" by Deciding the Ripe PI Motion on the Existing Record.

Seakeeper claims that the Court caused "manifest injustice" by denying a preliminary injunction on a supposedly "underdeveloped record," and that the outcome of the PI Motion "may" have been different if the Court had allowed discovery and an evidentiary hearing. (Mot. at 5, 9.) Again, however, the suggestion that the Court somehow erred by not granting Seakeeper procedural relief that it ***never asked for*** is untenable.

Regardless, Seakeeper cannot show "manifest injustice" because it cannot even show that the result of the PI Motion would have been different had it timely pursued expedited discovery or a hearing. The Court thoroughly considered all four of the preliminary-injunction factors—the plaintiff's likelihood of success on the merits, irreparable harm to the plaintiff, balance of the equities, and the public interest— in its opinion. While it could have properly denied Seakeeper's motion based on its "failure to show any one of the four factors—especially either of the first

two—without analyzing the others," *Jack Guttman, Inc. v. Kopykake Enters., Inc.,* 302 F.3d 1352, 1356 (Fed. Cir. 2002), it ultimately determined that ***none*** of the four factors favored Seakeeper. (D.I. 87 at 28, 33-34.)  Most significantly, it concluded, based on largely undisputed facts, that Seakeeper had failed to establish ***either*** that it was likely to succeed on the merits (at least in view of "the strong possibility that [the '782 patent] is obvious") ***or*** that it would suffer irreparable harm in the absence of an injunction. (*Id.* at 28, 33.)  Although Seakeeper now speculates that it might have been able to obtain certain additional evidence through discovery, none of this would-be evidence would have changed the Court's analysis on any of the dispositive issues.

As to invalidity, Seakeeper says it now wishes it had cross-examined Dr. Buckner, the expert witness who submitted declarations in connection with the third-party *inter partes* review petitions challenging the patents-in-suit. (Mot. at 7.)  But the Court did not rely on Dr. Buckner's testimony in finding that Dometic had shown "at least a substantial question, if not more," as to the validity of the '782 Patent. (D.I. 87 at 28.)  Rather, it relied first and foremost on the undisputed disclosures of the asserted prior art references, including Adams, Sibley, Jager, and Bimshas. (*Id.* at 20-23.)  The Court found that, taking the references together, "all of the limitations of the '782 patent are present in the prior art." (*Id.* at 23.)  Seakeeper did not contest this in the briefing on the PI Motion.  As noted by the Court, Seakeeper tried to argue only that there was not sufficient motivation to combine the references because of "small differences between [them]." (*Id.* at 24; *see also* D.I. 53 at 10-12.)  The Court addressed all of these arguments at length and found them unpersuasive. (D.I. 87 at 24-26.)  In addition, it found that Seakeeper's evidence of secondary considerations, including commercial success, was insufficient to rebut Dometic's "strong" *prima facie* case of obviousness at least in view of the undisputed fact that Seakeeper's products included multiple unpatented elements that may well have contributed to their alleged success. (*Id.* at 27-

28.) Because none of these findings relied on Dr. Buckner's declarations, Seakeeper's suggestion that his testimony was material to the Court's decision is plainly wrong.

Seakeeper also asserts that, without hearing from Seakeeper's own expert, the Court was "reduced to speculating on what a person of skill in the art would conclude." (Mot. at 8 n.6.) However, nothing prevented Seakeeper from retaining a technical expert in connection with its PI Motion. It did not need the Court's leave to submit a declaration from its own expert. And, even if it needed more time to submit such a declaration, it could have made a timely request to the Court *before* the Court issued an unfavorable ruling on its motion. It never made any such request.

Further, even as it dismisses the Court's careful invalidity findings as "speculation," Seakeeper ironically offers only blatantly speculative attorney argument about what a hypothetical expert would "likely" say if called to testify in this matter. (Mot. at 7.) In doing so, it rehashes the unsuccessful attorney argument it made in briefing the PI Motion regarding the motivation to combine Adams with Sibley, Jager, and/or Bimshas. (*See* D.I. 10 at ¶¶ 92-95 (arguing that, in Sibley, the fins are used not to cool the heat-generating bearings but to condense the vaporized liquid that cools the bearings); D.I. 53 at 11-12 (arguing that Jager teaches away from using interleaved fins that are not perpendicular to the axis of rotation); *id.* at 10-11 (arguing that Bimshas's interleaved cooling fins would not be employed to cool bearings in a gas-evacuated environment).) The Court has already thoroughly addressed these arguments based on "small differences" between the references, finding them unpersuasive. (D.I. 87 at 23-26.) Seakeeper cannot use its motion for reconsideration as a vehicle for relitigating those same arguments.

Similarly, as to irreparable harm, none of the discovery that Seakeeper now wishes it had sought from Dometic would have materially impacted the Court's analysis. The Court concluded that Seakeeper had failed to establish irreparable harm based primarily on the following findings:

1. the '782 Patent is set to expire in less than two years, meaning that "[t]he remaining benefits of the patent monopoly . . . are nearing their natural end";

2. any alleged loss of market share and/or R&D opportunities that Seakeeper might suffer in the absence of an injunction would be quantifiable, as demonstrated in part by Seakeeper's own declarations purporting to quantify such harms;

3. "a significant portion" of the price erosion complained of by Seakeeper had admittedly already occurred (and thus would not be redressable by an injunction), and its evidence of future price erosion was "too speculative";

4. Seakeeper had not demonstrated that "a substantial part of the harm is due to practicing the patented features of the Seakeeper products," because its own materials "show that at least some models also use an [unpatented] active glycol and seawater combination to dissipate the heat"; and

5. Dometic is "exactly the type of company that would be financially responsible and answerable in damages" if Seakeeper ultimately succeeded on the merits after a trial.

(D.I. 87 at 28-33.)  None of these findings are subject to reasonable dispute.  Seakeeper cannot dispute the expiration date of its patent (fact #1).  It cannot dispute the statements made by its own declarants (facts #2 and #3), or the statements made in its own marketing materials (fact #4).  And it cannot reasonably dispute that Dometic is a large company with sufficient resources to satisfy a monetary judgment (fact #5).  Thus, none of the facts that Seakeeper speculates it might have obtained from Dometic in discovery (for example, regarding Dometic's future commercial plans) could have made any difference to the outcome of the PI Motion.

No "manifest injustice" occurred here.  If Seakeeper wanted the opportunity to conduct expedited discovery and/or present evidence at a hearing, it could have filed an appropriate motion with the Court (or simply taken Dometic up on its offer to stipulate to a preliminary injunction schedule that included those things).  Regardless, neither any discovery nor a hearing could have produced a different result in view of the undisputed facts in the existing record.

### III.  CONCLUSION

The Court should deny Seakeeper's motion for reconsideration.

|  |  |
|---|---|
| *Of Counsel:* | ASHBY & GEDDES<br><br>*/s/ Andrew C. Mayo*<br>_____<br>Andrew C. Mayo (#5207)<br>Brian A. Biggs (#5591)<br>500 Delaware Avenue, 8th Floor<br>PO Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>amayo@ashbygeddes.com<br>bbiggs@ashbygeddes.com<br><br>*Attorneys for Defendant* |
| Oleg Khariton<br>DINSMORE & SHOHL LLP<br>255 East Fifth Street, Suite 1900<br>Cincinnati, OH 45202<br>(513) 977-8200<br>oleg.khariton@dinsmore.com | |
| Michael A. Xavier<br>DINSMORE & SHOHL LLP<br>1775 Sherman Street, Suite 2600<br>Denver, CO 80203<br>(303) 296-3996<br>michael.xavier@dinsmore.com | |

Dated: August 4, 2025