IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAKEEPER, INCORPORATED,<br><br>    Plaintiff,<br><br>v.<br><br>DOMETIC CORPORATION,<br><br>    Defendant. | C.A. No. 25-0484-JCB<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION FOR COMMENCEMENT OF DISCOVERY AND TO COMPEL A RULE 26(F) CONFERENCE**

Plaintiff Seakeeper, Inc. respectfully moves this Court for an Order that discovery may commence and directing the parties to meet and confer on a discovery plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. In support of this Motion, Plaintiff states as follows:

**I.    INTRODUCTION**

1. Plaintiff, Seakeeper, Inc., is the owner of valuable patents directed to essential cooling technology for use in vacuum-enclosed marine gyrostabilizers. Dometic has willfully infringed those patents and refuses to cease its infringement. Plaintiff has suffered, and will suffer, price erosion, loss of market share, loss of sales of complementary products, diminishment of reputation and loss of the other benefits that stem from sales of its patent gyrostabilizers, and risks being locked out of lucrative long-term supply arrangements for many years to come despite the rights conveyed to it by the United States Patent Office to exclude such competition for the remaining years left on its patent, among other irreparable harms. This Court has previously denied Plaintiff's request for a temporary restraining order, determining that Plaintiff lacked sufficient

1

evidence of future harms to justify such relief. Plaintiff seeks to renew its request for preliminary injunctive relief and requires discovery of Defendant to provide the evidence this Court has identified as necessary. Defendant, however, has unreasonably refused to cooperate in the scheduling of a Rule 26(f) conference, in a transparent stratagem to preclude commencement of discovery.

## II. BACKGROUND

### A. Plaintiff Suffering Continuing Harm from Defendant's Infringement

2. This is a patent infringement case in which Plaintiff has alleged infringement of U.S. Patent Nos. 7,546,782 and 8,117,930. D.I. 1.

3. Defendant was served with the summons and the complaint on April 21, 2025. A certificate of readiness for a scheduling conference has been filed. D.I. 85.

4. Plaintiff moved for a temporary restraining order ("TRO") seeking immediate injunctive relief. D.I. 29. Oral argument was had on Plaintiff's motion on May 28, 2025. D.I. 38.

5. On July 7, 2025, the Court denied the motion for a TRO, *inter alia*, finding that Plaintiff had not presented sufficient evidence of irreparable harm. D.I. 87.

6. In its July 7, 2025 Order, the Court also denied Plaintiff's request for a preliminary injunction. *Id.* In its co-pending motion seeking reconsideration of that order, Plaintiff contends the Court acted prematurely in denying that separate motion without first affording Plaintiff an opportunity to take discovery, present expert testimony and conduct an evidentiary hearing. D.I. 96.

7. The Court denied Plaintiff's request for a preliminary injunction, *inter alia*, based upon its conclusion that Plaintiff had shown only past harms, and had failed to present evidence of potential additional harms in the future. D.I. 87 at 15-34.

8. Evidence that future, irreparable harms are likely requires discovery into Defendant's future plans, its products, and anticipated actions. Defendant's obstruction prevents Plaintiff from acquiring the evidence needed to address insufficiencies identified by this Court in denying interim injunctive relief.

9. Since the hearing on its motion for temporary restraining order, Plaintiff has received information suggesting that Defendant has continued to ship infringing DG3 devices, despite its assertions to this Court that it would cease such shipments. D.I. 65. For example, at least two DG3 devices were apparently shipped to an East Cost dealership for installation in unequipped boats. Defendant's counsel has failed to deny that these units incorporated Plaintiff's patented cooling technology.

10. Additionally, in recently distributed marketing materials, Defendant continues to represent that its DG3 devices incorporate the patented cooling technology and that, as a result, the DG3 product achieves longer bearing life. *See, e.g.,* [https://www.youtube.com/watch?v=-YQSJ0Nj2Gw](https://www.youtube.com/watch?v=-YQSJ0Nj2Gw) (Accessed July 31, 2025).

11. Given the life remaining on Plaintiff's patents, delaying discovery imperils Plaintiff's rights to exclude others from employing its technological innovations.

**B. Efforts to Meet-and-Confer**

12. On July 11, 2025, Defendant rejected Plaintiff's request for a Rule 26(f) conference. Defendant declared a Rule 26(f) conference was "premature" in view of the Court's failure to order a Rule 16 conference. *See* Exh. A.

13. On July 14, 2025, Plaintiff's counsel responded, noting that there was no provision in the Federal Rules of Civil Procedure that required the parties to delay a Rule 26(f) conference until the Court had set a Rule 16 conference. Plaintiff's counsel noted that Rule 26(f) called for parties to meet and confer "as soon as practicable." *See* Exh. B.

14. On July 16, 2025, Defendant's counsel responded, again refusing to engage in the required Rule 26(f) conference. Defendant argued that such a conference was "not practicable" while its motion to dismiss remained pending before this Court. Defendant's motion to dismiss, however, advances arguments that this Court has previously rejected in its ruling on Plaintiff's motion for a temporary restraining order. *See* Exh. C.

15. In view of Defendant's refusal to conduct the required Rule 26(f) conference, on July 17, 2025, Plaintiff's counsel requested a meet and confer on a request to commence discovery by agreement pursuant to Rule 26(d)(1). *See* Exh. D.

16. Defendant delayed the requested meeting until July 24, 2025. At that meeting, Defendant's counsel refused Plaintiff's request to commence discovery. Defendant also refused to engage in a Rule 26(f) conference at that time.

17. Plaintiff's counsel offered to limit its initial discovery to a discrete set of requests directed to securing the type of information that the Court had identified as lacking in Plaintiff's evidence in support of a temporary restraining order. *See* Exh. E. Plaintiff's counsel met via videoconference with Defendant's counsel on July 25, July 28, July 29, July 30, July 31, August 1, and August 4, in fruitless efforts to gain Defendant's consent to commence such discovery.

18. Among other things, these requests sought information concerning the present and future designs of the infringing DG3 product, testing that would establish infringement, projections, forecasts, and future marketing plans, as well as documents discussing Plaintiff and its technology, that would evidence anticipated future irreparable harms to Plaintiff. *See* Exh. E.

19. In response, Defendant's counsel offered to provide only a small number of documents relating to *past* sales of its infringing DG3 product, and a very limited number of documents concerning the design of that product. *See* Exh. F. In a telephone conference on August

4, Defendant further conditioned its offer upon Plaintiff's agreement to forego any other discovery prior to a Rule 26(f) conference. Defendant's proposal and the conditions it placed upon it were unreasonable.

### III. LEGAL STANDARD

20. Rule 26(f) provides that, absent a court order otherwise, "the parties must confer *as soon as practicable*" on a discovery plan. *See* Fed. R. Civ. P. 26(f)(1).

21. The Advisory Committee notes to Rule 26(f) specify that "the obligation to participate in the planning process is imposed on all parties that have appeared in the case[.]" Fed R. Civ. P. 26(f) advisory committee's note to 1993 amendment. Defendants are not excused from this obligation merely because they have filed a motion to dismiss in lieu of an answer. *Id.*; *see also Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-CV-257-B, 2014 WL 1976867, *2, 3 (N.D.Tex. 2014) (granting Plaintiffs Motion to Compel Defendants to Participate in Rule 26(f) Conference); *SonarSource SA v. Sonar Software, Inc.*, No. 1:23-CV-01053 (D. Del. April 19, 2024) (Williams, J.) (Oral Order) ("[T]he setting of a Rule 16 scheduling conference is not a prerequisite to the parties' obligations to meet and confer under Rule 26(f)" and delaying such a conference until after motion to dismiss resolved is "contrary to the long-standing practices of Courts in this District.") (Exh. G, hereto).

22. Under Rule 26(d)(1) of the Federal Rules of Civil Procedure, discovery ordinarily may not be served until the parties have conferred under Rule 26(f). *See* Fed.R.Civ.P. 26(d)(1). However, the Court has discretion to order earlier discovery for good cause. *Id.*

23. District courts have broad discretion in matters concerning case management and discovery. *See United States v. Schiff*, 602 F.3d 152, 176 (3d Cir. 2010); *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995). In the exercise of its "broad discretion," this Court may "alter the timing and sequence of discovery." *See Cytodyn Inc., v. Paul A. Rosenbaum, et al.*, No.

CV 21-1139-MN, 2021 WL 4935888, *1 (D. Del. Aug. 24, 2021) (quoting *Williams v. Ocwen Loan Servicing, LLC*, No. CV 14–1096–LPS–CJB, 2015 WL 184024, *1 (D. Del. Jan. 13, 2015)).

24. Early discovery may be ordered where the party seeking discovery demonstrates that its request is reasonable in light of the relevant circumstances. *See Kone Corp. v. ThyssenKrupp USA, Inc.*, No. CV 11–465–LPS–CJB, 2011 WL 4478477, *4 (D. Del. Sept. 26, 2011). The Federal Rules of Civil Procedure contemplate the early commencement of discovery in circumstances in which interim injunctive relief is sought. *See, e.g.*, Fed.R.Civ.P. 26(d) advisory committee's notes to 1993 amendment ("Discovery can begin earlier if authorized ... by local rule, order, or stipulation. This will be appropriate in some cases, such as those involving requests for a preliminary injunction ....").

IV. **ARGUMENT**

    **A. The Pending Motion to Dismiss Does Not Automatically Stay Discovery or a Meet-and-Confer**

25. Contrary to Defendant's assertions, the pending motion to dismiss does not preclude discovery. *See Morales v. Sunpath Ltd.*, No. 20-1376-JLH-SRF, 2024 WL 1198054, *2 (D. Del. Mar. 20, 2024) (noting that the Court had earlier denied motion to stay discovery during pendency of motion to dismiss); *see also Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.*, No. 17-1687-LPS-CJB, 2019 WL 126192, *1-2 (D. Del. Jan. 8, 2019) (noting the court's "responsibility to keep its docket moving, so that it can provide litigants with timely and effective resolution of their claims.").

26. Filing a motion to dismiss "does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved." *See Escareno*, 2014 WL 1976867 at *2 (citing *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, No. 3:08-cv-774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008)).

6

27. Even where a motion to dismiss is pending, the Rule 26(f) conference must go forward absent good cause. *See id.* at *3 ("Defendants have not shown a need to stall the Rule 26(f) process and any and all discovery at this stage of the case."); *Mairena-Rivera v. Langston Constr., LLC*, No. 16-4493, 2016 WL 11824232, at *1 (E.D. La. Aug. 3, 2016) ("By refusing to participate in the requested conference in this matter, defendants essentially 'are seeking to invoke a rule that a pending motion to dismiss stays discovery-but no such rule applies in these circumstances. In fact, such a stay is the exception rather than the rule.'") (quoting *Escareno*, 2014 WL 1976867, at *2).

28. A party may not "unilaterally grant itself a stay of discovery by refusing to participate in the Rule 26(f) conference 'as soon as practicable.'" *See Tesla, Inc. v. Louisiana Auto. Dealers Ass'n*, No. 22-2982, 2025 WL 744151, at *3 (E.D. La. Mar. 7, 2025).

### B. Good Cause Exists to Commence Discovery

29. Notwithstanding the denial of its request for a temporary restraining order, Plaintiff continues to pursue interim injunctive relief. D.I. 96. Plaintiff believes that the evidentiary deficiencies identified by this Court in its July 7, 2025 Order may be remedied through discovery of Defendant.

30. Plaintiff continues to suffer an ongoing loss of market share, price erosion, damages to nascent sales of newly introduced complementary products, and irreparable harm to the exclusivity its patent rights afford. Defendant's continuing efforts to lock in multiyear customer commitments before Plaintiff's patent expires will lock Plaintiff out of supply agreements it would have secured during its exclusive patent period but for Defendant's infringement.

31. Plaintiff only seeks early discovery tailored to the evidence the Court identified as necessary for interim injunctive relief. Thus, Plaintiff has submitted a limited list of targeted requests:

1. <u>Design Documentation</u>: Evidences infringing design and assess claimed design around.

2. <u>Business Plans/Forecasts</u>: Identifies anticipated harm to Plaintiff and establishes irreparable nature of that harm.

3. <u>Testing</u>: Evidences use of infringing cooling technology and importance to performance of the accused DG3 products.

4. <u>Offers to sell/sales</u>: Evidences acts of infringement and parties responsible.

5. <u>Terms of Offers to Sell</u>: Evidences irreparable impact of Defendant's infringement, including potential price erosion and loss of complementary product sales.

6. <u>Importation/Shipment</u>: Evidences acts of infringement and parties responsible.

7. <u>Benefits/Advantages</u>: Evidences likelihood that harms are the result of use of patented technology and the effect of the use of patent technology on the sales of additional and complementary products, as well as serving to evidence commercial success, long felt need, and surprising results rebutting claims the patented subject matter was obvious.

8. <u>Buying Groups</u>: The Court cited specifically the absence of evidence that Defendant had been in discussions with regard to its infringing DG3 with buying groups that could impact Plaintiff.

9. <u>Concerning Seakeeper's gyrostabilizers</u>: Documents concerning Seakeeper's product likely to establish similarity of the infringing DG3 product, and provide evidence of copying that would rebut claims of obviousness.

10. <u>Concerning Seakeeper's patents</u>: Documents discussing Seakeeper's patents likely lead to evidence supportive of infringement claims and rebut allegations that patented subject matter was obvious, among other relevance.

11. <u>INTERROGATORY</u>: Identification of persons responsible for decisions to develop, design, manufacture, importation, promotion and sale of Defendant's gyrostabilizer will evidence parties responsible for acts of infringement.

32. Courts have found good cause for permitting early discovery in similar circumstances. *See Kone Corp.*, 2011 WL 4478477 at *7 ("[The Court finds that Plaintiff has shown a need for discovery relating to certain, circumscribed subject-matter that may illuminate issues at play at the preliminary injunction hearing."); *see also Commissariat A L'Energie Atomique v. Dell Computer Corp.*, No. CIV.A. 03-484-KAJ, 2004 WL 406351, *1 (D. Del. Mar.

3, 2004) (Plaintiff's motion for early discovery granted where limited discovery sought was appropriately tailored to interim relief sought); *Carlson Pet Products, Inc. v. Does*, No. C.A. No. 19-449 (MN), 2019 WL 1486914, *2 (D. Del., 2019) (granting Plaintiff's request for leave to conduct discovery prior to the Rule 26(f) conference).

33. The ongoing harm to Plaintiff and its right to exclude others from practicing its patented technology underscores the need to develop the factual record expeditiously, particularly as the Court's recent decision referenced factual deficiencies that can and should be explored through discovery.

34. Permitting discovery to commence in this matter will not prejudice Defendant. Defendant has had a fair opportunity to assess the issues in dispute and to catalogue the relative strengths and weaknesses of its case. *See Kone Corp.*, 2011 WL 4478477 at *6 ("Granting limited discovery at this stage would therefore not force Defendants to provide access to their documents or witnesses before they have had a fair opportunity to assess the issues in dispute, or to catalogue the relative strengths and weaknesses of their case.").

35. Plaintiff initially notified Defendant of infringement by letter in March 2025. Defendant was thereafter served with a copy of Plaintiff's complaint on April 21, 2025, more than three months ago. Since then, Defendant has not only filed a responsive pleading, but has fully briefed both Plaintiff's motion for a temporary restraining order and its motion seeking a preliminary injunction. Defendant has assembled documents, investigated Plaintiff's infringement allegations, identified and articulated defenses to infringement and patent validity, provided sworn affidavits of its officers, and provided declarations of an expert.

36. "Discovery at this phase is therefore likely not only to crystallize the issues for [an eventual] preliminary injunction hearing, but also will not be wasteful, because much of the

information at issue would likely have been turned over anyway by Defendants soon after a Rule 16 conference." *Id.* at *7.

37.     Defendant improperly seeks to run out the clock on the life remaining on Plaintiff's patents. In addition to the arguments advanced above, the patent's eroding term establishes good cause for promptly commencing discovery.

## V.     RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order:

- Permitting Plaintiff to commence discovery immediately pursuant to Federal Rule of Civil Procedure 26(d)(1);

- Directing that Defendant produce documents and provide written responses to the discovery requests attached hereto as Exhibit E within thirty (30) days;

- Directing the parties to meet and confer as required by Rule 26(f) within fourteen (14) days; and

- Granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| OF COUNSEL: | */s/ Steven J. Fineman*<br>Steven J. Fineman (#4025)<br>Kelly E. Farnan (#4395) |
| MARSHALL, GERSTEIN & BORUN LLP<br>6300 Willis Tower<br>233 S. Wacker Drive<br>Chicago, IL 60606<br>(312) 474-6300 | Christine D. Haynes (#4697)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>302-651-7700 |
| Dated: August 19, 2025 | fineman@rlf.com<br>farnan@rlf.com<br>haynes@rlf.com |
| | *Attorneys for Plaintiff*<br>*Seakeeper, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2025, a true and correct copy of the foregoing document was caused to be served by e-mail on the following counsel:

**BY E-MAIL**

Andrew C. Mayo
Brian A. Biggs
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

**BY E-MAIL**

Oleg Khariton
Dinsmore & Shohl LLP
255 E. Fifth Street
Suite 1900
Cincinnati, OH 45202

**BY E-MAIL**

Michael. A. Xavier
Dinsmore & Shohl LLP
1775 Sherman Street
Suite 2600
Denver, CO 80203

                                               */s/ Christine D. Haynes*
                                               Christine D. Haynes (#4697)
                                               haynes@rlf.com