# EXHIBIT F

| | |
|---|---|
| **From:** | Khariton, Oleg <Oleg.Khariton@DINSMORE.COM> |
| **Sent:** | Friday, August 1, 2025 1:03 PM |
| **To:** | Thomas L. Duston |
| **Cc:** | Fineman, Steven J.; Farnan, Kelly E.; Ray Ricordati; Mark Izraelewicz; Eric H. Findlay (efindlay@findlaycraft.com); Haynes, Christine D.; Mayo, Andrew C.; Biggs, Brian; Xavier, Michael |
| **Subject:** | RE: Seakeeper v. Dometic - meet and confer |

**External - This email is from an external email address outside the firm.**

Tom,

As we've explained, the defendant's position is that beginning general discovery in this matter would be premature, as the Court is yet to schedule a Rule 16 conference or rule on the pending motion to dismiss. Nevertheless, as we stated in our call last week, we would be willing to provide some limited, informal discovery at this early stage to help the parties get on the same page in terms of the scope that this case is likely to have if/when it moves forward beyond the motion-to-dismiss stage. As we have explained, that scope will be very limited considering that only a handful of the allegedly infringing units of the accused product were sold before that version of the product was discontinued, and that the current version of the product has not been accused, and could not reasonably be accused, of infringement. We would be willing collect and produce the following materials as part of this informal discovery effort:

1. Detailed production drawings of the DG3, including the prior, accused version of the product as well as the current, unaccused version.
2. Installation and operation manuals for the DG3.
3. Invoices reflecting sales of the prior, accused version of the DG3.

These technical and commercial documents would be more than sufficient to enable the plaintiff to verify that the current version of the DG3 cannot infringe the asserted patents, and that only three units of the prior, accused version of the product were sold before that version was discontinued.

By contrast, the categories of documents you identify below far exceed what would be proportional relative to this early, informal discovery effort. For example, categories 5 through 9 would require the defendant to conduct a comprehensive search for documents, including emails and other ESI, which would be highly burdensome and beyond the scope of what we've discussed in our calls. Nor would any of these documents assist the plaintiff in evaluating the pertinent issues, i.e., the non-infringing nature of the current version of the DG3 and the extremely limited extent of the sales of the prior, accused version.

Similarly, we do not see how the proposed interrogatory is relevant to those issues. Rather, it appears to be aimed at obtaining expedited discovery from the defendant in connection with the pending motion to dismiss and/or obtaining a list of potential document custodians and deponents for use later in the case.

As to document categories 1 through 4, we would be willing to collect and produce a number of the documents captured by these categories, as indicated above. However, the categories are overbroad in many other respects, including, but not limited to, the following:

- The plaintiff requests technical documents depicting "future design of the DG3 or other actual or potential Dometic-brand gyrostabilizers." This is not relevant to this case. The only product accused of infringement here is the prior version of the DG3. While we have indicated a willingness to produce documents relating to the current version of the DG3 to enable the plaintiff to verify that it cannot possibly infringe the patents-in-

1

- suit, we see no reason why this should extend to potential "future" designs of the DG3, much less other "Dometic-brand" gyros.
- The plaintiff also requests documents relating to any "testing" of the accused product. This is a very broad category of documents, and, once again, we do not see how any of them would be helpful to the plaintiff at this stage. None of them would change the fact that only a de minimis number of units of the accused products were sold before it was discontinued.
- The plaintiff also requests documents reflecting the "shipment or importation" of the accused product, including "bills of lading," "packing lists," "air waybills," and "certificates of origin." However, these documents would be redundant to the invoices that we would be willing to produce reflecting the sales of the accused product. (To the extent you contend that two additional, un-invoiced units of the accused product were demoed at the Miami Boat Show, we're not sure why you would need shipping documents to establish that fact.)

Thanks.

Oleg

**Dinsmore**

**Oleg Khariton**
Partner
Dinsmore & Shohl LLP  •  Legal Counsel
255 East Fifth Street, Suite 1900, Cincinnati, OH 45202
**T** (513) 977-8246  •  **F** (513) 977-8141

**From:** Thomas L. Duston <tduston@marshallip.com>
**Sent:** Wednesday, July 30, 2025 10:33 AM
**To:** Haynes, Christine D. <haynes@rlf.com>; Mayo, Andrew C. <AMayo@ashbygeddes.com>; Biggs, Brian <BBiggs@ashbygeddes.com>; Khariton, Oleg <Oleg.Khariton@DINSMORE.COM>; Xavier, Michael <Michael.Xavier@DINSMORE.COM>
**Cc:** Fineman, Steven J. <Fineman@RLF.com>; Farnan, Kelly E. <Farnan@RLF.com>; Ray Ricordati <rricordati@marshallip.com>; Mark Izraelewicz <Mizraelewicz@marshallip.com>; Eric H. Findlay (efindlay@findlaycraft.com) <efindlay@findlaycraft.com>
**Subject:** RE: Seakeeper v. Dometic - meet and confer

Oleg—

Following up on our recent calls, I have revised the list of discovery requests per our discussions. Look forward to speaking with you this afternoon.

Thanks, Tom.

REQUESTS FOR PRODUCTION
1. Operation and installation manuals, production drawings and other core technical documents sufficient to depict or describe the past, present, or future design of the DG3 or other actual or potential Dometic-brand gyrostabilizers, including but not limited to the composition and pressure of the gas within their enclosures, the components that transmit heat and those that cool the device.
2. Reports and similar documents summarizing testing of the gyrostabilizers accused of infringement that includes testing with respect to heat generation and cooling achieved.
3. Quotations, proposals, offers to sell, invoices and agreements reflecting sales or potential sales of the gyrostabilizers accused of infringement.

4. Bills of lading, packing lists, air waybills, certificates of origin, invoices, or other documents sufficient to show the importation or shipment of any of the gyrostabilizers accused of infringement into or within the United States, including the origin and destination of such shipments, and the shipper and recipients.

INTERROGATORY

1. Identify the five (5) persons most responsible for each of the following, and briefly describe their role therein: (1) the decision to develop the gyrostabilizers accused of infringement; (2) the design of such gyrostabilizers; (3) the manufacture of such gyrostabilizers; (4) the importation of such gyrostabilizers; (5) the promotion of the such gyrostabilizers; and, (6) offers to sell and/or the sale of such gyrostabilizers.

REQUESTS FOR PRODUCTION FOR FURTHER DISCUSSION

5. Market studies, forecasts, projections, business plans and similar documents dated on or prior to July 7, 2025, reflecting strategies for gyrostabilizers.
6. Documents and communications dated on or prior to July 7, 2025 that referred to Seakeeper's gyrostabilizers.
7. Documents and communications dated on or prior to July 7, 2025 that referred to Seakeeper's patents.
8. Communications with actual or potential customers of the gyrostabilizers on or prior to July 7, 2025 that promoted gyrostabilizers or discussed the possible terms of their purchase or use.
9. Documents dated on or prior to July 7, 2025 identifying or mentioning the benefits or advantages derived from the ability to offer or supply gyrostabilizers, or the potential impact thereof on sales of other products.
10. Confirmation that there have been no communications with buying groups that concerned or related to any of the gyrostabilizers identified in RFP No. 1.



Thomas L. Duston
Partner
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357 USA
D: +1.312.423.3446
T: +1.312.474.6300
F: +1.312.474.0448
tduston@marshallip.com
marshallip.com

The material in this transmission may contain confidential information. If you are not the intended recipient, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies and notify Marshall, Gerstein & Borun LLP by return e-mail or by telephone at +1.312.474.6300. Thank you.

**From:** Thomas L. Duston <tduston@marshallip.com>
**Sent:** Thursday, July 24, 2025 3:51 PM
**To:** Haynes, Christine D. <haynes@rlf.com>; Mayo, Andrew C. <AMayo@ashbygeddes.com>; Biggs, Brian <BBiggs@ashbygeddes.com>; Khariton, Oleg <Oleg.Khariton@DINSMORE.COM>; Xavier, Michael <Michael.Xavier@DINSMORE.COM>
**Cc:** Fineman, Steven J. <Fineman@RLF.com>; Farnan, Kelly E. <Farnan@RLF.com>; Ray Ricordati <rricordati@marshallip.com>; Mark Izraelewicz <Mizraelewicz@marshallip.com>; Eric H. Findlay (efindlay@findlaycraft.com) <efindlay@findlaycraft.com>
**Subject:** RE: Seakeeper v. Dometic - meet and confer

Oleg—

Please see list of discovery requests.  Look forward to speaking with you tomorrow afternoon.

Tom.



Thomas L. Duston
Partner
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357 USA
D: +1.312.423.3446
T: +1.312.474.6300
F: +1.312.474.0448
tduston@marshallip.com
marshallip.com

The material in this transmission may contain confidential information. If you are not the intended recipient, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies and notify Marshall, Gerstein & Borun LLP by return e-mail or by telephone at +1.312.474.6300. Thank you.
-----Original Appointment-----
**From:** Haynes, Christine D. <haynes@rlf.com>
**Sent:** Wednesday, July 23, 2025 3:10 PM
**To:** Haynes, Christine D.; Thomas L. Duston; Mayo, Andrew C.; Biggs, Brian; Khariton, Oleg; Xavier, Michael
**Cc:** Fineman, Steven J.; Farnan, Kelly E.; Ray Ricordati; Mark Izraelewicz; Eric H. Findlay (efindlay@findlaycraft.com)
**Subject:** Seakeeper v. Dometic - meet and confer
**When:** Thursday, July 24, 2025 11:00 AM-11:30 AM (UTC-05:00) Eastern Time (US & Canada).
**Where:** https://rlf.zoom.us/j/88678155233


Christine Haynes is inviting you to a scheduled Zoom meeting.
Join Zoom Meeting
https://rlf.zoom.us/j/88678155233

Meeting ID: 886 7815 5233

---

One tap mobile
+13052241968,,88678155233# US
+13092053325,,88678155233# US

---

Dial by your location
- +1 305 224 1968 US
- +1 309 205 3325 US
- +1 312 626 6799 US (Chicago)
- +1 646 558 8656 US (New York)
- +1 646 931 3860 US
- +1 301 715 8592 US (Washington DC)
- +1 360 209 5623 US
- +1 386 347 5053 US
- +1 507 473 4847 US
- +1 564 217 2000 US
- +1 669 444 9171 US
- +1 689 278 1000 US
- +1 719 359 4580 US
- +1 720 707 2699 US (Denver)
- +1 253 205 0468 US
- +1 253 215 8782 US (Tacoma)
- +1 346 248 7799 US (Houston)

Meeting ID: 886 7815 5233

Find your local number: https://rlf.zoom.us/u/ktjyz7vsI