# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAKEEPER, INCORPORATED, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>DOMETIC CORPORATION, )<br>)<br>        Defendant. ) | CA No. 1:25-cv-00484-JCB<br><br>JURY TRIAL DEMANDED |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR COMMENCEMENT OF DISCOVERY AND TO COMPEL A RULE 26(F) CONFERENCE

OF COUNSEL:

DINSMORE & SHOHL LLP

Oleg Khariton
255 East Fifth Street, Suite 1900,
Cincinnati, OH 45202
(513) 977-8200
oleg.khariton@dinsmore.com

Michael A. Xavier
1775 Sherman Street, Suite 2600
Denver, CO 80203
(303) 831-6980
michael.xavier@dinsmore.com

Dated: September 2, 2025

ASHBY & GEDDES
Andrew C. Mayo (#5207)
Brian A. Biggs (#5591)
500 Delaware Avenue, 8th Floor
PO Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com
bbiggs@ashbygeddes.com

*Attorneys for Defendant*

{02159704;v1 }                               1

I.     **Introduction**

Defendant Dometic Corporation ("Dometic") filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 90, 91, 93.) Dometic's motion is still pending. No Rule 16 conference has been scheduled in this case. Even so, Plaintiff Seakeeper, Inc. ("Seakeeper") requests that it be given permission to "commence discovery immediately," and, further, that Dometic be required to provide various discovery on an expedited basis, specifically within thirty (30) days of the Court's ruling on Seakeeper's motion. (Mtn. at 10.) Seakeeper's motion should be denied. First, its request to commence discovery is premature in light of Dometic's pending motion to dismiss. Consistent with Third Circuit case law, it would be more appropriate under these circumstances for the Court to rule on Dometic's motion prior to requiring the parties to engage in discovery. Second, Seakeeper's separate request to expedite certain discovery is also not warranted under the circumstances. Seakeeper admits that the reason it seeks expedited discovery is so that it can renew its unsuccessful motion for a preliminary injunction. However, Seakeeper already had a chance to request expedited discovery in connection with its original preliminary injunction motion, but it failed to do so. It offers no valid reason for giving it a second bite at the proverbial apple. And, regardless, no amount of discovery can cure the deficiencies in Seakeeper's prior, failed request for preliminary injunctive relief.

Therefore, Dometic respectfully submits that the Court should proceed with deciding Dometic's pending motion to dismiss before directing the parties to engage in discovery. In the event the Court denies the motion to dismiss, the case can proceed to the discovery phase promptly thereafter, consistent with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and any other orders the Court may issue.

**II.    Requiring the Parties to Engage in Discovery Prior to the Court's Ruling on Dometic's Pending Motion to Dismiss Would Be Premature.**

"The Rule 12(b)(6) procedure 'streamlines litigation by dispensing with needless discovery and factfinding.'" *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). Accordingly, "motions to dismiss filed under it should typically 'be resolved ***before discovery begins***.'" *Id.* (emphasis added) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). As the Third Circuit has noted, "the idea that discovery should be permitted before deciding a motion to dismiss 'is unsupported and defies common sense because the purpose of F.R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)); *see also Bataan Licensing LLC v. DentalEZ, Inc.*, No. 22-238-GBW, 2023 WL 143991, at *1 (D. Del. Jan. 10, 2023) (staying discovery pending potentially case-dispositive motion to dismiss); *Zavala v. Kruse-Western, Inc.*, No. 1:19-cv-00239-DAD-SKO, 2019 U.S. Dist. LEXIS 119230, at *6 (E.D. Cal. July 17, 2019) (holding that it is not "practicable" to order a defendant to participate in a Rule 26(f) conference where its pending motion to dismiss "challenges the sufficiency of the complaint and may result in changes to the operative pleading").

Here, Dometic has filed a motion to dismiss the Complaint under Rule 12(b)(6), arguing that the Complaint fails to state a plausible claim of infringement against Dometic. Though Seakeeper suggests that the motion to dismiss "advances arguments that this Court has previously rejected in its ruling on [Seakeeper's] motion for a temporary restraining order" (Mtn. at 4), the Court issued that prior ruling based on limited briefing by the parties. The basis for Dometic's motion to dismiss (namely, Seakeeper's failure to allege facts plausibly establishing Dometic's

liability for the allegedly infringing activity) was one of many issues raised by the parties in their briefs concerning Seakeeper's motions for preliminary injunctive relief.  At that time, Dometic did not have a chance to submit a response to the arguments raised for the first time in Seakeeper's reply briefs, including those based on Dometic's purported "offers to sell" the allegedly infringing DG3 product and the purported agency relationship between Dometic and Dometic Marine Canada, Inc. ("DMC") (the actual manufacturer and distributor of the DG3).  Dometic's pending motion to dismiss specifically addresses the Court's prior analysis and explains how it overlooked relevant facts and law.  (D.I. 93 at 10-11, 13-14.)  The motion is still pending, and Seakeeper has offered no valid basis for deviating from the Third Circuit guidance that suggests that Rule 12(b)(6) motions "should typically be resolved before discovery begins."  *Levey*, 590 F. App'x at 137 (internal quotation marks and citation omitted).

Indeed, there is no undue prejudice to Seakeeper from deferring discovery until the Court's ruling on the motion to dismiss.  Seakeeper's motion for preliminary injunctive relief was denied.  (D.I. 87.)  Further, as Dometic advised the Court and Seakeeper in a letter dated May 29, 2025, the allegedly infringing product has been taken off the market.  (D.I. 65.)  While Seakeeper attempts to manufacture a sense of urgency for its request to commence discovery by suggesting that the allegedly infringing version of the DG3 continues to be "ship[ped]" (Mtn. at 3), its suggestion is wholly without basis.  For example, it claims that, "in recently distributed marketing materials, Defendant continues to represent that its DG3 devices incorporate the patented cooling technology."  (*Id.*)  However, the YouTube video cited by Seakeeper (available at https://www.youtube.com/watch?v=-YQSJ0Nj2Gw) actually proves the opposite.  The YouTube video—an updated version of the promotional DG3 video referenced by Seakeeper throughout the

Complaint—confirms that the current design of the DG3 lacks the features that Seakeeper previously alleged to correspond to the claimed "cylindrical" "interleaved" "vanes":



Similarly, Seakeeper suggests that "at least two DG3 devices were apparently shipped to an East Cost dealership." (Mtn. at 3.) However, it offers no evidence to plausibly suggest that any units of the DG3 shipped since Dometic's May 29 letter have corresponded to the prior, allegedly infringing design as opposed to the new, clearly non-infringing design. And, as Dometic's counsel has repeatedly advised Seakeeper, DMC had ceased the manufacture and shipments of the prior, allegedly infringing version of the product as of May 29, consistent with Dometic's representations to the Court.

Indeed, during the parties' extensive meet-and-confers leading up to Seakeeper's present motion, Dometic offered to provide Seakeeper with current production drawings of the DG3, which would show that the version of the DG3 currently in production corresponds to the version depicted in Dometic's May 29 letter to the Court, and thus inarguably lacks the claimed "cylindrical" "interleaved" "vanes." (Ex. F to Mtn., at 1.) Dometic offered to provide this and other relevant information outside the formal discovery process (including documents sufficient to show the limited extent of the sales of the prior, allegedly infringing version of the DG3) to try to enable the parties to come to a mutual understanding regarding the significantly narrowed scope

{02159704;v1 }                                                5

and stakes of the case moving forward. (*Id.*) However, Seakeeper rejected Dometic's compromise proposal and instead insisted on filing the present request to prematurely commence general discovery prior to the Court's ruling on Dometic's motion to dismiss. (Mtn. at 4-5.)

The Court should deny Seakeeper's request. Rather, it should proceed to issue a ruling on Dometic's motion to dismiss before requiring the parties to engage in discovery. Doing so would be consistent with Third Circuit guidance and a proper exercise of the Court's broad inherent authority to manage its docket. *United States v. Schiff*, 602 F.3d 152, 176 (3d Cir. 2010).

### III. The Court Should Deny Seakeeper's Request for Expedited Discovery.

In addition to prematurely asking this Court to commence general discovery in spite of Dometic's pending motion to dismiss, Seakeeper also requests that the Court order Dometic to produce several large categories of documents on an expedited basis, specifically within 30 days of the Court's ruling on Seakeeper's motion. (Mtn. at 10.) Seakeeper claims that it needs this expedited discovery because it "seeks to renew its request for preliminary injunctive relief." (*Id.* at 2; *see also id.* at 7-8.) Because Seakeeper has not established any "good cause" for expediting discovery, *Kone Corp. v. Thyssenkrupp USA, Inc.*, No. 11-465-LPS-CJB, 2011 U.S. Dist. LEXIS 109518, at *10-11 (D. Del. Sep. 26, 2011), the Court should deny its request.

In deciding whether "good cause" exists to authorize expedited discovery, "the court must weigh the need for discovery at an early juncture in the litigation against the breadth of the discovery requests and the prejudice to the responding party, by considering such factors as (1) the timing and context of the discovery requests, including whether a preliminary injunction hearing has been scheduled; (2) the scope and purpose of the requests; and (3) the nature of the burden to the respondent." *Kone*, 2011 U.S. Dist. LEXIS 109518, at *10-11 (internal citation and quotation marks omitted). Here, all of these factors weigh decidedly against granting Seakeeper's request.

As to "the timing and context of the discovery requests," Seekeper's request for expedited preliminary-injunction discovery comes too late. Seakeeper already filed a motion for a preliminary injunction on May 5, 2025. (D.I. 8.) The Court denied that motion on July 7, 2025, finding that none of the four preliminary-injunction factors weighed in Seakeeper's favor. (D.I. 87.) At no point during the two months its motion was pending did Seakeeper file a request for expedited discovery. Indeed, as discussed in Dometic's opposition to Seakeeper's pending motion for reconsideration, Seakeeper actually rejected Dometic's proposal for a preliminary-injunction schedule that would have included an opportunity for both parties to conduct expedited discovery. (D.I. 99 at 8 (citing D.I. 32 at 32-33).) Not only that, but Seakeeper repeatedly urged the Court to enter a ruling on its preliminary-injunction motion on the existing record. (*Id.* at 6 (citing D.I. 75 at 111:23-112:3); *id.* at 8 (citing D.I. 67 at 1).) Nothing prevented Seakeeper from timely requesting expedited discovery in connection with its original motion for a preliminary injunction (or simply agreeing to Dometic's proposal for mutual expedited discovery). Seakeeper was fully aware that it bore the burden of proof with respect to its motion. It simply made a strategic choice not to pursue any discovery from Dometic. While it apparently regrets that choice, Seakeeper has identified no legitimate reason for permitting it a do-over.

As to "the scope and purpose of the requests," giving Seakeeper a second chance to conduct preliminary-injunction discovery would serve no useful purpose. First, Seakeeper has offered no evidence to plausibly suggest that it is suffering any on-going harm due to the alleged patent infringement. In fact, the allegedly infringing version of the DG3 has been taken off the market since Seakeeper filed its original motion for a preliminary injunction. Second, even setting that aside, none of the expedited discovery sought by Seakeeper could alter the outcome of the Court's preliminary-injunction analysis. The Court concluded that Seakeeper could not establish a

likelihood of success on the merits even as to the prior, allegedly infringing version of the DG3 because Dometic had shown "at least a substantial question, if not more," as to the validity of the '782 Patent. (D.I. 87 at 28.) The Court found that the prior art cited by Dometic provided a "strong" *prima facie* showing that the '782 Patent is obvious, and that the evidence of secondary considerations proffered by Seakeeper was insufficient to rebut the "strong" *prima facie* case of obviousness. (*Id.*) The expedited discovery requested by Seakeeper concerning alleged "future irreparable harms" (Mtn. at 4) is irrelevant to the Court's analysis of those issues. Thus, the discovery would do nothing to cure Seakeeper's inability to demonstrate a likelihood of success on the merits—a necessary prerequisite to the grant of a preliminary injunction. *Lackey v. Stinnie*, 145 S. Ct. 659, 666 (2025).

Indeed, even as to the irreparable-harm factor, the Court's analysis did not depend on facts that Seakeeper may conceivably obtain from Dometic through discovery. Rather, the Court found that Seakeeper had failed to make the required showing because the '782 Patent is nearing its expiration; because Seakeeper's declarants effectively admitted that any loss of market share and/or R&D opportunities that it may suffer absent an injunction would be readily quantifiable; because a "significant portion" of the price erosion alleged by Seakeeper had admittedly already occurred, and its evidence of future price erosion was "too speculative"; because Seakeeper had not shown a sufficient nexus between the alleged harms and alleged patent infringement, since its own materials "show that at least some models also use an [unpatented] active glycol and seawater combination to dissipate the heat"; and because Dometic is "exactly the type of company that would be financially responsible and answerable in damages." (D.I. 87 at 28-33.) The expedited discovery Seakeeper seeks to obtain from Dometic would not change any of these undisputed facts underlying the Court's irreparable-harm analysis. Because no amount of discovery would enable

Seakeeper to remedy the deficiencies in its original preliminary-injunction motion, granting Seakeeper's request for expedited discovery would be an exercise in futility.

Finally, as to "the nature of the burden to the respondent," Seakeeper's proposed discovery requests are extremely broad. Indeed, the categories of information sought by Seakeeper at this relatively early stage of the litigation are not all that different from what an accused infringer would typically be required to produce over the life of an entire case. Thus, Seakeeper is seeking documents describing "the past, present, or future design of the DG3 or other actual or potential Dometic-brand gyrostablizers [*sic*]"; documents relating to the "performance," "capabilities," "testing," and "benefits or advantages" of these gyrostablizers; documents reflecting "demonstrations," "offers to sell, sales or potential sales," and "importation or shipment"; "[m]arket studies, forecasts, projections, business plans and documents reflecting strategies"; "[c]ommunications with actual or potential customers"; "[c]ommunications with buying groups"; and documents referring to Seakeeper's gyrostablizers and/or patents. (Ex. E to Mtn., at 3.) Requiring the defendant to collect, review, and produce all of this information within a month's time would be extremely burdensome and not proportional to the needs of the case given its current procedural posture. "While Plaintiff may ultimately be entitled to much of the discovery it seeks later in this case, an expedited discovery motion is not the proper vehicle for obtaining such broad-ranging discovery." *Kone*, 2011 U.S. Dist. LEXIS 109518, at *23.

To summarize, Seakeeper has shown no reason for departing from the ordinary course of discovery and allowing it to pursue broad discovery on an accelerated timeline.

**IV.    Conclusion**

Consistent with guidance from the Third Circuit, the Court should not require the parties to engage in discovery until Dometic's pending motion to dismiss is resolved. And, to the extent

the Court requires the parties to engage in discovery while Dometic's motion is still pending, it should direct discovery to proceed in the ordinary course and deny Seakeeper's request for expedited discovery.

|  |  |
|---|---|
| OF COUNSEL:<br><br>DINSMORE & SHOHL LLP<br><br>Oleg Khariton<br>255 East Fifth Street, Suite 1900,<br>Cincinnati, OH 45202<br>(513) 977-8200<br>oleg.khariton@dinsmore.com<br><br>Michael A. Xavier<br>1775 Sherman Street, Suite 2600<br>Denver, CO 80203<br>(303) 831-6980<br>michael.xavier@dinsmore.com<br><br>Dated: May 19, 2025 | ASHBY & GEDDES<br><br>*/s/ Andrew C. Mayo*<br>Andrew C. Mayo (#5207)<br>Brian A. Biggs (#5591)<br>500 Delaware Avenue, 8th Floor<br>PO Box 1150<br>Wilmington, DE 19899<br>(302) 654-1888<br>amayo@ashbygeddes.com<br>bbiggs@ashbygeddes.com<br><br>*Attorneys for Defendant* |