IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAKEEPER, INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>DOMETIC CORPORATION,<br><br>Defendant. | C.A. No. 25-0484-JCB<br><br><br>**JURY TRIAL DEMANDED** |

**SEAKEEPER, INCORPORATED'S REPLY IN SUPPORT OF ITS
MOTION FOR COMMENCEMENT OF DISCOVERY
AND TO COMPEL A RULE 26(F) CONFERENCE**

**I.      INTRODUCTION**

Almost five months ago, Seakeeper filed suit accusing Dometic of infringing two U.S. Patents. Since then, Dometic has rebuffed Seakeeper's repeated efforts to meet and confer as required under Rule 26(f). Because a Rule 26(f) conference is generally a prerequisite to the commencement of discovery, Dometic's tactics frustrate progress of this case. Seakeeper's patent has limited life remaining. Dometic appears intent on running out the clock on Seakeeper's patent.

Seakeeper has demonstrated that discovery should commence consistent with Rules 16 and 26. Contrary to Dometic's assertions, there is no general rule in this District that discovery may not proceed while a motion to dismiss is pending. Nor is it proper for Dometic to assert that its dilatory tactics are justified by the outcome on Seakeeper's recent motion for interim injunctive relief.

Seakeeper does not seek to *expedite* the time periods set forth in Rule 33 and 34 for responding to written discovery. Seakeeper requests only that Dometic be ordered to meet and confer and that discovery commence in accordance with the Federal Rules of Civil Procedure. The Court should grant Seakeeper's Motion.[1]

## II.     ARGUMENT

### A.     Neither a Rule 26(f) Conference Nor Discovery is Barred by a Motion to Dismiss

In this District, "discovery routinely proceeds" while a motion to dismiss is pending. *See Liqwd, Inc. v. L'Oreal USA, Inc.,* No. 17-14-JFB-SRF, 2019 WL 366223, at *3 n.3 (D. Del. Jan. 30, 2019); *see also NuVasive, Inc. v. Neurovision Med. Prods., Inc.*, No. 15-286-LPS-CJB, 2015 WL 3918866, at *2 (D. Del. June 23, 2015) (noting District Court's preference that, "in the main, cases filed by a plaintiff should move forward—even in the face of early-filed motions that have yet to be fully resolved.") (citing *Kraft Foods Grp. Brands LLC v. TC Heartland LLC*, No. 14–28–LPS, D.I. 32 (D. Del. Jan. 7, 2015) (oral order denying defendants' request to stay entry of a scheduling order due to a pending motion to dismiss) and Judge Stark's *Revised Procedures for Managing Patent Cases* (June 18, 2014) (available at https://www.ded.uscourts.gov/sites/ded/files/LPS-PatentProcedures.pdf) ("Generally, we will not defer the CMC and scheduling process solely due to the pendency of [motions to dismiss].")); *see also Standing Order No. 2022-VAC-1*, Para. 5(f) (available at https://www.ded.uscourts.gov/sites/ded/files/general-orders/Standing%20Order%20re%20

---

[1] To the extent Dometic is concerned about the timing of document production, the parties can confer about such timing during or after a Rule 26(f) conference. However, Dometic's unwillingness to hold a Rule 26(f) conference has prevented the clock from even starting to run and thus has already caused unnecessary delay.

VAC.pdf) ("The filing of a motion to dismiss shall not be grounds to prevent the case, including discovery, from progressing.")[2]

Seakeeper filed a notice that the current case is ready for a scheduling conference. D.I. 85. Dometic has not disagreed. Rule 26(f) directs the parties to confer "as soon as practicable" before a scheduling conference under Rule 16. *See* Fed. R. Civ. P. 26(f). Yet, Dometic refuses to meet as required under Rule 26(f).

A meeting was clearly "practicable." In advance of filing this motion, the parties met and conferred on no less than seven (7) occasions. Motion ¶17. The parties could have easily addressed the topics set forth in Rule 26(f)(2) and (3), had Dometic not refused.

Rule 26(f) does not relieve the parties of their obligation to meet and confer because of a Rule 12 motion. The Rule says nothing about conditioning the parties' Rule 26(f) conference and subsequent discovery on the outcome of a Rule 12(b)(6) motion.

### B.  Dometic Has Not Moved to Stay Proceedings, Nor Could It Establish Entitlement to a Stay

Dometic has not moved to stay proceedings and is not entitled to a stay. *See, e.g., Morales v. Sunpath Ltd.*, No. 20-1376-JLH-SRF, 2024 WL 1198054, at *2 (D. Del. Mar. 20, 2024) (denying motion to stay discovery during pendency of motion to dismiss); *Cipla USA, Inc. v. Ipsen Biopharmaceuticals, Inc.*, No. 22-552-VAC-SRF, 2022 WL 3139096, at *2 (D. Del. Aug. 5, 2022) (denying defendant's proposal to stay discovery until resolution of a pending motion to dismiss);

---

[2] *See also Veeva Sys. Inc. v. Tact.ai Techs., Inc.,* No. 23-1032, 2024 WL 2848335, at *1 (D. Del. June 5, 2024) ("We denied a motion to stay discovery, and now we are catching up and addressing a pending motion to dismiss."); *Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.*, No. 17-1687-LPS-CJB, 2019 WL 126192, at *1-2 (D. Del. Jan. 8, 2019) (noting the court responsibility to keep its docket moving, so that it can provide litigants with timely and effective resolution of their claims.).

*Inari Med., Inc. v. Inquis Med., Inc.*, No. 24-1023-CFC-EGT, 2025 WL 637958, at *4 (D. Del. Feb. 27, 2025) (denying defendant's motion to stay case while motion to dismiss was pending).

Dometic asserts two Third Circuit decisions establish a rule against discovery pending outcome of a motion to dismiss. Response at 3 (citing *Levey v. Brownstone Inv. Grp., LLC,* 590 F. App'x 132 (3rd Cir. 2014) and *Mann v. Brenner,* 375 F. App'x 232 (3rd Cir. 2010)). Neither establishes such a rule. Each merely confirms that the scope and timing of discovery is a matter for the District Court's discretion.

Dometic's own cited authority confirms it is well within the Court's discretion to permit discovery to proceed. *See Bataan Licensing LLC v. DentalEZ, Inc.,* No. 22-CV-238, 2023 WL 143991, at *1 (D. Del. Jan. 10, 2023) (noting the Court's discretionary authority to control discovery). To stay discovery, Dometic bears the burden of establishing (1) that staying discovery will simplify issues; (2) the status of the litigation favors a stay; and (3) that a stay will not cause the non-movant undue prejudice or allow the movant to gain a clear tactical advantage. *See id.* (entering a stay because the parties before it were not direct competitors, so there could be no prejudice to patentee).

In assessing potential simplification, the Court must consider "*all* of the possible outcomes . . . not just the potential outcome most favorable to the party seeking the stay." *See Cipla USA, Inc. v. Ipsen Biopharmaceuticals, Inc.*, No. 22-552-VAC-SRF, 2022 WL 3139096, at *2 (D. Del. Aug. 5, 2022). Little efficiency is gained if the motion to dismiss is denied, or granted with leave to replead. *Id.* (citing *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, Nos. 14-1192-LPS-CJB, 14-1193-LPS-CJB, 2015 WL 1737476, at *2 (D. Del. Apr. 9, 2015))

Dometic makes no effort to show the outcome of its motion will eliminate discovery (*i.e.* that dismissal with prejudice is guaranteed). In fact, Dometic concedes Seakeeper's Complaint

4

expressly alleges acts of infringement by Dometic. D.I. 91 at 5 ("[T]he Complaint alleges that Dometic Corporation committed these acts [of infringement][.]") This Court has previously concluded the facts pled and/or which could be pled are sufficient to state a cause of action against Dometic Corporation:

| Infringing Acts | Court's Findings |
|---|---|
| Sale/Offer for Sale | "The facts support the conclusion that the DG3 is offered for sale on Dometic Corporation's website." D.I. 87 at 9. |
| Importation/Use | "[P]laintiff argues that defendant imported and used the DG3 device at a trade show in Miami. … Plaintiff further submits evidence of the booth and its employees' uniforms, which bear the Dometic trademark. … Plaintiff has successfully alleged activities by Dometic Corporation under § 271(a)[.]" *Id.* |
| Subsidiary Liability | "As a general matter, a parent company may be held liable for the patent infringement of its subsidiaries. … On the current record, the court finds a substantial likelihood that the two businesses held themselves out as one 'Dometic' company when displaying the DG3 at the Miami boat show. … [T]he facts above demonstrate a substantial likelihood that an agency relationship exists between the two corporations." *Id.* at 12-13. |

Seakeeper will suffer prejudice if discovery is denied or delayed. Dometic competes directly with Seakeeper. "Courts have recognized that when the parties are direct competitors, there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill." *SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 WL 144255, at *7 (D. Del. Jan. 11, 2013); s*ee also Cipla USA, Inc.*, 2022 WL 3139096, at *3 ("[W]here, as here, the parties are the only two competitors in the relevant market, the Court can more easily draw the inference of the increased chance of undue prejudice from delay related to a stay.") "[D]elay inherently harms a non-moving party by prolonging resolution of the

dispute[.]" *Cipla USA, Inc.*, 2022 WL 3139096, at *3 (quoting *RideShare Displays, Inc. v. Lyft, Inc.*, No. 20-1629-RGA-JLH, 2021 WL 7286931, at *2 (D. Del. Dec. 17, 2021)).  The Court acknowledged Dometic's infringing actions are likely to harm Seakeeper. D.I. 87, at 29 ("Plaintiff certainly establishes that it will encounter some harm[.]") While the Court declined, on the record before it, to find such harm "irreparable," the prejudice factor of the three-factor stay test should not be equated with the test used to examine *irreparable* harm for purposes of an interim injunction. *See SenoRx, Inc.*, 2013 WL 144255, at *8 (citing *United Pet Grp., Inc. v. MiracleCorp Prods.*, No. 4:12CV0040AGF, 2012 WL 2458539, at *3 (E.D. Mo. June 27, 2012)).[3]

Seakeeper is uniquely vulnerable to delays in view of the limited life remaining on its patents. *See, e.g., A.L.M. Holding Co. v. All States Materials Grp. Inc.*, No. 25-10458-MGM, 2025 WL 1489986, at *2 (D. Mass. May 23, 2025) (rejecting stay, observing defendant had incentive to run out the clock on limited remaining life of asserted patent: "when the patent expires, the patentee's prerogatives expire too, and the right to make or use the article, free from all restriction, passes to the public.") (citation omitted).  Dometic's request to stay discovery prolongs resolution of the case for no benefit.  Dometic simply seeks a tactical advantage.

> C. **Seakeeper's Request For a Rule 26(f) Conference and to Commence Discovery is Not "Untimely"**

Dometic argues the window has closed to compel it to meet and confer as required under Rule 26(f) and to commence discovery.  Dometic argues Seakeeper's request for a discovery

---

[3] Without evidence, Dometic contends it has ceased infringement. D.I. 65 at 2.  This Court has previously rejected such unsubstantiated statements as inadequate. D.I. 87 at 6 ("Defendant offers no supplemental information to instill confidence that the redesigned DG3 will completely replace the existing DG3 design. The court needs more than design diagrams and affirmative statements by counsel.")  Moreover, Dometic's continuing reluctance to provide complete discovery with respect to its purported redesign raises legitimate suspicion.  Dometic's so-called "informal" offer to provide selected drawings of its DG3, on the condition that Seakeeper agree to forego any further or follow up discovery, further fuels such concerns.

conference comes too late. Dometic further argues discovery in this action would be futile, because the Court has denied Seakeeper's request for an interim injunction. Dometic cites no authority for these propositions that Seakeeper has "waived" the right to discovery concerning its claims, or that it has somehow "lost" the right to seek such discovery because of its motion for a TRO.

Seakeeper's action is not limited to interim injunctive relief.[4] The Court concluded Seakeeper "has shown that it is more likely than not, and thus substantially likely, that [Dometic's] DG3 device infringes the '782 patent." D.I. 87 at 19. Additionally, the Court has not found Dometic to have satisfied its burden of showing by *clear and convincing* evidence that Seakeeper's patents are invalid. *Id.* at 20 (noting with respect to interim injunctive relief that Dometic need only show "a substantial question[.]") A party is entitled to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). Dometic does not assert that the discovery sought is irrelevant to the claims asserted in Seakeeper's Complaint.

Dometic's final assertion that Seakeeper's requests are "overbroad" is premature. The parties have not meaningfully met and conferred with respect to any objections regarding the scope or timing of production sought. Nor has Dometic provided evidence to support its assertion that production of the requested documents would impose an undue burden upon it. "[I]t is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that 'good cause' exists for the order of protection." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citation omitted). "When a party objects that a discovery request

---

[4] Nor does the Court's prior ruling prevent Seakeeper from renewing its request for injunctive relief should further discovery support such relief. *See, e.g., Riverbed Tech., Inc. v. Silver Peak Sys., Inc.,* No. 11-484-RGA, 2014 WL 4695765, at *14 (D. Del. Sept. 12, 2014) ("No damages discovery has taken place, which makes it difficult to establish lost sales, lost market share, and a strong nexus between the patented features and customer demand. If further discovery uncovers sufficient evidence to support a permanent injunction, Silver Peak may renew its motion.")

[i]s irrelevant or unduly burdensome, that party 'must show specifically how the request is burdensome, oppressive, or irrelevant.'" *Knaupf v. Unite Here Loc. 100*, No. 14-6915 (PGS) (DEA), 2015 WL 7451190, at *4 (D.N.J. Nov. 23, 2015) (quoting *Alexander v. Roadway Express, Inc.*, No. 08-4591, 2009 WL 793022, at *2 (E.D. Pa. Mar. 24, 2009)); *see also P.V. ex rel. Valentin v. Sch. Dist. of Phila.*, No. 2:11-cv-04027, 2012 WL 676993, at *2, n.2 (E.D. Pa. Mar. 1, 2012) (refusing to entertain conclusory objections that certain discovery requests were "overbroad and unduly burdensome" without "affidavits or [other] evidence which reveals the nature of the burden.") "[Such] injury must be shown with specificity[;] '[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." *See Pansy*, 23 F.3d at 786 (citations omitted). Dometic's bald, unsupported assertions of undue burden and irrelevancy are insufficient.

### III.    CONCLUSION

Dometic should not be permitted to evade its obligations to meet and confer with Seakeeper "as soon as practicable." The Court should grant Seakeeper's motion, order the parties to meet and confer as required by Rule 26(f) and permit discovery to commence pursuant to Rule 26(d)(1).

|  |  |
|---|---|
| OF COUNSEL: | */s/ Steven J. Fineman* |
|  | Steven J. Fineman (#4025) |
|  | Kelly E. Farnan (#4395) |
| MARSHALL, GERSTEIN & BORUN LLP | Christine D. Haynes (#4697) |
| 6300 Willis Tower | Richards, Layton & Finger, P.A. |
| 233 S. Wacker Drive | One Rodney Square |
| Chicago, IL 60606 | 920 North King Street |
| (312) 474-6300 | Wilmington, DE 19801 |
|  | 302-651-7700 |
|  | fineman@rlf.com |
| Dated: September 9, 2025 | farnan@rlf.com |
|  | haynes@rlf.com |
|  |  |
|  | *Attorneys for Plaintiff Seakeeper, Inc*. |

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2025, a true and correct copy of the foregoing document was caused to be served by e-mail on the following counsel:

**BY E-MAIL**

Andrew C. Mayo
Brian A. Biggs
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

**BY E-MAIL**

Oleg Khariton
Dinsmore & Shohl LLP
255 E. Fifth Street
Suite 1900
Cincinnati, OH 45202

**BY E-MAIL**

Michael. A. Xavier
Dinsmore & Shohl LLP
1775 Sherman Street
Suite 2600
Denver, CO 80203

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
farnan@rlf.com
