UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 1:25-cv-00484

**Seakeeper Inc.,**
*Plaintiff,*

v.

**Dometic Corporation,**
*Defendant.*

# ORDER

 Plaintiff moves for reconsideration of this court's order (Doc. 87) denying its motion for a temporary restraining order and motion for a preliminary injunction. Doc. 98. Both motions were ripe for resolution when decided. Plaintiff urges, however, that it may wish to present further evidence in support of a preliminary injunction. The court denies the motion for reconsideration to the extent that it is based on the evidence that was before the court when it ruled. But plaintiff may renew its motion for a preliminary injunction if it believes that new evidence provides further support, including evidence developed in discovery.

 Relatedly, plaintiff also moves to commence discovery and compel a conference under Federal Rule of Civil Procedure 26(f). Doc. 107. Defendant opposes this motion on two grounds: (1) requiring the parties to engage in discovery before ruling on defendant's motion to dismiss is premature and (2) plaintiff should not be granted further discovery for a preliminary injunction already denied by the court. Doc. 108 at 3, 6.

 "Matters of docket control and conduct of discovery are committed to the sound discretion of the district court." *Elfar v. Twp. of Holmdel*, No. 24-01353, 2025 WL 671112, at *5 (3d Cir. May 3, 2025) (unpublished) (cleaned up) (quoting *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982)). District courts are free to require discovery to proceed while a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is pending. *Allied*

*World Ins. Co. v. Keating*, No. 22-01996, 2023 WL 1463391, at *4 (3d Cir. Feb. 2, 2023) (unpublished). Analyzing the briefing and issues presented, the court finds that commencing discovery is not premature.

As to whether plaintiff should be granted further discovery to renew its motion for a preliminary injunction, defendant's arguments also fall short. Courts are free to allow motions for equitable relief to be renewed when further evidence is discovered. *See Riverbed Tech., Inc. v. Silver Peak Sys., Inc.*, No. 1:11-cv-00484, 2014 WL 4695765, at *14 (D. Del. Sep. 12, 2014) ("If further discovery uncovers sufficient evidence to support a permanent injunction, [the patentee] may renew its motion.").

Thus, plaintiff's motion for reconsideration (Doc. 87) is denied; plaintiff's motion to commence discovery (Doc. 107) is granted.

*So ordered by the court on November 12, 2025.*

J. CAMPBELL BARKER
United States District Judge