UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

No. 1:25-cv-00484

**Seakeeper Inc.**,
*Plaintiff*,

v.

**Dometic Corporation**,
*Defendant.*

# OPINION AND ORDER

Plaintiff Seakeeper Inc. accuses defendant Dometic Corporation of infringing U.S. Patent Nos. 7,546,782 and 8,117,930. Doc. 1. Dometic Corp. moved to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Doc. 90. Dometic Corp. argues that the complaint does not plausibly allege that Dometic Corp. is liable for patent infringement because Dometic Marine Canada, Inc. is "responsible for the manufacture and distribution of the" accused product. Doc. 91 at 8. For the reasons below, Dometic Corp.'s motion to dismiss is denied.

## I. Legal standard

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Federal Circuit reviews procedural issues, including Rule 12(b)(6) motions, according to regional circuit law. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1259 (Fed. Cir. 2018). In the Third Circuit, courts conduct a two-part analysis for Rule 12(b)(6) motions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court separates the factual and legal elements of a claim, "accept[ing] all of the complaint's well-pleaded facts as true, but . . . disregard[ing] any legal conclusions." *Id.* at 210–11. Second, the court determines whether the alleged facts sufficiently show a "plausible claim for relief." *Id.* at 211 (quoting *Ashcroft v. Iqbal*,

556 U.S. 662, 679 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Assessing plausibility, the court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler*, 578 F.3d at 210. "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).[1]

## II. Analysis

Starting with the complaint, plaintiff alleges that defendant Dometic Corp.:

- issued a press release in February of 2025 announcing the accused product, Doc. 1 at 10; Doc. 1-3;
- showcased the accused product at a boat show, Doc. 1 at 10[2];
- installed the accused product into boats to demonstrate its performance to potential customers, *See* Doc. 92 at 10;
- persuaded plaintiff's former customer to discontinue purchasing plaintiff's products in favor of the accused product, Doc. 1 at 14.

---

[1] The court does not consider Timothy Hall's second declaration (Doc. 91-1) in ruling on this motion to dismiss. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (declarations attached to a motion to dismiss "may not be considered at [the Rule 12(b)(6)] stage").

[2] The plaintiff also cited a video in which Dometic employees explain the benefits of the accused product. *See* PANBO, the marine electronics hub, *Dometic DG3 gyroscopic stabilizer introduced at MIBS 2025*, (YouTube, Mar. 4, 2025) https://youtu.be/NM33FWzQc5c?si=TNWRrmiHv6F3-IGT.

Offering to sell a patented product infringes that patent. 35 U.S.C. § 271(a).

Dometic Corp. contests that plaintiff failed to plausibly allege that Dometic Corp. is liable for the alleged infringement because Dometic Marine Canada is "responsible for the manufacture and distribution of the" accused product and Sierra International LLC is responsible for the press release. Doc. 91 at 8–9. Dometic Corp. admits that both separate entities are members of the "Dometic corporate family." *Id.* Dometic Corp. and these two related entities belong to a parent company based in Sweden. *Id.* at 6.

However, the presentations and press release bear a Dometic trademark. Dometic Corp. previously represented that it "advertises, distributes, and sells its products to consumers" using that mark, the marks "have become associated exclusively with" defendant in the United States, and "develops, manufactures, and sells marine products" bearing those marks in the United States. Complaint, *Dometic Corp. v. CitiMarine LLC*, No. 1:20-cv-23317 (S.D. Fla. Aug. 10, 2020), Doc. 1 at 3–5; *see also Pension Benefit*, 988 F.2d at 1196 (courts may consider matters of public record at the Rule 12(b)(6) stage).

Those public-marketing efforts and Dometic Corp.'s alleged persuasion of plaintiff's former customer state a plausible claim that Dometic Corp. is responsible for the alleged infringement. "[I]f, as discovery proceeds, it becomes evident that defendant cannot be liable," then Dometic Corp. is free to renew its arguments on a motion for summary judgment. *Ethypharm S.A. Fr. v. Bentley Pharms., Inc.*, 388 F. Supp. 2d 426, 432 (D. Del. 2005).

### III. Conclusion

Dometic Corp.'s motion to dismiss (Doc. 90) is denied. Dometic Corp. must answer or otherwise respond to plaintiff's complaint within 14 days of this order under Federal Rule of Civil Procedure 12(a)(4)(A).

- 4 -

*So ordered by the court on November 24, 2025.*

───────────────────────────────
J. CAMPBELL BARKER
United States District Judge