IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAKEEPER, INCORPORATED,<br><br>             Plaintiff,<br><br>  v.<br><br>DOMETIC CORPORATION,<br><br>             Defendant. | C.A. No. 25-0484-JCB<br><br>**JURY TRIAL DEMANDED** |

**[PROPOSED] SCHEDULING ORDER [PATENT, NON-ANDA]**

This _____ day of _____, 20____, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

    1.    <u>Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.</u> The parties served their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) on or before **DECEMBER 8, 2025**. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

    2.    <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **[See table of**

1

**competing dates]**[1]. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 7(g) and 8.

3. <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court **within two weeks from the date the Court enters this Order**. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(g) below. The fact that the Court has not entered a Protective Order shall not be grounds to delay discovery responses, the production of documents, or compliance with other disclosure requirements. Pending entry of a Protective Order, such disclosures shall be governed by D. Del. L.R. 26.2.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. <u>Papers Filed Under Seal.</u> In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version

---

[1] A table that reflects Plaintiff and Defendant's competing dates for the case schedule is attached at the end of this proposed order.

of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

      5.      <u>Courtesy Copies.</u> The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

      6.      <u>Disclosures.</u> Absent agreement among the parties, and approval of the Court:

      (a)      On **DECEMBER 5, 2025**, Plaintiff identified the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

      (b)      By **JANUARY 16, 2026**, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s). Defendant shall also produce sales figures for the accused product(s).

      (c)      By **[See table of competing dates]**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

      (d)      By **[See table of competing dates]**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

      (e)      By **[See table of competing dates]**, Plaintiff shall provide final infringement contentions.

      (f)    By **[See table of competing dates]**, Defendant shall provide final invalidity contentions.

      (g)    **[Defendant's Proposal:** All final infringement, invalidity, noninfringement, and validity contentions must include a party's contentions under its proposed claim construction(s), as well as under the opposing claim construction(s) (if such an alternative contention exists).**]**

7.    <u>Discovery.</u> Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

      (a)    <u>Fact Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before **[See table of competing dates]**.

      (b)    <u>Document Production.</u> Document production shall be substantially complete by **[See table of competing dates]**.

      (c)    <u>Requests for Admission.</u> A maximum of 25 requests for admission are permitted for each side.

      (d)    <u>Interrogatories.</u>

        i.    A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

        ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

  (e) <u>Depositions.</u>

    i. <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination.

    ii. <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

  (f) <u>Disclosure of Expert Testimony.</u>

    i. <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **[See table of competing dates]** . The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **[See table of competing dates]** . Reply expert reports from the party with the initial burden of proof are due on or before **[See table of competing dates]** . No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

    ii. <u>Expert Report Supplementation.</u> The parties agree they **will** permit expert declarations that do not exceed the proper scope of the expert's opinions disclosed in accordance with Rule 26(b)(2) and this Scheduling Order to be filed in connection with motions briefing (including case-dispositive motions).

5

     iii.  <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

     iv.  <u>Expert Discovery Cut-Off</u>. All expert discovery in this case shall be initiated so that it will be completed on or before **[See table of competing dates].**

  (g)  <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

     i.  Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

     ii.  Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1 that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

     iii.  On a date to be set by separate order, generally not less than four (4) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than three (3) days prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

     iv.  The parties shall provide to the Court two (2) courtesy copies of its discovery letter and any other document filed in support of any letter (*i.e.*, appendices, exhibits,

declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

    v.  Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

  8. <u>Motions to Amend / Motions to Strike.</u>

    (a) Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 7(g) above.

    (b) Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

  9. <u>Technology Tutorials.</u> Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

  10. <u>Claim Construction Issue Identification.</u> On **MAY 6, 2026**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to <u>exchanging</u> that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted **[See table of competing dates]**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. Intrinsic evidence (including copies of the patent(s) at issue) shall NOT be attached to the joint claim construction chart

7

and, instead, the parties shall include a joint appendix with the joint claim construction brief, and the joint appendix shall include a copy of the patent(s) at issue and portions of all relevant intrinsic evidence that would have otherwise been included with the joint claim construction chart, as well as any additional evidence cited in the parties' briefing.

   11. <u>Claim Construction Briefing.</u> The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **[See table of competing dates]**. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on **[See table of competing dates]**.The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **[See table of competing dates]**. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **[See table of competing dates]**. No later than **[See table of competing dates]**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below. If the joint brief as submitted is more than 80 pages, the parties must certify that the page limits (or equivalent word counts) in the Scheduling Order have been complied with and provide a brief explanation (e.g., formatting issues, listing of agreed-upon terms) as to why the brief is longer than 80 pages.

**JOINT CLAIM CONSTRUCTION BRIEF**

**I.** AGREED-UPON CONSTRUCTIONS

**II.** DISPUTED CONSTRUCTIONS

  [TERM 1]

   1. Plaintiff's Opening Position

   2. Defendant's Answering Position

   3. Plaintiff's Reply Position

   4. Defendant's Sur-Reply Position

[TERM 2]

    1.     Plaintiff's Opening Position

    2.     Defendant's Answering Position

    3.     Plaintiff's Reply Position

    4.     Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

12.    <u>Hearing on Claim Construction.</u> Beginning at _____ on **[See table of competing dates]**, the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

13.    <u>Supplementation.</u> Absent agreement among the parties, and approval of the Court, no later than **[See table of competing dates]**, the parties must finally supplement, *inter alia,* the identification of all accused products and of all invalidity references.

14.    <u>Case Dispositive Motions.</u>

    (a)  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **[See table of competing dates]**. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

    (b)  <u>Concise Statement of Facts Requirement.</u> Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

    The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis.

Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

(c) <u>Page limits combined with Daubert motion page limits.</u> Each party is permitted to file as many case dispositive motions as desired provided, however, that each **SIDE** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each **SIDE**[2].

15. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16. <u>Motions *in Limine*.</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1)

---

[2] The parties must work together to ensure that the Court receives no more than a total of 250 pages (i.e., 50 ± 50 ± 25 regarding one side's motions, and 50 ± 50 ± 25 regarding the other side's motions) of briefing on all case dispositive motions and Daubert motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. <u>Pretrial Conference.</u> On **[See table of competing dates]**, the Court will hold a pretrial conference in Court with counsel beginning at _____. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

18. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven (7) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to [Chambers](Chambers).

19. <u>Trial.</u> This matter is scheduled for a **FIVE (5)** day jury trial beginning at 9:30 a.m. on **[See table of competing dates]**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

20. <u>Judgment on Verdict and Post-Trial Status Report.</u> Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

21. <u>Post-Trial Motions.</u> Unless otherwise ordered by the Court, all ***SIDES*** are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

DATED: December ___, 2025

_____
The Honorable J. Campbell Barker
United States District Court

13

| SEAKEEPER'S PROPOSED DATE | DOMETIC'S PROPOSED DATE | EVENT |
|---|---|---|
| May 25, 2027 | November 15, 2027 | **JURY SELECTION AND TRIAL at 9:30 a.m. EST / 8:30 a.m. CST before Judge J. Campbell Barker, 844 N. King Street, Wilmington, Delaware.** |
| May 18, 2027 | November 8, 2027 | **A pretrial conference will be conducted, in person, before Judge J. Campbell Barker, 844 N. King Street, Wilmington, Delaware.** |
| May 11, 2027 | November 1, 2027 | Parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c). Deadline for parties to file proposed voir dire, preliminary jury instructions, final jury instructions, and special verdict forms. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. |
| **April 27, 2027** | **[Omit]** | Deadline for all other parties to provide the plaintiff with their responses to the plaintiffs' draft order. Such responses shall include the party's response to plaintiffs' proposed language for the sections of the pretrial order to be jointly submitted by all parties, as well as the sections relating to the party's case. If the parties have not yet exchanged trial exhibits, the party shall provide plaintiff and each other party with a copy of, or reasonable access to, the party's proposed trial exhibits. Local Rule 16.3(d)(2). |

1

| SEAKEEPER'S PROPOSED DATE | DOMETIC'S PROPOSED DATE | EVENT |
|---|---|---|
| April 13, 2027 | [Omit] | Deadline for plaintiff to provide a draft pretrial order to all other parties. The draft shall include proposed language for the sections of the pretrial order jointly submitted by all parties, as well as the sections relating to plaintiffs' case. If the parties have not yet exchanged trial exhibits, plaintiffs shall provide all other parties with a copy of, or reasonable access to, the plaintiffs' proposed trial exhibits. Local Rule 16.3(d)(1). |
| March 17, 2027 | July 21, 2027 | Deadline by which all reply briefs shall be served and filed. Reply briefs shall be limited to 20 pages absent an order of the court upon a showing of good cause. |
| March 10, 2027 | July 14, 2027 | Deadline by which all responsive briefs shall be served and filed. Responsive briefs shall be limited to 40 pages absent an order of the court upon a showing of good cause. |
| February 24, 2027 | June 28, 2027 | **Deadline by which all case dispositive motions shall be served and filed.** Dispositive motions shall be limited to 40 pages absent an order of the court upon a showing of good cause. Deadline for any objection to expert testimony made pursuant to the principles announced in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, unless otherwise ordered by the court. |
| February 10, 2027 | June 16, 2027 | All expert discovery shall be completed by this date. The parties may agree to extend this discovery deadline, provided that (1) the extension does not affect the trial setting, dispositive-motions deadline, challenges to experts deadline, or pretrial submission dates; and (2) the parties jointly file with the court written notice of the extension. |

2

| SEAKEEPER'S PROPOSED DATE | DOMETIC'S PROPOSED DATE | EVENT |
|---|---|---|
| **January 11, 2027** | **May 19, 2027** | Parties may provide further expert disclosure of expert testimony or evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party. |
| **December 28, 2026** | **May 5, 2027** | Party without the burden of proof on an issue shall serve a written designation of the name and address of each expert witness, if any, who will testify at trial for that party and shall otherwise comply with Federal Rule of Civil Procedure 26(a)(2). |
| **November 27, 2026** | **April 5, 2027** | Party with the burden of proof on an issue shall serve a written designation of the name and address of each expert witness, if any, who will testify at trial for that party and shall otherwise comply with Federal Rule of Civil Procedure 26(a)(2). |
| **September 28, 2026** | **March 2027** | *Markman* hearing and hearing on motion for summary judgment of indefiniteness. |
| **September 14, 2026** | **February 10, 2027** | Parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below. If the joint brief as submitted is more than 80 pages, the parties must certify that the page limits (or equivalent word counts) in the Scheduling Order have been complied with and provide a brief explanation (e.g., formatting issues, listing of agreed-upon terms) as to why the brief is longer than 80 pages. |

3

| SEAKEEPER'S PROPOSED DATE | DOMETIC'S PROPOSED DATE | EVENT |
|---|---|---|
| **September 7, 2026** | **February 3, 2027** | Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages |
| **August 31, 2026** | **January 27, 2027** | Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages |
| **August 24, 2026** | **January 13, 2026** | Defendant shall serve, but not file, its answering brief, not to exceed 30 pages |
| **August 10, 2026** | **December 16, 2026** | Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages |

4

| SEAKEEPER'S PROPOSED DATE | DOMETIC'S PROPOSED DATE | EVENT |
|---|---|---|
| **July 20, 2026** | **December 2, 2026** | Parties to file Joint Claim Construction Chart identifying for the Court the term(s)/phrase(s) of the claim(s) in issue, each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. Parties shall include a joint appendix with the joint claim construction brief, and the joint appendix shall include a copy of the patent(s) at issue and portions of all relevant intrinsic evidence that would have otherwise been included with the joint claim construction chart, as well as any additional evidence cited in the parties' briefing. |
| **May 6, 2026** | | Parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). |
| **June 29, 2026** | **November 6, 2026** | Plaintiff shall provide final validity contentions. |
| **June 29, 2026** | **October 30, 2026** | Defendant shall provide final non-infringement contentions. |
| **June 15, 2026** | **October 23, 2026** | Defendant shall provide final invalidity contentions. |

5

| SEAKEEPER'S PROPOSED DATE | DOMETIC'S PROPOSED DATE | EVENT |
|---|---|---|
| **June 15, 2026** | **October 9, 2026** | Plaintiff shall provide final infringement contentions. |
| **June 1, 2026** | **September 25, 2026** | All non-expert fact discovery shall be initiated so that it will be completed on or before this date. The parties may agree to extend this discovery deadline, provided that (1) the extension does not affect the trial setting, dispositive-motions deadline, challenges to experts deadline, or pretrial submission dates; and (2) the parties jointly file with the court written notice of the extension. |
| **60 days before the close of fact discovery** | **30 days after the substantial completion of document production** | Deadline for (1) motions for leave to join parties and (2) motions for leave to amend pleadings. This deadline does not modify the requirements of the Federal Rules of Civil Procedure regarding leave of court to amend pleadings and court action to join parties. *See, e.g.*, Fed. R. Civ. P. 15(a), 21. Parties may petition the court to modify this deadline for good cause. |
| **April 2, 2026** | **July 10, 2026** | Deadline by which document production shall be substantially complete. Parties to exchange privilege logs. |
| **March 2, 2026** (per (Del. Default Std., thirty (30) days after Para. 4(c) disclosures). | **April 1, 2026** | Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references. (Del. Default Std., Para. 4(d)). |
| **January 30, 2026** | **March 2, 2026** | Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes. (Del. Default Std., Para. 4(c)). |

6

| SEAKEEPER'S PROPOSED DATE | DOMETIC'S PROPOSED DATE | EVENT |
|---|---|---|
| **January 9, 2026** | **January 19, 2026** | Deadline for parties to make the disclosures required by Delaware Default Standard for Discovery § 3. |
| **January 16, 2026** | **January 16, 2026** | Defendant shall produce to the plaintiff the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications. Defendant shall also produce sales figures for the accused product(s). (Del. Default Std., Para. 4(b)). |
| **December 8, 2025 [COMPLETED]** | **December 8, 2025 [COMPLETED]** | Deadline for all parties to make their initial disclosures under Rule 26(a)(1). |
| **December 5, 2025 [COMPLETED]** | N/A | Plaintiff shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and its damages model, and produce the file history for each asserted patent. (Del. Default Standard For Discovery, Para. 4(a) ("Del. Default Std.")). |

7