IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAKEEPER INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 25-484-JCB |
| v. ) | |
| ) | |
| DOMETIC CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## LETTER TO THE HONORABLE J. CAMPBELL BARKER

*Of Counsel:*

Oleg Khariton
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
(513) 977-8200
oleg.khariton@dinsmore.com

Michael A. Xavier
DINSMORE & SHOHL LLP
1775 Sherman Street, Suite 2600
Denver, CO 80203
(303) 296-3996
michael.xavier@dinsmore.com

Dated: December 19, 2025

John G. Day (#2403)
Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
PO Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*

{02191910;v1 }

Dear Judge Barker,

Pursuant to the Court's January 16, 2025 Order (D.I. 133), Defendant Dometic Corporation ("Dometic") submits this letter regarding the parties' disagreements about the proposed scheduling order.

Dometic proposes a trial date in November 2027—less than 24 months from the entry of a scheduling order in this matter. In the undersigned's experience, this proposal is consistent with the length of time it generally takes patent infringement cases to reach trial in this District. This case presents no exceptional circumstances justifying a more expedited timeline. Although Plaintiff Seakeeper, Inc. ("Seakeeper") filed the complaint in April 2024 (D.I. 1), this matter is still in its very early stages as far as discovery is concerned. As Your Honor will recall, the parties spent the first several months of this case litigating Seakeeper's motions for a temporary restraining order and preliminary injunction. (D.I. 8, 29.) The parties did not conduct any discovery as part of those proceedings—a direct consequence of Seakeeper's strategic decision not to seek any discovery from Dometic in connection with its injunction motions (and, indeed, its rejection of Dometic's proposal for expedited discovery). (D.I. 99 at 7-8.) Accordingly, the schedule proposed by Dometic includes the typical timeframes for parties to complete fact and expert discovery, in addition to claim construction, dispositive motions, and trial preparation.

Further, both patents asserted by Seakeeper are nearing their expiration. In fact, both will have expired before trial under *either* party's proposed schedule. One of the patents is set to expire on April 5, 2026 (only a few months from now), and the other on February 11, 2027—still several months before Seakeeper's proposed May 2027 trial date. (D.I. 1, ¶¶ 43, 45.) Additionally, Seakeeper's infringement allegations are directed to an obsolete version of the Dometic DG3 product that is no longer being made, sold, or offered for sale (and hasn't been since at least June of this year). (D.I. 65.) Accordingly, past damages are the only potential remedy that Seakeeper can seek regardless of the date of trial. In sum, there simply isn't a compelling reason to permit Seakeeper to procure an expedited schedule in this case.

The five-and-a-half-month difference between Dometic's and Seakeeper's proposed trial dates (November 15, 2027 and May 25, 2027, respectively) comes down to disagreement about the following key dates in the scheduling order:

- **§ 7(b): Substantial completion of document production.** Dometic's proposed date (July 10, 2026) is far more reasonable than Seakeeper's (April 2, 2026). Under either side's proposal, the parties will not be exchanging their initial disclosures under Section 3 of the D. Del. Default Standard for Discovery (including lists of custodians and non-custodial data sources) until mid-January at the earliest.[1] After these initial disclosures, the parties

---

[1] As discussed below, Dometic's and Seakeeper's proposed dates for these disclosures are January 19 and January 9, respectively. (D.I. 131 at 20.)

will need to meet and confer to agree on the search terms to be used in locating potentially responsive electronically stored information ("ESI").  *See* Default Standard, § 5(b).  Seakeeper's proposed April 2 deadline would give the parties less than three months to substantially complete their document productions following this initial identification of custodians and search terms.  Such a compressed timeline is inappropriate for this case, which, like most patent infringement cases, is likely to involve the collection, review, and production of a substantial volume of documents.

- **§ 7(a): Completion of fact discovery.**  Dometic proposes a slightly longer timeline (two-and-a-half months compared to Seakeeper's two months) for the parties to complete fact discovery following the substantial completion of document production.  This timeline is more reasonable given, among other things, the substantial number of depositions that the parties are likely to have to complete before the close of fact discovery.  Between them, the parties have already disclosed at least 15 potential witnesses through their respective Rule 26(a) initial disclosures.

- **§ 17: Time between dispositive motions and trial.**  Section 15(a) of Judge Noreika's model scheduling order for non-ANDA patent cases (which Your Honor instructed the parties to base the proposed scheduling order on) states that the date for the final pre-trial conference should follow "approximately four months" after the conclusion of the briefing on dispositive motions.  Dometic's proposal is consistent with Judge's Noreika's model order.  By contrast, Seakeeper proposes that this case be set for trial a mere two months after all dispositive motions are briefed.  However, this proposal is unlikely to give the Court sufficient time to rule on the parties' summary judgment motions, much less give the parties sufficient time to account for the impact of the Court's ruling in their pretrial preparations.

In addition to the foregoing dates, the parties also disagree about certain other deadlines in the scheduling order (which, though significant, should not affect the trial date):

- **Disclosures required by D. Del. Default Standard for Discovery, § 3.**  The Default Standard requires these initial disclosures to be completed "[w]ithin 30 days after the Rule 16 Conference."  As discussed *supra* at fn. 1, Dometic proposes that the parties complete them by January 19, 2026.  This proposal is consistent with the Default Standard, as Your Honor had originally set the Rule 16 conference in this matter for December 19, 2025.  By contrast, Seakeeper's proposal would require the parties to exchange their Section 3 initial disclosures by January 9, 2026.  However, no good cause exists for expediting the timeline contemplated by the Default Standard, particularly given the upcoming holidays.

- **§ 6(d): Dometic's initial invalidity contentions.**  Section 4(d) of the Default Standard contemplates that, in the usual case, the defendant will serve its initial invalidity

- contentions approximately four months after the Rule 16 conference. Seakeeper's proposed March 2, 2026 deadline would shrink Dometic's time to prepare and serve its invalidity contentions to two-and-a-half months from the original date of the Rule 16 conference (December 19, 2025), and is based on fundamentally unfair logic. That is, a plaintiff should not be permitted to accelerate the timeframes for a defendant to provide various disclosures under the Default Standard by simply committing to a faster schedule for its own disclosures.

- **§ 6(g): Final contentions.** Dometic's proposed scheduling order provides that "[a]ll final infringement, invalidity, noninfringement, and validity contentions must include a party's contentions under its proposed claim construction(s), as well as under the opposing claim construction(s) (if such an alternative contention exists)." Although this requirement is not formalized in Judge Noreika's model scheduling order, it is consistent with her actual practice. Indeed, it flows naturally from the fact that, under Judge Noreika's model order, claim construction occurs *after* fact discovery. Thus, requiring each party to provide final contentions under both its own and the opposing party's preferred claim constructions eliminates the need for either party to make wholesale revisions to its contentions following the Court's *Markman* ruling, and effectively limits the parties to presenting terms for construction that are materially relevant in the case.

- **§ 17: Pre-trial exchanges.** Seakeeper proposes that the scheduling order include dates certain for the parties to exchange drafts of the joint proposed final pretrial order. Dometic respectfully suggests that the scheduling order omit these deadlines, and that, instead, the parties meet and confer after the conclusion of the summary judgement briefing to discuss a more nuanced disclosure schedule that would be specifically tailored to the needs of this particular case.

***

For all of the foregoing reasons, Dometic respectfully requests that Your Honor adopt its proposed scheduling order.

Respectfully,

*/s/ Andrew C. Mayo*

Andrew C. Mayo (#5207)

cc:   All counsel of record (via electronic mail)