

Steven J. Fineman
Director
302-651-7592
fineman@rlf.com

December 19, 2025

**BY CM/ECF FILING**

The Honorable Judge J. Campbell Barker
William M Steger Federal Building and United States Courthouse
211 W. Ferguson
Tyler, TX 75702

          Re: *Seakeeper, Inc. v. Dometic Corp*, C.A. No. 25-484-JCB

Dear Judge Barker,

      Pursuant to the Court's Order dated December 16, 2025 (D.I. 133), we write concerning the parties' disputed schedules. A copy of Seakeeper's proposed schedule is attached as Exhibit A. A copy of the proposed schedule is also being sent by e-mail to Chambers contemporaneously with the filing of this letter.

**I.**    **Seakeeper's Proposed Trial Date Is Appropriate**

      The gravamen of the parties' dispute is the trial date. Plaintiff Seakeeper Incorporated ("Seakeeper") respectfully submits that trial should occur on or about June 7, 2027, while Defendant Dometic Corporation ("Dometic") seeks to delay trial date for an additional half year (November 15, 2027).

      This case was filed on April 21, 2025. Seakeeper alleges that Dometic has willfully infringed on its patents relating to cooling technology essential to the marine gyrostabilizers with respect to which the parties directly compete. Seakeeper has alleged that Dometic's deliberate infringement, while Seakeeper retains its exclusive rights, stands to irreparably harm its business through price erosion, unrecoverable loss of market share and loss of ancillary product sales. Seakeeper's proposed trial date of June 7, 2027 is a reasonable 25 months from the filing of the complaint.[1] Seakeeper's trial date also ensures this case is resolved as promptly as possible in view of the anticipated expiration of the asserted patents.[2]

      The difference in overall length between the parties' proposed schedules is primarily based on the parties' disagreements over the time necessary to (1) complete discovery and substantially complete document production, (2) conduct claim construction, and (3) prepare for trial following

---

    [1] DocketNavigator reports that the median time to trial for cases before judges belonging to the Eastern District of Texas is 23.4 months. *See* https://search.docketnavigator.com/patent/court/222/14 (accessed Dec. 19, 2025).

    [2] The last to expire of the asserted patents, U.S. Patent No. 7,546,782 (the "'782 Patent"), expires on February 11, 2027.

The Honorable J. Campbell Barker
December 19, 2025
Page 2

dispositive motions.³ Specifically, Dometic seeks nearly four (4) additional months to conduct fact discovery (**June 1, 2025 v. September 25, 2025**) and substantially complete document production (**April 2, 2025 v. July 10, 2025**).

With respect to claim construction briefing, the parties have agreed to exchange claim terms and proposed constructions on **May 6, 2026**. Dometic's schedule, however, delays for a further seven (7) months the parties' joint claim construction statement (**December 2, 2026**), resulting in even further delays in completing claim construction briefing and holding a *Markman* hearing. The patents' mechanical claims are not overly complicated. In fact, in connection with the recent TRO hearing, Dometic identified only a single disputed claim term whose construction was allegedly dispositive. Seakeeper believes the parties' joint submission can be completed by **July 20, 2026**, with claim construction briefing to commence immediately thereafter.

Lastly, Dometic seeks to postpone trial for more than 120 days after the deadline it proposes for the parties' filing of dispositive motions (*i.e.* June 28, 2027 to November 15, 2027 = 140 days) Seakeeper instead proposes that trial commence no later than June 7, 2027, 103 days after its proposed deadline for dispositive motions (February 24, 2027).⁴ Additionally, Seakeeper's schedule also provides a mechanism for the parties to exchange drafts of the joint pretrial order, whereas Dometic omits any deadlines for the exchange of pretrial order drafts. In short, Seakeeper's schedule is more efficient and will lead to quicker resolution of this case.

## II. Dometic's Delay Should Not Result in an Extended Trial Schedule

Dometic's proposed schedule continues its efforts to delay progress in this matter while the remaining life of the asserted patents erodes. Shortly after filing its Complaint on April 21, 2024, Seakeeper moved for a preliminary injunction to prevent Dometic from commencing shipments of its infringing gyrostabilizer. D.I. 8 (filed May 5, 2025). When Dometic demanded a briefing schedule that would delay a hearing on injunctive relief until months after Dometic launched its DG3, Seakeeper moved immediately for a temporary restraining order. D.I. 29 (filed May 15, 2025). Following a hearing before this Court on its request for a temporary restraining order, Seakeeper filed a Notice of Readiness for a Rule 16 Scheduling Conference. (D.I. 87). Seakeeper repeatedly requested dates from Dometic for a Rule 26(f) conference, so that discovery in this matter could commence. Dometic refused Seakeeper's requests for such a conference. Seakeeper made further repeated requests for documentation supporting Dometic's claims that it had redesigned its product. To date, Dometic has failed to provide any such information. Ultimately, Seakeeper was forced to move for an order permitting it to commence discovery. D.I. 101. The court eventually granted that motion on November 12, 2025. D.I. 115. Despite that order, Dometic continues to resist discovery related to its purportedly redesigned product, declaring in

---

³ Also, Seakeeper submits that Dometic's proposed paragraph 6(g) is not necessary, but to the extent the Court prefers to adopt paragraph 6(g) into the schedule, that deadline can be incorporated into Seakeeper's schedule without amending its proposed trial date.

⁴ In its initial proposal, Seakeeper proposed that trial commence on May 25, 2027. However, May 25, 2027 is a Tuesday, and the following Monday, May 31, 2027 is Memorial Day. Seakeeper's revised proposal contemplates that trial will commence after Memorial Day.

The Honorable J. Campbell Barker
December 19, 2025
Page 3

its recent objections to Seakeeper's Requests for Documents that it would not respond to discovery directed to such products.

      To the extent that Dometic asserts the schedule in this matter should be substantially lengthened to afford it greater time to complete discovery and to substantially complete its own document production, Dometic's demands ignore the repeated efforts Seakeeper made over the last eight (8) months to commence that very discovery. Dometic's efforts to delay progress in this case should not be rewarded by further delaying its resolution.

      For these reasons, Seakeeper respectfully requests that the Court enter its proposed schedule.

Respectfully,

*/s/ Steven J. Fineman*

Steven J. Fineman (#4025)

cc: Counsel of Record (by CM/ECF and e-mail)