IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAKEEPER INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-484-JCB |
| | ) |
| DOMETIC CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ANSWER AND COUNTERCLAIMS

Defendant Dometic Corporation ("Dometic"), by and through its undersigned counsel, states as follows for its Answer and Affirmative Defenses to the Complaint (D.I. 1) filed by Plaintiff Seakeeper, Incorporated ("Seakeeper"). Except as expressly admitted herein, Dometic denies the allegations in the Complaint.

### NATURE OF THE ACTION

1. Dometic admits that Seakeeper purports to bring an action against Dometic for infringement of U.S. Patent Nos. 7,546,782 ("the '782 Patent") and 8,117,930 ("the '930 Patent"). Dometic denies the allegations of infringement.

2. Denied.

### THE PARTIES

3. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 3 and therefore denies them.

4. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 4 and therefore denies them.

5. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 5 and therefore denies them.

6. Dometic admits that it is a corporation organized and existing under the laws of the state of Delaware. Dometic denies the remaining allegations in Complaint Paragraph 6.

## JURISDICTION AND VENUE

7. Insofar as Seakeeper incorporates each of the preceding paragraphs of the Complaint, Dometic repeats and realleges its responses thereto, as if fully set forth herein.

8. Complaint Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Dometic does not contest subject matter jurisdiction.

9. Complaint Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Dometic does not contest that the Court has personal jurisdiction over Dometic.

10. Dometic admits that it is a corporation organized and existing under the laws of the State of Delaware. Complaint Paragraph 10 otherwise contains legal conclusions to which no response is required. To the extent a response is required, Dometic does not contest that venue is proper with respect to Dometic.

## BACKGROUND

11. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 11 and therefore denies them.

12. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 12 and therefore denies them.

13. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 13 and therefore denies them.

14. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 14 and therefore denies them.

15. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 15 and therefore denies them.

16. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 16 and therefore denies them.

17. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 17 and therefore denies them.

18. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 18 and therefore denies them.

19. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 19 and therefore denies them.

20. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 20 and therefore denies them.

21. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 21 and therefore denies them.

22. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 22 and therefore denies them.

23. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 23 and therefore denies them.

24. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 24 and therefore denies them.

25. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 25 and therefore denies them.

26. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 26 and therefore denies them.

27. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 27 and therefore denies them.

28. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 28 and therefore denies them.

29. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 29 and therefore denies them.

30. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 30 and therefore denies them.

31. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 31 and therefore denies them.

32. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 32 and therefore denies them.

33. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 33 and therefore denies them.

34. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 34 and therefore denies them.

35. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 35 and therefore denies them.

36. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 36 and therefore denies them.

37. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 37 and therefore denies them.

38. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 38 and therefore denies them.

39. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 39 and therefore denies them.

40. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 40 and therefore denies them.

41. Dometic lacks information sufficient to form a belief as to the truth of the allegations in Complaint Paragraph 41 and therefore denies them.

42. Dometic admits that Complaint Exhibit A appears to be a copy of the '782 Patent, titled "Cooling bearings, motors and other rotating heat generating components" and listing Seakeeper as the patent applicant, Shepard McKenney and John Adams as the inventors, and January 12, 2006 as the application filing date. Dometic denies any remaining allegations in Complaint Paragraph 42.

43. Dometic denies that the '782 Patent is valid and duly issued. The remainder of Complaint Paragraph 43 contains legal conclusions to which no response is required. To the extent a response is required, Dometic admits that the preambles of independent claims 1 and 11 of the '782 Patent each recite a "[c]ooling apparatus for transferring heat from and cooling one or more heat generating components that support or drive a flywheel or other spinning member[.]" Dometic denies any remaining allegations in Complaint Paragraph 43.

44. Dometic admits that Complaint Exhibit B appears to be a copy of the '930 Patent, titled "Cooling bearings, motors and other rotating heat generating components." Dometic admits that the face of the '930 Patent lists Seakeeper as the patent applicant, Shepard McKenney and John Adams as the inventors, and June 15, 2009 as the application filing date. Dometic denies any remaining allegations in Complaint Paragraph 44.

45. Dometic denies that the '930 Patent is valid and duly issued. The remainder of Complaint Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, Dometic denies the allegations.

46. The content of Exhibit C[1] speaks for itself and does not require an admission or denial. Dometic admits that the Dometic DG3 product was advertised at the 2025 Miami International Boat Show but otherwise denies the allegations of Complaint Paragraph 46.

47. The content of the video linked in Complaint Paragraph 47 speaks for itself and does not require an admission or denial. Dometic admits that the Dometic DG3 product is a marine gyrostabilizer designed to enhance boat stability by minimizing roll motion at sea but otherwise denies the allegations of Complaint Paragraph 47.

48. Complaint Paragraph 48 contains legal conclusions to which no response is required. To the extent a response is required, Dometic denies the allegations.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Dometic denies the allegation that it has entered the market for marine gyroscopic stabilizers or that such entry has caused Seakeeper irreparable harm. Dometic lacks

---

[1] Complaint Paragraph 46 refers to "Exhibit B." However, Exhibit B attached to the Complaint is the document that appears to be a copy of the '930 Patent. The references in Complaint Paragraph 46 appear to be related to Exhibit C.

information sufficient to form a belief as to the truth of the remaining allegations in Complaint Paragraph 60 and therefore denies them.

61. Dometic denies the allegation that it has entered the market for marine gyroscopic stabilizers or that such entry has caused Seakeeper irreparable harm. Dometic lacks information sufficient to form a belief as to the truth of the remaining allegations in Complaint Paragraph 61 and therefore denies them.

62. Dometic denies the allegation that "[i]f Dometic is allowed to continue its infringement, it will undermine Seakeeper's ability to maintain its competitive position as the industry leader in this specialized field." Dometic lacks information sufficient to form a belief as to the truth of the remaining allegations in Complaint Paragraph 62 and therefore denies them.

63. Dometic lacks information sufficient to form a belief as to the truth of the allegation that "Seakeeper has built its brand on innovation, performance, and reliability in marine stabilization technology" and therefore denies it. Dometic denies the remaining allegations in Complaint Paragraph 63.

64. Dometic admits that the Dometic DG3 product was awarded an Innovation Award at the 2025 Miami International Board Show, for which Seakeeper was also nominated. Dometic lacks information sufficient to form a belief as to the truth of the allegation that "[s]uch an award significantly influences market perception, dealer confidence, and OEM purchasing decisions, all of which are deeply tied to brand prestige and technological leadership." Dometic denies the remaining allegations in Complaint Paragraph 64.

65. Insofar as Seakeeper incorporates each of the preceding paragraphs of the Complaint, Dometic repeats and realleges its responses thereto, as if fully set forth herein.

66. The first sentence of Complaint Paragraph 66 is a legal conclusion to which no response is required. To the extent a response is required, Dometic admits that the Abstract of

the '782 Patent references a "[c]ooling apparatus for transferring heat from and cooling one or more heat generating components that support or drive a flywheel or other spinning member." Dometic lacks information sufficient to form a belief as to the truth of the remaining allegations of Complaint Paragraph 66.

67. Admitted.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Insofar as Seakeeper incorporates each of the preceding paragraphs of the Complaint, Dometic repeats and realleges its responses thereto, as if fully set forth herein.

86. The first sentence of Complaint Paragraph 86 is a legal conclusion to which no response is required. To the extent a response is required, Dometic admits that the Abstract of the '930 Patent references a "[c]ooling apparatus for transferring heat from and cooling one or more heat generating components that support or drive a flywheel or other spinning member." Dometic lacks information sufficient to form a belief as to the truth of the remaining allegations of Complaint Paragraph 86.

87. Admitted.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106.    Denied.

## DOMETIC'S AFFIRMATIVE DEFENES

Dometic alleges and asserts the following defenses in response to Seakeeper's allegations and reserves all rights to allege additional defenses that may now exist or become known through the course of discovery or further investigation in this case. For the asserted defenses, Dometic does not assume the burden of proof where such burden is not legally upon Dometic.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Dometic has not infringed, contributorily infringed, induced infringement, nor does it infringe, contributorily infringe, or induce infringement of any valid or enforceable claim of the '782 Patent or the '930 Patent, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

Each claim of the '782 Patent and '930 Patent is invalid and void on the ground that the purported inventions attempted to be patented therein fail to meet the conditions of patentability specified in 35 U.S.C. § 101 *et seq.*, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 282 .

## FOURTH AFFIRMATIVE DEFENSE

Seakeeper's claims for patent infringement are barred, in whole or in part, by the doctrines of prosecution history estoppel or prosecution history disclaimer. For example, Seakeeper is estopped by virtue of cancellations, amendments, representations, and/or concessions made to the U.S. Patent and Trademark Office during the prosecution of the '782 Patent and '930 Patent from construing any claims of those patents as being, or having been, infringed by Dometic.

**FIFTH AFFIRMATIVE DEFENSE**

Seakeeper's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, equitable estoppel, implied license, and/or consent.

**SIXTH AFFIRMATIVE DEFENSE**

Seakeeper's claims for patent damages and costs are barred or limited, in whole or in part, by 35 U.S.C §§ 286, 287, and/or 288.

**SEVENTH AFFIRMATIVE DEFENSE**

Seakeeper is not entitled to any injunctive relief because any alleged injury to Seakeeper is not immediate or irreparable and Seakeeper has adequate remedies at law.  Further, the balance of any hardships favors Dometic and any injunction against Dometic would harm the public interest.

**EIGHT AFFIRMATIVE DEFENSE**

To the extent Dometic is found to infringe any claim of the '782 Patent or the '930 Patent (which Dometic denies), any such infringement is not, and has not been, willful.

**NINTH AFFIRMATIVE DEFENSE**

Seakeeper has not alleged any basis for and cannot prove that this is an exceptional case under 35 U.S.C. § 285 justifying an award of attorneys' fees against Dometic.

**TENTH AFFIRMATIVE DEFENSE**

To the extent Seakeeper is not the owner, assignee, or exclusive licensee of the '782 Patent or the '930 Patent, Seakeeper does not have standing to bring a suit alleging infringement of those patents.

11

## DOMETIC'S COUNTERCLAIMS

Counter-Claimant Dometic counterclaims against Counter-Defendant Seakeeper as follows.

1. Dometic re-asserts and sets forth by reference paragraphs 1 through 106 of its Answer, as well as its Affirmative Defenses to the Complaint, in their entirety as if fully set forth herein.

## NATURE OF THE COUNTERCLAIMS

2. This is an action for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and the patent laws of the United States, 35 U.S.C. § 101 *et seq.* Dometic seeks an order declaring that it does not infringe any valid claim of the '782 Patent and/or '930 Patent.

## PARTIES

3. Dometic is a Delaware corporation.

4. As alleged in the Complaint, Seakeeper is a Delaware corporation.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States and the Declaratory Judgement Act.

6. This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and/or 2202.

7. Personal jurisdiction is satisfied as to Seakeeper, including by its consent to jurisdiction in this Court by filing its Complaint.

8. Venue for these counterclaims is proper in this judicial district pursuant to 28 U.S.C. § 1391. By its Complaint, Seakeeper has asserted that venue for the underlying patent infringement suit is proper in this judicial district.

**FACTUAL BACKGROUND**

9. On April 21, 2025, Seakeeper filed the Complaint in this action alleging that Dometic has infringed the '782 and '930 Patents by making, using, selling, and offering to sell in the United States, and importing into the United States, the Dometic DG3 marine gyroscopic stabilizer, and by inducing or contributing to third parties' infringement of the same patents.

10. There exists a substantial and actual controversy between Dometic and Seakeeper of sufficient reality and immediacy to warrant issuance of a declaratory judgment regarding non-infringement of the '782 Patent and/or '930 Patent by Dometic and the invalidity of the '782 Patent and/or '930 Patent.

**COUNTERCLAIM I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,546,782**

11. The preceding paragraphs are incorporated by reference as if asserted herein.

12. Dometic has not infringed any asserted claim of the '782 Patent. Dometic has not made, used, sold, or offered to sell the accused Dometic DG3 product in the United States, or imported the accused product into the United States. Further, Dometic has not induced, or contributed to, any third party's allegedly infringing acts. Further, the Dometic DG3 product did not practice each and every element of any asserted claim of the '782 Patent. For example, the independent claims of the '782 Patent, claims 1 and 11, each requires two sets of stationary fins that transfer heat to the exterior of the enclosure. The Dometic DG3 product did not practice at least this claim limitation. (*See* D.I. 41 at 16-18; D.I. 46 at 15-16.)

13. As a result of Seakeeper's actions and statements, including its filing the Complaint in this matter and its allegations that Dometic has infringed one or more valid and enforceable claims of the '782 Patent, there exists an actual, continuing, justiciable case or controversy between Dometic and Seakeeper as to whether Dometic has infringed the '782 Patent.

13

14.     Pursuant to the Declaratory Judgement Act, 28 U.S.C. § 2201, *et seq.*, Dometic is entitled to a judgment finding that the '782 Patent is not infringed by Dometic.

### COUNTERCLAIM II – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,546,782

15.     The preceding paragraphs are incorporated by reference as if asserted herein.

16.     The claims of the '782 Patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, including because the alleged invention recited in those claims lacks utility, attempts to claim patent-ineligible subject matter; is taught by, suggested by, and/or, obvious in view of, the prior art; is indefinite; and/or is not adequately supported by the written description of the patented invention; and under the judicially created doctrine of obviousness-type double patenting.  For example, independent claims 1 and 11 of the '782 Patent are invalid as obvious in view of the Adams (US2004/0244516), Sibley (US2005/00400776), Jager (DE19909491A1), and Bimshas (US3844341) prior art references. (*See* D.I. 46 at 17-19; D.I 87 at 19-28.)

17.     As a result of Seakeeper's actions and statements, including its filing the Complaint in this matter and its allegations that Dometic has infringed one or more valid and enforceable claims of the '782 Patent, there exists an actual, continuing, justiciable case or controversy between Dometic and Seakeeper as to whether the '782 Patent is invalid.

18.     Pursuant to the Declaratory Judgement Act, 28 U.S.C. § 2201, *et seq.*, Dometic is entitled to a judgment finding that the '782 Patent is invalid.

### COUNTERCLAIM III - DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,117,930

19.     The preceding paragraphs are incorporated by reference as if asserted herein.

20.     Dometic has not infringed any asserted claim of the '930 Patent.  Dometic has not made, used, sold, or offered to sell the accused Dometic DG3 product in the United States,

or imported the accused product into the United States.  Further, Dometic has not induced, or contributed to, any third party's allegedly infringing acts.  Further, the Dometic DG3 product did not practice each and every element of any asserted claim of the '930 Patent.  For example, the independent claims of the '930 Patent, claims 1 and 14, each requires that the enclosure contain a below ambient density gas with "a thermal conductivity of at least 5 times greater than air."  The Dometic DG3 product did not practice at least this claim limitation.  (*See* D.I. 41 at 15-16; D.I. 46 at 13-14.)

21. As a result of Seakeeper's actions and statements, including filing the Complaint in this matter and alleging that Dometic has infringed one or more valid and enforceable claims of the '930 Patent, there exists an actual, continuing, justiciable case or controversy between Dometic and Seakeeper as to whether Dometic has infringed the '930 Patent.

22. Pursuant to the Declaratory Judgement Act, 28 U.S.C. § 2201, *et seq.*, Dometic is entitled to a judgment finding that the '930 Patent is not infringed by Dometic.

### COUNTERCLAIM IV – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,117,930

23. The preceding paragraphs are incorporated by reference as if asserted herein.

24. The claims of the '930 Patent are invalid or unenforceable for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, including because the alleged invention recited in those claims lacks utility, attempts to claim patent-ineligible subject matter; is taught by, suggested by, and/or, obvious in view of, the prior art; is indefinite; and/or is not adequately supported by the written description of the patented invention; and under the judicially created doctrine of obviousness-type double patenting.  For example, independent claims 1 and 14 are invalid as obvious in view of the Adams (US2004/0244516), Sibley (US2005/00400776), Jager (DE19909491A1), and Bimshas (US3844341) prior art references.  (*See* D.I. 46 at 17-19.)

15

25. As a result of Seakeeper's actions and statements, including its filing the Complaint in this matter and its allegations that Dometic has infringed one or more valid and enforceable claims of the '930 Patent, there exists an actual, continuing, justiciable case or controversy between Dometic and Seakeeper as to whether the '930 Patent is invalid.

26. Pursuant to the Declaratory Judgement Act, 28 U.S.C. § 2201, *et seq.*, Dometic is entitled to a judgment finding that the '930 Patent is invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, Dometic requests that the Court enter a judgment in its favor and enter the following relief:

A. A judgment dismissing Seakeeper's Complaint with prejudice;

B. A declaration that Dometic does not infringe and has not infringed any claims of the '782 Patent and/or '930 Patent;

C. A declaration that the claims of the '782 Patent and '930 Patent are invalid for failure to meet the conditions of patentability and/or to otherwise comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112;

D. An order that Dometic is the "prevailing party" with respect to Seakeeper's claims and that this case is "exceptional" within the meaning of 35 U.S.C. § 285 and for an award granting Dometic its costs and expenses, including its reasonable attorneys' fees, including pre-judgment and post-judgment interest; and

E. Any other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMANDED**

Dometic demands a trial by jury on all issues so triable by right.

|  |  |
|---|---|
| | ASHBY & GEDDES |
| | */s/ Andrew C. Mayo* |
| | _____ |
| *Of Counsel:* | John G. Day (#2403) |
| | Andrew C. Mayo (#5207) |
| Oleg Khariton | 500 Delaware Avenue, 8th Floor |
| DINSMORE & SHOHL LLP | PO Box 1150 |
| 255 East Fifth Street, Suite 1900 | Wilmington, DE 19899 |
| Cincinnati, OH 45202 | (302) 654-1888 |
| (513) 977-8200 | jday@ashbygeddes.com |
| oleg.khariton@dinsmore.com | amayo@ashbygeddes.com |
| | |
| Michael A. Xavier | *Attorneys for Defendant* |
| DINSMORE & SHOHL LLP | |
| 1775 Sherman Street, Suite 2600 | |
| Denver, CO 80203 | |
| (303) 296-3996 | |
| michael.xavier@dinsmore.com | |
| | |
| Christopher K. VanDeusen | |
| DINSMORE & SHOHL LLP | |
| 755 West Big Beaver Rd, Suite 1900 | |
| Troy, MI 48084 | |
| (248) 203-1642 | |
| christopher.vandeusen@dinsmore.com | |

Dated: December 22, 2025