**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SEAKEEPER, INCORPORATED,

                Plaintiff,

    v.

DOMETIC CORPORATION,

                Defendant.

C.A. No. 25-0484-JCB

## STIPULATED PROTECTIVE ORDER

Plaintiff Seakeeper, Incorporated ("Seakeeper" or "Plaintiff"), and Defendant Dometic Corporation ("Dometic") (collectively, the "Parties") hereby stipulate to the entry of the following protective order (the "Order) in the above captioned action (the "Action").

## 1. PURPOSE AND LIMITATIONS

1.1.    The Parties expect disclosures and responses to discovery in this Action to involve the production of confidential information for which special protection from public disclosure, and from use for any purpose other than prosecuting and defending this Action, is warranted. Accordingly, the Parties hereby stipulate to and request that the Court enter this Order. The Parties acknowledge that this Order does not confer blanket protection on disclosures or responses to discovery and that the protection it affords from public disclosure and use for any purpose other than prosecuting and defending this Action extends only to information which is entitled to confidential treatment under applicable law. The Parties further acknowledge and agree that this Order is the product of negotiation and no Party waives or forfeits any position, argument, or objection on issues where the Parties were unable to reach an agreement or where the parties withdrew proposed language in order to reach agreement.

1.2.   Disclosure and discovery in this Action may involve the production of certain confidential, proprietary, or private documents, tangible things and information (including electronically stored information) in the possession, custody, or control of a Party or a Non-Party that constitute or contain trade secrets or other confidential research, development, manufacture, regulatory, financial, marketing, or other competitive information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or contain information involving privacy interests of individuals for which special protection from public disclosure and use for any purpose other than prosecuting and defending the Action may be warranted. Accordingly, the parties have conferred in good faith and agreed upon the terms of this Protective Order.

## 2. DEFINITIONS

2.1. The words used in this Order shall have their normally accepted meanings. The word "shall" is mandatory. The words "include," "includes," and "including" are not limiting. The singular shall include the plural and vice versa. The words "and," "or," and "and/or" are interchangeable, whichever confers the broader meaning in context. Additionally, the following terms shall have the listed definitions:

2.2. "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Order.

2.3. "Confidential Information" means non-public technical, operational, or commercial information, non-public personal information, or any other non-public information or tangible things for which a good-faith claim of need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law, regardless of how the information is generated, stored, or maintained.

2

2.3.1. "Confidential Information" may include, without limitation, documents produced in the course of discovery or otherwise, contentions, answers to interrogatories, answers to requests for admission, deposition testimony, and deposition exhibits that are so designated.

2.3.2. "Confidential Information" shall include: (a) all copies, extracts, and complete or partial summaries prepared from such Confidential Information; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such Confidential Information; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such Confidential Information; (d) written discovery responses, answers, and/or contentions that contain, summarize, or reflect the content of any such Confidential Information; and (e) deposition testimony designated in accordance with this Order.

2.4. "Counsel" means Outside Counsel of Record.

2.5. "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO.

2.6. "Disclosure" or "Discovery Material" means all information that is produced, including in deposition transcripts or exhibits, or generated in disclosures or responses to discovery requests or subpoenas in this Action, regardless of how it is generated, stored, or maintained.

2.7. "Expert" means a person with specialized knowledge or experience in a matter pertinent to this Action who (a) has been retained by a Party or its Outside Counsel of Record to serve as an Expert witness or consultant in this Action, (b) is not a past or current employee of a

3

Party or a current employee of a Party's competitor, and (c) at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor.

2.8. "Final Disposition" means the later of (a) dismissal of all claims and defenses, with or without prejudice, or (b) entry of final judgment following the completion of all trials, appeals, remands, rehearings, or other reviews, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.9 "Highly Confidential-AEO Information" means Confidential Information as defined in this Order that is highly sensitive current or future business or technical trade secrets and plans, the disclosure of which is likely to harm that party's competitive position if disclosed to employees of the opposing party as permitted for Confidential Information.

2.10. "Inspecting Party" means a Party to which documents are made available for inspection before designation and production.

2.11. "Non-Party" means a natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

2.12. "Outside Counsel of Record" means (a) an attorney who is not an employee of a Party, is retained to represent or advise a Party, and either has appeared in this Action on behalf of that Party or is a partner at or employed by a law firm which has appeared on behalf of that Party, and (b) any non-attorney employees or staff of any law firm which has appeared in this Action on behalf of a Party to whom it is reasonably necessary to disclose Protected Material.

2.13. "Party" means a party to this Action.

2.14. "Producing Party" means a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15. "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organization, storing, or retrieving data in any form or medium, and serving as professional jury or trial consultants) and their employees and subcontractors, who (a) have been retained by a Party or its Outside Counsel of Record to provide litigation support services with respect to this Action, (b) are (including any employees and subcontractors) not a past or current employee of a Party or a current employee of a Party's competitor, and (c) at the time of retention, are not anticipated to become an employee of a Party or of a Party's competitor.

2.16. "Protected Material" means Disclosure or Discovery Material designated as Confidential or Highly Confidential-AEO.

2.17. "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party. To be clear, this definition does not mean that all individuals or employees who work for, or are affiliated with, a Party may access Protected Material. Section 7.2 controls who may access Protected Material.

2.18. "Subject Matters of the Asserted Patents" means the subject matter described in the asserted patents in Plaintiff's operative complaint. For clarity, agreeing to the definition in this paragraph does not constitute any position by any Party regarding the proper scope of discovery in this Action; neither Party waives its rights to seek to compel discovery or to object to discovery in this Action.

2.19. "Technical Expert" means an Expert (as defined above) with specialized knowledge or experience regarding any technical aspect of the asserted patents at issue in this case.

2.20. "Technical Field" means and includes gyroscopic stabilizers for marine applications and/or the Subject Matters of the Asserted Patents.

**3. SCOPE**

3.1.    The protections conferred by this Order cover Protected Material and (1) any information copied or extracted from Protected Material; (2) any copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover: (a) any information that is in the public domain at the time of production to a Receiving Party; (b) information that becomes part of the public domain after its production to a Receiving Party as a result of publication that did not violate this Order; (c) information obtained by a Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party; or (d) any information known to the Receiving Party prior to the disclosure. Any use of Protected Material at trial shall be governed by a separate order.

3.2.    This Order shall govern any record of information, designated pursuant to this Order, produced in this Action including, without limitation, all designated deposition transcripts, all designated testimony taken at a hearing or other proceeding, all designated interrogatory answers, documents, and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, or other formal methods of discovery.

3.3. This Order shall also govern any designated record of information produced, exchanged, or served in this Action pursuant to required disclosures under a federal procedural rule or District of Delaware Local Rules, and any supplemental disclosures thereto.

3.4. This Order shall apply to the Parties and any Non-Party from whom discovery may be sought in the context of this Action and who desires the protection of this Order. If an additional

RLF1 34724366v.1

Party unrelated to Plaintiff or Defendant joins or is joined in this Action, the newly joined Party shall not have access to documents or other information produced under protection of this Order until the Parties agree to a supplemental protective order.

**4. DURATION, NOTICE & SECURE STORAGE**

4.1.<u>Duration</u>: The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party in writing agrees or a court order directs otherwise, including after the Final Disposition of this Action. Accordingly, the Court will retain jurisdiction to enforce the terms of this Order after the Final Disposition of this Action. The Parties agree not to challenge the enforceability of this Order on the grounds that it is not limited in duration or on the grounds that the Court does not retain jurisdiction to enforce the terms of this Order.

4.2.<u>Notice and Computation of Time</u>: The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Rule 6 of the Federal Rules of Civil Procedure. The Parties agree that all required notice and service on another Party pursuant to this Order will be made by email and/or through the Court's ECF system to all Outside Counsel of Record.

4.3.<u>Secure Storage</u>: Protected Material must be stored and maintained by a Receiving Party and its Counsel in a reasonably secure manner that ensures that access is limited to the persons authorized under this Order. The Receiving Party shall exercise at least the same degree of care and employ the same commercially reasonable security protocols in handling Protected Material from a Producing Party that it would with its own Protected Material and with confidential information of a similar nature.

**5. DESIGNATIONS**

5.1. <u>Standard for Designations</u>: A Producing Party may designate Disclosure or Discovery Material as CONFIDENTIAL if the Producing Party in good faith believes that the Disclosure or Discovery Material contains Confidential Information or as HIGHLY CONFIDENTIAL-AEO if the Producing Party in good faith believes that the Disclosure or Discovery Material contains Highly Confidential-AEO Information.

5.1.1. Documents produced prior to the entry of this Order and labeled as being produced or provided pursuant to Local Rule 26.2 shall be treated as if designated HIGHLY CONFIDENTIAL-AEO pursuant to this Order unless or until the Producing Party re-designates such information under this Order.

5.2. <u>Exercise of Restraint and Care in Designations</u>: A Designating Party that designates Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO shall take reasonable care to limit such designations to specific material which the Designating Party in good faith believes contains Confidential Information or Highly Confidential-AEO. If it comes to a Designating Party's attention that information or tangible things that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.3. <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order, Disclosure or Discovery Material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO shall be clearly designated in conformity with this Order before the material is produced, except as otherwise stipulated or ordered.

5.4. <u>Disclosure or Discovery Material in Documentary Form</u>: To designate Disclosure or Discovery Material in documentary form as CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO, the Designating Party shall affix the legend "CONFIDENTIAL" or "HIGHLY

8

CONFIDENTIAL-AEO" to each page, or in the case of a native file production, to each file, which the Producing Party in good faith believes contains Confidential Information or Highly Confidential-AEO Information.

     5.4.1. A Producing Party that makes original documents available for inspection need not designate them in conformity with this Order until after the Inspecting Party has indicated which documents it would like copied and produced. During the inspection, all of the documents made available for inspection shall be deemed to contain Confidential Information. After the Inspecting Party has identified the documents it would like copied and produced, the Producing Party shall designate the pages of the documents as CONFIDENTIAL in conformity with this Order.

     5.4.2. Deposition testimony shall be deemed to contain Highly Confidential-AEO Information for a period of thirty calendar days following receipt of a final transcript by Outside Counsel of Record for the Designating Party unless Outside Counsel of Record for the Parties designate otherwise. During the thirty-day period, the Designating Party may designate pages of the transcript in conformity with this Order. At the expiration of the thirty-day period, only those pages of the transcript which have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO will qualify for protection under this Order. In addition, any rough transcript that is generated before receipt of a final transcript by Outside Counsel of Record shall be deemed to contain Confidential Information or Highly Confidential-AEO Information until the expiration of the thirty-day period following receipt of the final transcript, and at the expiration of said thirty-day period, only those pages of the rough transcript which correspond to pages of the final

transcript timely designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO will qualify for protection under this Order.

5.4.3. Before the expiration of the thirty-day period following receipt of the final transcript, the Designating Party shall inform the court reporter and the other Parties of the specific portions of the transcript being designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO. The court reporter will prepare a revised final version of the transcript that includes (a) an obvious legend on the title page that the transcript contained Protected Material (e.g., "Portions of this Transcript have been designated CONFIDENTIAL"), (b) a header on each page designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO consistent with that designation, and (c) an index of the specific pages (including line numbers as appropriate) of all designations in the transcript.

5.5.    Disclosure or Discovery Material in Any Other Form: To designate Disclosure or Discovery Material in any other form as CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO, the Designating Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" in a prominent place on the exterior of the container or containers in which the Disclosure or Discovery Material is stored. If only a portion or portions of the Disclosure or Discovery Material warrant designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO, the Producing Party shall, to the extent practicable, identify such portion or portions.

5.6.    Failure to Designate: The inadvertent or mistaken production without designation of Disclosure or Discovery Material that the Designating Party in good faith believes contains Confidential Information or Highly Confidential-AEO Information shall not constitute a waiver of a claim of confidentiality. If such an inadvertent or mistaken production occurs, the

10

Designating Party shall promptly provide both notice and properly designated Disclosure or Discovery Material to the Receiving Party. The Receiving Party shall take reasonable efforts to assure the material is treated in accordance with the provisions of this Order. The Receiving Party shall not be in violation of this Order for any use of the improperly designated Disclosure or Discovery Material made before receipt of notice of the improper designation from the Designating Party. Improperly designated Disclosure or Discovery Material includes material that was inadvertently or mistakenly produced without any confidentiality designation.

**6. CHALLENGES TO DESIGNATIONS**

6.1.    <u>Standard for Challenges</u>: This Order shall not preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery materials as that Party may consider appropriate. Nor shall any Party be precluded from (a) claiming that any matter designated hereunder is not entitled to the protections of this Order, (b) applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Order, or (c) applying for a further order modifying this Order in any respect or at any time. A Party does not waive its right to challenge a confidentiality designation by simply failing to mount a challenge promptly after the original designation is disclosed.

6.2.<u>Meet and Confer</u>: The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms

11

of communication are not sufficient) within ten days of the date of service of written notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designed material, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3. Judicial Intervention: If the Parties cannot resolve a challenge without court intervention, the Parties shall follow the discovery-dispute procedures set forth at pages 5–6 of the Court's scheduling order dated January 9, 2026 (D.I. 141). The Challenging Party shall be considered "the party seeking relief" for purposes of the scheduling order.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1. Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and such Protected Material shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever, or in any other proceeding such as a citizens' petition, inter partes review, or other lawsuits. Nothing in this Order precludes the Designating Party from using its own Protected Material for other purposes or in other proceedings. A Receiving Party may disclose such Protected Material only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 16 below.

12

7.2. <u>Disclosure of Confidential Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing (or on the record during deposition or court proceedings) by the Designating Party, a Receiving Party and its Outside Counsel of Record may disclose any information or item designated CONFIDENTIAL only to:

7.2.1. Outside Counsel of Record for a Receiving Party in this Action;

7.2.2. Contract attorneys retained by Outside Counsel of Record for the Receiving Party for the sole purpose of assisting with document review in this Action who (a) are not current or former employees of a Party or a current employee of a Party's competitor and (b) have signed the "Acknowledgment and Agreement to be bound" (Exhibit A hereto);

7.2.3. Experts (as defined in this Order) of the Receiving Party (a) to whom disclosure is reasonably necessary for this Action, (b) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A hereto), and (c) as to whom the procedures set forth in Section 7.3 below have been followed;

7.2.4. The Court and its personnel;

7.2.5. Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A hereto);[1]

7.2.6. During their depositions, witnesses if it reasonably appears that the witness was involved in, or privy to, the subject matter described in the Protected Material;

---

[1] Solely with respect to Professional Vendors, it is sufficient for one individual with appropriate authority to bind the Professional Vendor to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

13

7.2.7. The authors, recipients, and custodians of a document as indicated in the metadata or on the face of the document;

7.2.8. Officers, directors, members, and Rule 30(b)(6) witnesses of the Designating Party;

7.2.9 No more than 2 individuals employed by the Receiving Party who are directly involved in supervision and management of this case and whose access to the information is reasonably required to permit such participation, and whose identities have been first disclosed in accordance with the provisions of 7.5;

7.2.10. During any mock trial or mock evidentiary presentation, mock jurors to whom disclosure is reasonably necessary for trial preparation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

7.2.11. Any mediator or arbitrator designated to hear this Action who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3.    Disclosure of Highly Confidential-AEO Information or Items: Unless otherwise ordered by the Court or permitted in writing (or on the record during deposition or court proceedings) by the Designating Party, a Receiving Party and its Outside Counsel of Record may disclose any information or item designated HIGHLY CONFIDENTIAL-AEO to the recipients permitted access to information designation CONFIDENTIAL except recipients identified in section 7.2.9.

7.4.    <u>Disclosure of Protected Material to Experts</u>: Unless agreed to in writing by the Designating Party:

7.4.1. A Party seeking to disclose to an Expert retained by a Party or Outside Counsel of Record any information or tangible thing that has been designated

CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO must first make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of her or his primary residence, (2) attaches a copy of the Expert's current CV or resume, (3) identifies the Expert's current employer(s), (4) identifies (by name and number of the case, filing date, and location of court) any litigation or administrative proceedings where the Expert has offered expert testimony, including by declaration, report, or testimony at deposition, hearing, or trial, in the past five years, and (5) attaches a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) signed by the Expert. If the Expert believes any of the information required by (3) or (4) is subject to a confidentiality obligation to a Non-Party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose the information to the Expert shall make itself available to meet and confer with the Designating Party regarding any such confidentiality obligations.

7.4.2. A Party that makes a request and provides the information specified in Section 7.4.1 may disclose Protected Material to the identified Expert unless, within fourteen days of delivering the request, the Party receives a written objection from the Designating Party providing detailed grounds for the objection.

7.4.3. All challenges to objections from the Designating Party shall proceed under Section 6 of this Order. The Party seeking to make the disclosure to the Expert shall be considered "the party seeking relief" for purposes of the scheduling order. The Designating Party shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.5 Disclosure of Protected Material to Employees of the Receiving Party Designated

Under 7.2.9: Unless agreed to in writing by the Designating Party:

7.5.1. A Party seeking to disclose to an employee of the Receiving Party designated under Section 7.2.9 of this Order ("Designated Employee") any information or tangible thing that has been designated CONFIDENTIAL must first make a written request to the Designating Party that (1) sets forth the full name of the Designated Employee and the city and state of her or his primary residence, (2) identifies the Designated Employee's current position(s), and (3) attaches a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) signed by the Designated Employee.

7.5.2. A Party that makes a request and provides the information specified in Section 7.5.1 may disclose Confidential Information to the Designated Employee unless, within fourteen days of delivering the request, the Party receives a written objection from the Designating Party providing detailed grounds for the objection.

7.5.3. All challenges to objections from the Designating Party shall proceed under Section 6 of this Order. The Party seeking to make the disclosure to the Designated Employee shall be considered "the party seeking relief" for purposes of the scheduling order.  The Designating Party shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated Employee.

7.6.    Patent Prosecution Bar: Absent written consent of the Designating Party or further order of this Court, any individuals who have received Highly Confidential-AEO Information of a technical or scientific nature (i.e., not only commercial, marketing or financial

16

information) may not be involved in the preparation or prosecution of any patent or patent application pertaining to the Technical Field during the course of this Action and continuing for two years following Final Disposition of this Action.[2]

7.6.1. Preparation and/or prosecution activities contemplated herein include (a) obtaining disclosure materials for inventions and making strategic decisions, or advising, on the type and scope of patent protection that might be available or worth pursuing for such inventions; (b) writing, reviewing, advising on, or approving patent applications (or parts thereof) and/or application claims, and (c) amending or surrendering claim scope during prosecution. To avoid confusion, preparation and/or prosecution activities prohibited by this paragraph include original examination, continued examination, and reissue examination of patent claims involving the Technical Field.

7.6.2. Individuals covered by this Section 7.6 are prohibited from involvement in the drafting or amendment of claims during any post-grant review, inter partes review, or reexamination proceeding for a patent pertaining to the Technical Field during the duration of this provision.

7.6.3. Nothing in this Order prevents an individual covered by this Section 7.6 from advising or representing clients in patent disputes involving the Technical Field, including working with and advising counsel (not covered by this Section 7.6) in post-grant review, inter partes review, or reexamination proceedings for any patent pertaining to the Technical Field, provided that individual is not involved in the drafting or amendment of claims during any such proceedings (as prohibited above).

---

[2] For clarity, agreeing to the terms in Section 7.4 or any other terms in this Order does not constitute any position regarding the proper scope of discovery in this Action. Neither Party waives its rights to seek to compel discovery or to object to discovery in this Action.

7.6.4. For clarity, the attorneys, non-attorney employees and staff of any law firm retained to represent or advise a Party in this Action to whom no Protected Materials have been disclosed are not subject to the Patent Prosecution Bar in this Section 7.6.

7.6.5. If there is discovery of Highly Confidential-AEO Information on scientific and/or technical issues beyond information pertaining to the Technical Field, the Parties agree to meet and confer regarding the scope of the Patent Prosecution Bar. If the Parties are unable to reach agreement, the Parties shall follow the procedures set forth at pages 5–6 of the Court's scheduling order dated January 9, 2026 (D.I. 141).

7.7. <u>Disclosure on Consent or Court Order</u>: Nothing in this Order shall prevent disclosure of Highly Confidential-AEO Information if the Designating Party consents to such disclosure or if the Court, after notice to the Designating Party, orders such disclosure. For example, for purposes of facilitating settlement negotiations, the Parties may agree on a case-by-case basis to the disclosure of certain documents containing Confidential Information (including, e.g., mediation statements, expert reports, dispositive motions and the like) to two designated Party officers or employees.

## 8. PROTECTED MATERIAL REQUESTED, SUBPOENAED, OR ORDERED PRODUCED IN OTHER LITIGATION

8.1. <u>Other Proceedings</u>: By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

8.2. <u>Compelled Disclosure of Protected Material in a Different Case</u>: Consistent with Section 8.1 above, if a Party or person subject to this Order is served with a discovery request, subpoena, motion, or court order issued in other litigation that seeks the disclosure of the Protected Material of another Party or Non-Party, the Party or person shall:

8.2.1. Promptly notify the Designating Party that the discovery request, subpoena, motion, or court order has been received, enclosing a copy of the discovery request, subpoena, motion, or court order;

8.2.2. Promptly notify the party that caused the discovery request, subpoena, motion, or court order to be issued in the other litigation that some or all of the material sought is subject to this Order, enclosing a copy of this Order;

8.2.3. Unless otherwise required to produce consistent with Section 8.1, wait at least thirty days after sending the notice required under Sections 8.1 and 8.2.1 before producing the Protected Material; and

8.2.4. Cooperate with respect to all reasonable protective procedures pursued by the Designating Party.[3]

8.3.     <u>Motion to Compel Disclosure in a Different Case</u>: In accordance with Section 8.1, if a Party becomes subject to a motion to disclose Protected Material in other litigation, the Party shall promptly so notify the Designating Party so that it may have an opportunity to appear and be heard on whether the Protected Material should be disclosed. If the Designating Party timely seeks a protective order, the Party served with the discovery request, subpoena, motion, or court order shall not disclose the Protected Material until there has been a determination by an

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case a reasonable opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

appropriate court or the Designating Party permits disclosure. The Designating Party shall bear its own costs of seeking protection of its Protected Material in an appropriate court. Nothing in this Order should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

## 9. PRODUCTION OF NON-PARTY PROTECTED MATERIAL IN THIS LITIGATION

9.1. <u>Order to Produce Non-Party's Protected Material</u>: In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, custody, or control, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

9.1.1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality or other non-disclosure agreement with a Non-Party;

9.1.2. Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

9.1.3. Make the information requested available for inspection by the Non-Party.

9.2. Unless otherwise specified in an agreement with the Non-Party (the relevant terms of which have been provided to the Requesting Party), if the Non-Party fails to object or seek a protective order from this Court within thirty days of receiving the notice and accompanying information, the Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party shall not produce any

RLF1 34724366v.1

information in its possession, custody, or control that is subject to the confidentiality or other non-disclosure agreement with the Non-Party before a determination by the Court.[4] Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10. APPLICATION OF THIS ORDER TO NON-PARTIES**

10.1. Non-Parties producing Discovery Material in this Action shall have the same rights and obligations under this Order as Parties and may move the Court to enforce the terms of this Order.

**11.  FILING OF PROTECTED MATERIAL**

11.1. Any court filing that contains, describes, discusses, references, or attaches Protected Material shall be filed under seal pursuant to the Local Rules of Civil Procedure for the District of Delaware. The Parties agree to work cooperatively to file redacted versions of material filed under seal.

**12.  USE OF PROTECTED MATERIALS AT TRIAL**

12.1. The disclosure of Protected Materials during trial of this Action is not covered by this Order and will be addressed by the Parties and Court later.

**13.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

13.1. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve or destroy all unauthorized copies of the Protected

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## 14. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL; REDACTIONS; PRIVILEGE LOGS

14.1. Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5), the inadvertent or mistaken production of Disclosure or Discovery Material subject to the attorney-client privilege, the work-product immunity, or any other privilege or immunity, shall not constitute a waiver of that privilege or immunity in this Action or in any other federal or state proceeding. For example, the mere production of privileged information as part of a production in this Action is not itself a waiver of that privilege in this Action or in any other federal or state proceeding (whether litigation, arbitration, investigation, regulatory action, or any other such proceeding). Further, neither the fact that the information was produced nor the content of the information shall be used in any manner as evidence in support of any alleged waiver of the privilege.

14.2. If such an inadvertent or mistaken production occurs, the Producing Party shall promptly so notify the Receiving Party, identifying all of the Disclosure or Discovery Material that it would like to recall and enclosing a privilege log that contains entries for each inadvertently produced document specifying, at a minimum: (a) its form (e.g., letter, memorandum, chart, etc.); (b) its general subject matter; (c) its production number range(s) (e.g., "Bates" number(s)); (d) its date; (e) the full names and titles of the author(s) or creator(s), the addressee(s), and the recipient(s), including the person(s) copied; and (f) the basis of the privilege or immunity being asserted (e.g., the attorney-client privilege or the work-product immunity). After receiving a request for the return or destruction of the inadvertently produced Disclosure or Discovery

22

Material, any Receiving Party must not use or disclose the inadvertently produced Disclosure or Discovery Material in any way until the claim is resolved and must take reasonable steps to retrieve the material if the Receiving Party disclosed it before being notified of the inadvertent production. Upon receipt of the request, the Receiving Party shall within seven days return to the Producing Party or confirm in writing the destruction of the recalled material as well as any copies, summaries, and notes thereof.

14.3. If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege, work-product immunity, or other privilege or immunity, the Receiving Party shall so notify the Producing Party in writing when the document or thing is returned to the Producing Party or the Receiving Party provides notification that the document or thing has been destroyed. Should the Receiving Party elect to bring such a challenge, Outside Counsel of Record for the Receiving Party may sequester one copy of the inadvertently produced document pending resolution of the challenge but may not use the sequestered copy in their challenge of the claim of privilege. Upon resolution of the challenge, the documents subject to the challenge shall be treated in accordance with any confidentiality designation made at the time of their production.

14.4. If, within ten days after the Receiving Party notifies the Producing Party of its intent to contest that the recalled material is protected by the asserted privilege or immunity, the Parties are in good faith unable to resolve the dispute(s), the Receiving Party may file a motion to compel or otherwise seek relief from the Court. At the time the Producing Party submits their response to the Receiving Party's motion, the Producing Party shall provide to the Court, by ex parte submission for in camera review, a copy of any clawed-back document(s) that are the subject of the Receiving Party's motion. Until the Court resolves the motion, the recalled information shall

23

be treated as privileged or immune from disclosure. The Producing Party shall have the burden of proving that the recalled information is protected by the asserted privilege or immunity.

14.5. Disclosure or Discovery Material that contains information which is protected by privilege or immunity, or which is protected data, including individually identifiable health information, may in good faith be redacted by the Producing Party. Each redaction, regardless of size, shall be clearly labeled and differentiated from material redacted for privilege. In addition, any Party who redacts information pursuant to this paragraph shall provide a redaction log specifying, at minimum, with respect to each redaction: (a) the production number (e.g., "Bates" number), (b) the general subject matter of the redacted material, and (c) the basis for the redaction. This paragraph shall not constitute a waiver of the Receiving Party's right to seek disclosure of the redacted information.

14.6. Privileged information that was created on or after February 12, 2025 need not be included on any privilege log.

**15. MISCELLANEOUS**

15.1. <u>Right to Seek Modification</u>: Nothing in this Order shall be deemed to preclude a Party from seeking modifications of this Order by the Court in the future.

15.2. <u>Right to Seek Additional Protection</u>: Nothing in this Order shall be deemed to preclude a Producing Party from seeking additional protection for Protected Material, including an order that certain Protected Material is not subject to discovery.

15.3. <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.

Similarly, no Party waives any right to object on any ground to the introduction or use of the material covered by this Protective Order as evidence in this Action.

15.4. <u>Right to Counsel Client</u>: Nothing in this Order shall preclude or impede Outside Counsel of Record's ability to communicate with or advise their client(s) in connection with this Action based on such counsel's review and evaluation of Protected Material, provided however that such communications or advice shall not disclose or reveal the substance or content of any Protected Material other than as permitted under this Order.

15.5. <u>No Agreement Concerning Discoverability</u>: The identification or agreed-upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties that the disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this Action. The Parties reserve the right to argue that any particular category of Disclosure and Discovery Material should not be produced.

15.6. <u>Rights to Assert Privileges</u>: Nothing in this Order shall be deemed to waive the right of any Party to assert that Protected Material is privileged and therefore not subject to discovery.

15.7. <u>Use at Depositions</u>: The use of Protected Material at a deposition shall not affect its designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO.

15.8. <u>Use of Protected Material at Hearing or Other Public Court Proceeding</u>: A Party shall provide a minimum of two business days' notice to the Producing Party in the event that a Party intends to use any Protected Material of that Producing Party at a hearing or other public Court proceeding. The Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Material. This provision does not cover use of Protected Materials at trial, which is addressed in Section 12.

## 16. FINAL DISPOSITION

16.1. Within sixty days after the Final Disposition of this Action as defined in Section 2.8, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that (1) certifies that all the Protected Material was returned or destroyed[5] and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motions, and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto, but not including documents and things produced pursuant to discovery requests unless otherwise allowed by this provision), deposition transcripts (and exhibits thereto), trial and hearing transcripts, exhibits offered or introduced into evidence at any hearing or trial, legal memoranda, correspondence, expert reports (and exhibits thereto), attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order, including as specifically set forth in Section 4.

## 17. INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION

---

[5] If the Receiving Party elects to return some Protected Material and destroy the remainder, the Receiving Party shall so notify the Producing Party.

RLF1 34724366v.1

17.1. The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order. After Final Disposition of this Action, the provisions of this Order shall continue to be binding except with respect to any Disclosure or Discovery Material that become a matter of public record. This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provisions of this Order following Final Disposition of this Action. All disputes concerning Protected Material produced under the protection of this Order shall be resolved by the United States District Court for the District of Delaware.

Date: January 23, 2026                    Respectfully submitted,

RICHARDS, LAYTON & FINGER, P.A.          ASHBY & GEDDES

By: */s/ Christine D. Haynes*             By: */s/ Andrew C. Mayo*
Steven J. Fineman (#4025)                 Andrew C. Mayo (#5207)
Kelly E. Farnan (#4395)                   John G. Day (#2403)
Christine D. Haynes (#4697)              500 Delaware Avenue, 8th Floor
One Rodney Square                        PO Box 1150
920 North King Street                     Wilmington, DE 19899
Wilmington, DE 19801                      (302) 654-1888
(302) 651-7700                            amayo@ashbygeddes.com
fineman@rlf.com                          jday@ashbygeddes.com
farnan@rlf.com                           *Attorneys for Defendant*
haynes@rlf.com                           *Dometic Corporation*
*Attorneys for Plaintiff*
*Seakeeper, Inc.*
                                         OF COUNSEL:

OF COUNSEL:                              DINSMORE & SHOHL LLP

MARSHALL, GERSTEIN & BORUN LLP           Oleg Khariton
6300 Willis Tower                        255 East Fifth Street, Suite 1900,
233 South Wacker Drive                   Cincinnati, OH 45202
Chicago, IL 60606                        (513) 977-8200
(312) 474-6300                           oleg.khariton@dinsmore.com

                                         Michael A. Xavier

27

1775 Sherman Street, Suite 2600
Denver, CO 80203
(303) 831-6980
michael.xavier@dinsmore.com

Christopher K. VanDeusen
755 West Big Beaver Road, Suite 1900
Troy, MI 48084
(248) 203-1642
christopher.vandeusen@dinsmore.com

28

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAKEEPER, INCORPORATED, | |
| Plaintiff, | |
| v. | C.A. No. 25-0484-JCB |
| DOMETIC CORPORATION, | |
| Defendant. | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND OF [*INSERT NAME*]

I, [*insert person's name*], state the following under penalties of perjury. I [have been retained as [*insert role*] in connection with this case / am employed by [*insert party's name*]. I will be receiving Confidential [and Highly Confidential] information that is covered by the Court's protective order dated [*insert date*]. I have read the Court's protective order and understand that the Confidential [and Highly Confidential] information is provided pursuant to the terms and conditions in that order.

I agree to be bound by the Court's protective order. I agree to use the Confidential [and Highly Confidential] information solely for purposes of this case. I understand that neither the Confidential [and Highly Confidential] information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's protective order. I agree to return the Confidential [and Highly Confidential] information and any notes concerning that information to the attorney for [*insert name of retaining party*] or to destroy the information and any notes at that attorney's request.

1

I submit to the jurisdiction of the Court that issued the protective order for purposes of enforcing that order. I waive any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

By: /s/_____

(signature)

Subscribed and sworn to
before me this _____ day
of _____, 20___.

_____
Notary Public

RLF1 34724366v.1