# Exhibit A

**Khariton, Oleg**

| | |
|---|---|
| **From:** | Khariton, Oleg |
| **Sent:** | Friday, January 30, 2026 1:50 PM |
| **To:** | 'Ray Ricordati' |
| **Cc:** | VanDeusen, Christopher; Mayo, Andrew C.; Kipp, Michele L.; Xavier, Michael; Myers, Nikki; efindlay@findlaycraft.com; farnan@rlf.com; fineman@rlf.com; haynes@rlf.com; Mark Izraelewicz; Thomas L. Duston; Isaku Begert; Isaku Begert |
| **Subject:** | RE: Seakeeper Inc. v. Dometic Corporation, Dometic's 4(b) Production and Inspection |

Ray,

As to the filing that's due today, Dometic consents to in-person Markman and other pretrial hearings in Washington, D.C., but not Plano, Texas.

As to your email from yesterday evening, I note that we haven't declined Seakeeper's requests to meet and confer. We emailed you early this week and provided ample availability for a meet-and-confer. Given the ostensible urgency of your request, we expected to hear from you quickly. However, you didn't respond until yesterday morning. By that time, our schedules no longer aligned. You can't expect us to keep them open indefinitely. Regardless, your email from yesterday morning added a significant new discussion item to the agenda (the 30(b)(6) deposition). It's not unreasonable for us to ask Seakeeper to provide at least some explanation for its position on an issue before the parties have to meet and confer about it. The parties are unlikely to have a productive meet-and-confer if we are hearing your position for the first time during the call.

I also note that your email below still doesn't meaningfully explain Seakeeper's position on the 30(b)(6) issue. Your stated reason for requesting an early 30(b)(6) deposition of Dometic is to obtain the information required by Paragraph 4(b) of the Default Standard for Discovery. But, to begin with, the deposition topics in Seakeeper's 30(b)(6) notice go far beyond the subjects of discovery described in Paragraph 4(b). In any event, Paragraph 4(b) is limited to the production of "core technical documents." Paragraph 4 does not contemplate depositions as part of "Initial Discovery in Patent Litigation (let alone authorize a party to take serial corporate depositions of the opposing party, as is apparently your intention). If Seakeeper believes that Dometic's Paragraph 4(b) disclosures are insufficient, then it should simply identify the missing documents so that the parties can meaningfully discuss whether Dometic needs to supplement its production.

Seakeeper has failed to do so. In that regard, your most recent letter suggests that Dometic's document production does not provide sufficient information to enable Seakeeper to address the claim limitations relating to the "ambient pressure" of gas within the enclosure, the "ambient density" of gas within the enclosure, the dimensionality of the space between vanes, and the heat transfer between the "first plurality of vanes" and the "second plurality of vanes," and, in turn, to the "exterior of the enclosure." This is simply incorrect. The documents produced by Dometic include, among other things, a description of the atmosphere inside the enclosure of the accused device, the dimensions from which from Seakeeper can calculate the amount of clearance between the rotating and stationary cooling fins, and details about the cooling system. (I note that, to the extent your letter demands "test data on bearing heat-dissipation," we disagree with you that this type of "test data" is included within Dometic's obligation to produce "core" technical documents sufficient to show how the accused device works. Regardless, we're not aware of the test data you request.)

Indeed, it's objectively unreasonable for Seakeeper to insist that Dometic's production is insufficient to permit it to prepare its initial infringement contentions when Seakeeper previously filed TRO and PI motions directed to the same product based on significantly less information (and, in the process, repeatedly advised the Court that it needed no discovery from Dometic to support its infringement case).

Even as to the current version of the DG3, your correspondence to date has identified no reason why the production drawings provided to you would not allow you to determine whether the product has the "interleaved" "vanes" required by each claim of the asserted patents. These production drawings are detailed technical documents that provide all necessary specifications—dimensions, materials, tolerances, etc.—to manufacture and assemble the product. We do not see how Seakeeper can reasonably argue that it is unable to determine from these documents whether the product includes the claimed "interleaved" "vanes." And, to repeat, you have provided no reason why this would be the case.

In short, Seakeeper has all of the information it would reasonably need to prepare its preliminary infringement contentions (both as the prior version of the DG3 and, if there were any legitimate basis to accuse it of infringement, the current version). Nevertheless, we can agree to extend Seakeeper's deadline to serve its contentions by one week, until February 6. In the meantime, we'd strongly encourage you and your team to closely review the technical documents that have been produced to you. As discussed above, all of the information you reasonably need is included there. To the extent you continue to disagree following your further review of the documents, please explain with specificity why they're insufficient. **As I've stated, we're more than willing to meet and confer with you about Seakeeper's perceived need for additional information (and do so promptly). We simply ask that, in order the make the parties' discussion a productive one, you thoroughly review the technical documents already provided to you and reasonably identify what it is that you think is missing from them (as well as identify any authority you intend to rely upon to support your request to depose Dometic as part of initial discovery in this case, should you persist with that particular request).**

Alternatively, Seakeeper can simply serve its preliminary infringement contentions and supplement them as discovery progresses, as expressly permitted by the Default Standard for Discovery.

Thanks,
Oleg

---

**From:** Ray Ricordati <rricordati@marshallip.com>
**Sent:** Friday, January 30, 2026 12:54 PM
**To:** Khariton, Oleg <Oleg.Khariton@DINSMORE.COM>
**Cc:** VanDeusen, Christopher <Christopher.VanDeusen@Dinsmore.com>; Mayo, Andrew C. <AMayo@ashbygeddes.com>; Kipp, Michele L. <MKipp@ashbygeddes.com>; Xavier, Michael <Michael.Xavier@DINSMORE.COM>; Myers, Nikki <NMyers@ashbygeddes.com>; efindlay@findlaycraft.com; farnan@rlf.com; fineman@rlf.com; haynes@rlf.com; Mark Izraelewicz <Mizraelewicz@marshallip.com>; Thomas L. Duston <tduston@marshallip.com>; Isaku Begert <IBegert@marshallip.com>; Isaku Begert <IBegert@marshallip.com>
**Subject:** RE: Seakeeper Inc. v. Dometic Corporation, Dometic's 4(b) Production and Inspection

Oleg,

Following up on the below, please let us know your next availability for a meet and confer.

In addition, the parties have a deadline today to submit a statement as to whether we consent to hearings in DC or Plano, TX that we had hoped to discuss at yesterday's meet and confer. Seakeeper is willing to consent to either destination. Please let us know Dometic's position.

Thanks,
Ray



Ray Ricordati
Partner
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357 USA
D: +1.312.474.6617
T: +1.312.474.6300
F: +1.312.474.0448
rricordati@marshallip.com
marshallip.com

The material in this transmission may contain confidential information. If you are not the intended recipient, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies and notify Marshall, Gerstein & Borun LLP by return e-mail or by telephone at +1.312.474.6300. Thank you.

**From:** Ray Ricordati
**Sent:** Thursday, January 29, 2026 8:02 PM
**To:** 'Khariton, Oleg' <Oleg.Khariton@DINSMORE.COM>
**Cc:** VanDeusen, Christopher <Christopher.VanDeusen@Dinsmore.com>; Mayo, Andrew C. <AMayo@ashbygeddes.com>; Kipp, Michele L. <MKipp@ashbygeddes.com>; Xavier, Michael <Michael.Xavier@DINSMORE.COM>; Myers, Nikki <NMyers@ashbygeddes.com>; efindlay@findlaycraft.com; farnan@rlf.com; fineman@rlf.com; haynes@rlf.com; Mark Izraelewicz <Mizraelewicz@marshallip.com>; Thomas L. Duston <tduston@marshallip.com>; Isaku Begert <IBegert@marshallip.com>; Isaku Begert <IBegert@marshallip.com>
**Subject:** RE: Seakeeper Inc. v. Dometic Corporation, Dometic's 4(b) Production and Inspection

Oleg,

We are disappointed that you canceled our meet and confer just an hour and a half before we had scheduled it--and this despite your prior indication that you were available to confer this afternoon. As you know, we have been seeking to meet and confer with Dometic for well over a month. Dometic has so far declined our repeated requests.

Dometic refusals to meet and confer are particularly troubling in view of Dometic's declaration that it intends to withhold responses to Seakeeper's discovery requests until the parties have met and conferred. For example, on December 15, 2025, in response to Seakeeper's Document Request Nos. 14 and 15, Dometic indicated it would not respond to those requests without such a conference. We immediately sought to schedule such a meeting by letter dated December 19, 2025, and have followed up repeatedly since then with requests for a conference, to no avail.

Not until two days ago, January 27, 2026, did Dometic finally offer to confer this afternoon. Then, just an hour and a half before that scheduled call, you declined to meet.

Your January 27 offer announced that you are also available to meet and confer tomorrow, Friday, January 30. **We are available any time tomorrow.  Please propose a time that is convenient to you.**

As you know, we have sent numerous communications outlining deficiencies with respect to Dometic's discovery responses and its Paragraph 4(b) disclosures. Through the 30(b)(6) deposition, we seek to secure relevant information that we otherwise have been unable to obtain from Dometic to date.  Dometic again refused to comply, declaring that it would not present a responsive witness.  There is no provision in Rule 30 excusing a party from attending a properly noticed deposition except by agreement or by motion for a protective order. We are available to meet and confer tomorrow on any objections Dometic may have to topics identified in Seakeeper's deposition notice, and are more than willing to discuss alternative dates and/or locations for that deposition, provided our efforts to secure the requested information is not further significantly delayed.

As you are aware, Seakeeper's Paragraph 4(c) disclosures are due tomorrow, Friday, January 30.  We anticipate that the information we seek, and in particular, the missing Paragraph 4(b) disclosures, will inform those disclosures.  We suggest that these disclosures be postponed two weeks to allow for the receipt of this information.

Regards,
Ray

---

**From:** Khariton, Oleg <Oleg.Khariton@DINSMORE.COM>
**Sent:** Thursday, January 29, 2026 12:33 PM
**To:** Ray Ricordati <rricordati@marshallip.com>
**Cc:** VanDeusen, Christopher <Christopher.VanDeusen@Dinsmore.com>; Mayo, Andrew C. <AMayo@ashbygeddes.com>; Kipp, Michele L. <MKipp@ashbygeddes.com>; Xavier, Michael <Michael.Xavier@DINSMORE.COM>; Myers, Nikki <NMyers@ashbygeddes.com>; efindlay@findlaycraft.com; farnan@rlf.com; fineman@rlf.com; haynes@rlf.com; Mark Izraelewicz <Mizraelewicz@marshallip.com>; Thomas L. Duston <tduston@marshallip.com>; Isaku Begert <IBegert@marshallip.com>; Isaku Begert <IBegert@marshallip.com>
**Subject:** RE: Seakeeper Inc. v. Dometic Corporation, Dometic's 4(b) Production and Inspection

**External - This email is from an external email address outside the firm.**

Ray,

Thanks for the note.  Due to a conflict that has arisen since we provided our availability early this week, we are no longer available to meet and confer this afternoon regarding the issues raised in your January 23 letter.  In any event, since your email below adds a new issue to the agenda (namely, Seakeeper's Rule 30(b)(6) deposition notice to Dometic), we believe that a meet-and-confer would be premature at this time.  As discussed below, in order for the parties to have a productive meet-and-confer on that issue, Seakeeper should fully explain its position ahead of time so that we can discuss it internally and be prepared to address it during the call.

As a preliminary matter, I note again that Seakeeper made no effort to confer with Dometic about the date and location of the deposition before demanding the deposition on less than two weeks' notice.  In our experience, conferring with the opposing party about such issues prior to serving a deposition notice is one of the most basic examples of discovery cooperation expected of litigants in this and other Districts.  Seakeeper's total failure to cooperate with Dometic with regards to setting the date and location of the deposition alone renders the 30(b)(6) notice facially unreasonable, and I can't imagine that Seakeeper would seriously want the Court burdened with protective-order motion practice under these circumstances.

More broadly, we ask that Seakeeper provide at least some explanation for its desire to take a 30(b)(6) deposition of Dometic at this very early stage in discovery.  As you know, Rule 30(b)(6) expressly requires the parties to "confer in good faith about the matters for examination."  We need more information from Seakeeper in order to make the

parties' meet-and-confer a productive one.  In particular, I note that Seakeeper's 30(b)(6) notice covers a range of broad topics that are central to the merits of this case.  Indeed, between Topic 1 ("design, specifications, and operation of each Accused Product") and Topic 2 ("[a]ll sales of and offers to sell the Accused Products") alone, the 30(b)(6) notice purports to cover the bulk of the information that would be relevant to the issues of infringement and damages.  In our experience, absent a pending TRO or preliminary injunction motion (neither of which is presently before the Court), these types of depositions have always occurred later in discovery, following substantial written discovery and document production.  In fact, as is typical of cases litigated in this District, the Court's Scheduling Order sets a specific deadline for the parties to substantially complete their document productions, and that deadline is not until April.

In light of the foregoing, Seakeeper's request is highly unusual.  Can you please provide Seakeeper's justification for requesting such an early 30(b)(6) deposition of Dometic?  And can you clarify whether, if the deposition were to occur at this early stage, Seakeeper would intend to reserve the right to continue the deposition and resume it at a later date following the parties' substantial completion of their document productions (in other words, whether Seakeeper is effectively seeking to take two depositions of Dometic on the same topics, one now and another one later)?  And, if so, can you provide any authority that would authorize the taking of such serial 30(b)(6) depositions?

We look forward to your response.  Once you provide it, we would be happy to promptly arrange a meet-and-confer to discuss both the 30(b)(6) issue and the issues raised in your prior correspondence.

Thanks,

Oleg

---

**From:** Ray Ricordati <rricordati@marshallip.com>
**Sent:** Wednesday, January 28, 2026 10:27 PM
**To:** Khariton, Oleg <Oleg.Khariton@DINSMORE.COM>
**Cc:** VanDeusen, Christopher <Christopher.VanDeusen@Dinsmore.com>; Mayo, Andrew C. <AMayo@ashbygeddes.com>; Kipp, Michele L. <MKipp@ashbygeddes.com>; Xavier, Michael <Michael.Xavier@DINSMORE.COM>; Myers, Nikki <NMyers@ashbygeddes.com>; efindlay@findlaycraft.com; farnan@rlf.com; fineman@rlf.com; haynes@rlf.com; Mark Izraelewicz <Mizraelewicz@marshallip.com>; Thomas L. Duston <tduston@marshallip.com>; Isaku Begert <IBegert@marshallip.com>; Isaku Begert <IBegert@marshallip.com>
**Subject:** RE: Seakeeper Inc. v. Dometic Corporation, Dometic's 4(b) Production and Inspection

Oleg,

Thank you for providing your availability. We are available tomorrow afternoon at 3pm Eastern.

In addition to the topics raised in our prior correspondence, we also would like to discuss your refusal to provide a witness next Monday. There is no provision in Rule 30 to excuse a party from attend a properly noticed deposition except by agreement or by motion for a protective order.

Regards,
Ray



Ray Ricordati
Partner
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357 USA
D: +1.312.474.6617
T: +1.312.474.6300
F: +1.312.474.0448
rricordati@marshallip.com
marshallip.com

The material in this transmission may contain confidential information. If you are not the intended recipient, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies and notify Marshall, Gerstein & Borun LLP by return e-mail or by telephone at +1.312.474.6300. Thank you.

**From:** Khariton, Oleg <Oleg.Khariton@DINSMORE.COM>
**Sent:** Tuesday, January 27, 2026 11:49 AM
**To:** Ray Ricordati <rricordati@marshallip.com>
**Cc:** VanDeusen, Christopher <Christopher.VanDeusen@Dinsmore.com>; Mayo, Andrew C. <AMayo@ashbygeddes.com>; Kipp, Michele L. <MKipp@ashbygeddes.com>; Xavier, Michael <Michael.Xavier@DINSMORE.COM>; Myers, Nikki <NMyers@ashbygeddes.com>; efindlay@findlaycraft.com; farnan@rlf.com; fineman@rlf.com; haynes@rlf.com; Mark Izraelewicz <Mizraelewicz@marshallip.com>; Thomas L. Duston <tduston@marshallip.com>; Isaku Begert <IBegert@marshallip.com>; Isaku Begert <IBegert@marshallip.com>
**Subject:** RE: Seakeeper Inc. v. Dometic Corporation, Dometic's 4(b) Production and Inspection

**External - This email is from an external email address outside the firm.**

Ray,

We have reviewed your letter.  We are available for a meet-and-confer this Thursday afternoon or Friday morning.  Please let us know what time works for you and your team.

Oleg



**Oleg Khariton**
Partner
Dinsmore & Shohl LLP • Legal Counsel
255 East Fifth Street, Suite 1900, Cincinnati, OH 45202
**T** (513) 977-8246 • **F** (513) 977-8141

**From:** Ray Ricordati <rricordati@marshallip.com>
**Sent:** Friday, January 23, 2026 4:57 PM
**To:** Khariton, Oleg <Oleg.Khariton@DINSMORE.COM>

**Cc:** VanDeusen, Christopher <Christopher.VanDeusen@Dinsmore.com>; Mayo, Andrew C. <AMayo@ashbygeddes.com>; Kipp, Michele L. <MKipp@ashbygeddes.com>; Xavier, Michael <Michael.Xavier@DINSMORE.COM>; Myers, Nikki <NMyers@ashbygeddes.com>; efindlay@findlaycraft.com; farnan@rlf.com; fineman@rlf.com; haynes@rlf.com; Mark Izraelewicz <Mizraelewicz@marshallip.com>; Thomas L. Duston <tduston@marshallip.com>; Isaku Begert <IBegert@marshallip.com>; Isaku Begert <IBegert@marshallip.com>
**Subject:** RE: Seakeeper Inc. v. Dometic Corporation, Dometic's 4(b) Production and Inspection

Oleg,

Please see the attached letter.

Regards,
Ray



Ray Ricordati
Partner
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357 USA
D: +1.312.474.6617
T: +1.312.474.6300
F: +1.312.474.0448
rricordati@marshallip.com
marshallip.com

The material in this transmission may contain confidential information. If you are not the intended recipient, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies and notify Marshall, Gerstein & Borun LLP by return e-mail or by telephone at +1.312.474.6300. Thank you.

**From:** Khariton, Oleg <Oleg.Khariton@DINSMORE.COM>
**Sent:** Wednesday, January 21, 2026 5:30 PM
**To:** Ray Ricordati <rricordati@marshallip.com>
**Cc:** VanDeusen, Christopher <Christopher.VanDeusen@Dinsmore.com>; Mayo, Andrew C. <AMayo@ashbygeddes.com>; Kipp, Michele L. <MKipp@ashbygeddes.com>; Xavier, Michael <Michael.Xavier@DINSMORE.COM>; Myers, Nikki <NMyers@ashbygeddes.com>; efindlay@findlaycraft.com; farnan@rlf.com; fineman@rlf.com; haynes@rlf.com; Mark Izraelewicz <Mizraelewicz@marshallip.com>; Thomas L. Duston <tduston@marshallip.com>
**Subject:** RE: Seakeeper Inc. v. Dometic Corporation, Dometic's 4(b) Production and Inspection

**External - This email is from an external email address outside the firm.**

Ray,

Please see the attached letter.

Oleg



**Oleg Khariton**
Partner
Dinsmore & Shohl LLP • Legal Counsel
255 East Fifth Street, Suite 1900, Cincinnati, OH 45202
T (513) 977-8246 • F (513) 977-8141

**From:** Ray Ricordati <rricordati@marshallip.com>
**Sent:** Monday, January 19, 2026 1:20 PM
**To:** Khariton, Oleg <Oleg.Khariton@DINSMORE.COM>
**Cc:** VanDeusen, Christopher <Christopher.VanDeusen@Dinsmore.com>; Mayo, Andrew C. <AMayo@ashbygeddes.com>; Kipp, Michele L. <MKipp@ashbygeddes.com>; Xavier, Michael <Michael.Xavier@DINSMORE.COM>; Myers, Nikki <NMyers@ashbygeddes.com>; efindlay@findlaycraft.com; farnan@rlf.com; fineman@rlf.com; haynes@rlf.com; Mark Izraelewicz <Mizraelewicz@marshallip.com>; Thomas L. Duston <tduston@marshallip.com>
**Subject:** Seakeeper Inc. v. Dometic Corporation, Dometic's 4(b) Production and Inspection

Counsel,

Please see the attached letter.

Regards,
Ray



Ray Ricordati
Partner
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357 USA
D: +1.312.474.6617
T: +1.312.474.6300
F: +1.312.474.0448
rricordati@marshallip.com
marshallip.com

The material in this transmission may contain confidential information. If you are not the intended recipient, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies and notify Marshall, Gerstein & Borun LLP by return e-mail or by telephone at +1.312.474.6300. Thank you.