# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAKEEPER, INCORPORATED,<br><br>                Plaintiff,<br><br>    v.<br><br>DOMETIC CORPORATION,<br><br>                Defendant. | C.A. No. 25-0484-JCB<br><br>**REDACTED PUBLIC VERSION** |

**LETTER TO THE HONORABLE J. CAMPBELL BARKER FROM STEVEN J. FINEMAN REGARDING SEAKEEPER, INCORPORATED'S MOTION TO COMPEL**

OF COUNSEL:

MARSHALL, GERSTEIN & BORUN LLP
6300 Willis Tower
233 S. Wacker Drive
Chicago, IL 60606
(312) 474-6300

Steven J. Fineman (#4025)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
fineman@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*
*Seakeeper, Inc.*

Dated: March 2, 2026

Plaintiff Seakeeper, Incorporated, moves to compel Defendant Dometic Corporation to provide discovery with respect to the current version of its accused DG3 gyrostabilizer.[1] Seakeeper has accused the current version of the DG3 of infringing its '782 Patent, and has provided initial infringement charts for that design. Seakeeper served written discovery requests that expressly sought documents and other information relating to this version of the accused product. Dometic has refused to respond to Seakeeper's written discovery requests concerning this design. Dometic further refused to provide complete disclosures with respect to this design required under Paragraph 4(b) of this Court's Default Standard for Discovery. When Seakeeper sought a limited Rule 30(b)(6) deposition of a corporate representative to provide sworn testimony concerning these subjects, Dometic refused to appear. Seakeeper seeks an order (i) compelling responses to its discovery, (ii) requiring full and complete disclosures pursuant to Paragraph 4(b), and (iii) requiring Dometic to present a 30(b)(6) witness. A proposed order is attached.

### I. Background

Seakeeper has previously been forced to seek the Court's intervention with respect to prior efforts by Dometic to delay and frustrate discovery in this matter. D.I. 101, 104, 106-109. After the Court ultimately ordered Dometic to commence discovery (D.I. 115), Seakeeper served Requests for Production ("RFPs") (Ex. A) and Interrogatories in November 2025 (Ex. B). Both defined "Accused Products" to include both past and "current" versions of Dometic's DG3 Gyro Stabilizer, including those identified in Seakeeper's infringement contentions. Ex. A at 2; Ex. B. at 2. On December 5, 2025, Seakeeper served its Paragraph 4(a) Initial Disclosure of Accused Products (Ex. C). Seakeeper again explicitly identified the current DG3 as an accused product. Ex. C at 1. On February 6, 2026, Seakeeper served its Paragraph 4(c) Initial Infringement Charts (Ex. D). Seakeeper's disclosures again identified infringement by Dometic's current DG3 version. Ex. D at 2, 73-100.

In response to Seakeeper's written discovery, Dometic flatly refused to provide *any* information—technical or otherwise—about its current DG3. Ex. E, Dometic's Response to Seakeeper's First Set of RFPs; Ex. F, Dometic's Response to Seakeeper's First Set of Interrogatories. Dometic declared that "the version of the DG3 Gyro Stabilizer as identified in the Complaint" was the only product accused of infringement, choosing to ignore Seakeeper's prior Paragraph 4(a) disclosures identifying the current version as infringing. Ex. E at 3; Ex. F at 3. When confronted, Dometic assured Plaintiff that it would produce information about its current DG3 in its Paragraph 4(b) production. Ex. G, 12/23/25 Email from O. Khariton to R. Ricordati. Despite those assurances, however, on January 16, 2026, Dometic produced only six pages of black-and-white line drawings purportedly related to the current design. Ex. H, 1/19/26 Letter from R. Ricordati to O. Khariton. Dometic refused to produce any information concerning sales of this version of the DG3, despite the explicit requirement in this Court' Scheduling Order

---

[1] The parties have agreed to file responsive letters on Thursday, March 5.

directing Dometic to produce such information for "the accused product(s)." D.I. 141 at 4.

Seakeeper repeatedly attempted to meet and confer with Dometic concerning its refusal to provide information concerning the current design of the DG3. Ex. I, 2/10/26 Letter from T. Duston to O. Khariton at 1-2. Given Dometic's refusal to engage, Seakeeper noticed a deposition of a corporate representative on topics related to the requested information (Ex. J). Dometic refused to appear. Seakeeper sought to inspect a unit of the current design and even offered to purchase one if that would expedite investigation. In response, Dometic belatedly offered to permit an inspection at an unspecified future date, but only on the condition that Seakeeper abandon its discovery demands for further information concerning the current design of the DG3. Ex. K, 2/19/26 Email from O. Khariton to T. Duston. Seakeeper refused to accede to Dometic's improper conditions. Ex. L, 2/20/26 Email from T. Duston to O. Khariton. Dometic thereafter refused an inspection. Ex. M, 2/22/26 Email from O. Khariton to T. Duston.

## II. Seakeeper's Discovery Requests Seek Information That is Relevant to the Parties' Claims and Defenses and Proportional to the Needs of the Case

Seakeeper seeks discovery of products accused of infringement. The relevance of such discovery cannot be disputed. Indeed, the only written objection advanced by Dometic to this discovery is that the Complaint accusing Dometic's DG3 product of infringement does not expressly identify the current version of that product. Dometic, however, did not develop this current version until months after the Complaint in this action was filed. D.I. 65 (indicating its future intent to put a modified version into production). It could not have been expressly referred to in the Complaint. Seakeeper properly and timely identified this current version as an accused product in its subsequent Paragraph 4(a) disclosures. Dometic's obligations under Paragraph 4 are tied to this identification, not the Complaint. *See e.g., TwinStrand Biosciences, Inc. et al v. Guardant Health, Inc.*, No. 21-01126-GBW-SRF (D. Del. Oct. 18, 2022) (Ex. N) (compelling discovery of "Accused Services" identified in plaintiffs Paragraph 4(a) disclosure but not alleged to infringe in the Complaint); *John Mezzalingua Associates, LLC v. Amphenol Corp. et al.*, No. 24-576-JFM (D. Del. Feb. 13, 2026) (Ex. O) (same); *see also Greatbatch Ltd. v. AVX Corp.*, 179 F. Supp. 3d 370, 374 (D. Del. 2016), *aff'd*, 813 F. App'x 609 (Fed. Cir. 2020) (Court observing that it saw no "space in our default standards for the defendants not to produce ***all core technical documents for all products that are accused by the plaintiff in 4(a).***") (Emphasis in orig.) The purpose of Paragraph 4's disclosures is to supplement that Complaint by specifically defining the products accused for which an accused infringer is obligated to disclose information.

Alternatively, Dometic has asserted that Seakeeper's Paragraph 4(a) and 4(c) contentions should be ignored because Dometic contends that the current design of its DG3 cannot infringe the claim of the '782 Patent asserted against it. A "[d]efendant's substantive challenge to the merits of [a Plaintiff's] infringement contentions does not provide a reasonable basis to withhold discovery." Ex. N, *TwinStrand* No. 21-01126-GBW-SRF (citing *Contour IP Holding, LLC v. GoPro, Inc.*, Oral Order, No. 15-1108-LPS (D. Del. Jul. 6, 2016) (Ex. P) (ordering production of core technical documents)); *Greatbatch*, 179 F. Supp. 3d at 373-375 (same). And contrary to Dometic's assertions, statements in the Complaint concerning a patent diagram depicting a design different than that currently employed by Dometic—statements intended to highlight Dometic's incorporation of specific features employed in Seakeeper's *commercial products* only

2

after a confidential meeting between Seakeeper and Dometic representatives—do not constitute declarations that Dometic's current design does not infringe the '782 Patent.

Moreover, even if Dometic were entitled to unilaterally declare its current design "non-infringing," discovery as to that design would remain relevant. The discovery sought is reasonably calculated to reveal any difficulties Dometic encountered in replicating the performance of its earlier infringing design, whether the cooling achieved by its current design is inferior to that achieved by its earlier infringing design, whether consumers are unwilling to accept such degraded performance, sales information about non-infringing designs to establish the overall market and/or royalty for the patented invention, all relevant evidence to which Seakeeper is entitled. *See, e.g., Grain Processing Corp. v. Am. Maize-Products Co.* 185 F. 3d 1341, 1351 (Fed. Cir. 1999) ("Only by comparing the patented invention to its next-best available alternative(s)… can the court discern the market value of the patent owner's exclusive right, and therefore his expected profit or reward… Thus, an accurate reconstruction of the hypothetical 'but for' market takes into account any alternatives available to the infringer"); *FCX Solar, LLC v. FTC Solar, Inc.*, No. 1:21-CV-03556 (RA) (VF), 2022 WL 3584946, at *3 (S.D.N.Y. Aug. 22, 2022) (ease and cost of designing around the claimed invention relevant).

In addition, because it was undertaken to avoid infringement, "discovery into the nature and extent of a defendant's attempt to design around the patent is relevant to . . . whether a defendant's infringement was willful." *FCX Solar,* 2022 WL 3584946, at *6. Because discovery of the current DG3 is relevant to both reasonable royalty and willful infringement issues even if it were to be found non-infringing, Dometic's objections cannot be sustained.

The Court also should approve Seakeeper's request to depose a corporate representative on a select number of narrow topics directed to securing sworn testimony concerning this current design.  Dometic has objected that such a deposition would subject it to duplicate discovery if later, Seakeeper were to seek a further Rule 30(b)(6) deposition on the same or overlapping topics. Seakeeper has narrowed these topics to ensure there will not be overlap with a future Rule 30(b)(6) deposition. Ex. I. Dometic's objections are premature and best addressed if and when such a further deposition request is issued. *Orthophoenix, LLC v. Stryker Corp.*, No. 13-1628-LPS at 6-10 (D. Del. Dec. 11, 2015) (rejecting objection that all topics must be noticed together as premature) (Ex. Q). Seakeeper is not barred from pursuing a further Rule 30(b)(6) deposition, particularly here as the current request is occasioned by the need to remedy Dometic's discovery deficiencies. *Christy v. Pennsylvania Tpk. Comm'n*, 160 F.R.D. 51, 53 (E.D. Pa. 1995) (allowing second 30(6)(6) deposition on separate topics); *Perry v. Kelly-Springfield Tire Co.,* 117 F.R.D. 425, 426 (N.D.Ind.1987) (limiting second deposition to areas not covered in first); *Tramm v. Porter Mem. Hosp.,* 128 F.R.D. 666, 668 (N.D.Ind.1989) (same).

Accordingly, Plaintiffs respectfully request that the Court compel Dometic to: (1) with respect to Plaintiffs' RFPs and Interrogatories, produce responsive information about the current design to the same extent to which it has already agreed to produce information for the original design in accordance with the Scheduling Order; (2) with respect to its obligations under Paragraph 4(b), produce documents describing the configuration and operation of the current design, including testing data relating to heat transfer, as well as all sales documents relating to the current design within 10 days of the date of any order; (3) present a 30(b)(6) deposition witness regarding the revised topic list set forth in Exhibit I within 7 days thereafter.

3

                                              Respectfully,

                                              */s/ Steven J. Fineman*

                                              Steven J. Fineman (#4025)

cc: Counsel of Record (by CM/ECF and e-mail)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAKEEPER, INCORPORATED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOMETIC CORPORATION,<br><br>　　　　Defendant. | C.A. No. 25-0484-JCB<br><br>**FILED UNDER SEAL -<br>HIGHLY CONFIDENTIAL - AEO** |

### LETTER TO THE HONORABLE J. CAMPBELL BARKER FROM STEVEN J. FINEMAN REGARDING SEAKEEPER, INCORPORATED'S MOTION TO COMPEL

OF COUNSEL:

MARSHALL, GERSTEIN & BORUN LLP
6300 Willis Tower
233 S. Wacker Drive
Chicago, IL 60606
(312) 474-6300

Steven J. Fineman (#4025)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
fineman@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff
Seakeeper, Inc.*

Dated: March 2, 2026

Plaintiff Seakeeper, Incorporated, moves to compel Defendant Dometic Corporation to provide discovery with respect to the current version of its accused DG3 gyrostabilizer.[1] Seakeeper has accused the current version of the DG3 of infringing its '782 Patent, and has provided initial infringement charts for that design. Seakeeper served written discovery requests that expressly sought documents and other information relating to this version of the accused product. Dometic has refused to respond to Seakeeper's written discovery requests concerning this design. Dometic further refused to provide complete disclosures with respect to this design required under Paragraph 4(b) of this Court's Default Standard for Discovery. When Seakeeper sought a limited Rule 30(b)(6) deposition of a corporate representative to provide sworn testimony concerning these subjects, Dometic refused to appear. Seakeeper seeks an order (i) compelling responses to its discovery, (ii) requiring full and complete disclosures pursuant to Paragraph 4(b), and (iii) requiring Dometic to present a 30(b)(6) witness. A proposed order is attached.

**I.    Background**

Seakeeper has previously been forced to seek the Court's intervention with respect to prior efforts by Dometic to delay and frustrate discovery in this matter. D.I. 101, 104, 106-109. After the Court ultimately ordered Dometic to commence discovery (D.I. 115), Seakeeper served Requests for Production ("RFPs") (Ex. A) and Interrogatories in November 2025 (Ex. B). Both defined "Accused Products" to include both past and "current" versions of Dometic's DG3 Gyro Stabilizer, including those identified in Seakeeper's infringement contentions. Ex. A at 2; Ex. B. at 2. On December 5, 2025, Seakeeper served its Paragraph 4(a) Initial Disclosure of Accused Products (Ex. C). Seakeeper again explicitly identified the current DG3 as an accused product. Ex. C at 1. On February 6, 2026, Seakeeper served its Paragraph 4(c) Initial Infringement Charts (Ex. D). Seakeeper's disclosures again identified infringement by Dometic's current DG3 version. Ex. D at 2, 73-100.

In response to Seakeeper's written discovery, Dometic flatly refused to provide *any* information—technical or otherwise—about its current DG3. Ex. E, Dometic's Response to Seakeeper's First Set of RFPs; Ex. F, Dometic's Response to Seakeeper's First Set of Interrogatories. Dometic declared that "the version of the DG3 Gyro Stabilizer as identified in the Complaint" was the only product accused of infringement, choosing to ignore Seakeeper's prior Paragraph 4(a) disclosures identifying the current version as infringing. Ex. E at 3; Ex. F at 3. When confronted, Dometic assured Plaintiff that it would produce information about its current DG3 in its Paragraph 4(b) production. Ex. G, 12/23/25 Email from O. Khariton to R. Ricordati. Despite those assurances, however, on January 16, 2026, Dometic produced only six pages of black-and-white line drawings purportedly related to the current design. Ex. H, 1/19/26 Letter from R. Ricordati to O. Khariton. Dometic refused to produce any information concerning sales of this version of the DG3, despite the explicit requirement in this Court' Scheduling Order

---

[1] The parties have agreed to file responsive letters on Thursday, March 5.

directing Dometic to produce such information for "the accused product(s)." D.I. 141 at 4.

Seakeeper repeatedly attempted to meet and confer with Dometic concerning its refusal to provide information concerning the current design of the DG3. Ex. I, 2/10/26 Letter from T. Duston to O. Khariton at 1-2. Given Dometic's refusal to engage, Seakeeper noticed a deposition of a corporate representative on topics related to the requested information (Ex. J). Dometic refused to appear. Seakeeper sought to inspect a unit of the current design and even offered to purchase one if that would expedite investigation. In response, Dometic belatedly offered to permit an inspection at an unspecified future date, but only on the condition that Seakeeper abandon its discovery demands for further information concerning the current design of the DG3. Ex. K, 2/19/26 Email from O. Khariton to T. Duston. Seakeeper refused to accede to Dometic's improper conditions. Ex. L, 2/20/26 Email from T. Duston to O. Khariton. Dometic thereafter refused an inspection. Ex. M, 2/22/26 Email from O. Khariton to T. Duston.

## II. Seakeeper's Discovery Requests Seek Information That is Relevant to the Parties' Claims and Defenses and Proportional to the Needs of the Case

Seakeeper seeks discovery of products accused of infringement. The relevance of such discovery cannot be disputed. Indeed, the only written objection advanced by Dometic to this discovery is that the Complaint accusing Dometic's DG3 product of infringement does not expressly identify the current version of that product. Dometic, however, did not develop this current version until months after the Complaint in this action was filed. D.I. 65 (indicating its future intent to put a modified version into production). It could not have been expressly referred to in the Complaint. Seakeeper properly and timely identified this current version as an accused product in its subsequent Paragraph 4(a) disclosures. Dometic's obligations under Paragraph 4 are tied to this identification, not the Complaint. *See e.g., TwinStrand Biosciences, Inc. et al v. Guardant Health, Inc.*, No. 21-01126-GBW-SRF (D. Del. Oct. 18, 2022) (Ex. N) (compelling discovery of "Accused Services" identified in plaintiffs Paragraph 4(a) disclosure but not alleged to infringe in the Complaint); *John Mezzalingua Associates, LLC v. Amphenol Corp. et al.*, No. 24-576-JFM (D. Del. Feb. 13, 2026) (Ex. O) (same); *see also Greatbatch Ltd. v. AVX Corp.*, 179 F. Supp. 3d 370, 374 (D. Del. 2016), *aff'd*, 813 F. App'x 609 (Fed. Cir. 2020) (Court observing that it saw no "space in our default standards for the defendants not to produce ***all core technical documents for all products that are accused by the plaintiff in 4(a).***") (Emphasis in orig.) The purpose of Paragraph 4's disclosures is to supplement that Complaint by specifically defining the products accused for which an accused infringer is obligated to disclose information.

Alternatively, Dometic has asserted that Seakeeper's Paragraph 4(a) and 4(c) contentions should be ignored because Dometic contends that the current design of its DG3 cannot infringe the claim of the '782 Patent asserted against it. A "[d]efendant's substantive challenge to the merits of [a Plaintiff's] infringement contentions does not provide a reasonable basis to withhold discovery." Ex. N, *TwinStrand* No. 21-01126-GBW-SRF (citing *Contour IP Holding, LLC v. GoPro, Inc.*, Oral Order, No. 15-1108-LPS (D. Del. Jul. 6, 2016) (Ex. P) (ordering production of core technical documents)); *Greatbatch*, 179 F. Supp. 3d at 373-375 (same). And contrary to Dometic's assertions, statements in the Complaint concerning a patent diagram depicting a design different than that currently employed by Dometic—statements intended to highlight Dometic's incorporation of specific features employed in Seakeeper's *commercial products* only

after a confidential meeting between Seakeeper and Dometic representatives—do not constitute declarations that Dometic's current design does not infringe the '782 Patent.

Moreover, even if Dometic were entitled to unilaterally declare its current design "non-infringing," discovery as to that design would remain relevant. The discovery sought is reasonably calculated to reveal any difficulties Dometic encountered in replicating the performance of its earlier infringing design, whether the cooling achieved by its current design is inferior to that achieved by its earlier infringing design, whether consumers are unwilling to accept such degraded performance, sales information about non-infringing designs to establish the overall market and/or royalty for the patented invention, all relevant evidence to which Seakeeper is entitled. *See, e.g., Grain Processing Corp. v. Am. Maize-Products Co.* 185 F. 3d 1341, 1351 (Fed. Cir. 1999) ("Only by comparing the patented invention to its next-best available alternative(s)… can the court discern the market value of the patent owner's exclusive right, and therefore his expected profit or reward… Thus, an accurate reconstruction of the hypothetical 'but for' market takes into account any alternatives available to the infringer"); *FCX Solar, LLC v. FTC Solar, Inc.*, No. 1:21-CV-03556 (RA) (VF), 2022 WL 3584946, at *3 (S.D.N.Y. Aug. 22, 2022) ("ease and cost of designing around the claimed invention" relevant).

In addition, because it was undertaken to avoid infringement, "discovery into the nature and extent of a defendant's attempt to design around the patent is relevant to . . . whether a defendant's infringement was willful." *FCX Solar,* 2022 WL 3584946, at *6. Because discovery of the current DG3 is relevant to both reasonable royalty and willful infringement issues even if it were to be found non-infringing, Dometic's objections cannot be sustained.

The Court also should approve Seakeeper's request to depose a corporate representative on a select number of narrow topics directed to securing sworn testimony concerning this current design. Dometic has objected that such a deposition would subject it to duplicate discovery if later, Seakeeper were to seek a further Rule 30(b)(6) deposition on the same or overlapping topics. Seakeeper has narrowed these topics to ensure there will not be overlap with a future Rule 30(b)(6) deposition. Ex. I. Dometic's objections are premature and best addressed if and when such a further deposition request is issued. *Orthophoenix, LLC v. Stryker Corp.*, No. 13-1628-LPS at 6-10 (D. Del. Dec. 11, 2015) (rejecting objection that all topics must be noticed together as premature) (Ex. P). Seakeeper is not barred from pursuing a further Rule 30(b)(6) deposition, particularly here as the current request is occasioned by the need to remedy Dometic's discovery deficiencies. *Christy v. Pennsylvania Tpk. Comm'n*, 160 F.R.D. 51, 53 (E.D. Pa. 1995) (allowing second 30(6)(6) deposition on separate topics); *Perry v. Kelly-Springfield Tire Co.,* 117 F.R.D. 425, 426 (N.D.Ind.1987) (limiting second deposition to areas not covered in first); *Tramm v. Porter Mem. Hosp.,* 128 F.R.D. 666, 668 (N.D.Ind.1989) (same).

Accordingly, Plaintiffs respectfully request that the Court compel Dometic to: (1) with respect to Plaintiffs' RFPs and Interrogatories, produce responsive information about the current design to the same extent to which it has already agreed to produce information for the original design in accordance with the Scheduling Order; (2) with respect to its obligations under Paragraph 4(b), produce documents describing the configuration and operation of the current design, including testing data relating to heat transfer, as well as all sales documents relating to the current design within 10 days of the date of any order; (3) present a 30(b)(6) deposition witness regarding the revised topic list set forth in Exhibit I within 7 days thereafter.

3

                                        Respectfully,

                                        */s/ Steven J. Fineman*

                                        Steven J. Fineman (#4025)

cc: Counsel of Record (by CM/ECF and e-mail)