# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAKEEPER, INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>DOMETIC CORPORATION,<br><br>Defendant. | C.A. No. 25-0484-JCB |

**PLAINTIFF SEAKEEPER, INCORPORATED'S
FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-34)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Seakeeper, Incorporated ("Plaintiff" or "Seakeeper"), through its attorneys, hereby requests that Defendant Dometic Corporation ("Defendant" or "Dometic") produce the documents specified below within thirty (30) days of service of these First Set of Requests for Production (Nos. 1-34) ("Requests"), in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, and the definitions and instructions set forth below:

**DEFINITIONS AND INSTRUCTIONS**

1. The terms "you," "your," "Dometic" and "Defendant" refer to Defendant Dometic Corporation, its directors, officers, employees, attorneys, accountants, consultants, experts, representatives, agents, predecessors, successors, divisions, subsidiaries, or affiliates, past or present, any partnership or joint ventures to which they are a party, and all others acting or purporting to act on behalf of Defendant.

2. The term "Affiliate" as used herein means Dometic Group AB, Dometic Marine Canada and any other Person directly or indirectly controlling, controlled by or under common control with Dometic.

RLF1 34166149v.1

3. The term "Patents-in-Suit" means and refers to, individually and collectively, U.S. Patent Nos. 7,546,782 ("the '782 patent") and 8,117,930 ("the '930 patent").

4. The term "Related Patent" means a U.S. or foreign patent, patent application, provisional application, divisional, renewal, extension, continuation, foreign counterpart, reissues and re-examination that claims priority in whole or in part, directly or indirectly, to any Patents-in-Suit, or which claims, in whole or in part, directly or indirectly, any common priority with a Patent-in-Suit.

5. The term "Accused Products" shall mean the DG3 Gyro Stabilizer (including all past, current and future designs thereof), and any products alleged in the Complaint (and any amendments thereof) or identified in discovery responses, infringement contentions, or reports of experts to infringe one or more claims of the Patents-in-Suit.

6. The term "date" means the exact date, if known, or the closest approximation to the exact date as can be specified, including the year, month, week in a month or part of a month.

7. The term "person" means any natural person or any business, legal, or governmental entity, or association.

8. The terms "describe" or "description," when used with respect to any act, action, accounting, activity, audit, practice, process, occurrence, occasion, course of conduct, happening, negotiation, relationship, scheme, communication, conference, discussion, development, service, transaction, instance, incident or event, means to provide the following information: its general nature; the time and place thereof; a chronological account setting forth each element thereof, what such element consisted of and what transpired as a part thereof; the identity of each person who performed any function or had any role in connection therewith (e.g., speaker, participant, contributor of information, witness) or who has any knowledge thereof together with a

description of each such person's function, role, or knowledge; the identity of each document that refers thereto, or that was used, referred to, or prepared in the course or as a result thereof; and the identity of each communication that was a part thereof or referred thereto.

9. The terms "describe" or "description," when used in connection with any evaluation, calculation or computation, means to provide the following information: an explanation of its meaning; an explanation of the manner in which it was derived; the identity of each person who performed any function with respect thereto and a description of his or her function; the identity of each document which refers thereto or which was used, referred to or prepared in the course or as a result thereof; and the identity of each communication that occurred in the course of the preparation thereof; and the identity of each communication that occurred in the course of the preparation thereof or which referred thereto.

10. The terms "related to" and "relating to" shall be construed broadly and shall mean to constitute, contain, refer to, reflect upon, evidence, form the basis of, lend support to, mention, reflect, apply to, pertain to or discuss, or in any way logically or factually connect with the matters discussed.

11. "And," "or," and "and/or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. "Each" includes "every," and "every" as used herein includes "each," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13. "Any" includes "all," and "all" includes "any," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14. "All" shall be construed to include "each," and "each" shall be construed to include "all," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15. The use of the singular form of any word includes the plural and vice-versa, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16. Every assertion or assumption of fact or law in these requests, whether explicit or implicit, is modified by the word "alleged" or "allegedly." No admission is made in or may be implied from these requests.

17. Terms not specifically defined shall be given their ordinary meaning, If, in responding to a request, Defendant encounters any purported ambiguity, Defendant shall set forth the matter it claims is ambiguous and the construction of the ambiguity that Defendant believes is most reasonable and respond to the request applying that construction. Should Defendant not understand the meaning of any term, Defendant should immediately seek clarification through Plaintiff's counsel.

18. Each document requested shall be produced in its entirety. If any part of a document is responsive to any of the following requests, the entire document should be produced. If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with explanation stating why production of the remainder is not possible.

19. If Defendant objects to any request or any portion of any request, Defendant shall set forth with specificity the basis for the objection, state whether any responsive materials are being withheld on the basis of that objection, and should identify, to the extent possible, those documents that it will produce notwithstanding its objection.

20. These requests are continuing in nature so as to require Defendant to supplement its responses in accordance with the Federal Rules of Civil Procedure within a reasonable time if it obtains or becomes aware of any further information responsive to these requests.

21. Unless otherwise indicated in a particular request, the request is not date or time limited.

22. In answering these requests, Defendant must provide all information in its actual or constructive possession, custody or control, including without limitation information that may be in the physical possession of another person or entity, such as Defendant's advisors, attorneys, investigators, employees, agents, affiliates, representatives, officers, or directors. Defendant must make a diligent search of its records and other papers and materials in its possession, custody or control and furnish all responsive information therefrom. To the extent precise and complete information cannot be furnished, such information as is available shall be supplied. Where first-hand knowledge is not available, you should answer to the best of your information and belief, and any such answer should be so described.

23. In the event any response to these requests is not provided because the information has been altered or destroyed, then the following is requested: (a) a brief description of the subject matter of the information; (b) the identity of the author or creator of the information; (c) the source of the information; (d) all recipients of the information (including, but not limited to, those receiving copies and blind copies); (e) the date of the information, or any

copy or draft thereon which is not identical to the original, was created; (f) the date or approximate date the information was altered or destroyed; and (g) the person or persons responsible for the destruction or alteration of the information.

24. Each request shall be construed independently and, unless otherwise indicated, no request shall limit the scope of any other request.

25. Where an objection is made to a request, state all grounds on which the objection is based, and state whether any information is actually being withheld by reason of the objection. If you claim privilege in objecting to any request, please identify the nature of the privilege. To the extent that you believe that any request calls for information subject to a privilege, answer so much of the interrogatory as does not request allegedly privileged information, and set forth the basis of your claim of privilege with respect to the specific information you refuse to give.

26. These requests incorporate all definitions set out in Fed. R. Civ. P. 34 and request all documents and things enumerated therein which are in the possession, custody, or control of Dometic, either directly or through an affiliate, operating division, parent, subsidiary, successor, predecessor, officer, agent, attorney, consultant, or employee, or anyone acting on behalf of Dometic with respect to the subject matter inquired of by the requests.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents identified in Your initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied upon, considered or consulted by You in the preparation of those disclosures.

**REQUEST FOR PRODUCTION NO. 2:**

All documents identified in Your Answer, Affirmative Defenses or Counterclaims, if any, Opposition to Plaintiff's Motion for Preliminary Injunction, and Opposition to Plaintiff's Motion for a Temporary Restraining Order, if any, or used, relied upon, considered or consulted by You in the preparation of those filings

**REQUEST FOR PRODUCTION NO. 3:**

All documents identified in Your responses to interrogatories and requests for admission or used, relied upon, considered or consulted by You in the preparation of those discovery responses.

**REQUEST FOR PRODUCTION NO. 4:**

All documents that support, refute or otherwise relate to any claim, defense, allegation or potential remedy in this lawsuit.

**REQUEST FOR PRODUCTION NO. 5:**

All documents describing Your electronic data and document retention policies, as well as those of your Affiliates who have, or have in the past had, possession of documents responsive to any interrogatories, document requests or requests to admit served by Plaintiff in this action.

**REQUEST FOR PRODUCTION NO. 6:**

Any agreements relating to the subject matter or outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome or any person's obligation to indemnify.

**REQUEST FOR PRODUCTION NO. 7:**

For each person You intend to use as an expert witness: (a) a resume or curriculum vitae sufficient to describe that person's complete education, experience, and training; (b) all

publications, articles, books, and papers authored, coauthored, edited, or otherwise generated by that person; (c) all transcripts of any trial, deposition, or other testimony of that person in any other proceeding relating to marine gyrostabilizers; (d) all documents provided to that person in connection with this lawsuit; and (e) all documents relied on by that person in forming any opinions that have been or may be offered in this lawsuit.

**REQUEST FOR PRODUCTION NO. 8:**

All documents referring to, discussing, or which relate to Seakeeper's gyrostabilizer products.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and things relating to the design, development, functionality, or testing of any Accused Product, including specifications, requirement documents, schematics, manuals, drawings, guides, instructions, layouts, notebook entries, programming instructions, source code, technical records, meeting minutes, memoranda, and summary reports.

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to the features, methods, and functionality of the Accused Products, including specifications, requirement documents, schematics, manuals, drawings, guides, instructions, layouts, notebook entries, programming instructions, and source code.

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to any advantages or disadvantages of any feature, method, or functionality accused of infringement, including documents relating to any features that drive consumer demand for any Accused Product.

**REQUEST FOR PRODUCTION NO. 12:**

All organizational charts or other documents sufficient to identify the persons employed by or on behalf of You involved in the decision to develop, the research, the development, the manufacture, the testing, the marketing, the sale, and instructional materials, relating to the Accused Products, including documents sufficient to show the title and responsibilities of each such person.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to the decision to develop any Accused Product, including documents relating to the potential market for each product, potential competitors, and third-party patent rights.

**REQUEST FOR PRODUCTION NO. 14:**

All documents relating to the manufacture of any Accused Product, including product drawings, schematics, manuals, and test protocols.

**REQUEST FOR PRODUCTION NO. 15:**

Two samples of each Accused Product, including any packaging, instructions, guides, or labels for each product.

**REQUEST FOR PRODUCTION NO. 16:**

All documents relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of each Accused Product.

**REQUEST FOR PRODUCTION NO. 17:**

All documents relating to the manufacture, packaging, use, offer for sale, sale, importation, demonstration, and testing of each Accused Product in the United States.

**REQUEST FOR PRODUCTION NO. 18:**

All contracts and agreements with other persons related to the manufacture, testing, sale, development, marketing, or importation into the United States of any Accused Product.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and things referring to, discussing, or which relate to the Patents-in-Suit or any Related Patent, including Your first awareness of each of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 20:**

All documents relating to any patent, invention disclosure, or patent application, whether pending or abandoned, owned by, assigned to, or filed on behalf of You, relating to gyrostabilizers or any Accused Product, or that cites a Patent-in-Suit or a Related Patent.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and things concerning or forming the basis of any studies, evaluations, or opinions concerning the scope, validity, enforceability, or infringement of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 22:**

All documents and things relating to the alleged invalidity or unenforceability of any of the claims of the Patents-in-Suit, including but not limited to documents and things You intend to rely upon with respect thereto.

**REQUEST FOR PRODUCTION NO. 23:**

All documents relating to the level of technical knowledge, schooling, experience, and expertise of a person having ordinary skill in the art of any subject matter claimed in any Patent-in-Suit.

**REQUEST FOR PRODUCTION NO. 24:**

All documents and things relating to Your alleged non-infringement of any of the claims of the Patents-in-Suit, including but not limited to documents and things You intend to rely upon.

**REQUEST FOR PRODUCTION NO. 25:**

All documents relating to the meaning or scope of the claims in any Patent-in-Suit, including any documents on which You may rely to support any construction or interpretation of any claim limitation.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and things relating to Your denial, whether in whole or in part, of any allegations in the Complaint or any amendment thereof, including but not limited to documents and things You intend to rely upon with respect thereto.

**REQUEST FOR PRODUCTION NO. 27:**

All documents supporting, refuting, or otherwise relating to Plaintiff's entitlement to a preliminary and/or permanent injunction.

**REQUEST FOR PRODUCTION NO. 28:**

All documents relating to any communications between You (or anyone acting on Your behalf) and Your Affiliates or any other person, where such communications relate to any Patents-in-Suit, this lawsuit, or any claim, defense, or remedy in this lawsuit.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and things concerning any communications, including confidential communications to or from any individual or entity, concerning any attempts to design around the subject matter disclosed in or claimed by the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 30:**

All documents and things concerning any agreements between or among You or Your Affiliates and any other entity concerning Your gyrostabilizer products, including the Accused Products, and including but not limited to agreements concerning Regulator Marine, Inc.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and things relating to the advertising or promotion of any Accused Product, including any advertisements, advertising campaigns or demonstrations, advertising budgets and expenditures, brochures, pamphlets, videos, social media posts, catalogs, or price lists, as well as any documents that support or were relied upon in making any claims with respect to the Accused Products.

**REQUEST FOR PRODUCTION NO. 32:**

Documents, including organizational charts and personnel lists, sufficient to identify Your organizational structures concerning the Accused Products, and sufficient to identify all departments, groups and persons presently or previously responsible for the making, using, selling, offering for sale, research, development, commercialization, design, testing, characterization, evaluation, manufacturing, packaging, labeling, marketing, advertising, supplying, distribution, importation, export, accounting, or financial analysis related to the Accused Products.

**REQUEST FOR PRODUCTION NO. 33:**

All documents and things relating to the display, presentation, demonstration, marketing, advertising, offers to sell, sales, importation and design of the DG3 Products displayed or

demonstrated at the 2025 Miami International Boat Show and any other trade shows or conventions held in the United States.

**REQUEST FOR PRODUCTION NO. 34:**

All documents and things relating to Your relationship with any Affiliate concerning the Accused Products in any respect, including manufacture, marketing, sale, distribution, and support.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and things received, consulted, evaluated, communicated or exchanged with respect to the potential acquisition by Dometic or its Affiliates of Seakeeper, its assets or its technology, whether by or between Dometic and its Affiliates, or with third-parties, or other documents or things, whether or not communicated, that refer to, discuss, analyze, report, mention, comment upon, suggest, recommend, were considered in connection with, or which otherwise relate to the potential acquisition of Seakeeper, its assets or its technology, the benefits thereof, the terms thereof, the technology involved, the impact thereof, or any other element relevant thereto.

**REQUEST FOR PRODUCTION NO. 36:**

All documents and things that refer to, discuss, analyze, report, mention, comment upon, suggest, recommend, consider, rate, or which otherwise relate to features of, or the design of components of, marine gyrostabilizers, including but not limited to the cooling of bearings used therein, actual or imagined methods therefor, or consequences thereof, including but not limited to any non-infringing alternatives therefor.

| | |
|---|---|
| OF COUNSEL:<br><br>MARSHALL, GERSTEIN & BORUN LLP<br>6300 Willis Tower<br>233 S. Wacker Drive<br>Chicago, IL 60606<br>(312) 474-6300 | */s/ Kelly E. Farnan*<br>Steven J. Fineman (#4025)<br>Kelly E. Farnan (#4395)<br>Christine D. Haynes (#4697)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>302-651-7700<br>fineman@rlf.com<br>farnan@rlf.com<br>haynes@rlf.com<br><br>*Attorneys for Plaintiff*<br>*Seakeeper, Inc.* |

Dated: November 13, 2025

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2025, a true and correct copy of the foregoing document was caused to be served by e-mail on the following counsel:

**BY E-MAIL**

Andrew C. Mayo
Brian A. Biggs
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

**BY E-MAIL**

Oleg Khariton
Dinsmore & Shohl LLP
255 E. Fifth Street
Suite 1900
Cincinnati, OH 45202

**BY E-MAIL**

Michael. A. Xavier
Dinsmore & Shohl LLP
1775 Sherman Street
Suite 2600
Denver, CO 80203

              */s/ Christine D. Haynes*
              Christine D. Haynes (#4697)
              haynes@rlf.com

RLF1 34166149v.1