# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAKEEPER, INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>DOMETIC CORPORATION,<br><br>Defendant. | C.A. No. 25-0484-JCB |

**PLAINTIFF SEAKEEPER, INCORPORATED'S
FIRST SET OF INTERROGATORIES (NOS. 1-14)**

Plaintiff Seakeeper, Incorporated ("Plaintiff" or "Seakeeper"), through its attorneys, propounds the following first set of interrogatories to be answered by Defendant Dometic Corporation ("Defendant" or "Dometic"), in writing and under oath within thirty (30) days of service, in accordance with the applicable Federal Rules of Civil Procedure, Local Rules, and the definitions and instructions set forth below:

**DEFINITIONS AND INSTRUCTIONS**

1. The terms "you," "your," "Dometic" and "Defendant" refer to Defendant Dometic Corporation, its Affilaites, and their respective directors, officers, employees, attorneys, accountants, consultants, experts, representatives, agents, predecessors, successors, divisions, subsidiaries, or affiliates, past or present, any partnership or joint ventures to which they are a party, and all others acting or purporting to act on behalf of Defendant.

2. The term "Affiliate" as used herein means Dometic Group AB, Dometic Marine Canada and any other person directly or indirectly controlling, controlled by or under common control with Dometic.

3. The term "Patents-in-Suit" means and refers to, individually and collectively, U.S. Patent Nos. 7,546,782 ("the '782 patent") and 8,117,930 ("the '930 patent").

4. The term "Related Patent" means a U.S. or foreign patent, patent application, provisional application, divisional, renewal, extension, continuation, foreign counterpart, reissues and re-examination that claims priority in whole or in part, directly or indirectly, to any Patents-in-Suit, or which claims, in whole or in part, directly or indirectly, any common priority with a Patent-in-Suit.

5. The term "Accused Products" shall mean the DG3 Gyro Stabilizer (including all past, current and future designs thereof), and any products alleged in the Complaint (and any amendments thereof) or identified in discovery responses, infringement contentions, or reports of experts to infringe one or more claims of the Patents-in-Suit.

6. The term "date" means the exact date, if known, or the closest approximation to the exact date as can be specified, including the year, month, week in a month or part of a month.

7. The term "person" means any natural person or any business, legal, or governmental entity, or association.

8. The terms "describe" or "description," when used with respect to any act, action, accounting, activity, audit, practice, process, occurrence, occasion, course of conduct, happening, negotiation, relationship, scheme, communication, conference, discussion, development, service, transaction, instance, incident or event, means to provide the following information: its general nature; the time and place thereof; a chronological account setting forth each element thereof, what such element consisted of and what transpired as a part thereof; the identity of each person who performed any function or had any role in connection therewith (e.g., speaker, participant,

contributor of information, witness) or who has any knowledge thereof together with a description of each such person's function, role, or knowledge; the identity of each document that refers thereto, or that was used, referred to, or prepared in the course or as a result thereof; and the identity of each communication that was a part thereof or referred thereto.

      9.     The terms "describe" or "description," when used in connection with any evaluation, calculation or computation, means to provide the following information: an explanation of its meaning; an explanation of the manner in which it was derived; the identity of each person who performed any function with respect thereto and a description of his or her function; the identity of each document which refers thereto or which was used, referred to or prepared in the course or as a result thereof; and the identity of each communication that occurred in the course of the preparation thereof; and the identity of each communication that occurred in the course of the preparation thereof or which referred thereto.

      10.     The terms "related to" and "relating to" shall be construed broadly and shall meant to constitute, contain, refer to, reflect upon, evidence, form the basis of, lend support to, mention, reflect, apply to, pertain to or discuss, or in any way logically or factually connect with the matters discussed.

      11.     "And," "or," and "and/or" shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

      12.     "Each" includes "every," and "every" as used herein includes "each," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13. "Any" includes "all," and "all" includes "any," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14. "All" shall be construed to include "each," and "each" shall be construed to include "all," as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

15. The use of the singular form of any word includes the plural and vice-versa, as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16. Every assertion or assumption of fact or law in these interrogatories, whether explicit or implicit, is modified by the word "alleged" or "allegedly." No admission is made in or may be implied from these interrogatories.

17. Terms not specifically defined shall be given their ordinary meaning, If, in responding to an interrogatory, Defendant encounters any purported ambiguity, Defendant shall set forth the matter it claims is ambiguous and the construction of the ambiguity that Defendant believes is most reasonable and respond to the interrogatory applying that construction. Should Defendant not understand the meaning of any term, Defendant should immediately seek clarification through Plaintiff's counsel.

18. In answering these interrogatories, Defendant must provide all information in its actual or constructive possession, custody or control, including without limitation information that may be in the physical possession of another person or entity, such as Defendant's advisors, attorneys, investigators, employees, agents, affiliates, representatives, officers, directors, or

officials. Defendant must make a diligent search of its records and other papers and materials in its possession, custody or control and furnish all responsive information therefrom. To the extent precise and complete information cannot be furnished, such information as is available shall be supplied. Where first-hand knowledge is not available, you should answer to the best of your information and belief, and any such answer should be so described.

19. In the event any response to these interrogatories is not provided because the information has been altered or destroyed, then the following is requested: (a) a brief description of the subject matter of the information; (b) the identity of the author or creator of the information; (c) the source of the information; (d) all recipients of the information (including, but not limited to, those receiving copies and blind copies); (e) the date of the information, or any copy or draft thereon which is not identical to the original, was created; (f) the date or approximate date the information was altered or destroyed; and (g) the person or persons responsible for the destruction or alteration of the information.

20. These interrogatories shall be deemed continuing and, if Defendant either directly or indirectly obtains further or different information after responding to these requests, Defendant has a duty to supplement its responses upon receipt of such information.

21. Each interrogatory shall be construed independently and, unless otherwise indicated, no request shall limit the scope of any other request.

22. Where an objection is made to an interrogatory, state all grounds on which the objection is based, and state whether any information is actually being withheld by reason of the objection. If you claim privilege in objecting to any request, please identify the nature of the privilege. To the extent that you believe that any request calls for information subject to a

privilege, answer so much of the interrogatory as does not request allegedly privileged information, and set forth the basis of your claim of privilege with respect to the specific information you refuse to give.

23. These interrogatories incorporate all definitions set out in Fed. R. Civ. P. 33 and 34 and request all information, documents and things enumerated therein which are in the possession, custody, or control of Dometic, either directly or through an affiliate, operating division, parent, subsidiary, successor, predecessor, officer, agent, attorney, consultant, or employee, or anyone acting on behalf of Dometic with respect to the subject matter inquired of by the interrogatories.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Describe all facts and circumstances under which You and each of Your Affiliates first became aware of each patent and Your and/or Your Affiliates' response thereto.

Your response should state the date(s) when this occurred, the source of the information, the identity of the person(s) who received the information, when and how You and each of Your Affiliates first obtained a copy of that patent, and all actions taken by You, Your Affiliates, or any of Your or their directors, officers, employees, attorneys, or agents, as a result their awareness, including a detailed description of all written or oral opinions, evaluations, analyses, valuations, reports, or testing relating to the Patents-in-Suit or the designs disclosed or claimed therein and reverse engineering efforts and/or efforts to design around those patents, and include in your response the identity of the individuals involved in any of the foregoing, describing the

involvement of each, and the identity of any documents or communications that refer to, reflect, or otherwise relate to the development of the foregoing.

**INTERROGATORY NO. 2:**

If You allege that any of the Accused Products do not infringe the Patents-in-Suit, state in detail the complete legal and factual bases for such contention.

Your response should include for each element in each asserted claim, a statement regarding whether such element is present in or practiced by, literally or under the doctrine of equivalents, each Accused Product, and if your contention is that element is not present or practiced, explain all reasons for Your denial and describe the relevant distinctions between the Accused Product and the claim element, identify the individuals most knowledgeable concerning those reasons or the facts supportive thereof, describing the knowledge possessed by each, and identify any documents or communications that refer to, reflect, or otherwise relate to the reasons for your denials. Your response to this interrogatory should provide at least the same degree of detail as You will present those bases and distinctions in connection with dispositive motions and at trial, whichever level of detail is greatest.

**INTERROGATORY NO. 3:**

For each claim of the Patents-in-Suit that You allege is invalid, describe in detail the basis for your assertion.

If You assert that the claim is invalid pursuant to Sections 102 or 103 of Title 35 of the United States Code, Your response should include an identification of each item of prior art, if any, you contend renders the claim invalid, whether alone or in combination, specify any and all disclosures in each prior art reference that you contend discloses each element of the claim and

7

the claim element to which each disclosure pertains, state whether that prior art anticipates or renders the claim obvious, and if obvious, describe the characteristics of a person of ordinary skill in the relevant art, detail the combination You contend a person of ordinary skill in the art would have been motivated to make, describe the factual basis and identify any evidence supporting Your contention that such a person would have been motivated to make such a combination, explain why such a person would have reasonably expected such combination to have been successful and identify any evidence supporting that contention, and state whether you dispute that the invention recited in that claim experienced commercial success, solved a long felt need, or produced unexpected results, or whether you dispute that others had earlier attempted but failed to solve the problem addressed by the invention recited in that claim, or whether you dispute that others copied the invention recited in that claim, and explain the basis for Your refusal to concede these objective indicia of non-obviousness and identify any evidence supporting your refusal to concede, and if You assert that the claim is invalid pursuant to Section 112 of Title 35, describe in what specific manner the patent's specification(s) fails to enable a person of skill in the art to practice the invention recited in the claim, or fails provide written descriptive support for any element of the claim, and detail the evidence that supports each of Your assertions, including the identity of the individuals most knowledgeable concerning the facts upon which You rely and a description of the knowledge possessed by each, and the identity of any documents or communications that refer to, reflect, rebut, cast doubt upon or otherwise relate to such facts.

Your response should provide at least the same degree of detail in which you will present these invalidity defenses in connection with dispositive motions and at trial, whichever level of detail is greatest.

**INTERROGATORY NO. 4:**

Identify and describe all communications You and/or Your Affiliates have had with any other person, including Regulator Marine Inc., in which reference was made to Plaintiff, Plaintiff's gyroscopic stabilizer products, Plaintiff's intellectual property including any of the Patents-in-Suit, and/or this litigation, and include the identity of the individuals most knowledgeable concerning such communications, a description of the knowledge possessed by each, and identify any documents or communications that refer to, reflect, or otherwise relate to such communications.

**INTERROGATORY NO. 5:**

With respect to your responsive pleadings, describe all facts that support Your refusal or failure to admit facts alleged in the Complaint and/or that support any claims or defenses You assert in this litigation, including the identity of each person likely to have information related to those facts and a description of the knowledge possessed by each, and the identity of any

documents or communications that refer to, reflect, rebut, cast doubt upon or otherwise relate to such facts.

**INTERROGATORY NO. 6:**

Describe all circumstances surrounding any actual and potential sales of the Accused Products.

Your response should identify all customers and potential purchasers of the Accused Products and describe any communications or discussions therewith that refer to, reflect or otherwise relate to any offers to sell the Accused Products, to purchase the Accused Products, or to actual or potential sales, shipments, or installation of the Accused Products, or that instruct in the use thereof, including the total units discussed with, offered to or purchased by each, their price, your actual or expected revenues on such purchases, any other products or services offered to or purchased by such actual or potential purchasers or whose purchase you otherwise contemplated or anticipated securing in connection with the Accused Products ("Convoyed Products"), and the gross profit, net profit, costs of goods sold, and operating margins contemplated, anticipated, or realized on such actual or potential sales for the Accused Products and any Convoyed Products referred to above, and identify the individuals involved in any of the foregoing, describing the involvement of each, and identify any documents or communications that refer to, reflect, or otherwise relate to any of the foregoing.

**INTERROGATORY NO. 7:**

Describe in detail the development of the Accused Products.

Your response should include the reasons for originating and/or continuing the development thereof, concerns expressed with respect thereto, the initial proposals relating

thereto, the configurations and designs proposed, considered, or adopted (including, but not limited to, aspects relating to cooling) and reasons for their proposal, rejection, abandonment or selection, the testing proposed, contemplated or conducted with respect to any such configurations or designs, identify the individuals involved in any of the foregoing, describing the involvement of each, and identify any documents or communications that refer to, reflect, or otherwise relate to the development of the Accused Products.

**INTERROGATORY NO. 8:**

Describe in detail the circumstances surrounding all marketing, advertising, published videos, brochures, verbal statements to actual or potential customers, or other promotions that refer to or relate to the Accused Products.

Your response should include all information or material either supportive of or which casts doubt upon any statements or assertions made therein, the reasons for such publications or assertions or for the statements made therein, any concerns expressed with respect thereto, all changes made to the content thereof, or alternatives suggested, proposed, considered, or contemplated therefor and the reasons for their proposal, rejection, or alteration, identify the individuals involved in any of the foregoing, describing the involvement of each, and identify any documents or communications that refer to, reflect, or otherwise relate to any of the foregoing.

**INTERROGATORY NO. 9:**

Describe in detail Your corporate structure, including Your relationship with Your Affiliates, including but not limited to Dometic Marine Canada Inc. and Dometic Group AB, and

11

include in your response a description of any documents, agreements, and communications that evidence such a structure and/or relationship.

**INTERROGATORY NO. 10:**

Describe in detail any harm to Dometic that You contend would result from entry of a preliminary injunction or other equitable relief, and include in your response the identity of the individuals knowledgeable concerning each such fact, describing the knowledge of each, and identify any documents or communications that refer to, reflect, or otherwise relate to such facts.

**INTERROGATORY NO. 11:**

Describe Your use of, responsibility for, and control over the dometic.com website and identify any documents or communications that refer to, reflect, or otherwise describe that use, responsibility or control.

**INTERROGATORY NO. 12:**

With respect to damages, describe all facts that support, rebut or relate to the factors outlined in *Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F.2d 1152, 1156 (6th Cir. 1978) and *Georgia-Pacific Corp. v. United States Plywood Corp.* 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

Your response should include the demand for the patented product, the absence of acceptable noninfringing alternatives, the capacity to exploit that demand, the amount of profit the Plaintiff would have made, a description of all licenses, agreements, settlements, or covenants not to sue relating to technology comparable to the Asserted Patents or involving the Accused Products, a description of all alleged non-infringing alternatives existing during the period of alleged infringement, including their feasibility, cost, performance, and availability,

12

and include in your response the identity of the individuals knowledgeable concerning each such fact, describing the knowledge of each, and identify any documents or communications that refer to, reflect, or otherwise relate to any such agreements, alternatives, or facts.

### **INTERROGATORY NO. 13:**

Describe the use or communication of all information obtained from Plaintiff by You or Your Affiliates concerning Plaintiff's business, operations, finances, revenues, plans, projections or products, including the persons with whom shared, the information shared with each, the reasons therefor, the restrictions imposed on the receipt or dissemination of such information, and any documents or communications that refer to, reflect, or otherwise relate to any the receipt thereof, the communications thereof or the conditions placed thereon.

### **INTERROGATORY NO. 14:**

State all facts supporting Your contentions that You and/or Your Affiliates should not be enjoined, in whole or in part, in the event infringement is found, and the identity of the individuals knowledgeable concerning each such fact, describing the knowledge of each, and identify any documents or communications that refer to, reflect, rebut, cast doubt upon or otherwise relate to such facts.

| | |
|---|---|
| OF COUNSEL: | */s/ Steven J. Fineman*<br>Steven J. Fineman (#4025)<br>Kelly E. Farnan (#4395) |
| MARSHALL, GERSTEIN & BORUN LLP<br>6300 Willis Tower<br>233 S. Wacker Drive<br>Chicago, IL 60606<br>(312) 474-6300 | Christine D. Haynes (#4697)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>302-651-7700<br>fineman@rlf.com<br>farnan@rlf.com<br>haynes@rlf.com<br><br>*Attorneys for Plaintiff*<br>*Seakeeper, Inc.* |

Dated: November 24, 2025

14

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2025, a true and correct copy of the foregoing document was caused to be served by e-mail on the following counsel:

**BY E-MAIL**

Andrew C. Mayo
Brian A. Biggs
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

**BY E-MAIL**

Oleg Khariton
Dinsmore & Shohl LLP
255 E. Fifth Street
Suite 1900
Cincinnati, OH 45202

**BY E-MAIL**

Michael. A. Xavier
Dinsmore & Shohl LLP
1775 Sherman Street
Suite 2600
Denver, CO 80203

*/s/ Christine D. Haynes*
Christine D. Haynes (#4697)
haynes@rlf.com