# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEAKEEPER INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-484-JCB |
| | ) | |
| DOMETIC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DOMETIC CORP.'S RESPONSES TO PLAINTIFF SEAKEEPER,
INC.'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34 and District of Delaware Local Rule 26.1(b), Defendant Dometic Corporation ("Dometic") hereby states, through the undersigned counsel, the following objections and responses to the First Set of Requests for Production (Nos. 1-36)[1] ("Requests") served by Plaintiff Seakeeper, Incorporated ("Seakeeper") on November 13, 2025.

**GENERAL OBJECTIONS**

Dometic makes the following General Objections, whether or not separately set forth in response to each request, to each and every instruction, definition, and request made in the Request.

1.    Dometic's responses and objections are based upon its current knowledge, belief, and understanding of the facts and upon information and documents presently available. Without in any way obligating itself to do so beyond the requirements of the Federal Rules of Civil Procedure, the Local Rules, or any other governing law, Dometic reserves the right to modify or supplement its responses as may be appropriate. These responses are given without prejudice to relying on or using at trial any subsequently discovered information or any

---

[1] Titled "Nos. 1-34" but containing thirty six (36) Requests for Production.

information omitted from these responses as a result of mistake, misunderstanding, error, oversight, inadvertence, or other unavailability. These responses and objections are made without waiving any objections to the introduction into evidence of any information provided or documents referenced in these responses, and Dometic reserves all objections and questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of these responses or the subject matter thereof in this or any other action.

2.      Dometic objects to each Request to the extent it seeks information that is irrelevant, not material to this action, not proportional to the needs of the case, and/or not reasonably calculated to lead to the discovery of admissible evidence.

3.      Dometic objects to each Request the extent that it seeks information protected from disclosure or discovery by the attorney-client privilege, the work product doctrine, or any other privilege or protection arising under governing law.

4.      Dometic objects to each Request to the extent it calls for information and/or documents that embody material that is private, business confidential, proprietary, or trade secret. To the extent that any Request calls for information and/or documents which Dometic deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure by governing law, Dometic will provide such information and/or documents only upon the entry of, and subject to the terms of, an appropriate protective order against the unauthorized use or disclosure of such information (and, pending the entry of such on order, subject to Delaware Local Rule 26.2).

5.      A statement by Dometic that it agrees to produce documents means that it will produce any non-privileged or otherwise immune protected documents in its possession, custody, or control based upon a reasonable search, and does not constitute a representation that such documents exist or are relevant to any issues in this action.

6.     Dometic objects to the definitions of "you," "your," "Dometic," "Defendant," and "affiliate" as including any people or entities other than Dometic Corporation—the entity named as a defendant in this case—and Dometic Marine Canada, Inc. ("Dometic Marine Canada").  As stated in the parties' Joint Rule 26(f) Report, Dometic Corporation agrees that documents and things in the possession, custody, and control of Dometic Marine Canada shall be deemed to be in the possession, custody and control of Dometic Corporation, for purposes of cooperation and discovery in this matter only.  (D.I. 130.)  Dometic thus agrees to collect, search, and produce relevant, non-privileged documents in the possession, custody, or control of those entities and no others.  Dometic's references to itself in these Responses mean the same.  Unless expressly stated in Dometic's Responses, nothing in the Responses is intended or should be construed as an agreement by Dometic to collect, search, or produce documents in the possession, custody, or control of any other entities.

7.     Dometic objects to the definition of "Related Patent" as both unclear and unduly burdensome. To the extent Seakeeper seeks Dometic's responses to any Request regarding any patent, application, or other filing or proceeding not asserted in this case, Dometic requests that Seakeeper identify those matters.

8.     Dometic objects to the definition of "Accused Products" as extending beyond the version of the DG3 Gyro Stabilizer as identified in the Complaint in this case, as that is the only product accused of infringing the Patents-in-Suit. Dometic's responses to the Requests intend "Accused Products" to mean only that version of the DG3 Gyro Stabilizer.

9.     Dometic objects to each Request to the extent it is not limited to a relevant time period, to the extent the specified period is irrelevant, or to the extent the specified period includes periods of time for which Defendants would not possess discoverable information.

## RESPONSES AND OBJECTIONS TO PARTICULAR REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents identified in Your initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied upon, considered or consulted by You in the preparation of those disclosures.

**RESPONSE:** Dometic objects to the scope of this Request to the extent that, by requiring Dometic to disclose "all documents" that it "used, relied upon, considered or consulted" in preparing its initial disclosures under Federal Rule of Civil Procedure 26(a), the Request seeks to discover the mental impressions, conclusions, opinions, and/or legal theories of Dometic's attorneys, all of which are protected by the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents referenced in its initial disclosures, to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:** All documents identified in Your Answer, Affirmative Defenses or Counterclaims, if any, Opposition to Plaintiff's Motion for Preliminary Injunction, and Opposition to Plaintiff's Motion for a Temporary Restraining Order, if any, or used, relied upon, considered or consulted by You in the preparation of those filings.

**RESPONSE:** Dometic objects to the scope of this Request to the extent that, by requiring Dometic to disclose "all documents" that it "used, relied upon, considered or consulted" in preparing its responsive pleading, Opposition to Plaintiff's Motion for Preliminary Injunction, and Opposition to Plaintiff's Motion for a Temporary Restraining Order, the Request seeks to discover the mental impressions, conclusions, opinions, and/or legal theories of Dometic's attorneys, all of which are protected by the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents referenced

in the submissions identified in the Request, to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:** All documents identified in Your responses to interrogatories and requests for admission or used, relied upon, considered or consulted by You in the preparation of those discovery responses.

**RESPONSE:** Dometic objects to the scope of this Request to the extent that, by requiring Dometic to disclose "all documents" that it "used, relied upon, considered or consulted" in preparing its responses to interrogatories and requests for admission, the Request seeks to discover the mental impressions, conclusions, opinions, and/or legal theories of Dometic's attorneys, all of which are protected by the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents referenced in its responses to interrogatories and requests for admission, to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located upon a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:** All documents that support, refute or otherwise relate to any claim, defense, allegation or potential remedy in this lawsuit.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents" that "relate to any claim, defense, allegation or potential remedy" in this action, without any further limitation. Dometic further objects to this Request to the extent it purports to require Dometic to make evidentiary judgments that are beyond what is required by Rule 34 and are protected by the work-product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce documents that it will rely on at any trial or hearing in this action to support its claims or defenses, to the extent such documents are within Dometic's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 5:** All documents describing Your electronic data and document retention policies, as well as those of your Affiliates who have, or have in the past had, possession of documents responsive to any interrogatories, document requests or requests to admit served by Plaintiff in this action.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents" describing its "electronic data and document retention policies," as well as those of its Affiliates, without any further limitation.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents sufficient to show its electronic data and document retention policies, to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:** Any agreements relating to the subject matter or outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome or any person's obligation to indemnify.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all agreements relating to the subject matter . . . of this lawsuit," without any further limitation.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce contracts reflecting any third party's obligation to indemnify Dometic, or Dometic's obligation to indemnify any third party, with respect to this lawsuit, to the extent such agreements exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 7:** For each person You intend to use as an expert witness: (a) a resume or curriculum vitae sufficient to describe that person's complete education, experience, and training; (b) all publications, articles, books, and papers authored, coauthored, edited, or otherwise generated by that person; (c) all transcripts of any trial, deposition, or other testimony of that person in any other proceeding relating to marine gyrostabilizers; (d) all documents provided to that person in connection with this lawsuit; and (e) all documents relied on by that person in forming any opinions that have been or may be offered in this lawsuit.

**RESPONSE:** Dometic objects to this Request as premature, in that discovery is in the early stages and Dometic has not had the opportunity to obtain all information and documents that it may utilize with experts, much of which is likely in the custody or control of Seakeeper. Dometic further objects to this Request as premature because it seeks documents in advance of the expert disclosure deadlines set forth in the Court's Scheduling Order. Dometic further objects to the scope of this Request to the extent it calls for the production of documents beyond those required to be produced by Rule 26(a)(2) of the Federal Rules of Civil Procedure. Dometic further objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks copies of "all publications, articles, books, and papers authored, coauthored, edited, or otherwise generated by," its expert witnesses, as well as "all transcripts of any trial, deposition, or other testimony of [those] person[s] in any other proceeding relating to marine gyrostabilizers."

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic states that it will comply with the expert disclosure requirements in the Court's Scheduling Order and the applicable rules within the timeframe specified therein.

**REQUEST FOR PRODUCTION NO. 8:** All documents referring to, discussing, or which relate to Seakeeper's gyrostabilizer products.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents" that "relate to" a broad topic, without any further limitation. Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents concerning Seakeeper's gyrostabilizer products, to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:** All documents and things relating to the design, development, functionality, or testing of any Accused Product, including specifications, requirement documents, schematics, manuals, drawings, guides, instructions, layouts, notebook entries, programming instructions, source code, technical records, meeting minutes, memoranda, and summary reports.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents" that "relat[e] to" multiple broad topics, without any further limitation. Dometic further objects to the scope of this Request as overly broad and not relevant

to any party's claims or defenses to the extent it seeks information about products not accused

of infringement in the Complaint.  Dometic further objects to this Request to the extent it seeks

documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific

objections as to this Request, Dometic agrees to produce non-privileged documents concerning

the design, development, functionality, and testing of the Accused Product (as defined in

Dometic's General Objection No. 7 to these Requests), to the extent such documents exist, are

within Dometic's possession, custody, and control, and can be located through a reasonable

search.

**REQUEST FOR PRODUCTION NO. 10:** All documents relating to the features, methods,
and functionality of the Accused Products, including specifications, requirement documents,
schematics, manuals, drawings, guides, instructions, layouts, notebook entries, programming
instructions, and source code.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome,

seeking the production of information that is not relevant and not reasonably calculated to lead

to the discovery of admissible evidence, and not proportional to the needs of this case, to the

extent it seeks "all documents" that "relat[e] to" multiple broad topics, without any further

limitation.  Dometic further objects to the scope of this Request as overly broad and not relevant

to any party's claims or defenses to the extent it seeks information about products not accused

of infringement in the Complaint.  Dometic further objects to the scope of this Request as vague

and ambiguous because the phrase "methods . . . of the Accused Products" is not clear.

Dometic further objects to this Request to the extent it seeks documents protected by the

attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific

objections as to this Request, Dometic agrees to produce non-privileged documents concerning

the features and functionality of the Accused Product (as defined in Dometic's General

Objection No. 7 to these Requests), to the extent such documents exist, are within Dometic's

possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 11:** All documents relating to any advantages or disadvantages of any feature, method, or functionality accused of infringement, including documents relating to any features that drive consumer demand for any Accused Product.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome,

seeking the production of information that is not relevant and not reasonably calculated to lead

to the discovery of admissible evidence, and not proportional to the needs of this case, to the

extent it seeks "all documents" that "relat[e] to" multiple broad topics, without any further

limitation. Dometic further objects to the scope of this Request as overly broad and not relevant

to any party's claims or defenses to the extent it seeks information about products not accused

of infringement in the Complaint. Dometic further objects to this Request because the terms

"advantages" and "disadvantages" are inherently subjective and thus purport to require

Dometic to make evidentiary judgments that are beyond what is required by Rule 34 and are

protected by the work-product doctrine. Dometic further objects to this Request to the extent

it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific

objections as to this Request, Dometic agrees to produce non-privileged documents referring

to, or discussing, the perceived advantages or disadvantages of the Accused Product (as defined

in Dometic's General Objection No. 7 to these Requests), to the extent such documents exist,

are within Dometic's possession, custody, and control, and can be located through a reasonable

search.

**REQUEST FOR PRODUCTION NO. 12:** All organizational charts or other documents sufficient to identify the persons employed by or on behalf of You involved in the decision to develop, the research, the development, the manufacture, the testing, the marketing, the sale,

and instructional materials, relating to the Accused Products, including documents sufficient to show the title and responsibilities of each such person.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all organizational charts and other documents" related to a broad topic, without any limitation. Dometic further objects to the scope of this Request as overly broad and not relevant to any party's claims or defenses to the extent it seeks information about products not accused of infringement in the Complaint.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents sufficient to identify the persons primarily responsible for the design, development, manufacture, testing, marketing, and sale of the Accused Product (as defined in Dometic's General Objection No. 7 to these Requests), to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 13:** All documents relating to the decision to develop any Accused Product, including documents relating to the potential market for each product, potential competitors, and third-party patent rights.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents" related to multiple broad topics, without any limitation. Dometic further objects to the scope of this Request as overly broad and not relevant to any party's claims or defenses to the extent it seeks information about products not accused of infringement in the Complaint. Dometic further objects to the scope of this Request as vague and ambiguous because the terms "potential market," "potential competitors," and "third-party

patent rights" are unclear.  Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents concerning the decision to develop the Accused Product (as defined in Dometic's General Objection No. 7 to these Requests), to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:** All documents relating to the manufacture of any Accused Product, including product drawings, schematics, manuals, and test protocols.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents" that "relat[e] to" a broad topic, without any further limitation. Dometic further objects to the scope of this Request as overly broad and not relevant to any party's claims or defenses because the Patents-in-Suit do not concern a method of manufacture. Dometic further objects to the scope of this Request as overly broad and not relevant to any party's claims or defenses to the extent it seeks information about products not accused of infringement in the Complaint.  Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic states that it is willing to meet and confer with Seakeeper regarding the scope and purpose of this Request.

**REQUEST FOR PRODUCTION NO. 15:** Two samples of each Accused Product, including any packaging, instructions, guides, or labels for each product.

**RESPONSE:** Dometic objects to the scope of this Request as unduly burdensome and not proportional to the needs of this case because complying with it would require Dometic to incur significant expense. Dometic further objects to the scope of this Request as overly broad and not relevant to any party's claims or defenses to the extent it seeks samples of products not accused of infringement in the Complaint.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic states that it is willing to meet and confer with Seakeeper regarding the scope and purpose of this Request.

**REQUEST FOR PRODUCTION NO. 16:** All documents relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of each Accused Product.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents" that "relat[e] to" multiple broad topics, without any further limitation. Dometic further objects to the scope of this Request as overly broad and not relevant to any party's claims or defenses to the extent it seeks information about products not accused of infringement in the Complaint. Dometic further objects to the scope of this Request as vague and ambiguous because the terms "first disclosure" is not clear. Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents sufficient to show the first use, first offer for sale, first sale, first importation, first demonstration, and first test of the Accused Product (as defined in Dometic's General Objection No. 7 to these

Requests), to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 17:** All documents relating to the manufacture, packaging, use, offer for sale, sale, importation, demonstration, and testing of each Accused Product in the United States.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents" that "relat[e] to" multiple broad topics, without any further limitation. Dometic further objects to the scope of this Request as overly broad and not relevant to any party's claims or defenses to the extent it seeks information relating to the manufacture of the Accused Device. Dometic further objects to the scope of this Request as overly broad and not relevant to any party's claims or defenses to the extent it seeks information about products not accused of infringement in the Complaint. Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents sufficient to show the packaging, offer for sale, sale, importation, demonstration, and testing of the Accused Product (as defined in Dometic's General Objection No. 7 to these Requests) in the United States, to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 18:** All contracts and agreements with other persons related to the manufacture, testing, sale, development, marketing, or importation into the United States of any Accused Product.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all contracts and agreements with other persons" that "relate[] to" multiple broad topics, without any further limitation.  Dometic further objects to the scope of this Request as overly broad and not relevant to any party's claims or defenses to the extent it seeks information about products not accused of infringement in the Complaint.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce agreements with third parties concerning the manufacture, testing, sale, development, marketing, or importation into the United States of the Accused Product (as defined in Dometic's General Objection No. 7 to these Requests), to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 19:** All documents and things referring to, discussing, or which relate to the Patents-in-Suit or any Related Patent, including Your first awareness of each of the Patents-in-Suit.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents" that "relate to" multiple broad topics, without any further limitation.  Defendants further objects to the scope of this Request as overly broad, not relevant to any party's claims or defenses, and vague and ambiguous to the extent it encompasses the "Related Patents."  Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents referring to, or discussing, the Patents-in-Suit, to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 20:** All documents relating to any patent, invention disclosure, or patent application, whether pending or abandoned, owned by, assigned to, or filed on behalf of You, relating to gyrostabilizers or any Accused Product, or that cites a Patent-in-Suit or a Related Patent.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents" that "relate to" multiple broad topics, without any further limitation. Dometic further objects to the scope of this Request as overly broad and not relevant to any party's claims or defenses to the extent it seeks information about products not accused of infringement in the Complaint. Defendants further objects to the scope of this Request as overly broad, not relevant to any party's claims or defenses, and vague and ambiguous to the extent it encompasses the "Related Patents." Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents concerning U.S. Patent Application No. 2024/0400167 (referenced in Paragraph 53 of the Complaint), to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 21:** All documents and things concerning or forming the basis of any studies, evaluations, or opinions concerning the scope, validity, enforceability, or infringement of the Patents-in-Suit.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents" that "concern[]" multiple broad topics, without any further limitation. Dometic further objects to this Request to the extent it prematurely seeks discovery of legal conclusions, contentions discovery, and/or expert opinions. Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged studies, evaluations, or opinions concerning the scope, validity, enforceability, or infringement of the Patents-in-Suit, to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 22:** All documents and things relating to the alleged invalidity or unenforceability of any of the claims of the Patents-in-Suit, including but not limited to documents and things You intend to rely upon with respect thereto.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents and things" that "relat[e] to" multiple broad topics, without any further limitation. Dometic further objects to this Request to the extent it prematurely seeks discovery of legal conclusions, contentions discovery, and/or expert opinions. Dometic further objects to this Request to the extent it purports to require Dometic to make evidentiary

judgments that are beyond what is required by Rule 34 and are protected by the work-product doctrine.  Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce documents that it will rely on at any trial or hearing in this action to support its contentions regarding the invalidity or unenforceability of the Patents-in-Suit, to the extent such documents are within Dometic's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 23:** All documents relating to the level of technical knowledge, schooling, experience, and expertise of a person having ordinary skill in the art of any subject matter claimed in any Patent-in-Suit.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents" that "relat[e] to" a broad topic, without any further limitation. Dometic further objects to this Request to the extent it prematurely seeks discovery of legal conclusions, contentions discovery, and/or expert opinions.  Dometic further objects to this Request to the extent it purports to require Dometic to make evidentiary judgments that are beyond what is required by Rule 34 and are protected by the work-product doctrine.  Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce documents that it will rely on at any trial or hearing in this action to support its contentions regarding the level of ordinary skill in the art, to the extent such documents are within Dometic's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 24:** All documents and things relating to Your alleged non-infringement of any of the claims of the Patents-in-Suit, including but not limited to documents and things You intend to rely upon.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents" that "relat[e] to" a broad topic, without any further limitation. Dometic further objects to this Request to the extent it prematurely seeks discovery of legal conclusions, contentions discovery, and/or expert opinions. Dometic further objects to this Request to the extent it purports to require Dometic to make evidentiary judgments that are beyond what is required by Rule 34 and are protected by the work-product doctrine. Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce documents that it will rely on at any trial or hearing in this action to support its non-infringement contentions, to the extent such documents are within Dometic's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 25:** All documents relating to the meaning or scope of the claims in any Patent-in-Suit, including any documents on which You may rely to support any construction or interpretation of any claim limitation.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents" that "relat[e] to" a broad topic, without any further limitation. Dometic further objects to this Request to the extent it prematurely seeks discovery of legal conclusions, contentions discovery, and/or expert opinions. Dometic further objects to this

Request to the extent it purports to require Dometic to make evidentiary judgments that are beyond what is required by Rule 34 and are protected by the work-product doctrine.  Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce documents that it will rely on at any trial or hearing in this action to support its contentions regarding claim construction, to the extent such documents are within Dometic's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 26:** All documents and things relating to Your denial, whether in whole or in part, of any allegations in the Complaint or any amendment thereof, including but not limited to documents and things You intend to rely upon with respect thereto.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents" that "relat[e] to" a broad topic, without any further limitation. Dometic further objects to this Request to the extent it prematurely seeks discovery of legal conclusions, contentions discovery, and/or expert opinions.  Dometic further objects to this Request to the extent it purports to require Dometic to make evidentiary judgments that are beyond what is required by Rule 34 and are protected by the work-product doctrine.  Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce documents that it will rely on at any trial or hearing in this action to support its denial of any allegations in the Complaint, to the extent such documents are within Dometic's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 27:** All documents supporting, refuting, or otherwise relating to Plaintiff's entitlement to a preliminary and/or permanent injunction.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents" that "relat[e] to" a broad topic, without any further limitation. Dometic further objects to this Request to the extent it prematurely seeks discovery of legal conclusions, contentions discovery, and/or expert opinions. Dometic further objects to this Request to the extent it purports to require Dometic to make evidentiary judgments that are beyond what is required by Rule 34 and are protected by the work-product doctrine. Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce documents that it will rely on at any trial or hearing in this action to support its contentions regarding Seakeeper's entitlement to preliminary or permanent injunctive relief, to the extent such documents are within Dometic's possession, custody, and control.


**REQUEST FOR PRODUCTION NO. 28:** All documents relating to any communications between You (or anyone acting on Your behalf) and Your Affiliates or any other person, where such communications relate to any Patents-in-Suit, this lawsuit, or any claim, defense, or remedy in this lawsuit.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents" that "relat[e] to" multiple broad topics, without any further

limitation. Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents concerning its communications with its Affiliates and third parties about the Patents-in-Suit or this lawsuit, to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 29:** All documents and things concerning any communications, including confidential communications to or from any individual or entity, concerning any attempts to design around the subject matter disclosed in or claimed by the Patents-in-Suit.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents and things" that "relat[e] to" a broad topic, without any further limitation. Dometic further objects to the scope of this Request as overly broad and not relevant to any party's claims or defenses to the extent it seeks information about products not accused of infringement in the Complaint. Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents concerning attempts to change the design of the Accused Product in response to the allegations in the Complaint, to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 30:** All documents and things concerning any agreements between or among You or Your Affiliates and any other entity concerning Your gyrostabilizer products, including the Accused Products, and including but not limited to agreements concerning Regulator Marine, Inc.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents and things" that "concern[]" a broad topic, without any further limitation. Dometic further objects to the scope of this Request as overly broad and not relevant to any party's claims or defenses to the extent it seeks information about products not accused of infringement in the Complaint. Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents concerning its agreements with its Affiliates and third parties with respect to the manufacture, sale, offering for sale, or importation of the Accused Product (as defined in Dometic's General Objection No. 7 to these Requests), to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 31:** All documents and things relating to the advertising or promotion of any Accused Product, including any advertisements, advertising campaigns or demonstrations, advertising budgets and expenditures, brochures, pamphlets, videos, social media posts, catalogs, or price lists, as well as any documents that support or were relied upon in making any claims with respect to the Accused Products.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents and things" that "relat[e] to" multiple broad topics, without any further limitation. Dometic further objects to the scope of this Request as overly broad and not

relevant to any party's claims or defenses to the extent it seeks information about products not accused of infringement in the Complaint. Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents sufficient to show how the Accused Product (as defined in Dometic's General Objection No. 7 to these Requests) was advertised and promoted to the interested public in the United States, to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 32:** Documents, including organizational charts and personnel lists, sufficient to identify Your organizational structures concerning the Accused Products, and sufficient to identify all departments, groups and persons presently or previously responsible for the making, using, selling, offering for sale, research, development, commercialization, design, testing, characterization, evaluation, manufacturing, packaging, labeling, marketing, advertising, supplying, distribution, importation, export, accounting, or financial analysis related to the Accused Products.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks documents identifying "all" persons involved in an extremely broad range of activities, without any further limitation. Dometic further objects to the scope of this Request as overly broad and not relevant to any party's claims or defenses to the extent it seeks information about products not accused of infringement in the Complaint.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents sufficient to show the departments, groups, and persons primarily responsible for design, development, manufacture, marketing, and sale of the Accused Product (as defined in Dometic's General

Objection No. 7 to these Requests), to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 33:** All documents and things relating to the display, presentation, demonstration, marketing, advertising, offers to sell, sales, importation and design of the DG3 Products displayed or demonstrated at the 2025 Miami International Boat Show and any other trade shows or conventions held in the United States.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents and things" that "relat[e] to" multiple broad topics, without any further limitation. Dometic further objects to the scope of this Request as vague and ambiguous because the term "DG3 Products" is not defined. Dometic further objects to the scope of this Request as overly broad and not relevant to any party's claims or defenses to the extent it seeks information about products not accused of infringement in the Complaint. Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents concerning the demonstration and promotion of the Accused Product (as defined in Dometic's General Objection No. 7 to these Requests) at trade shows or conventions held in the United States, to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 34:** All documents and things relating to Your relationship with any Affiliate concerning the Accused Products in any respect, including manufacture, marketing, sale, distribution, and support.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents" that "relat[e] to" a broad topic, without any further limitation. Dometic further objects to the scope of this Request as overly broad and not relevant to any party's claims or defenses to the extent it seeks information about products not accused of infringement in the Complaint.  Dometic further objects to the scope of this Request as vague and ambiguous because the terms "relationship" and "support" are not clear.  Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents concerning the role of its Affiliates (if any) in the manufacture, marketing, sale, or distribution of the Accused Product (as defined in Dometic's General Objection No. 7 to these Requests), to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 35:** All documents and things received, consulted, evaluated, communicated or exchanged with respect to the potential acquisition by Dometic or its Affiliates of Seakeeper, its assets or its technology, whether by or between Dometic and its Affiliates, or with third-parties, or other documents or things, whether or not communicated, that refer to, discuss, analyze, report, mention, comment upon, suggest, recommend, were considered in connection with, or which otherwise relate to the potential acquisition of Seakeeper, its assets or its technology, the benefits thereof, the terms thereof, the technology involved, the impact thereof, or any other element relevant thereto.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents and things" concerning multiple broad topics, without further

limitation. Dometic further objects to the scope of this Request as overly broad and not relevant to any party's claims or defenses because the "potential acquisition by Dometic or its Affiliates of Seakeeper, its assets or its technology" is not at issue in this case. Dometic further objects to this Request to the extent it seeks documents outside Dometic's possession, custody, and control. Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents concerning the potential acquisition of Seakeeper by Dometic's parent company (referenced in Paragraph 49 of the Complaint), to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

**REQUEST FOR PRODUCTION NO. 36:** All documents and things that refer to, discuss, analyze, report, mention, comment upon, suggest, recommend, consider, rate, or which otherwise relate to features of, or the design of components of, marine gyrostabilizers, including but not limited to the cooling of bearings used therein, actual or imagined methods therefor, or consequences thereof, including but not limited to any non-infringing alternatives therefor.

**RESPONSE:** Dometic objects to the scope of this Request as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case, to the extent it seeks "all documents and things" that "relate to" multiple broad topics, without further limitation. Dometic further objects to the scope of this Request as overly broad and not relevant to any party's claims or defenses to the extent it seeks information about "features" and "the design of components" of products not accused of infringement in the Complaint. Dometic further objects to this Request to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Request, Dometic agrees to produce non-privileged documents concerning the features of, and the design of components of, the Accused Product (as defined in Dometic's General Objection No. 7 to these Requests), to the extent such documents exist, are within Dometic's possession, custody, and control, and can be located through a reasonable search.

ASHBY & GEDDES

/s/ Andrew C. Mayo

Of Counsel:

Oleg Khariton
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
(513) 977-8200
oleg.khariton@dinsmore.com

Michael A. Xavier
DINSMORE & SHOHL LLP
1775 Sherman Street, Suite 2600
Denver, CO 80203
(303) 296-3996
michael.xavier@dinsmore.com

Christopher K. VanDeusen
DINSMORE & SHOHL LL
755 West Big Beaver Rd, Suite 1900
Troy, MI 48084
(248) 203-1642
christopher.vandeusen@dinsmore.com

Dated: December 15, 2025

_____
Andrew C. Mayo (#5207)
Brian A. Biggs (#5591)
500 Delaware Avenue, 8th Floor
PO Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com
bbiggs@ashbygeddes.com

Attorneys for Defendant