# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEAKEEPER INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-484-JCB |
| | ) | |
| DOMETIC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT DOMETIC CORP.'S RESPONSES TO PLAINTIFF SEAKEEPER, INC.'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33 and District of Delaware Local Rule 26.1(b), Defendant Dometic Corporation ("Dometic") hereby states, through the undersigned counsel, the following objections and responses to the First Set of Interrogatories (Nos. 1-14) ("Interrogatories") served by Plaintiff Seakeeper, Incorporated ("Seakeeper") on November 24, 2025.

### GENERAL OBJECTIONS

1.      These responses and/or objections are based upon Dometic's current knowledge, belief, and understanding of the facts and upon information and documents presently available. Without in any way obligating itself to do so beyond the requirements of the Federal Rules of Civil Procedure, the Local Rules, or any other governing law, Dometic reserves the right to modify or supplement its responses as may be appropriate. These responses are given without prejudice to relying on or using at trial any subsequently discovered information or any information omitted from these responses as a result of mistake, misunderstanding, error, oversight, inadvertence, or other unavailability. These responses and objections are made without waiving any objections to the introduction into evidence of any information provided or documents referenced in these responses, and Dometic reserves all objections and questions as to competency, relevancy, materiality, privilege, and admissibility

as evidence for any purpose of these responses or the subject matter thereof in this or any other action.

2.     Dometic objects to each Interrogatory to the extent it seeks information that is irrelevant, not material to this action, not proportional to the needs of the case, and/or not reasonably calculated to lead to the discovery of admissible evidence.

3.     Dometic objects to each Interrogatory the extent that it seeks information protected from disclosure or discovery by the attorney-client privilege, the work product doctrine, or any other privilege or protection arising under governing law.

4.     Dometic objects to each Interrogatory to the extent it calls for information and/or documents that embody material that is private, business confidential, proprietary, or trade secret. To the extent that any Interrogatory calls for information and/or documents which Dometic deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure by governing law, Dometic will provide such information and/or documents only upon the entry of, and subject to the terms of, an appropriate protective order against the unauthorized use or disclosure of such information (and, pending the entry of such on order, subject to Delaware Local Rule 26.2).

5.     Dometic objects to the definitions of "you," "your," "Dometic," "Defendant," and "affiliate" as including any people or entities other than Dometic Corporation—the entity named as a defendant in this case—and Dometic Marine Canada, Inc.  As stated in the parties' Joint Rule 26(f) Report, Dometic Corporation agrees that information in the possession, custody, and control of Dometic Marine Canada, Inc. shall be deemed to be in the possession, custody and control of Dometic Corporation, for purposes of cooperation and discovery in this matter only.  (D.I. 130.)  For clarity, references to "Dometic" in these Responses shall mean Dometic Corporation only.  Dometic Marine Canada, Inc. shall be referred to separately as "Dometic Marine Canada."

6.       Dometic objects to the definition of "Related Patent" as both unclear and potentially unduly burdensome but notes that the defined term "Related Patent" is not used in any of the Interrogatories.

7.       Dometic objects to the definition of "Accused Products" as extending beyond the version of the DG3 Gyro Stabilizer as identified in the Complaint in this case, as that is the only product accused of infringing the Patents-in-Suit. Dometic's responses to the Interrogatories interpret "Accused Products" as meaning only that version of the DG3 Gyro Stabilizer.

8.       Dometic objects to each Interrogatory to the extent it is not limited to a relevant time period, to the extent the specified period is irrelevant, or to the extent the specified period includes periods of time for which Dometic would not possess discoverable information.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Describe all facts and circumstances under which You and each of Your Affiliates first became aware of each patent and Your and/or Your Affiliates' response thereto.

Your response should state the date(s) when this occurred, the source of the information, the identity of the person(s) who received the information, when and how You and each of Your Affiliates first obtained a copy of that patent, and all actions taken by You, Your Affiliates, or any of Your or their directors, officers, employees, attorneys, or agents, as a result their awareness, including a detailed description of all written or oral opinions, evaluations, analyses, valuations, reports, or testing relating to the Patents-in-Suit or the designs disclosed or claimed therein and reverse engineering efforts and/or efforts to design around those patents, and include in your response the identity of the individuals involved in any of the foregoing, describing the involvement of each, and the identity of any documents or communications that refer to, reflect, or otherwise relate to the development of the foregoing.

**RESPONSE:** Dometic objects to this Interrogatory as compound, in that it contains at least four (4) subparts that properly count as separate interrogatories, including (i) "all facts and circumstances under which You and each of Your Affiliates first became aware of each patent"; (ii) "Your and/or Your Affiliates' response thereto"; (iii) "the identity of the individuals involved in any of the foregoing"; and (iv) the identity of "any documents or communications" that "relate to" same. Dometic further objects to this Interrogatory as overbroad, unduly

burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case to the extent it seeks a comprehensive narrative description of "all facts and circumstances" concerning multiple broad topics, as well as the identity of "any documents or communications" that "relate to," in any way, each of those topics, without further limitation. Dometic further objects to the scope of this Interrogatory as vague and ambiguous because the phrase "each patent" is not clear. Dometic interprets this phrase to mean "each Patent-in-Suit." Dometic further objects to the scope of this Interrogatory as vague and ambiguous because the phrase "response thereto" is not clear. Dometic further objects to the scope of this Interrogatory to the extent that, by requiring Dometic to disclose, *inter alia*, "all written or oral opinions, evaluations, analyses, valuations, reports, or testing relating to the Patents-in-Suit or the designs disclosed or claimed therein and reverse engineering efforts and/or efforts to design around those patents," the Interrogatory seeks to discover the mental impressions, conclusions, opinions, and/or legal theories of Dometic's attorneys, all of which are protected by the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Interrogatory, Dometic states that it first became aware of both Patents-in-Suit upon receipt of Seakeeper's cease-and-desist letter in March 2025.

Discovery is ongoing and Dometic's investigation is continuing, and it reserves the right to amend and/or supplement its response as additional information is uncovered or otherwise becomes available.


**INTERROGATORY NO. 2:** If You allege that any of the Accused Products do not infringe the Patents-in-Suit, state in detail the complete legal and factual bases for such contention.

Your response should include for each element in each asserted claim, a statement regarding whether such element is present in or practiced by, literally or under the doctrine of equivalents, each Accused Product, and if your contention is that element is not present or

practiced, explain all reasons for Your denial and describe the relevant distinctions between the Accused Product and the claim element, identify the individuals most knowledgeable concerning those reasons or the facts supportive thereof, describing the knowledge possessed by each, and identify any documents or communications that refer to, reflect, or otherwise relate to the reasons for your denials. Your response to this interrogatory should provide at least the same degree of detail as You will present those bases and distinctions in connection with dispositive motions and at trial, whichever level of detail is greatest.

**RESPONSE:** Dometic objects to this Interrogatory as compound, in that it contains at least four (4) subparts that properly count as separate interrogatories, including (i) "the complete legal and factual bases" for non-infringement contentions; (ii) the identity of individuals most knowledgeable about "the facts supportive thereof"; (iii) a description of "the knowledge possessed by each"; and (iv) the identity of "any documents or communications" that "relate to" any of the foregoing.  Dometic further objects to this Interrogatory as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case to the extent it seeks a comprehensive narrative description of the "complete legal and factual bases" for Dometic's non-infringement contentions, as well as the identity of "any documents or communications" that "relate to," in any way, each of those contentions, without any further limitation.  Dometic further objects to the scope of this Interrogatory as overly broad and not relevant to any party's claims or defenses to the extent it seeks information about products not accused of infringement in the Complaint.  Dometic further objects to this Interrogatory to the extent it purports to require the premature disclosure of evidence, argument, contentions, or expert opinions, or any other disclosure inconsistent with the Scheduling Order, the Local Rules, or any other applicable law or rule.  In particular, Dometic objects to this Interrogatory as premature to the extent it purports to require Dometic to provide its non-infringement contentions before Seakeeper (the party with the burden of proof on the issue of infringement) has provided its infringement contentions.

Subject to and without waving the General Objections set forth above and the specific objections as to this Interrogatory, Dometic refers Seakeeper to Dometic's briefs in opposition to Seakeeper's motions for a temporary restraining order ("TRO") and preliminary injunction ("PI"). (D.I. 41, 46.) As explained therein, Dometic has not made, used, sold, or offered to sell the accused Dometic DG3 product in the United States, or imported the accused product into the United States. Further, for the reasons also explained in Dometic's briefs in opposition to Seakeeper's motions for a TRO and PI, the accused Dometic DG3 product did not infringe independent claims 11 and 17 of U.S. Patent No. 7,546,782 (the "'782 Patent") at least because it did not include "second vanes . . . configured such that [substantial] heat c[ould] be readily transferred from the second vanes to the exterior of the enclosure." Further, for the reasons also explained in Dometic's briefs in opposition to Seakeeper's motions for a TRO and PI, the accused Dometic DG3 product did not infringe independent claims 1 and 14 of U.S. Patent No. 8,117,930 (the "'930 Patent") at least because its enclosure did not include a "below ambient density gas ha[ving] a thermal conductivity at least 5 times greater than air."

Discovery is ongoing and Dometic's investigation is continuing, and it reserves the right to amend and/or supplement its response as additional information is uncovered or otherwise becomes available.

**INTERROGATORY NO. 3:** For each claim of the Patents-in-Suit that You allege is invalid, describe in detail the basis for your assertion.

If You assert that the claim is invalid pursuant to Sections 102 or 103 of Title 35 of the United States Code, Your response should include an identification of each item of prior art, if any, you contend renders the claim invalid, whether alone or in combination, specify any and all disclosures in each prior art reference that you contend discloses each element of the claim and the claim element to which each disclosure pertains, state whether that prior art anticipates or renders the claim obvious, and if obvious, describe the characteristics of a person of ordinary skill in the relevant art, detail the combination You contend a person of ordinary skill in the art would have been motivated to make, describe the factual basis and identify any evidence supporting Your contention that such a person would have been motivated to make such a combination, explain why such a person would have reasonably expected such combination to have been successful and identify any evidence supporting that contention, and state whether

you dispute that the invention recited in that claim experienced commercial success, solved a long felt need, or produced unexpected results, or whether you dispute that others had earlier attempted but failed to solve the problem addressed by the invention recited in that claim, or whether you dispute that others copied the invention recited in that claim, and explain the basis for Your refusal to concede these objective indicia of non-obviousness and identify any evidence supporting your refusal to concede, and if You assert that the claim is invalid pursuant to Section 112 of Title 35, describe in what specific manner the patent's specification(s) fails to enable a person of skill in the art to practice the invention recited in the claim, or fails provide written descriptive support for any element of the claim, and detail the evidence that supports each of Your assertions, including the identity of the individuals most knowledgeable concerning the facts upon which You rely and a description of the knowledge possessed by each, and the identity of any documents or communications that refer to, reflect, rebut, cast doubt upon or otherwise relate to such facts.

Your response should provide at least the same degree of detail in which you will present these invalidity defenses in connection with dispositive motions and at trial, whichever level of detail is greatest.

**RESPONSE:** Dometic objects to this Interrogatory as compound, in that it contains at least four (4) subparts that properly count as separate interrogatories, including (i) a "detail[ed]" description of all bases for Dometic's invalidity contentions; (ii) the identity of individuals most knowledgeable about "the facts upon which [Dometic] rel[ies]" to support those contentions; (iii) a description of "the knowledge possessed by each"; and (iv) the identity of "any documents or communications" that "relate to" any of the foregoing.  Dometic further objects to this Interrogatory as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case to the extent it seeks a "detail[ed]" narrative description of all bases for Dometic's invalidity contentions, as well as the identity of "any documents or communications" that "relate to," in any way, each of those contentions, without any further limitation.  Dometic further objects to this Interrogatory to the extent to the extent it purports to require the premature disclosure of evidence, argument, contentions, or expert opinions, or any other disclosure inconsistent with the Scheduling Order, the Local Rules, or any other applicable law or rule.  In particular, Dometic objects to this Interrogatory as premature to the extent it purports to require Dometic to provide its invalidity

contentions prior to the deadline for the disclosure of the defendant's initial invalidity contentions under Section 4(d) of the D. Del. Default Standard for Discovery and/or any Scheduling Order entered by the Court. Dometic further objects to this Interrogatory to the extent it seeks information which is not in the possession, custody, or control of Dometic, and which is in the possession, custody, or control of Seakeeper and/or third parties.

Subject to and without waving the General Objections set forth above and the specific objections as to this Interrogatory, Dometic refers Seakeeper to Dometic's briefs in opposition to Seakeeper's motions for a TRO and PI (D.I. 41, 46), including the *inter partes* review ("IPR") petitions challenging the '782 and '930 Patents attached thereto. (D.I. 46-1, 46-4.) More specifically, for the reasons explained in Dometic's briefs in opposition to Seakeeper's motions for a TRO and PI, Dometic contends that independent claims 11 and 17 of the '782 Patent are invalid at least because they would have been obvious over: (i) U.S. Patent Publication No. 2004/0244516 ("Adams") in view of U.S. Patent Publication No. 2005/00400776 ("Sibley") and U.S. Patent No. 3,844,341 ("Bimshas"); and (ii) Adams in view of DE19909491A1 ("Jäger") and Bimshas. Additionally, for the reasons also explained in Dometic's briefs in opposition to Seakeeper's motions for a TRO and PI, Dometic contends that independent claims 1 and 14 of the '930 Patent are invalid at least because they would have been obvious over: (i) Adams in view of Sibley; (ii) Adams in view of Jäger; and (iii) Adams in view of Bimshas.

Discovery is ongoing and Dometic's investigation is continuing, and it reserves the right to amend and/or supplement its response as additional information is uncovered or otherwise becomes available.

**INTERROGATORY NO. 4:** Identify and describe all communications You and/or Your Affiliates have had with any other person, including Regulator Marine Inc., in which reference was made to Plaintiff, Plaintiff's gyroscopic stabilizer products, Plaintiff's intellectual property including any of the Patents-in-Suit, and/or this litigation, and include the identity of the

individuals most knowledgeable concerning such communications, a description of the knowledge possessed by each, and identify any documents or communications that refer to, reflect, or otherwise relate to such communications.

**RESPONSE:** Dometic objects to this Interrogatory as compound, in that it contains at least seven (7) subparts that properly count as separate interrogatories, including (i) identification and description of all communications with third parties referencing Seakeeper; (ii) identification and description of all communications with third parties referencing Seakeeper's gyroscopic stabilizer products; (iii) identification and description of all communications with third parties referencing Seakeeper's intellectual property; (iv) identification and description of all communications with third parties referencing this litigation; (v) identification of individuals most knowledgeable about such communications; (vi) a description of the knowledge possessed by each such individual: and (vii) identification of "any documents or communications" that "relate to" any of the foregoing communications with third parties. Dometic further objects to this Interrogatory as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case to the extent it seeks a comprehensive narrative description of "all communications" with third parties regarding multiple broad topics, as well as the identity of "any documents or communications" that "relate to," in any way, each of those communications, without further limitation. Indeed, the information sought by this Interrogatory is more appropriately addressed through document requests. Dometic further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Interrogatory, Dometic states that it anticipates producing documents in response to Seakeeper's First Set of Requests for Production from which information

responsive to this Interrogatory will be readily obtainable pursuant to Federal Rule of Civil Procedure 33(d).

Discovery is ongoing and Dometic's investigation is continuing, and it reserves the right to amend and/or supplement its response as additional information is uncovered or otherwise becomes available.

**INTERROGATORY NO. 5:** With respect to your responsive pleadings, describe all facts that support Your refusal or failure to admit facts alleged in the Complaint and/or that support any claims or defenses You assert in this litigation, including the identity of each person likely to have information related to those facts and a description of the knowledge possessed by each, and the identity of any documents or communications that refer to, reflect, rebut, cast doubt upon or otherwise relate to such facts.

**RESPONSE:** Dometic objects to this Interrogatory as compound, in that it contains at least five (5) subparts that properly count as separate interrogatories, including (i) a description of "all facts" that support Dometic's "refusal or failure to admit facts alleged in the Complaint"; (ii) a description of "all facts" that support Dometic's "claims or defenses"; (iii) the identity of "each person" likely to have information related to those facts; (iv) a description of the knowledge possessed by each such person; and (v) the identify of "any documents or communications" that "relate to" any of the foregoing facts.  Dometic further objects to this Interrogatory as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case to the extent it seeks a comprehensive narrative description of "all facts" that support each and every of Dometic's denials of the allegations in the 106-paragraph Complaint and each and every of Dometic's counterclaims and affirmative defenses, as well as the identity of "any documents or communications" that "relate to," in any way, each of those facts, without any further limitation.  Dometic further objects to this Interrogatory to the extent to the extent it purports to require the premature disclosure of evidence, argument, contentions, or expert opinions, or any other disclosure inconsistent with

the Scheduling Order, the Local Rules, or any other applicable law or rule. Dometic further objects to this Interrogatory to the extent it seeks information which is not in the possession, custody, or control of Dometic, and which is in the possession, custody, or control of Seakeeper and/or third parties. Dometic further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Interrogatory, Dometic refers Seakeeper to Dometic's responses to Interrogatory Nos. 2 and 3 for information regarding Dometic's non-infringement and invalidity positions.

Discovery is ongoing and Dometic's investigation is continuing, and it reserves the right to amend and/or supplement its response as additional information is uncovered or otherwise becomes available.

**INTERROGATORY NO. 6:** Describe all circumstances surrounding any actual and potential sales of the Accused Products.

Your response should identify all customers and potential purchasers of the Accused Products and describe any communications or discussions therewith that refer to, reflect or otherwise relate to any offers to sell the Accused Products, to purchase the Accused Products, or to actual or potential sales, shipments, or installation of the Accused Products, or that instruct in the use thereof, including the total units discussed with, offered to or purchased by each, their price, your actual or expected revenues on such purchases, any other products or services offered to or purchased by such actual or potential purchasers or whose purchase you otherwise contemplated or anticipated securing in connection with the Accused Products ("Convoyed Products"), and the gross profit, net profit, costs of goods sold, and operating margins contemplated, anticipated, or realized on such actual or potential sales for the Accused Products and any Convoyed Products referred to above, and identify the individuals involved in any of the foregoing, describing the involvement of each, and identify any documents or communications that refer to, reflect, or otherwise relate to any of the foregoing.

**RESPONSE:** Dometic objects to this Interrogatory as compound, in that it contains at least five (5) subparts that properly count as separate interrogatories, including (i) the identity of "all customers and potential purchasers" of the Accused Products; (ii) a description of "any communications or discussions" with those third parties related to the Accused Products; (iii)

"the gross profit, net profit, costs of goods sold, and operating margins contemplated, anticipated, or realized on such actual or potential sales for the Accused Products and any Convoyed Products"; the identify of all individuals involved in any of the foregoing; (iv) a description of "the involvement of each"; (v) the identify of "any documents or communications" related to any of the foregoing.  Dometic further objects to this Interrogatory as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case to the extent it seeks a comprehensive narrative description of "all circumstances" concerning multiple broad topics, as well as the identity of "any documents or communications" that "relate to," in any way, each of those topics, without any further limitation.  Dometic further objects to the scope of this Interrogatory as overly broad and not relevant to any party's claims or defenses to the extent it seeks information about products not accused of infringement in the Complaint.  Dometic further objects to the scope of this Interrogatory as vague and ambiguous because the phrase "potential sale" is not clear. Dometic further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Interrogatory, Dometic states that, between February 2025 and April 2025, Dometic Marine Canada sold and shipped three (3) units of the accused Dometic DG3 product to Regulator Marine Inc.  Dometic anticipates producing documents evidencing these sales pursuant to Section 6(b) of the Scheduling Order to be entered by the Court.  Dometic further anticipates producing documents in response to Seakeeper's First Set of Requests for Production from which additional information responsive to this Interrogatory will be readily obtainable pursuant to Federal Rule of Civil Procedure 33(d).

Darren Rafferty is a person knowledgeable about the sale of the accused Dometic DG3 product.

Discovery is ongoing and Dometic's investigation is continuing, and it reserves the right to amend and/or supplement its response as additional information is uncovered or otherwise becomes available.

**INTERROGATORY NO. 7:** Describe in detail the development of the Accused Products.

Your response should include the reasons for originating and/or continuing the development thereof, concerns expressed with respect thereto, the initial proposals relating thereto, the configurations and designs proposed, considered, or adopted (including, but not limited to, aspects relating to cooling) and reasons for their proposal, rejection, abandonment or selection, the testing proposed, contemplated or conducted with respect to any such configurations or designs, identify the individuals involved in any of the foregoing, describing the involvement of each, and identify any documents or communications that refer to, reflect, or otherwise relate to the development of the Accused Products.

**RESPONSE:** Dometic objects to this Interrogatory as compound, in that it contains at least seven (7) subparts that properly count as separate interrogatories, including (i) "the reasons for originating and/or continuing the development" of the Accused Products; (ii) "concerns expressed with respect thereto"; (iii) "the initial proposals relating thereto, the configurations and designs proposed, considered, or adopted (including, but not limited to, aspects relating to cooling) and reasons for their proposal rejection, abandonment or selection"; (iv) "the testing proposed, contemplated or conducted with respect to any such configurations or designs"; (v) the identify of all individuals involved in any of the foregoing; (vi) a description of "the involvement of each"; and (vii) the identity of "any documents or communications" related to any of the foregoing.  Dometic further objects to this Interrogatory as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case to the extent it seeks a "detail[ed]" narrative description of the facts concerning multiple broad topics, as well as the identity of "any documents or communications" that

"relate to," in any way, each of those topics, without any further limitation. Dometic further objects to the scope of this Interrogatory as overly broad and not relevant to any party's claims or defenses to the extent it seeks information about products not accused of infringement in the Complaint. Dometic further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Interrogatory, Dometic states that the accused Dometic DG3 product was developed by the engineering team at Dometic Marine Canada between approximately January 2022 and February 2025. The development of the accused Dometic DG3 product was preceded by two rounds of preliminary, exploratory studies of marine gyrostabilizer development beginning in 2017 and 2019, respectively. Dometic anticipates producing documents in response to Seakeeper's First Set of Requests for Production from which additional information responsive to this Interrogatory will be readily obtainable pursuant to Federal Rule of Civil Procedure 33(d).

Mark Dyck and Noam Davidson are persons knowledgeable about the development of the accused Dometic DG3 product.

Discovery is ongoing and Dometic's investigation is continuing, and it reserves the right to amend and/or supplement its response as additional information is uncovered or otherwise becomes available.

**INTERROGATORY NO. 8:** Describe in detail the circumstances surrounding all marketing, advertising, published videos, brochures, verbal statements to actual or potential customers, or other promotions that refer to or relate to the Accused Products.

Your response should include all information or material either supportive of or which casts doubt upon any statements or assertions made therein, the reasons for such publications or assertions or for the statements made therein, any concerns expressed with respect thereto, all changes made to the content thereof, or alternatives suggested, proposed, considered, or contemplated therefor and the reasons for their proposal, rejection, or alteration, identify the individuals involved in any of the foregoing, describing the involvement of each, and identify

any documents or communications that refer to, reflect, or otherwise relate to any of the foregoing.

**RESPONSE:** Dometic objects to this Interrogatory as compound, in that it contains at least nine (9) subparts that properly count as separate interrogatories, including (i) a "detail[ed]" description of "all marketing, advertising, published videos, brochures, verbal statements to actual or potential customers"; (ii) a "detail[ed]" description of all "other promotions" that "relate to the Accused Products"; (iii) "all information or material either supportive of or which casts doubt upon any statements or assertions made therein"; (iv) "the reasons for such publications or assertions or for the statements made therein"; (v) "any concerns expressed with respect thereto"; (vi) "all changes made to the content thereof, or alternatives suggested, proposed, considered, or contemplated therefor and the reasons for their proposal, rejection, or alteration"; (vii) the identity of all individuals involved in any of the foregoing; (viii) a description of "the involvement of each"; and (ix) the identity of "any documents or communications" related to any of the foregoing. Dometic further objects to this Interrogatory as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case to the extent it seeks a "detail[ed]" narrative description of the facts concerning multiple broad topics, as well as the identity of "any documents or communications" that "relate to," in any way, each of those topics, without any further limitation. Dometic further objects to the scope of this Interrogatory as overly broad and not relevant to any party's claims or defenses to the extent it seeks information about products not accused of infringement in the Complaint. Dometic further objects to the scope of this Interrogatory as vague and ambiguous because the phrase "potential customers" is not clear. Dometic further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Interrogatory, Dometic states that the accused Dometic DG3 product was marketed to boat builders, dealers, and consumers through customary marine-industry marketing channels and methods, including through a February 12, 2025 press release announcing the launch of the product; a public demonstration of the product at the 2025 Miami International Boat Show; advertising in marine-industry print media publications; digital and online marketing, including on the dometic.com website and through promotional video content published on YouTube; social media advertising, including on LinkedIn, Facebook, and Instagram; email communications and marketing outreach to distributors, dealers, boat builders, and other business partners; product literature and other materials used by Dometic Marine Canada's sales force and distributor network; and direct engagement with boat builders and marine-industry participants through established sales relationships. Dometic anticipates producing documents in response to Seakeeper's First Set of Requests for Production from which additional information responsive to this Interrogatory will be readily obtainable pursuant to Federal Rule of Civil Procedure 33(d).

Laurie Louvier is a person knowledgeable about the marketing of the accused Dometic DG3 product.

Discovery is ongoing and Dometic's investigation is continuing, and it reserves the right to amend and/or supplement its response as additional information is uncovered or otherwise becomes available.

**INTERROGATORY NO. 9:** Describe in detail Your corporate structure, including Your relationship with Your Affiliates, including but not limited to Dometic Marine Canada Inc. and Dometic Group AB, and include in your response a description of any documents, agreements, and communications that evidence such a structure and/or relationship.

**RESPONSE:** Dometic objects to this Interrogatory as compound, in that it contains at least three (3) subparts that properly count as separate interrogatories, including (i) a "detail[ed]"

description of Dometic's "corporate structure"; (ii) a "detail[ed]" description of Dometic's "relationship" with each and every of its Affiliates; and (iii) a description of "any documents, agreements, and communications" evidencing such structure and/or relationship.  Dometic further objects to this Interrogatory as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case to the extent it seeks a "detail[ed]" narrative description of the facts concerning multiple broad topics, as well as the identity of "any documents, agreements, and communications" that relate to each of those topics, without any further limitation.  Dometic further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waiving the General Objections set forth above and the specific objections as to this Interrogatory, Dometic states that it is an indirect corporate parent of Dometic Marine Canada, and that Dometic Group AB (publ) ("Dometic Group") is the ultimate corporate parent of both Dometic and Dometic Marine Canada.  Dometic anticipates producing documents sufficient to show the full corporate structure of the Dometic family of companies in response to Seakeeper's First Set of Requests for Production.

Discovery is ongoing and Dometic's investigation is continuing, and it reserves the right to amend and/or supplement its response as additional information is uncovered or otherwise becomes available.

**INTERROGATORY NO. 10:** Describe in detail any harm to Dometic that You contend would result from entry of a preliminary injunction or other equitable relief, and include in your response the identity of the individuals knowledgeable concerning each such fact, describing the knowledge of each, and identify any documents or communications that refer to, reflect, or otherwise relate to such facts.

**RESPONSE:** Dometic objects to this Interrogatory as compound, in that it contains at least five (5) subparts that properly count as separate interrogatories, including (i) a "detail[ed]"

description of "any harm to Dometic" that would result from the entry of a PI; (ii) a "detail[ed]" description of "any harm to Dometic" that would result from the entry of "other equitable relief"; (iii) the identity of all individuals knowledgeable concerning "each such fact"; (iv) a description of the knowledge of each such individual; and (v) the identity of "any documents or communications" related to the foregoing.  Dometic further objects to this Interrogatory as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case to the extent it seeks a "detail[ed]" narrative description of the facts concerning multiple broad topics, as well as the identity of "any documents or communications" that "relate to," in any way, each of those topics, without any further limitation without any further limitation.  Dometic further objects to this Interrogatory to the extent it purports to require the premature disclosure of evidence, argument, contentions, or expert opinions, or any other disclosure inconsistent with the Scheduling Order, the Local Rules, or any other applicable law or rule.  In particular, Dometic objects to this Interrogatory as premature because no motion for a PI or any other "equitable relief" is currently pending.  It is improper for Seakeeper to request that Dometic speculate about potential "harm" that Dometic might suffer from the hypothetical entry of a PI or other unspecified "equitable relief" before a motion for such relief has been filed, and before the scope of such relief (*e.g.*, the products covered by any PI, the entities subject to the PI, and/or the duration of the PI) has been defined with any specificity.  Dometic further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waving the General Objections set forth above and the specific objections as to this Interrogatory, Dometic states that discovery is ongoing and its investigation is continuing, and it reserves the right to amend and/or supplement its response as additional information is uncovered or otherwise becomes available.

**INTERROGATORY NO. 11:** Describe Your use of, responsibility for, and control over the dometic.com website and identify any documents or communications that refer to, reflect, or otherwise describe that use, responsibility or control.

**RESPONSE:** Dometic objects to this Interrogatory as compound, in that it contains at least four (4) subparts that properly count as separate interrogatories, including (i) a description of Dometic's "use of" the dometic.com website; (ii) a description of Dometic's "responsibility for" the dometic.com website; (iii) a description of Dometic's "control over" the dometic.com website; and (iv) the identity of "any documents or communications" related to any of the foregoing. Dometic further objects to this Interrogatory as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case to the extent it seeks a "detail[ed]" narrative description of the facts concerning multiple broad topics, as well as the identity of "any documents or communications" that "relate to," in any way, each of those topics, without any further limitation. Dometic further objects to the scope of this Interrogatory as overly broad and not relevant to any party's claims or defenses to the extent it seeks information about products and services other than the Dometic DG3 product accused of infringement in the Complaint, and about entities other than Dometic and Dometic Marine Canada. Dometic further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waving the General Objections set forth above and the specific objections as to this Interrogatory, Dometic states that its employees were not responsible for creating or posting the promotional content concerning the accused Dometic DG3 product on the dometic.com website. Such content was created and published on the dometic.com website by employees of Marine Acquisition Corp. with input from, and/or at the direction of, employees of Dometic Marine Canada. Marine Acquisition Corp. is a separate entity in the

Dometic corporate family responsible for the marketing of marine-related products in the North American market.

Laurie Louvier is a person knowledgeable about the marketing of the accused Dometic DG3 product on the dometic.com website.

Discovery is ongoing and Dometic's investigation is continuing, and it reserves the right to amend and/or supplement its response as additional information is uncovered or otherwise becomes available.

**INTERROGATORY NO. 12:** With respect to damages, describe all facts that support, rebut or relate to the factors outlined in *Panduit Corp. v. Stahlin Bros. Fibre Works*, 575 F.2d 1152, 1156 (6th Cir. 1978) and *Georgia-Pacific Corp. v. United States Plywood Corp.* 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

Your response should include the demand for the patented product, the absence of acceptable noninfringing alternatives, the capacity to exploit that demand, the amount of profit the Plaintiff would have made, a description of all licenses, agreements, settlements, or covenants not to sue relating to technology comparable to the Asserted Patents or involving the Accused Products, a description of all alleged non-infringing alternatives existing during the period of alleged infringement, including their feasibility, cost, performance, and availability, and include in your response the identity of the individuals knowledgeable concerning each such fact, describing the knowledge of each, and identify any documents or communications that refer to, reflect, or otherwise relate to any such agreements, alternatives, or facts.

**RESPONSE:** Dometic objects to this Interrogatory as compound, in that it contains at least eleven (11) subparts that properly count as separate interrogatories, including (i) "all facts" that "relate to" the *Panduit* factors; (ii) "all facts" that "relate to" the *Georgia-Pacific* factors; (iii) "the demand for the patented product"; (iv) "the absence of acceptable noninfringing alternatives"; (v) "the capacity to exploit that demand"; (vi) "the amount of profit the Plaintiff would have made"; (vii) "all licenses, agreements, settlements, or covenants not to sue relating to technology comparable to the Asserted Patents or involving the Accused Products"; (viii) "all alleged non-infringing alternatives existing during the period of alleged infringement, including their feasibility, cost, performance, and availability"; (ix) the identity of all individuals knowledgeable concerning "each such fact"; (x) a description of the knowledge of

each such individuals, and (xi) the identity of "any documents or communications" related to any of the foregoing. Dometic further objects to this Interrogatory as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case to the extent it seeks a comprehensive narrative description of "all facts" concerning multiple broad topics, as well as the identity of "any documents or communications" that "relate to," in any way, each of those topics, without any further limitation. Dometic further objects to the scope of this Interrogatory as vague and ambiguous because a number of the terms and phrases (*e.g.*, "patented product," "acceptable noninfringing alternatives," "technology comparable to the Asserted Patents") are not clear.

Dometic further objects to this Interrogatory to the extent it purports to require the premature disclosure of evidence, argument, contentions, or expert opinions, or any other disclosure inconsistent with the Scheduling Order, the Local Rules, or any other applicable law or rule. In particular, Dometic objects to this Interrogatory as premature to the extent it purports to require Dometic to provide its contentions relating to damages before Seakeeper (the party with the burden of proof on the issue of damages) has provided its contentions on the issue. Dometic further objects to the scope of this Interrogatory to the extent that, by requiring Dometic to disclose, *inter alia*, "all facts" that "rebut or relate to" the *Panduit* and *Georgia-Pacific* factors, the Interrogatory seeks to discover the mental impressions, conclusions, opinions, and/or legal theories of Dometic's attorneys, all of which are protected by the work product doctrine. Dometic further objects to this Interrogatory to the extent it seeks information which is not in the possession, custody, or control of Dometic, and which is in the possession, custody, or control of Seakeeper and/or third parties.

Subject to and without waving the General Objections set forth above and the specific objections as to this Interrogatory, Dometic states that discovery is ongoing and its

investigation is continuing, and it expects to amend and/or supplement its response as additional information is uncovered or otherwise becomes available.

**INTERROGATORY NO. 13:** Describe the use or communication of all information obtained from Plaintiff by You or Your Affiliates concerning Plaintiff's business, operations, finances, revenues, plans, projections or products, including the persons with whom shared, the information shared with each, the reasons therefor, the restrictions imposed on the receipt or dissemination of such information, and any documents or communications that refer to, reflect, or otherwise relate to any the receipt thereof, the communications thereof or the conditions placed thereon.

**RESPONSE:** Dometic objects to this Interrogatory as compound, in that it contains at least two (2) subparts that properly count as separate interrogatories, including (i) a description of "the use or communication of all information obtained from Plaintiff by" Dometic or its Affiliates concerning "Plaintiff's business, operations, finances, revenues, plans, projections or products" and (ii) the identity of "any documents or communications" relating to the foregoing. Dometic further objects to this Interrogatory as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case to the extent it seeks a comprehensive narrative description of the facts concerning multiple broad topics, as well as the identity of "any documents or communications" that "relate to," in any way, each of those topics, without any further limitation. Dometic further objects to the scope of this Interrogatory as vague and ambiguous because the phrase "information obtained from Plaintiff" is not clear. The Interrogatory does not specify the time, place, or manner in which such information would have been obtained by Dometic or its Affiliates and, therefore, arguably requires the disclosure of, for example, every visit to Seakeeper's website by any employee of Dometic or one of its Affiliates. Dometic interprets the phrase "information obtained from Plaintiff" to mean information furnished by Seakeeper pursuant to the Confidentiality Agreement, dated February 4, 2024, between Seakeeper and Dometic Group

concerning the Potential Transaction identified therein.  Dometic further objects to the scope of this Interrogatory as overly broad and not relevant to any party's claims or defenses because the Confidentiality Agreement, or any purported breach thereof, is not at issue in this matter. Dometic further objects to this Interrogatory to the extent it seeks information which is not in the possession, custody, or control of Dometic.  Dometic further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waving the General Objections set forth above and the specific objections as to this Interrogatory, Dometic states that none of the information that Seakeeper provided to Dometic Group pursuant to the Confidentiality Agreement was shared with Dometic.  Copies of the informational slide deck furnished by Seakeeper to Dometic Group were shared with members of Dometic Marine Canada's senior management team, as was permitted by the Confidentiality Agreement.  In fact, Dometic Marine Canada's President Eric Fetchko attended an in-person meeting between Dometic Group's and Seakeeper's representatives on or around February 15, 2024, regarding the Potential Transaction. Seakeeper was aware at the time of this meeting of Dometic Marine Canada's concurrent development of a marine gyrostabilizer product.  None of the information shared by Seakeeper at the meeting or otherwise furnished by Seakeeper to Dometic Group pursuant to the Confidentiality Agreement was used by Dometic Marine Canada for any purpose other than assisting Dometic Group in evaluating the Potential Transaction.

Discovery is ongoing and Dometic's investigation is continuing, and it reserves the right to amend and/or supplement its response as additional information is uncovered or otherwise becomes available.

**INTERROGATORY NO. 14:** State all facts supporting Your contentions that You and/or Your Affiliates should not be enjoined, in whole or in part, in the event infringement is found,

and the identity of the individuals knowledgeable concerning each such fact, describing the knowledge of each, and identify any documents or communications that refer to, reflect, rebut, cast doubt upon or otherwise relate to such facts.

**RESPONSE:** Dometic objects to this Interrogatory as compound, in that it contains at least four (4) subparts that properly count as separate interrogatories, including (i) "all facts" supporting Dometic's contention that Dometic or its Affiliates "should not be enjoined, in whole or in part, in the event infringement is found"; (ii) the identity of all individuals knowledgeable concerning "each such fact"; (iii) a description of the knowledge of each such individual; and (iv) the identity of "any documents or communications" related to any of the foregoing. Dometic further objects to this Interrogatory as overbroad, unduly burdensome, seeking the production of information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case to the extent it seeks a comprehensive narrative description of "all facts" concerning multiple broad topics, as well as the identity of "any documents or communications" that "relate to," in any way, each of those topics, without any further limitation. Dometic further objects to this Interrogatory to the extent it purports to require the premature disclosure of evidence, argument, contentions, or expert opinions, or any other disclosure inconsistent with the Scheduling Order, the Local Rules, or any other applicable law or rule. In particular, Dometic objects to this Interrogatory as premature because no motion for a permanent injunction has been filed. It is improper for Seakeeper to request that Dometic speculate about potential "harm" that Dometic might suffer from the hypothetical entry of permanent injunctive relief before a motion for such relief has been filed, and before the scope of such relief (*e.g.*, the products covered by the injunction, the entities subject to the injunction, and/or the duration of the injunction) has been defined with any specificity. Dometic further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege or the work product doctrine.

Subject to and without waving the General Objections set forth above and the specific objections as to this Interrogatory, Dometic refers Seakeeper to Dometic's briefs in opposition to Seakeeper's motions for a TRO and PI.  (D.I. 41, 46.)  Dometic further refers Seakeeper to Dometic's responses to Interrogatory Nos. 2 and 3.  Dometic further adds that, under either party's proposed scheduling order, both Patents-in-Suit will have expired prior to trial (and thus prior to any potential finding of infringement).

Discovery is ongoing and Dometic's investigation is continuing, and it reserves the right to amend and/or supplement its response as additional information is uncovered or otherwise becomes available.

|  | ASHBY & GEDDES |
|---|---|
|  | */s/ Andrew C. Mayo* |
| *Of Counsel:* | _____ |
|  | John G. Day (#2403) |
|  | Andrew C. Mayo (#5207) |
| Oleg Khariton | 500 Delaware Avenue, 8th Floor |
| DINSMORE & SHOHL LLP | PO Box 1150 |
| 255 East Fifth Street, Suite 1900 | Wilmington, DE 19899 |
| Cincinnati, OH 45202 | (302) 654-1888 |
| (513) 977-8200 | jday@ashbygeddes.com |
| oleg.khariton@dinsmore.com | amayo@ashbygeddes.com |
| | |
| Michael A. Xavier | *Attorneys for Defendant* |
| DINSMORE & SHOHL LLP | |
| 1775 Sherman Street, Suite 2600 | |
| Denver, CO 80203 | |
| (303) 296-3996 | |
| michael.xavier@dinsmore.com | |
| | |
| Christopher K. VanDeusen | |
| DINSMORE & SHOHL LLP | |
| 755 West Big Beaver Rd, Suite 1900 | |
| Troy, MI 48084 | |
| (248) 203-1642 | |
| christopher.vandeusen@dinsmore.com | |

Dated: December 29, 2025

## **VERIFICATION**

I, Noam Davidson, Director of Engineering at Dometic Marine Canada, Inc., have reviewed the foregoing responses of Defendant Dometic Corporation to Plaintiff Seakeeper, Inc.'s First Set of Interrogatories. These responses were prepared with the assistance of counsel. The facts contained therein are based upon my personal knowledge, and/or upon information made available by others at Dometic Corporation and/or Dometic Marine Canada, Inc., and/or upon information gathered by counsel. I therefore declare (or certify, verify, or state) under penalty of perjury under the laws of the United States that the responses are true and correct to the best of my knowledge, information, and belief, and based upon the information made available to me and counsel.

Executed on: February 26, 2026