# EXHIBIT H



Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357 USA

T: +1.312.474.6300
marshallip.com

Raymond R. Ricordati
+1.312.474.6617
rricordati@marshallip.com

January 19, 2026

**VIA EMAIL:** oleg.khariton@dinsmore.com

Oleg Khariton
DINSMORE & SHOHL LLP
255 East Fifth Street
Suite 1900
Cincinnati, OH  45202

      Re:    *Seakeeper Inc. v. Dometic Corporation,*
               <u>*Case No. 1:25-cv-00484-RGA (D.Del.) – Deficient Production and*</u>
               <u>*Inspection Demand*</u>

Dear Mr. Khariton:

      We write again regarding Dometic's continuing failure to comply with its discovery obligations, failures that now plainly violate both the Delaware Default Standard for Discovery and the Court's January 9, 2026 Scheduling Order (D.I. 141). These deficiencies are most acute with respect to the purportedly redesigned DG3. While Dometic continues to cite this purported redesign as the basis for its non-infringement defenses, Dometic continues to withhold core technical information needed to fully evaluate that design.

      Dometic has not complied with its January 16, 2026 obligations under Paragraph 4(b) of Delaware's Default Standard for Discovery. Under the Scheduling Order, Dometic was required to produce by January 16, 2026 "core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications." *See* Scheduling Order at 4, incorporating Del. Default Std. ¶4(b).

      Dometic's production falls far short of that requirement. Although Dometic has produced only six (6) pages purportedly relating to the redesigned DG3.  The complete insufficiency of this production is highlighted by Dometic's production of 144 pages relating to the DG3 design identified during the proceedings on Seakeeper's request for a temporary restraining order. Dometic has repeatedly represented that it has modified the design of its commercial product.  The

Oleg Khariton
January 19, 2026
Page 2

paucity of documents produced regarding the purported redesign suggests that Dometic's representations to the Court and to Seakeeper are untrue.

Moreover, the produced documents—whether relating to the initial design or purported redesign—fail to provide complete details necessary to confirm the DG3's operation with respect to their thermodynamic pathways and bearing-heat dissipation. No schematics, test data, or other information concerning this information is provided.

Dometic has also failed to comply with the Court's order directing that it provide "sales figures for the accused product(s)" on or before January 16, 2026. *See* Scheduling Order at 4.

Dometic's production is incomplete and fails to comply with its obligations under ¶4(b).

Dometic's failures to comply with its discovery obligations unfairly prejudice Seakeeper. To remedy this prejudice, Seakeeper must insist upon complete compliance with Paragraph 4(b) of this Court's Default Standard for Discovery, and with its document requests and interrogatories served nearly two months ago seeking production of Dometic's DG3 products, by **making available for inspection** a sample of an assembled and operational unit of each design of its DG3 product, and that it also make available for inspection the rotor, enclosure, bearings and bearing races and other disassembled components of each design, particularly including those components relating to the cooling of each device. **We request that these materials be made available for our inspection, testing and video/photo recording on or before Friday, January 23, 2026.**

Given the impending January 30, 2026 deadline for Seakeeper to provide initial claim charts relating to Demotic's DG3 designs, we require **Confirmation of the requested inspection no later than Close of Business, Tuesday, January 20, 2026.**

We also require immediate compliance with Dometic's obligations to provide sales figures for all of the accused products.

Thank you for your attention to this matter. We look forward to your prompt confirmation.

Sincerely,

Raymond R. Ricordati III

cc: Counsel of Record