# EXHIBIT I



Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357 USA
T: +1.312.474.6300
marshallip.com

Thomas L. Duston, Partner
Email: tduston@marshallip.com
Telephone: (312) 423-3446

February 10, 2026

**VIA EMAIL:  oleg.khariton@dinsmore.com**
Oleg Khariton
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH  45202

> Re: *Seakeeper Inc. v. Dometic Corporation (D. Del. Case No. 1:25-cv-00484-JCB)*
> *Seakeeper's Rule 30(B)(6) Deposition Notice*

Dear Mr. Khariton:

I am writing with respect to Defendant Dometic's continuing failure to address Plaintiff Seakeeper's Rule 30(b)(6) deposition notice.

To briefly recap, Seakeeper has repeatedly complained that Dometic has failed to provide sufficient sales and technical data concerning the products identified in Seakeeper's Paragraph 4(a) disclosures.  Despite numerous telephone conferences, Seakeeper remains without the critical information it has sought.

In view of Dometic's refusal to provide all of the information requested, Seakeeper served a notice of deposition pursuant to Rule 30(b)(6).  Seakeeper properly noticed that deposition for Monday, February 2, 2026.

Shortly before that deposition was to commence, Dometic declared it would not present a witness on the requested topics.  While Dometic promised to articulate in writing its objections to Seakeeper's notice, no such statement has been provided. Dometic failed to move for a protective order concerning the noticed deposition.

Seakeeper sought repeatedly to meet and confer with Dometic's counsel in an effort to resolve objections to its deposition notice.  Seakeeper eventually spoke by phone with Dometic's counsel. Seakeeper's efforts to resolve this dispute have thus far proven fruitless.

It appears that Dometic's objections are two-fold.  First, Dometic apparently contends that no depositions may occur before the date for substantial completion of document production.

Oleg Khariton
DINSMORE & SHOHL LLP
February 10, 2026
Page 2

We have asked that Dometic provide authority that supports its contention depositions may not begin before substantial competition of document production. Dometic has thus far declined to do so. We are aware of no such restriction.

Second, Dometic has suggested that Seakeeper may proceed with its noticed objection only if it agrees to certain pre-conditions. To the extent that Dometic has characterized these pre-conditions, they apparently concern Dometic's insistence that Seakeeper stipulate it will not seek a further Rule 30(b)(6) deposition on the same topics in the future.

We have attached revisions that serve to narrow the scope of those topics to allay Dometic's concerns that a later Rule 30(b)(6) notice will encompass the same topics. We trust that by narrowing the current topics, we have addressed Dometic's concerns. We are willing to agree that Seakeeper may serve a future Rule 30(b)(6) notice only with respect to topics that do not duplicate the attached.

If the foregoing proposal is acceptable, please provide us with dates for the requested deposition. If it is not, please provide us with times on Wednesday, February 11, 2026, for a meet and confer including local counsel.

We appreciate your prompt response to our correspondence.

                              Very truly yours,

                              Thomas L. Duston

CC: All counsel of record

## REVISED TOPICS

1. ~~The design, specifications, and operation of each Accused Product, including their cooling features~~.

    Describe the components of each of the Accused Products, including the materials, dimensions, and function thereof.

2. ~~All sales of and offers to sell the Accused Products, including the identity of the purchasers or potential purchasers, the number of units sold or offered and dates thereof, the specific design of such units, the shipment or delivery thereof, and the prices at which sold or offered~~.

    List each sale and proposal to sell the Accused Products, including the dates thereof, the identity of the purchasers or potential purchasers, the number of units sold or offered, a description of the prices at which sold or proposed for sale, and an identification of which Accused Product was the subject of the sale or proposal.

3. ~~The development of the DG3 design reflected in Dometic_000145-150, including the attempts to produce a commercial product incorporating such a design~~.

    State the number of commercial units of the DG3 design reflected in Dometic_000145-150 manufactured, and provide the dates of manufacture for each.

4. ~~The number of units manufactured of the DG3 design identified in the Complaint, and the disposition, current status, and intended disposition of each such unit~~.

    Confirm the number of units made of the DG3 design identified in the Complaint, the disposition of each such unit, and the dates thereof.

5. ~~All testing performed on each of the Accused Products and the results thereof~~.

    [Withdrawn without prejudice]