# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAKEEPER, INC.<br><br>    Plaintiff,<br><br>v.<br><br>DOMETIC CORPORATION,<br><br>    Defendant. | Case No. 25-0484-JCB |

## NOTICE OF RULE 30(b)(6) DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Seakeeper, Inc. ("Plaintiff" or "Seakeeper"), through its undersigned counsel, will take the deposition upon oral examination of Defendant Dometic Corporation ("Dometic" or "Defendant") on February 2, 2026, beginning at 9:00 a.m. in the offices of Plaintiff's counsel, 6300 Willis Tower, 233 South Wacker Drive, Chicago, IL 60606, and shall continue day to day until completed. The deposition will occur before a notary public, court reporter, or any other person qualified to administer oaths, will be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware and may be recorded by stenographic, sound, video, audiovisual, and/or any other such appropriate means.

Pursuant to Rule 30(b)(6), Defendant is requested to produce the person(s) within its organization who can testify with respect to the matters identified in the attached Appendix A.

| | |
|---|---|
| OF COUNSEL:<br><br>MARSHALL, GERSTEIN & BORUN LLP<br>6300 Willis Tower<br>233 S. Wacker Drive<br>Chicago, IL 60606<br>(312) 474-6300 | */s/ Steven J. Fineman*<br>Steven J. Fineman (#4025)<br>Kelly E. Farnan (#4395)<br>Christine D. Haynes (#4697)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>302-651-7700<br>fineman@rlf.com<br>farnan@rlf.com<br>haynes@rlf.com<br><br>*Attorneys for Plaintiff*<br>*Seakeeper, Inc.* |

Dated: January 21, 2026

2

# APPENDIX A

## DEFINITIONS

1. "Seakeeper" and/or "Plaintiff" shall each mean and refer to Seakeeper, Inc., including its directors, officers, employees, accountants, consultants, representatives, agents, divisions, subsidiaries, or affiliates, past or present, any partnership or joint ventures to which they are a party, and all others acting on behalf of Seakeeper.

2. The terms "you," "your," "Dometic" and "Defendant" refer to Defendant Dometic Corporation, its directors, officers, employees, attorneys, accountants, consultants, experts, representatives, agents, predecessors, successors, divisions, subsidiaries, or affiliates, past or present, any partnership or joint ventures to which they are a party, and all others acting or purporting to act on behalf of Defendant.

3. The term "this Action" means Civil Action No. 25-0484-JCB (D. Del.).

4. The term "Complaint" means the complaint filed in this Action at D.I. 1.

5. "Accused Products" shall mean the DG3 Gyro Stabilizer (including all past, current and future designs thereof), including but not limited to any products alleged in the Complaint (and any amendments thereof) to infringe the Seakeeper Patents, identified in discovery responses as infringing one or more of those patents, or identified in Seakeeper's Para. 4(a) Disclosures and shall include the product(s) depicted in documents produced having bates numbers Dometic_000001-150.

6. The term "date" shall mean the exact date, if known, or the closest approximation to the exact date as can be specified, including the year, month week in a month or part of a month.

## TOPICS FOR EXAMINATION

1. The design, specifications, and operation of each Accused Product, including their cooling features.

2. All sales of and offers to sell the Accused Products, including the identity of the purchasers or potential purchasers, the number of units sold or offered and dates thereof, the specific design of such units, the shipment or delivery thereof, and the prices at which sold or offered.

3. The development of the DG3 design reflected in the documents bearing bates numbers Dometic_000145-150, including the attempts to produce a commercial product incorporating such a design.

4. The number of units manufactured of the DG3 design identified in the Complaint, and the disposition, current status, and intended disposition of each such unit.

5. All testing performed on each of the Accused Products and the results thereof.