# EXHIBIT M

| | |
|---|---|
| **From:** | Khariton, Oleg |
| **To:** | Thomas L. Duston |
| **Cc:** | Ray Ricordati; Isaku Begert; Gwen Collins; Sandy Hart; Xavier, Michael; VanDeusen, Christopher; Mayo, Andrew C. (AMayo@ashbygeddes.com); Haynes, Christine D.; Fineman, Steven J.; Kelly E. Farnan (farnan@rlf.com); Sandy Hart; Gwen Collins |
| **Subject:** | RE: SK/DOMETIC Inspection |
| **Date:** | Sunday, February 22, 2026 8:15:22 PM |
| **Attachments:** | image001.png |

**External - This email is from an external email address outside the firm.**

Tom,

We're not refusing to provide or improperly delaying any discovery that Seakeeper is reasonably entitled to. We've produced extensive technical documentation concerning the current DG3 design. We've also produced documents reflecting the three invoiced shipments of the prior design. We've also agreed to produce, and will soon be producing, documents sufficient to show the purchase orders for the other twelve DG3 units that I mentioned in the TRO hearing in May, i.e., the units that Dometic Marine Canada "ha[d] committed to shipping" (but had not yet shipped) as of the date of that hearing. (As we've repeatedly explained, the units that Dometic Marine Canada eventually made and shipped to fulfill these existing orders corresponded to the new design, not the old.) To the extent you wish to cross-examine a Rule 30(b)(6) witness about these technical and sales documents, you can do so at the appropriate juncture in discovery. We've never suggested otherwise.

Rather, our objection is two-fold. First, we object the notion that the parties must put on hold everything else they're doing in discovery and immediately schedule an early, partial Rule 30(b)(6) deposition of Dometic, merely so that Seakeeper can satisfy itself that Dometic has in fact implemented the design change reflected in the documents produced by Dometic to date. You've articulated no legitimate reason for proceeding in this extraordinary fashion. The Federal Rules simply do not permit Seakeeper to depose Dometic in a serial, piecemeal way (first by noticing a partial 30(b)(6) deposition in the middle of document discovery and then noticing a second 30(b)(6) deposition following the completion of document production). On the contrary, as we've established, the one-deposition-per-person limit in Rule 30(a)(2)(A)(ii) applies equally to corporate parties.

We further note that, from a practical perspective, there's no prejudice to Seakeeper in waiting to take a Rule 30(b)(6) deposition of Dometic until after the Apri 2 deadline for substantial completion of document production. In fact, we suggest that the parties—and Seakeeper in particular—would be far better off focusing their energies on meeting that fast-approaching deadline. We note that your side is yet to produce a single document since the beginning of the discovery period. You've also failed to respond (or even acknowledge) the letter we sent to you nearly three weeks ago outlining numerous deficiencies in Seakeeper's RFP responses. When are you going to respond to that letter? When is Seakeeper going to produce any documents in discovery?

Second, we object to producing information concerning the sales of the current DG3 design. Although Seakeeper has purported to include this design in its initial infringement contentions,

Seakeepeer's contentions are facially unreasonable. Indeed, we find it telling that Seakeeper hasn't amended its complaint to accuse the current design. If there were a plausible, good-faith claim of infringement that could be made against the current design in view of all of the extensive technical documentation that has been produced by Dometic, Seakeeper surely would've amended its complaint. We intend to bring Seakeeper's untenable infringement contentions concerning the current DG3 design—which are totally different from its infringement contentions concerning the prior DG3 design that Seakeeper accused in the complaint, and which have therefore never been vetted through a formal Rule 12(b)(6) process—to the Court's attention. In particular, we intend to ask the Court to strike the portion of Seakeeper's initial infringement contentions directed to the current design at least until Seakeeper amends its complaint to formally accuse that design of infringement and Dometic is given an opportunity to challenge those allegations in a Rule 12(b)(6) motion.

As to the in-person inspection of the current design, we made our conditional offer in the expectation that, if given the opportunity to conduct the inspection, Seakeeper would withdraw its demand for an early, partial Rule 30(b)(6) deposition of Dometic. Because Seakeeper continues to insist on that deposition despite our compromise offer, we do not agree to schedule the inspection at this time. Should the Court permit further discovery into the current design, then we could revisit the issue of the inspection at a later time.

Oleg

**From:** Thomas L. Duston <tduston@marshallip.com>
**Sent:** Friday, February 20, 2026 4:52 PM
**To:** Khariton, Oleg <Oleg.Khariton@DINSMORE.COM>
**Cc:** Ray Ricordati <rricordati@marshallip.com>; Isaku Begert <IBegert@marshallip.com>; Gwen Collins <Gcollins@marshallip.com>; Sandy Hart <SHart@marshallip.com>; Xavier, Michael <Michael.Xavier@DINSMORE.COM>; VanDeusen, Christopher <Christopher.VanDeusen@Dinsmore.com>; Mayo, Andrew C. (AMayo@ashbygeddes.com) <AMayo@ashbygeddes.com>; Haynes, Christine D. <haynes@rlf.com>; Fineman, Steven J. <fineman@rlf.com>; Kelly E. Farnan (farnan@rlf.com) <farnan@rlf.com>; Sandy Hart <SHart@marshallip.com>; Gwen Collins <Gcollins@marshallip.com>
**Subject:** RE: SK/DOMETIC Inspection

Oleg,

As we have explained repeatedly, Dometic has failed to provide sufficient technical information in connection with its purported new design. It has also refused to provide any other information concerning that design, objecting to all of Seakeeper's interrogatories and document requests to the extent they seek information relating to this product.

We dispute your characterizations of the current DG3 as "clearly non-infringing." Dometic may not simply refuse to provide requested discovery based upon such a unilateral declaration.

We appreciate your willingness (at long last) to make a current DG3 available for inspection. We would like to inspect that product as soon as possible. Please provide us dates for such an inspection.

However, this inspection will not resolve all of the issues we have identified with respect to Dometic's deficient discovery responses. Questions remain concerning the twelve units you identified during our hearing in May of 2025 which were offered for sale and purchased prior to your reported redesign. Dometic has provided no information concerning these transactions. Nor, as noted above, has Dometic agreed to provide any sales, marketing, development, testing, or other responsive information concerning its purported new design.

Dometic's refusals to provide the requested discovery has prompted our further demand that a witness appear to answer targeted questions concerning these subjects **under oath**.

Accordingly, we object to Dometic' conditioning the inspection on our relinquishing this discovery. We perceive this belated and indeterminate offer to be a further in a series of actions taken by Dometic to delay and postpone Seakeeper's discovery.

Sincerely, Tom Duston.



Thomas L. Duston
Partner
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357 USA
D: +1.312.423.3446
T: +1.312.474.6300
F: +1.312.474.0448
tduston@marshallip.com
marshallip.com

The material in this transmission may contain confidential information. If you are not the intended recipient, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies and notify Marshall, Gerstein & Borun LLP by return e-mail or by telephone at +1.312.474.6300. Thank you.

**From:** Khariton, Oleg <Oleg.Khariton@DINSMORE.COM>
**Sent:** Thursday, February 19, 2026 3:32 PM
**To:** Thomas L. Duston <tduston@marshallip.com>

**Cc:** Ray Ricordati <rricordati@marshallip.com>; Isaku Begert <IBegert@marshallip.com>; Gwen Collins <Gcollins@marshallip.com>; Sandy Hart <SHart@marshallip.com>; Xavier, Michael <Michael.Xavier@DINSMORE.COM>; VanDeusen, Christopher <Christopher.VanDeusen@Dinsmore.com>
**Subject:** RE: SK/DOMETIC Inspection

**External - This email is from an external email address outside the firm.**

Tom,

This follows up on your request to inspect or purchase a physical specimen of the current DG3 product.

As an initial matter, I want to reiterate that we have already provided extensive technical documentation (including detailed production drawings and CAD files) that, collectively, is more than sufficient to show the design of the current DG3 product. This documentation clearly shows that the product lacks any components that could reasonably be described as the claimed "interleaved" "vanes," and it is fully consistent with every prior representation that we have made to you and the Court about this product.

When I asked you in our call on Friday why your client still insisted on inspecting a specimen of this clearly non-infringing product (in spite of all of the detailed documentation that we have provided), you stated that Seakeeper "doesn't believe" that Dometic Marine Canada has in fact implemented the design change that we informed you and the Court of last May. Frankly, this justification strikes us as quite bizarre. We are surprised that your client actually believes that all of the technical documents that we have provided to you somehow aren't genuine.

Nevertheless, in the interests of compromise, we are open to permitting an inspection of a specimen of the current DG3 product. The inspection would have to take place at Dometic Marine Canada's Vancouver facilities and would need to proceed on an "Attorneys' Eyes Only" basis, as I've explained before. Furthermore, we would need you to agree that Seakeeper would forgo seeking any other discovery-related relief (including an early Rule 30(b)(6) deposition of Dometic) at least until the completion of the inspection, as the inspection alone should be more than enough to address Seakeeper's purported concerns as you have explained them to us.

Please let me you thoughts.

Oleg

**From:** Khariton, Oleg
**Sent:** Tuesday, February 17, 2026 1:30 PM
**To:** Thomas L. Duston <tduston@marshallip.com>
**Cc:** Ray Ricordati <rricordati@marshallip.com>; Isaku Begert <IBegert@marshallip.com>; Gwen Collins <Gcollins@marshallip.com>; Sandy Hart <SHart@marshallip.com>; Xavier, Michael <Michael.Xavier@DINSMORE.COM>; VanDeusen, Christopher

<Christopher.VanDeusen@Dinsmore.com>
**Subject:** RE: SK/DOMETIC Inspection

Tom,

Not yet.  The GC has been out of the office since last week.  We will get you a response as soon as we're able.

Oleg

**From:** Thomas L. Duston <tduston@marshallip.com>
**Sent:** Monday, February 16, 2026 7:28 PM
**To:** Khariton, Oleg <Oleg.Khariton@DINSMORE.COM>
**Cc:** Ray Ricordati <rricordati@marshallip.com>; Isaku Begert <IBegert@marshallip.com>; Gwen Collins <Gcollins@marshallip.com>; Sandy Hart <SHart@marshallip.com>
**Subject:** RE: SK/DOMETIC Inspection

Oleg—

Do you have a response to our request?

Thanks, Tom.



Thomas L. Duston
Partner
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357 USA
D: +1.312.423.3446
T: +1.312.474.6300
F: +1.312.474.0448
tduston@marshallip.com
marshallip.com

The material in this transmission may contain confidential information. If you are not the intended recipient, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies and notify Marshall, Gerstein & Borun LLP by return e-mail or by telephone at +1.312.474.6300. Thank you.

**From:** Thomas L. Duston
**Sent:** Wednesday, February 11, 2026 4:49 PM

**To:** Khariton, Oleg <oleg.khariton@dinsmore.com>
**Cc:** Ray Ricordati <rricordati@marshallip.com>; Isaku Begert <IBegert@marshallip.com>; Gwen Collins <Gcollins@marshallip.com>; Sandy Hart <SHart@marshallip.com>
**Subject:** SK/DOMETIC Inspection

Oleg—

As you know, Seakeeper has made repeated requests to inspect a specimen of the most recent design of Dometic's DG3, including its component parts. To date, Dometic has refused to requested inspection. Without prejudice to our inspection request, Seakeeper wishes to purchase a DG3. Could you advise of the cost and the earliest date such a shipment could be made. Seakeeper reserves the right to recovery the purchase price of the unit.

Thank you, Tom.



Thomas L. Duston
Partner
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357 USA
D: +1.312.423.3446
T: +1.312.474.6300
F: +1.312.474.0448
tduston@marshallip.com
marshallip.com

The material in this transmission may contain confidential information. If you are not the intended recipient, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies and notify Marshall, Gerstein & Borun LLP by return e-mail or by telephone at +1.312.474.6300. Thank you.

NOTICE: This electronic mail transmission from the law firm of Dinsmore & Shohl may constitute an attorney-client communication that is privileged at law. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this electronic mail transmission in error, please delete it from your system without copying it, and notify the sender by reply e-mail, so that our address record

can be corrected.