# EXHIBIT N

ORAL ORDER re 127 Letter, 126 Letter: Having reviewed the letter briefing on the parties' discovery disputes (D.I. 126, D.I. 127, D.I. 132, D.I. 136), IT IS ORDERED that: (1) The Court has addressed case narrowing in a separate Order at D.I. 137; (2) Defendant's motion to strike Plaintiffs' infringement contentions regarding the Guardant Inform and Guardant Connect services is DENIED. "Striking a patentees infringement contentions is a severe sanction that should be used sparingly and only for good cause." Avago Techs., Inc. v. IPtronics Inc., 2015 WL 4647923, at *2 (N.D. Cal. Aug. 5, 2015). Defendant's challenge to the merits of Plaintiffs' infringement contentions does not constitute good cause because "a motion to strike contentions is not the appropriate vehicle to assess whether... infringement theories are legally viable." (D.I. 136, Ex. A) Plaintiffs' infringement contentions are preliminary, not final; Plaintiffs' claim charts are timely; and the claim charts sufficiently provide notice of Plaintiffs' infringement contentions regarding the Guardant Inform and Guardant Connect services at this stage. (D.I. 126, Ex. I at 9-11) For these reasons, the authority cited by Defendant is distinguishable. Cf. Personal Audio, LLC v. Google LLC, C.A. No. 17-1751-CFC-CJB, D.I. 290 at 2 (D. Del. Nov. 15, 2018) (compelling supplementation of final contentions where certain devices accused of infringement were not charted); Round Rock Research LLC v. Lenovo Group Ltd., C.A. No. 11-1011-RGA, D.I. 86 (D. Del. June 14, 2013) (limiting the accused products to those included in infringement contentions and claim charts); Walker Digital, LLC v. Google Inc., C.A. No. 11-309-SLR, 2013 WL 2949109, at *2 (D. Del. June 14, 2013) (striking infringement contentions that were not timely disclosed); EON Corp. IP Holdings LLC v. FLO TV Inc., C.A. No. 10-812-RGA, 2013 WL 5883759, at *1 (D. Del. Oct. 30, 2013) (excluding infringement contentions on products that were not charted); Uniloc 2017 LLC v. Apple, Inc., 2019 WL 8810168 (N.D. Cal. Dec. 16, 2019) (permitting amendment of contentions stricken pursuant to N.D. Cal. patent local rules); (3) Plaintiffs' motion to compel Defendant to produce core technical documents, sales figures, and documents responsive to RFP Nos. 1-4, 6-8, 14, 29, and 33 for the Guardant Inform and Guardant Connect services is GRANTED, and production is due on or before November 18, 2022. Defendant's substantive challenge to the merits of Plaintiffs' infringement contentions does not provide a reasonable basis to withhold discovery. See Greatbatch Ltd. v. AVX Corp., 179 F. Supp. 3d 370, 374 (D. Del. 2016) (rejecting the argument that the substantive weakness of the infringement contentions should negate the obligation to produce core technical documents); see also Contour IP Holding, LLC v. GoPro, Inc., C.A. No. 15-1108-LPS, D.I. 65 (D. Del. July 6, 2016) (granting request to compel core technical document production as required by the scheduling order). IT IS FURTHER ORDERED that the discovery dispute teleconference scheduled for October 19, 2022 at 2:00 p.m. is CANCELLED. Signed by Judge Sherry R. Fallon on 10/18/2022. (Polito, Rebecca) (Entered: 10/18/2022)

As of October 19, 2022, PACER did not contain a publicly available document associated with this docket entry. The text of the docket entry is shown above.

*TwinStrand Biosciences, Inc. et al v. Guardant Health, Inc.*
1-21-cv-01126 (DDE), 10/18/2022, docket entry 138