IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SEAKEEPER INC.                    )
                                  )
            Plaintiff,            )
                                  )    C.A. No. 25-484-JCB
      v.                          )
                                  )    **REDACTED PUBLIC VERSION**
DOMETIC CORPORATION,              )
                                  )
            Defendant.            )

**LETTER TO THE HONORABLE J. CAMPBELL BARKER**

John G. Day (#2403)
Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
PO Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*

*Of Counsel:*

Oleg Khariton
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
(513) 977-8200
oleg.khariton@dinsmore.com

Michael A. Xavier
DINSMORE & SHOHL LLP
1775 Sherman Street, Suite 2600
Denver, CO 80203
(303) 296-3996
michael.xavier@dinsmore.com

Dated: March 2, 2026

Dear Judge Barker,

Pursuant to the instructions provided by the Court's case manager, Defendant Dometic Corporation ("Dometic")[1] submits this letter brief in support of its motion to strike certain portions of Plaintiff Seakeeper, Inc.'s ("Seakeeper") Initial Infringement Contentions.[2] Seakeeper filed this suit accusing a prior design of the DG3 marine gyrostabilizer of infringing its U.S. Patent No. 7,546,782 (the "'782 Patent"). Subsequently, Dometic discontinued the accused design and put into production a different DG3 design—one that undeniably differs in crucial respects from the earlier one. Seakeeper has not amended its complaint to accuse this new design of infringement. And not surprisingly so, since the design is plainly non-infringing, as the technical documents produced by Dometic amply demonstrate. But even as it refuses to amend its complaint, Seakeeper has included the new DG3 design in its Initial Infringement Contentions. Seakeeper's infringement contentions with respect to this design are not only completely disconnected from any allegations in the complaint but also implausible on their face. Indeed, they reflect an improper attempt to leverage the discovery process for the purpose of obtaining competitively sensitive commercial information about a non-infringing product. Accordingly, the portions of Seakeeper's Initial Infringement Contentions directed to the new DG3 design should be stricken.

## I.    Relevant Background

As summarized by the Court, marine gyrostabilizers use "smaller flywheels spinning at higher speeds" in "a partial-vacuum enclosure," which, "while power-efficient," has the downside of "generat[ing] significant heat in the bearings that hold the flywheel." (D.I. 87 at 1-2.) The '782 Patent addresses this problem by "dissipat[ing] that heat through interleaved, cylindrical vanes" positioned close to one another so that heat is transferred from the interior rotating vanes to the stationary vanes attached to the enclosure. (*Id.*) Each claim of the patent thus requires "a first plurality of vanes" and "a second plurality of vanes," which define gaps into which the first vanes extend so that the two sets of vanes are "interleaved." (D.I. 1-1 at 42-43 (10:24-32, 11:14-26).)

Before filing suit, Seakeeper sent Dometic a cease-and-desist letter alleging that the Dometic DG3 design depicted in a recently posted promotional video infringed the '782 Patent. Dometic responded by, *inter alia*, explaining that "the DG3 product design [was] still being finalized," and that the promotional image cited by Seakeeper as evidence of infringement "d[id] not necessarily represent the final product design." (D.I. 14-1 at 22.) Seakeeper nevertheless filed suit, and then proceeded to file motions for a preliminary injunction and temporary restraining order ("TRO"). The complaint and injunction motions all pointed to the same group of features in the not-yet-final DG3 design (the "Prior Design") as satisfying the claimed requirements of two sets of "interleaved" "vanes." (D.I. 1 at ¶ 48; D.I. 9 at 9; D.I. 30 at 14.)

During the May 28, 2025 hearing on its TRO motion, Seakeeper advised the Court that a negotiated resolution of the pending motions for injunctive relief might take the form of an agreement by Dometic to remove the alleged "interleaved" "vanes" from the DG3. Following the hearing, Dometic informed Seakeeper and the Court that it was willing to commit to that design

---

[1] For brevity and simplicity, this letter will refer to Dometic Corporation and non-party Dometic Marine Canada, Inc. (the entity that actually makes and sells the DG3) collectively as "Dometic."

[2] The parties agreed that Seakeeper would respond to this motion on March 5, 2026.

change. Specifically, Dometic stated that it would not make or sell the Prior Design and would put into production an alternative version of the DG3 (the "New Design") that inarguably removed any "interleaved" "vanes." (D.I. 65; D.I. 68.) Dometic provided the Court and Seakeeper with a three-dimensional drawing of the New Design. (D.I. 65-1.) Consistent with its pre-suit letter to Seakeeper, Dometic also explained that work on this design "ha[d] been on-going" for some time, and that Dometic was now "confident enough in the New Design" to start shipping to customers. (D.I. 68 at 3.) Although the Court concluded that Dometic's announced design change did not moot Seakeeper's injunction motions, it denied both motions for other reasons. (D.I. 87.)

After the commencement of discovery, Seakeeper identified the "current DG3 product" as an "accused product" even as it complained that it lacked any technical information about the product. (Ex. A at 2; Ex. B at 2.) Seakeeper did not explain what reasonable factual basis it had to accuse the New Design of infringement in such circumstances.

Subsequently, Dometic provided Seakeeper with the full set of production drawings for the New Design, including detailed drawings depicting the individual parts of the product (including precise dimensions, tolerances, and materials) as well as assembly drawings showing how these parts fit together. (Ex. C at 2.) Unsatisfied, Seakeeper demanded that Dometic also provide the three-dimensional CAD files for the New Design. Dometic provided the full set of CAD files requested by Seakeeper. (Ex. D at 2.)

On February 6, 2026, Seakeeper served its Initial Infringement Contentions, where it purported to accuse both the Prior and New Designs of infringing the '782 Patent. Seakeeper's contentions with respect to the claimed "interleaved" "vanes" for each product are reproduced below (with Seakeeper's own highlighting and annotations):

| Prior Design (Ex. E at 11) | New Design (Ex. E at 25) |
| --- | --- |



Seakeeper's contentions make two things clear. First, the components that Seakeeper identified as the "interleaved" "vanes" in the Prior Design—*i.e.*, the two sets of cylindrical, tooth-like elements ("vanes") positioned proximately one another in an alternating pattern ("interleaved")—are indisputably not present in the New Design. And, second, the components identified by Seakeeper as meeting this claim limitation in the New Design cannot be reasonably described as two sets of "interleaved" "vanes." Simply put, there is nothing recognizably "vane"-like or "interleaved"-like about these components.

Having thus improperly included the New Design in its infringement contentions, Seakeeper is now attempting to leverage this fact to obtain additional broad discovery into the

product, including sales, marketing, testing, and "other responsive information." (Ex. F at 2.)[3]

## II.    Argument

The scope of discovery is "not limitless"; rather, it is "circumscribe[d]" by the complaint and its allegations. *Castellani v. City of Atl. City*, 102 F. Supp. 3d 657, 663 (D.N.J. 2015) (quoting *Toth v. Cal. Univ. of Pa.*, No. 09–1692, 2011 WL 2436138, at *2 (W.D.Pa. June 15, 2011)).  In a patent case, to plead a claim for infringement plausible enough to survive a motion to dismiss under Rule 12(b)(6), the complaint must allege "sufficient factual content" to "'allow[] the court to draw the reasonable inference that the defendant [has infringed].'"  *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Circ. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The well-pleaded complaint requirement exists to prevent a plaintiff unable to allege sufficient facts to support a claim for relief from "unlock[ing] the doors of discovery."  *Celgene Corp. v. Mylan Pharms., Inc.*, 17 F.4th 1111, 1128 (Fed. Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678-79).

Seakeeper's complaint accused the Prior Design of infringing the '782 Patent.  (D.I. 1 at ¶ 48.)  The complaint did not identify the New Design as an allegedly infringing design.  Nor could it have, since it *predated* the New Design.  Further, in articulating its theory of infringement against the Prior Design, the complaint pointed to a specific group of features in that design that allegedly satisfied the pluralities-of-interleaved-vanes limitation.  By contrast, the New Design indisputably lacks those features.  Therefore, in so far as Seakeeper's initial infringement contentions now point to a ***different*** set of features in the New Design to accuse this design of infringement, this plainly constitutes a ***new*** infringement theory—one that has never been articulated in any pleading, and that, accordingly, has never been vetted through the Rule 12(b)(6) process.

It is telling that Seakeeper has chosen not to amend its complaint to date.  As discussed *supra*, Seakeeper's infringement contentions with respect to the New Design are implausible on their face.  In fact, Seakeeper's contentions are directly contradicted by its prior admissions.  In particular, the complaint affirmatively stated that the gyrostabilizer design depicted in Dometic's U.S. Patent Application No. 2024/0400167 "did not employ interleaved vanes as a means of cooling the heat generating components." (D.I. 1 at ¶ 53.)  That design, however, is materially indistinguishable from the New Design.  (*See* D.I. 10-1 at 191, 192 (Figs. 61, 62).)  Seakeeper's own admissions thus render any potential claim against the New Design a non-starter.

In effect, Seakeeper has to date circumvented the Rule 8 pleading requirements by strategically opting not to amend its complaint and instead using its infringement contentions to unilaterally "unlock the doors of discovery" with respect to the New Design.  *Iqbal*, 556 U.S. at 678-79.  Seakeeper should not be permitted to do so.  If it genuinely believes that it has a colorable claim of infringement against the New Design, then it should amend its complaint.  Only if its new infringement theory withstands the Rule 12(b)(6) process should Seakeeper permitted to obtain further discovery into the New Design.  *See* Ex. G at 10, *The Nielsen Company (US), LLC v. TVision Insights, Inc.,* C.A. 21-1592-CJB (D. Del. Sept. 2, 2022) (finding the plaintiff was entitled to discovery over a product accused in infringement contentions ***after*** the plaintiff (1) accused the product of infringement in a complaint; (2) that complaint survived the pleading stage; and (3)

---

[3] Seakeeper is simultaneously filing a motion to compel Dometic to provide this discovery.

plaintiff had articulated an understandable basis as to how that system could infringe).

Respectfully,

*/s/ Andrew C. Mayo*

Andrew C. Mayo (#5207)

ACM/mlk

cc:     All counsel of record (via electronic mail, with attachments)

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEAKEEPER, INCORPORATED, | |
| Plaintiff, | |
| v. | C.A. No. 25-0484-JCB |
| DOMETIC CORPORATION, | |
| Defendant. | |

**SEAKEEPER, INCORPORATED'S INITIAL DISCLOSURE OF
ACCUSED PRODUCTS, ASSERTED PATENTS, AND DAMAGES MODEL**

Pursuant to Paragraph 7(a) of Judge Noreika's form scheduling order and Paragraph 4(a) of the Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), Plaintiff Seakeeper, Incorporated ("Plaintiff" or "Seakeeper"), through its attorneys hereby serves the following disclosure of accused products, asserted patents, and damages model. Seakeeper's investigation is ongoing, and it reserves the right to supplement and amend these disclosures based on further discovery (including discovery from Dometic Corporation), as well as expert discovery.

## I.    IDENTIFICATION OF ASSERTED PATENT AND ACCUSED PRODUCTS

Seakeeper alleges that U.S. Patent No. 7,546,782 was and is infringed by Dometic's past and, on information and belief, its current DG3 product, and any other similarly configured gyroscopic stabilization products (collectively, the "Accused Products"). In addition, on information and belief, Seakeeper also conditionally asserts that U.S. Patent No. 8,117,930 was and currently is infringed by the Accused Products pending the outcome of discovery about certain technical features of the Accused Products. Copies of the asserted patents and related file histories are being produced concurrently herewith.

## II.     <u>DAMAGES MODEL</u>

Seakeeper seeks compensatory damages under 35 U.S.C. § 284 in the form of profits lost on lost sales of its patented products and those products and services whose sale is related to those products and/or a reasonable royalty for Defendant's infringement of the Asserted Patents. A specific computation of these damages is not possible at this time in part because Seakeeper has not yet received any discovery from Defendant including Defendant's sales information for the Accused Products. Seakeeper reserves the right to supplement this response following the production of such information by Defendant. Seakeeper further seeks enhanced damages of three times the amount of compensatory damages for Defendant's willful infringement.

Under 35 U.S.C. § 285, Seakeeper further seeks an award of attorney fees and costs because this is an exceptional case.

Further, to the extent discovery reveals that Defendant and its agents have made false and misleading claims with respect to the Accused Products, Plaintiff reserves the right to seek compensatory and punitive damages related thereto.

2

OF COUNSEL:

MARSHALL, GERSTEIN & BORUN LLP
6300 Willis Tower
233 S. Wacker Drive
Chicago, IL 60606
(312) 474-6300

*/s/ Steven J. Fineman*
Steven J. Fineman (#4025)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
fineman@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*
*Seakeeper, Inc.*

Dated: December 5, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2025, a true and correct copy of the foregoing document was caused to be served by e-mail on the following counsel:

**BY E-MAIL**

Andrew C. Mayo
Brian A. Biggs
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

**BY E-MAIL**

Oleg Khariton
Dinsmore & Shohl LLP
255 E. Fifth Street
Suite 1900
Cincinnati, OH 45202

**BY E-MAIL**

Michael. A. Xavier
Dinsmore & Shohl LLP
1775 Sherman Street
Suite 2600
Denver, CO 80203

*/s/ Christine D. Haynes*
Christine D. Haynes (#4697)
haynes@rlf.com

# Exhibit B

## Khariton, Oleg

| | |
|---|---|
| **From:** | Ray Ricordati <rricordati@marshallip.com> |
| **Sent:** | Tuesday, December 23, 2025 2:32 PM |
| **To:** | Khariton, Oleg |
| **Cc:** | VanDeusen, Christopher; Kipp, Michele L.; Mayo, Andrew C.; Xavier, Michael; Myers, Nikki; efindlay@findlaycraft.com; farnan@rlf.com; fineman@rlf.com; haynes@rlf.com; Mark Izraelewicz; Thomas L. Duston |
| **Subject:** | RE: Seakeeper Inc. v. Dometic Corporation, C.A. No. 25-484-JCB |

Oleg,

Our letter requested your availability for a meet and confer yesterday to discuss, inter alia, your improper objection to requests seeking information about the purported redesigned version of Dometic's DG3 gyrostabilizer.  This version is alleged to infringe the asserted patents in Seakeeper's Paragraph 4(a) statement.  Information on this design is critical. Dometic's core document production is due January 16, 2026 and, if Dometic intends not to provide technical documents concerning this design, this issue needs to be raised with the Court immediately.

Let me know your availability for a meet and confer today to discuss the issues raised in my letter and confirm in your response if Dometic will similarly object and refuse to produce core technical documents relating to the purported redesign in its Paragraph 4(b) production.

Ray



Ray Ricordati
Partner
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357 USA
D: +1.312.474.6617
T: +1.312.474.6300
F: +1.312.474.0448
rricordati@marshallip.com
marshallip.com

The material in this transmission may contain confidential information. If you are not the intended recipient, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies and notify Marshall, Gerstein & Borun LLP by return e-mail or by telephone at +1.312.474.6300. Thank you.

**From:** Khariton, Oleg <Oleg.Khariton@DINSMORE.COM>
**Sent:** Monday, December 22, 2025 4:51 PM
**To:** Ray Ricordati <rricordati@marshallip.com>
**Cc:** VanDeusen, Christopher <Christopher.VanDeusen@Dinsmore.com>; Kipp, Michele L. <MKipp@ashbygeddes.com>; Mayo, Andrew C. <AMayo@ashbygeddes.com>; Xavier, Michael <Michael.Xavier@DINSMORE.COM>; Myers, Nikki <NMyers@ashbygeddes.com>; efindlay@findlaycraft.com; farnan@rlf.com; fineman@rlf.com; haynes@rlf.com; Mark Izraelewicz <Mizraelewicz@marshallip.com>; Thomas L. Duston <tduston@marshallip.com>
**Subject:** Re: Seakeeper Inc. v. Dometic Corporation, C.A. No. 25-484-JCB

**External - This email is from an external email address outside the firm.**

Ray,

We are in receipt of your letter. We will review it and provide a response in due course.

Oleg

---
Sent from Workspace ONE Boxer
On December 19, 2025 at 8:07:59 PM EST, Ray Ricordati <rricordati@marshallip.com> wrote:

Counsel,

Please see the attached letter.

Regards,
Ray



Ray Ricordati
Partner
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357 USA
D: +1.312.474.6617
T: +1.312.474.6300
F: +1.312.474.0448
rricordati@marshallip.com
marshallip.com

The material in this transmission may contain confidential information. If you are not the intended recipient, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies and notify Marshall, Gerstein & Borun LLP by return e-mail or by telephone at +1.312.474.6300. Thank you.

**From:** Myers, Nikki <NMyers@ashbygeddes.com>
**Sent:** Monday, December 15, 2025 3:56 PM
**To:** efindlay@findlaycraft.com; farnan@rlf.com; fineman@rlf.com; haynes@rlf.com; Mark Izraelewicz <Mizraelewicz@marshallip.com>; Ray Ricordati <rricordati@marshallip.com>; Thomas L. Duston <tduston@marshallip.com>
**Cc:** Biggs, Brian <BBiggs@ashbygeddes.com>; christopher.vandeusen@dinsmore.com; Kipp, Michele L. <MKipp@ashbygeddes.com>; Mayo, Andrew C. <AMayo@ashbygeddes.com>; michael.xavier@dinsmore.com; oleg.khariton@dinsmore.com
**Subject:** Seakeeper Inc. v. Dometic Corporation, C.A. No. 25-484-JCB

**External - This email is from an external email address outside the firm.**

Attached is your service copy of the below-referenced Notice of Service, which was filed today in this matter, as well as the referenced discovery:

**D.I. 132 Docket Text:**
**NOTICE OF SERVICE of Defendant Dometic Corp.'s Responses to Plaintiff Seakeeper, Inc.'s First Set of Requests for Production filed by Dometic Corporation.(Mayo, Andrew)**

**Nikki L. Myers** | Legal Assistant | ASHBY & GEDDES
500 Delaware Avenue | P.O. Box 1150 | Wilmington, Delaware 19899
(t) 302.654.1888 | (f) 302.654.2067 | ashbygeddes.com

*Assistant to IP Litigation Group*

Exhibit C

## Khariton, Oleg

| | |
|---|---|
| **From:** | Khariton, Oleg |
| **Sent:** | Friday, January 16, 2026 4:51 PM |
| **To:** | Thomas L. Duston |
| **Cc:** | Farnan, Kelly E.; Fineman, Steven J.; Haynes, Christine D.; AMayo@ashbygeddes.com; Isha Shah; Isaku Begert; VanDeusen, Christopher; Day, John G.; Xavier, Michael; Ray Ricordati; mizraelewicz@marshallip.com |
| **Subject:** | RE: Seakeeper v. Dometic (D. Del 1:25-cv-00484) - Dometic's Document Production |

Tom,

As we've discussed, in addition to the core technical documents pertaining to the prior, accused version of the DG3 product, our document production also includes production drawings sufficient to show the design of the current version of the DG3.  For clarity, those drawings are being produced as Dometic_000145-150.

In addition, I note that the Court's Scheduling Order requires the parties to submit a proposed Protective Order by January 23.  Will you please circulate a draft PO for our review as soon as you're able?  Thanks.

Oleg



**Oleg Khariton**
Partner
Dinsmore & Shohl LLP  •  Legal Counsel
255 East Fifth Street, Suite 1900, Cincinnati, OH 45202
**T** (513) 977-8246  •  **F** (513) 977-8141

**From:** Xavier, Michael <Michael.Xavier@DINSMORE.COM>
**Sent:** Friday, January 16, 2026 4:49 PM
**To:** Thomas L. Duston <tduston@marshallip.com>; Ray Ricordati <rricordati@marshallip.com>; mizraelewicz@marshallip.com
**Cc:** Farnan, Kelly E. <farnan@rlf.com>; Fineman, Steven J. <fineman@rlf.com>; Haynes, Christine D. <haynes@rlf.com>; AMayo@ashbygeddes.com; Isha Shah <IShah@marshallip.com>; Isaku Begert <IBegert@marshallip.com>; Khariton, Oleg <Oleg.Khariton@DINSMORE.COM>; VanDeusen, Christopher <Christopher.VanDeusen@Dinsmore.com>; Day, John G. <JDay@ashbygeddes.com>
**Subject:** Seakeeper v. Dometic (D. Del 1:25-cv-00484) - Dometic's Document Production

Counsel:

Please see, below, a link to Dometic's document production. I will share the password to access these files under separate cover momentarily.

Link: https://app.everlaw.com/112469/dl/HGD5x5K9Z0rvusb9xZyCOqdcoHXq3FRDw_f5BtDSbHVH



**Mike Xavier**
Partner
Dinsmore & Shohl LLP • Legal Counsel
1775 Sherman Street, Suite 2600, Denver, CO 80203
**T** (303) 831-6980 • **F** (303) 296-0344

# Exhibit D

## Khariton, Oleg

| | |
|---|---|
| **From:** | Khariton, Oleg |
| **Sent:** | Thursday, February 5, 2026 6:38 PM |
| **To:** | Ray Ricordati |
| **Cc:** | Sandy Hart; Thomas L. Duston; Xavier, Michael |
| **Subject:** | RE: SK/DOMETIC  Para 4(b) |

Ray,

Here's a link where you can download the CAD files we discussed earlier today:

█████   The link also includes two PDFs: DRW006055B and ES3124C.  We have not yet had the time to run the documents through our e-discovery software, so you won't see Bates number, load files, etc.  In the interests of time, we've simply put the documents in a Zip folder.  We'll follow up with a "formal" production tomorrow.  I believe the files names in the Zip folder have been labeled appropriately, but, for the avoidance of doubt, all of the documents are being produced as "HIGHLY CONFIDENTIAL—AEO" pursuant to the Stipulated Protective Order.

I'll send you the password separately.

Oleg

**From:** Thomas L. Duston <tduston@marshallip.com>
**Sent:** Tuesday, February 3, 2026 4:18 PM
**To:** Khariton, Oleg <Oleg.Khariton@DINSMORE.COM>
**Cc:** Ray Ricordati <rricordati@marshallip.com>; Jessica L. Melnik <JMelnik@marshallip.com>; Sandy Hart <SHart@marshallip.com>
**Subject:** SK/DOMETIC Para 4(b)

Oleg—

To further advance your efforts to secure and produce additional documents relating to the design of the Accused Products, we believe at minimum  that the following CAD Files and any related drawings should be produced:

| P.I.D. No.<br>(believed to identify relevant CAD Files) | Title |
|---|---|
| 103125 | Support Shaft, Ground |
| 103127 | Heat Sink |
| 103560 | Assy, Hemi, Lower |
| 103123 | Bearing Retainer |
| 103114 | Bearing, FRA |
| 103132 | Outer Race Shim |
| 103133 | Inner Race Shim |
| 103250 | Assy Stator |
| 103513 | Cover Coolant |
| 103260 | Assy, Rotor |
| 103231 | Spacer, Rotor |
| 103232 | Cap Rotor |

| 103560 | Assy, Hemi, Lower |
| 103563 | Hemisphere Lower M/C |
| 103533 | Hemisphere Upper M/C |
| 103122 | Bearing Retainer DGX |

Also, we require the most recent version of DRW006055.

This are not meant to be exhaustive of the information needed.

Thanks, Tom.



Thomas L. Duston
Partner
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357 USA
D: +1.312.423.3446
T: +1.312.474.6300
F: +1.312.474.0448
tduston@marshallip.com
marshallip.com

The material in this transmission may contain confidential information. If you are not the intended recipient, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies and notify Marshall, Gerstein & Borun LLP by return e-mail or by telephone at +1.312.474.6300. Thank you.

# Exhibit E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| SEAKEEPER, INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>DOMETIC CORPORATION,<br><br>Defendant. | C.A. No. 25-0484-JCB<br><br>**HIGHLY CONFIDENTIAL - AEO**<br><br>**JURY TRIAL DEMANDED** |

**SEAKEEPER, INCORPORATED'S INFRINGEMENT CONTENTIONS**

Pursuant to the Court's Scheduling Order (D.I. 141 as modified by D.I. 184), Plaintiff Seakeeper, Incorporated ("Seakeeper" or "Plaintiff") hereby provides its Infringement Contentions to Dometic Corporation ("Dometic" or "Defendant") for Seakeeper's U.S. Patent No. 7,546,782 ("the '782 Patent") (the "Asserted Patent").

## I.     PRELIMINARY STATEMENT

Seakeeper's Infringement Contentions are based on information reasonably available to Seakeeper at this time. Discovery is ongoing, and Seakeeper's investigation into this matter is also ongoing. Seakeeper reserves the right to supplement or amend its Infringement Contentions based on additional information gathered during discovery, including, but not limited to, additional document productions, expert opinions, and/or inspection of the Accused Products.[1] Seakeeper additionally reserves the right to submit expert opinions and analyses of Dometic's infringement in accordance with the schedule for expert discovery set by the Court.

---

[1] Accused Products shall have the same definition as set forth in Seakeeper, Incorporated's Initial Disclosure of Accused Products, Asserted Patents and Damages Model served on December 5, 2025.

HIGHLY CONFIDENTIAL – AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Originally Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| 782.01.01 | Cooling apparatus for transferring heat from and cooling one or more heat generating components that support or drive a flywheel or other spinning member; the apparatus comprising: | To the extent the preamble is found to be limiting, each of the Accused Products[2] includes a cooling apparatus for transferring heat from and cooling one or more heat generating components that support or drive a flywheel or other spinning member.<br><br>For example, as shown below with respect to claim limitations 782.01.02 through 782.01.09, the cooling apparatus of the DG3 includes, *inter alia*, components attached to the flywheel and components attached to an enclosure housing the flywheel that act together to transfer and dissipate heat from heat generating components such as ball bearings and the like that support or drive its flywheel, as further recited in the body of the claim. |
| 782.01.02 | an enclosure enclosing the spinning | Each of the Accused Products has an enclosure enclosing the spinning member and containing a gas at below-ambient pressure or below-ambient density. |

[1] Each Accused Product infringes each element of each asserted claim literally or under the doctrine of equivalents.

[2] Unless specified otherwise, all product images herein are of Defendant's DG3, from documents provided by Defendant. Plaintiff has only been given access to limited technical information and documentation provided by Defendant. Defendant has yet to substantively respond to Plaintiff's discovery requests and has not produced any requested documents other than its deficient Paragraph 4(b) production. Plaintiff reserves the right to amend and supplement its contentions, in accordance with applicable rules, based on any subsequently discovered facts or positions taken by Defendant. Figures contained within this chart, and annotations to those figures, are illustrative only and are not intended to limit Plaintiff's identification of elements in the Accused Products. In addition, the included images are for illustration only and are not intended to limit Plaintiff's allegations.

HIGHLY CONFIDENTIAL – AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Originally Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | member, the enclosure containing a gas at below-ambient pressure or below-ambient density; | For example, the Accused Products include an enclosure (shown below) that encloses the spinning member (*i.e.* flywheel).<br><br><br><br>Dometic_000021. |

HIGHLY CONFIDENTIAL – AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Originally Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | | <br>Dometic_000015. |

**HIGHLY CONFIDENTIAL – AEO**

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Originally Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | |   Dometic_000002.  The enclosure contains a gas that is both below-ambient pressure and below-ambient density. Defendant has provided documents that report after assembly of the enclosure, at least a partial vacuum is pulled. *See, e.g.,* Dometic_000002. |

HIGHLY CONFIDENTIAL – AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Originally Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
|  |  | To date, Defendant has not provided comprehensive documentation and data relating to the Accused Products, or permitted inspection and testing by Plaintiff. Plaintiff reserves the right to amend and supplement its contentions, in accordance with applicable rules, based on any subsequently discovered facts or positions taken by Defendant. |
| 782.01.03 | a first plurality of vanes attached to the spinning member such that the first plurality of vanes spin with the spinning member relative to the enclosure; | Each of the Accused Products has a first plurality of vanes attached to the spinning member such that the first plurality of vanes spin with the spinning member relative to the enclosure. <br><br> For example, as illustrated in the below figure, each of the Accused Products has a first plurality of vanes attached to the spinning member (green). Since the first plurality of vanes are attached to the spinning member (green), they necessarily spin with the spinning member relative to the enclosure. |

**HIGHLY CONFIDENTIAL – AEO**

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Originally Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | |  Dometic_000143.<br><br>To date, Defendant has not provided comprehensive documentation and data relating to the Accused Products, or permitted inspection and testing by Plaintiff. Plaintiff reserves the right to amend and supplement its contentions, in accordance with applicable rules, based on any subsequently discovered facts or positions taken by Defendant. |
| 782.01.04 | a second plurality of vanes fixed relative to the | Each of the Accused Products has a second plurality of vanes fixed relative to the enclosure and the spinning member such that the first vanes move with respect to the second vanes, and wherein the second vanes define gaps into which the first vanes extend so that the first and second vanes are interleaved. |

HIGHLY CONFIDENTIAL – AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Originally Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | enclosure and the spinning member such that the first vanes move with respect to the second vanes, the second vanes defining gaps into which the first vanes extend so that the first and second vanes are interleaved; and | For example, as illustrated in the below figure, the second vanes (green) are fixed to the enclosure and relative to the flywheel such that the first vanes (red) move with respect to the second vanes.<br><br><br><br>Dometic_000002.<br><br>As illustrated above, the second vanes define gaps into which the first vanes extend so that the first and second vanes are interleaved.<br><br>To date, Defendant has not provided comprehensive documentation and data relating to the Accused Products, or permitted inspection and testing by Plaintiff. Plaintiff reserves the right to amend and |

HIGHLY CONFIDENTIAL – AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Originally Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | | supplement its contentions, in accordance with applicable rules, based on any subsequently discovered facts or positions taken by Defendant. |
| 782.01.05 | wherein: the first and second vanes are located adjacent a bearing that supports the spinning member, | In each of the Accused Products, the first and second vanes are located adjacent a bearing that supports the spinning member.<br><br>For example, as illustrated in the below figures, the first vanes (red) and second vanes (green) are located adjacent a bearing (blue) that supports the spinning member (yellow).<br><br> |

HIGHLY CONFIDENTIAL – AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Originally Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | | Dometic_000002.<br><br><br><br>Dometic_000002.<br><br>To date, Defendant has not provided comprehensive documentation and data relating to the Accused Products, or permitted inspection and testing by Plaintiff. Plaintiff reserves the right to amend and supplement its contentions, in accordance with applicable rules, based on any subsequently discovered facts or positions taken by Defendant. |
| 782.01.06 | the bearing has an inner race and an outer race, | In each of the Accused Products, the bearing has an inner race and an outer race.<br><br>For example, as illustrated in the below figure, the bearing has an inner race (i.e. closest in proximity to the flywheel and spinning with the flywheel) (blue) and an outer race (i.e. furthest in proximity from the flywheel and not spinning with the flywheel) (purple). |

HIGHLY CONFIDENTIAL – AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Originally Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | |  Dometic_000002. To date, Defendant has not provided comprehensive documentation and data relating to the Accused Products, or permitted inspection and testing by Plaintiff. Plaintiff reserves the right to amend and supplement its contentions, in accordance with applicable rules, based on any subsequently discovered facts or positions taken by Defendant. |
| 782.01.07 | the first vanes and inner race are attached to the spinning member so heat flows by conduction from the | In each of the Accused Products, the first vanes and inner race are attached to the spinning member so heat flows by conduction from the inner race to the first vanes and from the spinning member to the first vanes. For example, as illustrated in the below figure, the first vanes (red) and the inner race (blue) are attached to the spinning member (yellow). |

**HIGHLY CONFIDENTIAL – AEO**

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Originally Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | inner race to the first vanes and from the spinning member to the first vanes, | <br><br>Dometic_000002.<br><br>The metals used to form the bearing inner race, the first vanes, and the spinning member are heat conductive. Heat generated at the bearing inner race and the spinning member will flow to the first vanes via conduction.<br><br>There is a conductive path for heat to be drawn off the bearing inner race (i.e. the bearing race adjacent the spinning member) from the first vanes through the second vanes. Significant heat must be transferred off, as the ensuing temperature differential would risk degrading bearing performance *See, e.g.*, https://tradeonlytoday.com/post-type-feature/eric-fetchko-q-a/ ("[T]he differential can only be a few degrees between the inner race and the outer race."). |
| 782.01.08 | the outer race is attached to | In each of the Accused Products, the outer race is attached to the enclosure. |

HIGHLY CONFIDENTIAL – AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Originally Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | the enclosure, and | For example, as illustrated in the below figure, the outer race (purple) is attached to the enclosure and remains stationary, while the inner race (blue) spins with the spinning member (yellow).<br><br><br><br>Dometic_000002.<br><br>To date, Defendant has not provided comprehensive documentation and data relating to the Accused Products, or permitted inspection and testing by Plaintiff. Plaintiff reserves the right to amend and supplement its contentions, in accordance with applicable rules, based on any subsequently discovered facts or positions taken by Defendant. |
| 782.01.09 | the inner race, spinning member, first vanes and second vanes are sized and | In each of the Accused Products, the inner race, spinning member, first vanes and second vanes are sized and positioned so that heat from the inner race of the bearing flows by solid conduction from the inner race to the spinning member and to the first vanes, by solid conduction from the spinning member to the first vanes, and by gaseous conduction and convection from the first vanes to the second vanes, and by solid conduction from the second vanes to the exterior of the enclosure. |

**HIGHLY CONFIDENTIAL – AEO**

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Originally Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | positioned so that heat from the inner race of the bearing flows by solid conduction from the inner race to the spinning member and to the first vanes, by solid conduction from the spinning member to the first vanes, and by gaseous conduction and convection from the first vanes to the second vanes, and by solid conduction | As noted above, the metals used to form the bearing inner race, the first vanes, and the spinning member are heat conductive. Heat generated at the bearing inner race and the spinning member will flow to the first vanes via solid conduction. For example, the figures below illustrate how the first (red) and second (green) vanes are positioned in close proximity to one another.  Dometic_000002. That heat path employed the proximity of the first and second vanes to promote heat transfer by gaseous conduction. Heat energy is passed across this gap through contacting molecules, as well as gaseous convection stemming from air circulation. |

HIGHLY CONFIDENTIAL – AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Originally Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | from the second vanes to the exterior of the enclosure. | The second vanes are further positioned such that heat flows from the second vanes to the exterior of the enclosure. The metals used to form both the second vanes and the enclosure are heat conductive. Heat transferred to the second vanes will flow via solid conduction though the enclosure to the exterior.<br><br><br><br>Dometic_000002.<br>That the heat thus transferred is both significant in quality and/or quantity is further evidenced by the design's inclusion of a glycol coolant loop positioned adjacent to the second vanes (see above).<br><br>The second vanes are further configured such that heat can be readily transferred from the second vanes to the exterior of the enclosure. The metals used to form both the second vanes and the |

HIGHLY CONFIDENTIAL – AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Originally Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | | enclosure are heat conductive. Heat transferred to the second vanes will readily travel though the enclosure to the exterior. Additionally, the second vanes in the Accused Products are configured to transfer heat to a glycol coolant loop that transports heat to the exterior of the enclosure.<br><br><br><br>Dometic_000032.<br><br>To date, Defendant has not provided comprehensive documentation and data relating to the Accused Products, or permitted inspection and testing by Plaintiff. Plaintiff reserves the right to amend and supplement its contentions, in accordance with applicable rules, based on any subsequently discovered facts or positions taken by Defendant. |
| 782.02.01 | The apparatus of claim 1 wherein heat | Each of the Accused Products is an apparatus as claimed in claim 1. *See* Claim 1, above. |

HIGHLY CONFIDENTIAL - AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Currently Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| 782.01.01 | Cooling apparatus for transferring heat from and cooling one or more heat generating components that support or drive a flywheel or other spinning member; the apparatus comprising: | To the extent the preamble is found to be limiting, each of the Accused Products[2] includes a cooling apparatus for transferring heat from and cooling one or more heat generating components that support or drive a flywheel or other spinning member. <br><br> For example, as shown below with respect to claim limitations 782.01.02 through 782.01.09, the cooling apparatus of the DG3 includes, *inter alia*, components attached to the flywheel and components attached to an enclosure housing the flywheel that act together to transfer and dissipate heat from heat generating components such as ball bearings and the like that support or drive its flywheel, as further recited in the body of the claim. |
| 782.01.02 | an enclosure enclosing the | Each of the Accused Products has an enclosure enclosing the spinning member and containing a gas at below-ambient pressure or below-ambient density. |

---

[1] Each Accused Product (the Dometic DG3, as allegedly redesigned) infringes each element of each asserted claim literally or under the doctrine of equivalents.

[2] Unless specified otherwise, all product images herein are of Defendant's allegedly redesigned DG3, from documents provided by Defendant. Plaintiff has only been given access to limited technical information and documentation provided by Defendant. Defendant has yet to substantively respond to Plaintiff's discovery requests and has not produced any requested documents other than its deficient Paragraph 4(b) production. Plaintiff reserves the right to amend and supplement its contentions, in accordance with applicable rules, based on any subsequently discovered facts or positions taken by Defendant. Figures contained within this chart, and annotations to those figures, are illustrative only and are not intended to limit Plaintiff's identification of elements in the Accused Products. In addition, the included images are for illustration only and are not intended to limit Plaintiff's allegations.

**HIGHLY CONFIDENTIAL - AEO**

<u>**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Currently Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**</u>

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | spinning member, the enclosure containing a gas at below-ambient pressure or below-ambient density; | For example, the Accused Products include an enclosure (shown below) that encloses the spinning member (*i.e.* flywheel).<br><br><br><br>Dometic_000021. |

**HIGHLY CONFIDENTIAL - AEO**

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Currently Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | | <br>Dometic_000015. |

HIGHLY CONFIDENTIAL - AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Currently Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | |  Dometic_000148. The enclosure contains a gas that is both below-ambient pressure and below-ambient density. Defendant has provided documents that report after assembly of the enclosure, at least a partial vacuum is pulled. *See, e.g.,* Dometic_000002. To date, Defendant has not provided comprehensive documentation and data relating to the Accused Products, or permitted inspection and testing by Plaintiff. Plaintiff reserves the right to amend and |

HIGHLY CONFIDENTIAL - AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Currently Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | | supplement its contentions, in accordance with applicable rules, based on any subsequently discovered facts or positions taken by Defendant. |
| 782.01.03 | a first plurality of vanes attached to the spinning member such that the first plurality of vanes spin with the spinning member relative to the enclosure; | Each of the Accused Products has a first plurality of vanes attached to the spinning member such that the first plurality of vanes spin with the spinning member relative to the enclosure.<br><br>For example, as illustrated in the below figure, each of the Accused Products has a first plurality of vanes (red) attached to the spinning member (yellow). Since the first plurality of vanes are attached to the spinning member, they necessarily spin with the spinning member relative to the enclosure. |

HIGHLY CONFIDENTIAL - AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Currently Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | |  Dometic_000148. |
| 782.01.04 | a second plurality of vanes fixed relative to the enclosure and the spinning | Each of the Accused Products has a second plurality of vanes fixed relative to the enclosure and the spinning member such that the first vanes move with respect to the second vanes, and wherein the second vanes define gaps into which the first vanes extend so that the first and second vanes are interleaved. |

HIGHLY CONFIDENTIAL - AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Currently Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | member such that the first vanes move with respect to the second vanes, the second vanes defining gaps into which the first vanes extend so that the first and second vanes are interleaved; and | For example, as illustrated in the below figure, the second vanes (green) are fixed to the enclosure and relative to the flywheel such that the first vanes (red) move with respect to the second vanes.<br><br><br><br>Dometic_000148.<br><br>As illustrated above, the second vanes define gaps into which the first vanes extend so that the first and second vanes are interleaved. |
| 782.01.05 | wherein: the first and second vanes are located adjacent a | In each of the Accused Products, the first and second vanes are located adjacent a bearing that supports the spinning member.<br><br>For example, as illustrated in the below figures, the first vanes (red) and second vanes (green) are located adjacent a bearing (blue) that supports the spinning member (yellow). |

**HIGHLY CONFIDENTIAL - AEO**

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Currently Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | bearing that supports the spinning member, | <br>Dometic_000148. |

HIGHLY CONFIDENTIAL - AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Currently Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | |  Dometic_000148. |
| 782.01.06 | the bearing has an inner race and an outer race, | In each of the Accused Products, the bearing has an inner race and an outer race. <br><br> For example, as illustrated in the below figure, the bearing has an inner race (i.e. closer to the flywheel and spinning with the flywheel) (blue) and an outer race (i.e. further from the flywheel and not spinning with the flywheel) (purple). |

HIGHLY CONFIDENTIAL - AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Currently Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | | <br>Dometic_000148. |
| 782.01.07 | the first vanes and inner race are attached to the spinning member so heat flows by conduction from the inner race to the first vanes and from the | In each of the Accused Products, the first vanes and inner race are attached to the spinning member so heat flows by conduction from the inner race to the first vanes and from the spinning member to the first vanes.<br><br>For example, as illustrated in the below figure, the first vanes (red) and the inner race (blue) are attached to the spinning member (yellow). |

HIGHLY CONFIDENTIAL - AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Currently Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | spinning member to the first vanes, | <br><br>Dometic_000148.<br><br>The metals used to form the bearing inner race, the first vanes, and the spinning member are heat conductive. Heat generated at the bearing inner race and the spinning member will flow to the first vanes via conduction.<br><br>In the originally sold design of DG3 (described in a separate chart), the DG3 purposefully included vanes attached to the flywheel and vanes attached to the enclosure that were intended to define a heat path for transferring heat from the bearing race adjacent the flywheel to the exterior. It appears from the limited number of documents recently provided that Dometic's modifications were designed to maintain this heat path to the exterior. |
| 782.01.08 | the outer race is attached to | In each of the Accused Products, the outer race is attached to the enclosure. |

HIGHLY CONFIDENTIAL - AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Currently Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | the enclosure, and | For example, as illustrated in the below figure, the outer race (purple) is attached to the enclosure and remains stationary, while the inner race (blue) spins with the spinning member (yellow).<br><br><br><br>Dometic_000148. |
| 782.01.09 | the inner race, spinning member, first vanes and second vanes are sized and positioned so that heat from the inner race of the bearing | In each of the Accused Products, the inner race, spinning member, first vanes and second vanes are sized and positioned so that heat from the inner race of the bearing flows by solid conduction from the inner race to the spinning member and to the first vanes, by solid conduction from the spinning member to the first vanes, and by gaseous conduction and convection from the first vanes to the second vanes, and by solid conduction from the second vanes to the exterior of the enclosure.<br><br>As noted above, the metals used to form the bearing inner race, the first vanes, and the spinning member are heat conductive. Heat generated at the bearing inner race and the spinning member will flow to the first vanes via solid conduction. |

12

HIGHLY CONFIDENTIAL - AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Currently Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | flows by solid conduction from the inner race to the spinning member and to the first vanes, by solid conduction from the spinning member to the first vanes, and by gaseous conduction and convection from the first vanes to the second vanes, and by solid conduction from the second vanes to the exterior | For example, the figures below illustrate how the first (red) and second (green) vanes are positioned in close proximity to one another.<br><br><br><br>Dometic_000148.<br><br>In the originally sold design of the DG3 (described in a separate chart), the DG3 purposefully included vanes attached to the flywheel and vanes attached to the enclosure that were intended to define a heat path for transferring heat from the bearing race adjacent the flywheel to the exterior. It appears from the limited number of documents recently provided that Dometic's modifications were designed to maintain this heat path to the exterior.<br><br>That heat path employed the proximity of the first and second vanes to promote heat transfer by gaseous conduction. Heat energy is passed across this gap through contacting molecules, as well as gaseous convection stemming from air circulation. |

**HIGHLY CONFIDENTIAL - AEO**

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Currently Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | of the enclosure. | The second vanes are further positioned such that heat flows from the second vanes to the exterior of the enclosure. The metals used to form both the second vanes and the enclosure are heat conductive. Heat transferred to the second vanes will flow via solid conduction though the enclosure to the exterior.<br><br><br><br>Dometic_000148.<br><br>That the heat thus transferred is both significant in quality and/or quantity is further evidenced by the design's inclusion of a glycol coolant loop positioned adjacent to the second vanes (see above). |

14

HIGHLY CONFIDENTIAL - AEO

**Infringement of U.S. Patent Nos. 7,546,782 by Dometic's DG3 as Currently Sold and Other Similarly Configured Gyroscopic Stabilization Products Including Substantially the Same Accused Components and Functionality ("Accused Products")**

| '782 Patent | Claim element | Accused Products[1] |
|---|---|---|
| | | The second vanes are further configured such that heat can be readily transferred from the second vanes to the exterior of the enclosure. The metals used to form both the second vanes and the enclosure are heat conductive. Heat transferred to the second vanes will readily travel though the enclosure to the exterior. Additionally, the second vanes in the Accused Products are configured to transfer heat to a glycol coolant loop that transports heat to the exterior of the enclosure. <br><br>  <br><br> Dometic_000032. <br><br> To date, Defendant has not provided comprehensive documentation and data relating to the Accused Products, or permitted inspection and testing by Plaintiff. Plaintiff reserves the right to amend and supplement its contentions, in accordance with applicable rules, based on any subsequently discovered facts or positions taken by Defendant. |

# Exhibit F

**Khariton, Oleg**

---

| | |
|---|---|
| **From:** | Thomas L. Duston <tduston@marshallip.com> |
| **Sent:** | Friday, February 20, 2026 4:52 PM |
| **To:** | Khariton, Oleg |
| **Cc:** | Ray Ricordati; Isaku Begert; Gwen Collins; Sandy Hart; Xavier, Michael; VanDeusen, Christopher; Mayo, Andrew C. (AMayo@ashbygeddes.com); Haynes, Christine D.; Fineman, Steven J.; Kelly E. Farnan (farnan@rlf.com); Sandy Hart; Gwen Collins |
| **Subject:** | RE: SK/DOMETIC Inspection |

Oleg,

As we have explained repeatedly, Dometic has failed to provide sufficient technical information in connection with its purported new design.  It has also refused to provide any other information concerning that design, objecting to all of Seakeeper's interrogatories and document requests to the extent they seek information relating to this product.

We dispute your characterizations of the current DG3 as "clearly non-infringing."  Dometic may not simply refuse to provide requested discovery based upon such a unilateral declaration.

We appreciate your willingness (at long last) to make a current DG3 available for inspection.  We would like to inspect that product as soon as possible.  Please provide us dates for such an inspection.

However, this inspection will not resolve all of the issues we have identified with respect to Dometic's deficient discovery responses. Questions remain concerning the twelve units you identified during our hearing in May of 2025 which were offered for sale and purchased prior to your reported redesign.  Dometic has provided no information concerning these transactions. Nor, as noted above, has Dometic agreed to provide any sales, marketing, development, testing, or other responsive information concerning its purported new design.

Dometic's refusals to provide the requested discovery has prompted our further demand that a witness appear to answer targeted questions concerning these subjects **under oath**.

Accordingly, we object to Dometic' conditioning the inspection on our relinquishing this discovery.  We perceive this belated and indeterminate offer to be a further in a series of actions taken by Dometic to delay and postpone Seakeeper's discovery.

Sincerely, Tom Duston.



Thomas L. Duston
Partner
Marshall, Gerstein & Borun LLP
233 South Wacker Drive

6300 Willis Tower
Chicago, IL 60606-6357 USA
D: +1.312.423.3446
T: +1.312.474.6300
F: +1.312.474.0448
tduston@marshallip.com
marshallip.com

The material in this transmission may contain confidential information. If you are not the intended recipient, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies and notify Marshall, Gerstein & Borun LLP by return e-mail or by telephone at +1.312.474.6300. Thank you.

**From:** Khariton, Oleg <Oleg.Khariton@DINSMORE.COM>
**Sent:** Thursday, February 19, 2026 3:32 PM
**To:** Thomas L. Duston <tduston@marshallip.com>
**Cc:** Ray Ricordati <rricordati@marshallip.com>; Isaku Begert <IBegert@marshallip.com>; Gwen Collins <Gcollins@marshallip.com>; Sandy Hart <SHart@marshallip.com>; Xavier, Michael <Michael.Xavier@DINSMORE.COM>; VanDeusen, Christopher <Christopher.VanDeusen@Dinsmore.com>
**Subject:** RE: SK/DOMETIC Inspection

**External - This email is from an external email address outside the firm.**

Tom,

This follows up on your request to inspect or purchase a physical specimen of the current DG3 product.

As an initial matter, I want to reiterate that we have already provided extensive technical documentation (including detailed production drawings and CAD files) that, collectively, is more than sufficient to show the design of the current DG3 product.  This documentation clearly shows that the product lacks any components that could reasonably be described as the claimed "interleaved" "vanes," and it is fully consistent with every prior representation that we have made to you and the Court about this product.

When I asked you in our call on Friday why your client still insisted on inspecting a specimen of this clearly non-infringing product (in spite of all of the detailed documentation that we have provided), you stated that Seakeeper "doesn't believe" that Dometic Marine Canada has in fact implemented the design change that we informed you and the Court of last May.  Frankly, this justification strikes us as quite bizarre.  We are surprised that your client actually believes that all of the technical documents that we have provided to you somehow aren't genuine.

Nevertheless, in the interests of compromise, we are open to permitting an inspection of a specimen of the current DG3 product.  The inspection would have to take place at Dometic Marine Canada's Vancouver facilities and would need to proceed on an "Attorneys' Eyes Only" basis, as I've explained before.  Furthermore, we would need you to agree that Seakeeper would forgo seeking any other discovery-related relief (including an early Rule 30(b)(6) deposition of Dometic) at least until the completion of the inspection, as the inspection alone should be more than enough to address Seakeeper's purported concerns as you have explained them to us.

Please let me you thoughts.

Oleg

**From:** Khariton, Oleg
**Sent:** Tuesday, February 17, 2026 1:30 PM

**To:** Thomas L. Duston <[tduston@marshallip.com](mailto:tduston@marshallip.com)>
**Cc:** Ray Ricordati <[rricordati@marshallip.com](mailto:rricordati@marshallip.com)>; Isaku Begert <[IBegert@marshallip.com](mailto:IBegert@marshallip.com)>; Gwen Collins <[Gcollins@marshallip.com](mailto:Gcollins@marshallip.com)>; Sandy Hart <[SHart@marshallip.com](mailto:SHart@marshallip.com)>; Xavier, Michael <[Michael.Xavier@DINSMORE.COM](mailto:Michael.Xavier@DINSMORE.COM)>; VanDeusen, Christopher <[Christopher.VanDeusen@Dinsmore.com](mailto:Christopher.VanDeusen@Dinsmore.com)>
**Subject:** RE: SK/DOMETIC Inspection

Tom,

Not yet.  The GC has been out of the office since last week.  We will get you a response as soon as we're able.

Oleg

---

**From:** Thomas L. Duston <[tduston@marshallip.com](mailto:tduston@marshallip.com)>
**Sent:** Monday, February 16, 2026 7:28 PM
**To:** Khariton, Oleg <[Oleg.Khariton@DINSMORE.COM](mailto:Oleg.Khariton@DINSMORE.COM)>
**Cc:** Ray Ricordati <[rricordati@marshallip.com](mailto:rricordati@marshallip.com)>; Isaku Begert <[IBegert@marshallip.com](mailto:IBegert@marshallip.com)>; Gwen Collins <[Gcollins@marshallip.com](mailto:Gcollins@marshallip.com)>; Sandy Hart <[SHart@marshallip.com](mailto:SHart@marshallip.com)>
**Subject:** RE: SK/DOMETIC Inspection

Oleg—

Do you have a response to our request?

Thanks, Tom.



Thomas L. Duston
Partner
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357 USA
D: +1.312.423.3446
T: +1.312.474.6300
F: +1.312.474.0448
tduston@marshallip.com
marshallip.com

The material in this transmission may contain confidential information. If you are not the intended recipient, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies and notify Marshall, Gerstein & Borun LLP by return e-mail or by telephone at +1.312.474.6300. Thank you.

---

**From:** Thomas L. Duston
**Sent:** Wednesday, February 11, 2026 4:49 PM
**To:** Khariton, Oleg <[oleg.khariton@dinsmore.com](mailto:oleg.khariton@dinsmore.com)>
**Cc:** Ray Ricordati <[rricordati@marshallip.com](mailto:rricordati@marshallip.com)>; Isaku Begert <[IBegert@marshallip.com](mailto:IBegert@marshallip.com)>; Gwen Collins

<[Gcollins@marshallip.com](mailto:Gcollins@marshallip.com)>; Sandy Hart <[SHart@marshallip.com](mailto:SHart@marshallip.com)>
**Subject:** SK/DOMETIC Inspection

Oleg—

As you know, Seakeeper has made repeated requests to inspect a specimen of the most recent design of Dometic's DG3, including its component parts.  To date, Dometic has refused to requested inspection.  Without prejudice to our inspection request, Seakeeper wishes to purchase a DG3.  Could you advise of the cost and the earliest date such a shipment could be made.  Seakeeper reserves the right to recovery the purchase price of the unit.

Thank you, Tom.



Thomas L. Duston
Partner
Marshall, Gerstein & Borun LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357 USA
D: +1.312.423.3446
T: +1.312.474.6300
F: +1.312.474.0448
tduston@marshallip.com
marshallip.com

The material in this transmission may contain confidential information. If you are not the intended recipient, any disclosure or use of this information by you is strictly prohibited. If you have received this transmission in error, please delete it, destroy all copies and notify Marshall, Gerstein & Borun LLP by return e-mail or by telephone at +1.312.474.6300. Thank you.

# Exhibit G

CLOSED,Multi-Media Docs,PATENT

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:21-cv-01592-CJB

The Nielsen Company (US), LLC v. TVision Insights, Inc.
Assigned to: Judge Christopher J. Burke
Related Cases: 1:22-cv-00057-CJB
             1:25-cv-00575-CJB
             1:22-cv-01344-CJB
             1:21-cv-01591-CJB
             1:22-cv-01345-CJB
Cause: 35:1 Patent Infringement

Date Filed: 11/10/2021
Date Terminated: 08/16/2023
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 11/10/2021 | 1 | COMPLAINT FOR PATENT INFRINGEMENT filed with Jury Demand against TVision Insights, Inc. - Magistrate Consent Notice to Pltf. ( Filing fee $ 402, receipt number ADEDC-3740549.) - filed by The Nielsen Company (US), LLC. (Attachments: # 1 Exhibit A-Q, # 2 Civil Cover Sheet)(twk) (Entered: 11/10/2021) |
| 11/10/2021 | 2 | Notice, Consent and Referral forms re: U.S. Magistrate Judge jurisdiction. (twk) (Entered: 11/10/2021) |
| 11/10/2021 | 3 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s) US 9,020,189 B2; US 8,302,120 B2. (twk) (Entered: 11/10/2021) |
| 11/10/2021 | 4 | Disclosure Statement pursuant to Rule 7.1: identifying Other Affiliate Nielsen Holdings PLC for The Nielsen Company (US), LLC filed by The Nielsen Company (US), LLC. (twk) (Entered: 11/10/2021) |
| 11/10/2021 | 5 | Summons Issued with Magistrate Consent Notice attached as to TVision Insights, Inc. on 11/10/2021. (twk) (Entered: 11/10/2021) |
| 11/11/2021 | 6 | SUMMONS Returned Executed by The Nielsen Company (US), LLC. TVision Insights, Inc. served on 11/11/2021, answer due 12/2/2021. (Moore, David) (Entered: 11/11/2021) |
| 11/11/2021 | 7 | MOTION for Pro Hac Vice Appearance of Attorney Paul H. Berghoff, James L. Lovsin, Gavin J. O'Keefe, Gregory M. Huffman, and James L. Korenchan of McDonnell Boehmen Hulbert & Berghoff LLP - filed by The Nielsen Company (US), LLC. (Palapura, Bindu) (Entered: 11/11/2021) |
| 11/17/2021 | | Case Assigned to Judge Leonard P. Stark. Please include the initials of the Judge (LPS) after the case number on all documents filed. Associated Cases: 1:21-cv-01591-UNA, 1:21-cv-01592-UNA(nms) (Entered: 11/17/2021) |
| 11/18/2021 | | SO ORDERED, re 7 MOTION for Pro Hac Vice Appearance of Attorney Paul H. Berghoff, James L. Lovsin, Gavin J. O'Keefe, Gregory M. Huffman, and James L. Korenchan of McDonnell Boehmen Hulbert & Berghoff LLP filed by The Nielsen Company (US), LLC. Signed by Judge Leonard P. Stark on 11/18/21. (ntl) (Entered: 11/18/2021) |

| 11/23/2021 | | Pro Hac Vice Attorneys James L. Korenchan, Paul H. Berghoff, James L. Lovsin, Gavin J. O'Keefe, and Gregory M. Huffman for The Nielsen Company (US), LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (srs) (Entered: 11/23/2021) |
|---|---|---|
| 11/30/2021 | 8 | STIPULATION TO EXTEND TIME to Answer Complaint to January 7, 2022 - filed by TVision Insights, Inc.. (Hoeschen, Nathan) (Entered: 11/30/2021) |
| 12/01/2021 | | SO ORDERED, re 8 STIPULATION TO EXTEND TIME to Answer Complaint to January 7, 2022 filed by TVision Insights, Inc. Signed by Judge Leonard P. Stark on 12/1/21. (ntl) (Entered: 12/01/2021) |
| 12/17/2021 | 9 | MOTION for Pro Hac Vice Appearance of Attorney Ajay S. Krishnan, Bailey W. Heaps and Julia L. Allen - filed by TVision Insights, Inc.. (Hoeschen, Nathan) (Entered: 12/17/2021) |
| 12/20/2021 | | SO ORDERED, re 9 MOTION for Pro Hac Vice Appearance of Attorney Ajay S. Krishnan, Bailey W. Heaps and Julia L. Allen filed by TVision Insights, Inc. Signed by Judge Leonard P. Stark on 12/20/21. (ntl) (Entered: 12/20/2021) |
| 12/21/2021 | | Pro Hac Vice Attorneys Julia L. Allen, Bailey W. Heaps, Ajay S. Krishnan for TVision Insights, Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (twk) (Entered: 12/21/2021) |
| 01/06/2022 | 10 | MOTION for Pro Hac Vice Appearance of Attorney Reaghan E. Braun - filed by TVision Insights, Inc.. (Hoeschen, Nathan) (Entered: 01/06/2022) |
| 01/07/2022 | | SO ORDERED, re 10 MOTION for Pro Hac Vice Appearance of Attorney Reaghan E. Braun filed by TVision Insights, Inc. Signed by Judge Leonard P. Stark on 1/7/22. (ntl) (Entered: 01/07/2022) |
| 01/07/2022 | | Pro Hac Vice Attorney Reaghan E. Braun for TVision Insights, Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (srs) (Entered: 01/07/2022) |
| 01/07/2022 | 11 | MOTION to Dismiss for Failure to State a Claim - filed by TVision Insights, Inc.. (Attachments: # 1 Text of Proposed Order)(Hoeschen, Nathan) (Entered: 01/07/2022) |
| 01/07/2022 | 12 | OPENING BRIEF in Support re 11 MOTION to Dismiss for Failure to State a Claim filed by TVision Insights, Inc..Answering Brief/Response due date per Local Rules is 1/21/2022. (Hoeschen, Nathan) (Entered: 01/07/2022) |
| 01/07/2022 | 13 | Disclosure Statement pursuant to Rule 7.1: No Parents or Affiliates Listed filed by TVision Insights, Inc.. (Hoeschen, Nathan) (Entered: 01/07/2022) |
| 01/10/2022 | 14 | MOTION for Pro Hac Vice Appearance of Attorney Steven Yovits, Constantine Koutsoubas, Mark J. Scott, Clifford Katz, and Malavika Rao of Kelley Drye & Warren LLP - filed by The Nielsen Company (US), LLC. (Palapura, Bindu) (Entered: 01/10/2022) |
| 01/12/2022 | 15 | STIPULATION TO EXTEND TIME for Plaintiff to respond to Defendant's Motion to Dismiss and for Defendant to file its reply brief to February 11, 2022 and March 1, 2022, respectively - filed by The Nielsen Company (US), LLC. (Palapura, Bindu) (Entered: 01/12/2022) |
| 01/12/2022 | | SO ORDERED, re 15 STIPULATION TO EXTEND TIME for Plaintiff to respond to Defendant's Motion to Dismiss and for Defendant to file its reply brief to February 11, |

| | | |
|---|---|---|
| | | 2022 and March 1, 2022, respectively filed by The Nielsen Company (US), LLC. Signed by Judge Leonard P. Stark on 1/12/22. (ntl) (Entered: 01/12/2022) |
| 01/18/2022 | | SO ORDERED, re 14 MOTION for Pro Hac Vice Appearance of Attorney Steven Yovits, Constantine Koutsoubas, Mark J. Scott, Clifford Katz, and Malavika Rao of Kelley Drye & Warren LLP filed by The Nielsen Company (US), LLC. Signed by Judge Leonard P. Stark on 1/18/22. (ntl) (Entered: 01/18/2022) |
| 01/21/2022 | | Pro Hac Vice Attorneys Steven Yovits, Malavika Rao, Mark J. Scott, Constantine J. Koutsoubas, and Clifford E. Katz for The Nielsen Company (US), LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (twk) (Entered: 01/21/2022) |
| 02/11/2022 | 16 | ANSWERING BRIEF in Opposition re 11 MOTION to Dismiss for Failure to State a Claim filed by The Nielsen Company (US), LLC.Reply Brief due date per Local Rules is 2/18/2022. (Palapura, Bindu) (Entered: 02/11/2022) |
| 02/24/2022 | 17 | NOTICE of Appearance by Brandon Ryan Harper on behalf of The Nielsen Company (US), LLC (Harper, Brandon) (Entered: 02/24/2022) |
| 03/01/2022 | 18 | REPLY BRIEF re 11 MOTION to Dismiss for Failure to State a Claim filed by TVision Insights, Inc.. (Hoeschen, Nathan) (Entered: 03/01/2022) |
| 03/07/2022 | 19 | Letter to Honorable Leonard P. Stark from Nathan R. Hoeschen regarding requesting Oral Argument - re 11 MOTION to Dismiss for Failure to State a Claim . (Hoeschen, Nathan) (Entered: 03/07/2022) |
| 03/08/2022 | 20 | Letter to The Honorable Leonard P. Stark from David E. Moore regarding request for oral argument - re 19 Letter. (Moore, David) (Entered: 03/08/2022) |
| 03/29/2022 | | Case Reassigned to Vacant Judgeship (2022). Please include initials of VAC after the case number on all documents filed. Associated Cases: 1:21-cv-01591-LPS, 1:21-cv-01592-LPS, 1:22-cv-00057-LPS(etg) (Entered: 03/29/2022) |
| 03/29/2022 | 21 | ORAL ORDER: This case has been assigned to the District of Delaware's Vacant Judgeship ("VAC"). Detailed information relating to VAC cases may be found in the Court's Announcement of March 3, 2022 and Standing Order No. 2022-3 (March 16, 2022), which are available on the Court's website. Consistent with the foregoing Announcement and Standing Order, IT IS HEREBY ORDERED that: The parties shall file the "Notice of Consent or Absence of Consent to Proceed Before A United States Magistrate Judge," being docketed along with the instant Order, no later than fourteen (14) days after the date of this Order. IT IS FURTHER ORDERED that any order referring any part of this case to a Magistrate Judge is VACATED. Unless the parties consent to having a Magistrate Judge handle this case, a referral order will be entered to permit a Magistrate Judge (to be selected by the Court) to do only the following: (a) adjudicate discovery (including fact and expert discovery) and protective order disputes; (b) issue or modify a scheduling order; (c) review stipulated orders and pro hac vice motions; and (d) review requests for mediation in cases other than patent and securities cases. IT IS FURTHER ORDERED that any scheduling order that has been entered in this case is AMENDED such as follows: (a) the dates for any motions hearings are VACATED; and (b) the dates for any claim construction hearings are VACATED. Issued by the Clerk of Court on 3/29/22. Associated Cases: 1:21-cv-01591-VAC, 1:21-cv-01592-VAC, 1:22-cv-00057-VAC(etg) (Entered: 03/29/2022) |
| 03/29/2022 | 22 | VAC Notice, Consent, Non-Consent, Magistrate Referral Associated Cases: 1:21-cv-01591-VAC, 1:21-cv-01592-VAC, 1:22-cv-00057-VAC(etg) (Entered: 03/29/2022) |

| 03/30/2022 | 23 | NOTICE requesting Clerk to remove Mark J. Scott of Kelley Drye & Warren LLP as co-counsel. Reason for request: no longer working on case. (Palapura, Bindu) (Entered: 03/30/2022) |
| 04/04/2022 | 24 | NOTICE of Subsequent Authority by TVision Insights, Inc. re 11 MOTION to Dismiss for Failure to State a Claim (Attachments: # 1 Exhibit A)(Hoeschen, Nathan) (Entered: 04/04/2022) |
| 04/12/2022 | 25 | VAC Magistrate Consent completed by the parties filed by The Nielsen Company (US), LLC (Moore, David) (Entered: 04/12/2022) |
| 04/12/2022 | 26 | ORDER Approving Magistrate Consent submitted by parties. Case reassigned to Magistrate Judge Christopher J. Burke. Signed by Judge Colm F. Connolly on 4/12/22. (ntl) (Entered: 04/12/2022) |
| 04/14/2022 | 27 | ORAL ORDER: IT IS HEREBY ORDERED that the parties shall meet and confer and discuss, in person and/or by telephone, each of the matters listed on Judge Burke's Case Management Checklist ("Checklist"). Within thirty (30) days from the date of this Order, the parties shall jointly file the following: (i) a copy of the Checklist, indicating the names of Lead Counsel and Delaware Counsel for each party; (ii) a proposed Scheduling Order, which is consistent with Judge Burke's "Rule 16 Scheduling Order - Patent", which can be found on Judge Burke's portion of the District Court's website under the Forms tab: (www.ded.uscourts.gov/judge/magistrate-judge-christopher-j-burke) ; and (iii) a letter, not to exceed three pages, that contains the following: (a) a description of what this case is about; (b) the parties' positions regarding any disputes in the proposed Scheduling Order, and (c) a list of the three most significant topics (other than Scheduling Order disputes) discussed during the parties review of the Checklist items, along with a brief description as to what was discussed as to those topics. Thereafter, the Court may schedule a Case Management Conference/Rule 16 Scheduling Conference to be held with Judge Burke. The Checklist and both Scheduling Orders can be found on Judge Burke's portion of the District Court's website. Ordered by Judge Christopher J. Burke on 4/14/2022. (dlb) (Entered: 04/14/2022) |
| 04/14/2022 | | REMARK: The parties should be aware that the Court encourages the participation of newer attorneys in courtroom proceedings and at oral argument. Please see the Court's Standing Order Regarding Courtroom Opportunities for Newer Attorneys, a link to which is provided here for the parties' convenience:http://www.ded.uscourts.gov/sites/ded/files/forms/StandingOrder2017.pdf (dlb) (Entered: 04/14/2022) |
| 04/14/2022 | | Remark: The parties should follow the Court's Standing Order Regarding Courtesy Copies, a copy of which is found on Judge Burkes portion of the District Court's webpage: CJB Standing Order re Copies (dlb) (Entered: 04/14/2022) |
| 05/11/2022 | 28 | PROPOSED ORDER [Joint Protective Order] by The Nielsen Company (US), LLC. (Palapura, Bindu) (Entered: 05/11/2022) |
| 05/11/2022 | 29 | PROPOSED ORDER [Source Code Access Agreement] by The Nielsen Company (US), LLC. (Palapura, Bindu) (Entered: 05/11/2022) |
| 05/11/2022 | | SO ORDERED D.I. (29 in 1:21-cv-01592-CJB, 21 in 1:22-cv-00057-CJB) Proposed Order regarding Source Code Access Agreement filed by The Nielsen Company (US), LLC. Ordered by Judge Christopher J. Burke on 5/11/2022. Associated Cases: 1:21-cv-01592-CJB, 1:22-cv-00057-CJB(dlb) (Entered: 05/11/2022) |
| 05/11/2022 | 30 | PROTECTIVE ORDER. Signed by Judge Christopher J. Burke on 5/11/2022. Associated Cases: 1:21-cv-01592-CJB, 1:22-cv-00057-CJB(dlb) (Entered: 05/11/2022) |

| 05/16/2022 | 31 | Letter to The Honorable Christopher J. Burke from David E. Moore regarding case summary pursuant to the Court's Orders of April 14, 2022 - re (27 in 1:21-cv-01592-CJB) Oral Order,,,,, (19 in 1:22-cv-00057-CJB) Oral Order,,,,,. (Attachments: # 1 Exhibit A-Checklist, # 2 Exhibit B-Scheduling Order)(Moore, David) (Entered: 05/16/2022) |
|---|---|---|
| 05/18/2022 | 32 | SCHEDULING ORDER: Joinder of Parties due by 2/7/2023. Amended Pleadings due by 2/7/2023. Fact Discovery completed by 8/21/2023. Opening Expert Reports due by 9/12/2023. Rebuttal Expert Reports due by 10/10/2023. Expert Discovery due by 12/11/2023. Tutorial on the technology due by 4/14/2023. Dispositive Motions due by 1/25/2024. Answering Brief due 3/15/2024. Reply Brief due 4/11/2024. A Motion Hearing is set for 6/5/2024 at 11:00 AM before Judge Christopher J. Burke Claim Construction Opening Brief due by 2/10/2023. Claim Construction Answering Brief due by 3/3/2023. Claim Construction Reply Brief due by 3/17/2023. Claim Construction Surreply Brief due by 3/31/2023. Joint Claim Construction Brief due by 4/14/2023. A Pretrial Conference is set for 9/27/2024 at 11:30 AM before Judge Christopher J. Burke. A 5 day Jury Trial is set for 10/7/2024 at 09:30 AM before Judge Christopher J. Burke. See Order for further details and deadlines. Signed by Judge Christopher J. Burke on 5/17/2022. Associated Cases: 1:21-cv-01592-CJB, 1:22-cv-00057-CJB(dlb) (Entered: 05/18/2022) |
| 05/18/2022 | 33 | ORAL ORDER: The Court appreciated the detailed summary that the parties provided in their May 16, 2022 joint letter regarding the issues at play in these cases. As the parties' proposed Scheduling Order contained no disputes, the Court has entered it today without scheduling a Case Management Conference. However, if the parties wish the Court to hold a Case Management Conference in the future, they may let the Court know that by jointly filing a letter to that effect. Ordered by Judge Christopher J. Burke on 5/18/2022. Associated Cases: 1:21-cv-01592-CJB, 1:22-cv-00057-CJB(dlb) (Entered: 05/18/2022) |
| 05/18/2022 | 34 | ORDER Setting Hearing on Motion 11 MOTION to Dismiss for Failure to State a Claim : A Motion Hearing is set for 7/8/2022 at 09:30 AM in Courtroom 2A before Judge Christopher J. Burke. See Order for further details. Signed by Judge Christopher J. Burke on 5/18/2022. (dlb) (Entered: 05/18/2022) |
| 05/18/2022 | 35 | MOTION for Pro Hac Vice Appearance of Attorney Michael J. Weil of Kelley Drye & Warren LLP - filed by The Nielsen Company (US), LLC. (Bartlett, Carson) (Entered: 05/18/2022) |
| 05/18/2022 | | CORRECTING ENTRY: Motion for Pro Hac Appearance at D.I. 36 has been removed at request of filer. (dlb) (Entered: 05/18/2022) |
| 05/23/2022 | | SO ORDERED D.I. (26 in 1:22-cv-00057-CJB) MOTION for Pro Hac Vice Appearance of Attorney Michael J. Weil of Kelley Drye & Warren LLP filed by The Nielsen Company (US), LLC, D.I. (35 in 1:21-cv-01592-CJB) MOTION for Pro Hac Vice Appearance of Attorney Michael J. Weil of Kelley Drye & Warren LLP filed by The Nielsen Company (US), LLC, and D.I. (30 in 1:21-cv-01591-CJB) MOTION for Pro Hac Vice Appearance of Attorney Benjamin J. Behrendt filed by HyphaMetrics, Inc. Ordered by Judge Christopher J. Burke on 5/23/2022. Associated Cases: 1:21-cv-01591-CJB, 1:21-cv-01592-CJB, 1:22-cv-00057-CJB(dlb) (Entered: 05/23/2022) |
| 05/25/2022 | | Pro Hac Vice Attorney Michael J. Weil for The Nielsen Company (US), LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (mpb) (Entered: 05/25/2022) |
| 05/27/2022 | | Pro Hac Vice Attorney Ajay S. Krishnan for TVision Insights, Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (mpb) (Entered: 05/27/2022) |

| 06/03/2022 | 36 | NOTICE OF SERVICE of Plaintiff The Nielsen Company (US), LLC's Initial Disclosures Pursuant To Fed. R. Civ. P. 26(A)(1); and Plaintiff The Nielsen Company (US), LLC's Disclosures Pursuant To Paragraph 3 Of The Default Standard For Discovery Including Discovery Of Electronically Stored Information filed by The Nielsen Company (US), LLC.(Palapura, Bindu) (Entered: 06/03/2022) |
|---|---|---|
| 06/06/2022 | 37 | NOTICE OF SERVICE of Defendant TVision Insight, Inc.'s Initial Disclosures filed by TVision Insights, Inc..(Shaw, John) (Entered: 06/06/2022) |
| 06/07/2022 | 38 | NOTICE of Voluntary Dismissal by The Nielsen Company (US), LLC as to Count II (Infringement of U.S. Patent No. 8,302,120) (Moore, David) (Entered: 06/07/2022) |
| 06/09/2022 | 39 | Joint Letter to The Honorable Christopher J. Burke from Bindu A. Palapura regarding July 8, 2022 hearing - re 38 Notice of Voluntary Dismissal. (Palapura, Bindu) (Entered: 06/09/2022) |
| 06/16/2022 | 40 | NOTICE requesting Clerk to remove Paul H. Berghoff, James L. Lovsin, Gavin J. O'Keefe, Gregory M. Huffman, and James L. Korenchan of McDonnell Boehmen Hulbert & Berghoff LLP as co-counsel. Reason for request: no longer working on case. (Palapura, Bindu) (Entered: 06/16/2022) |
| 06/24/2022 | 41 | ORAL ORDER: IT IS HEREBY ORDERED that at the July 8, 2022 "101 Day" motions hearing, beginning at 9:30 a.m. in Courtroom 2A: (1) the motion in Civil Action No. 21-1119-MN-CJB will be argued first, and each side will have 20 minutes for argument; (2) the motion in Civil Action No. 21-1591-CJB will be argued second, and each side will have 20 minutes for argument; (2) the motion in Civil Action No. 21-1592-CJB will be argued third, and each side will have 20 minutes for argument; and (4) the motion in Civil Action No. 21-1695-MN-CJB will be argued fourth and each side will have 20 minutes for argument. After all of these arguments have concluded, the Court will adjourn and will return at 4:00 p.m. to provide rulings on the motions. Counsel are reminded that each party must be represented throughout the entirety of the hearing (9:30 a.m. to approximately 5:00 p.m., or whenever the hearing concludes) as additional questions may be asked of any party at times other than during its initially scheduled time (including even after the Court has announced its decisions). IT IS FURTHER ORDERED that on or before July 1, 2022, each party in each of the above-captioned actions shall file a letter that includes responses to the following questions, of no more than two paragraphs per question: (1) Which Supreme Court or Federal Circuit case is most similar to the challenged claim(s)? That is, each party is to identify which case provides the best analogy if this Court is to compare the claim(s) at issue in the relevant Section 101 Motion to claims previously found to be patent (in)eligible by a higher court.; (2) How do you reconcile the fact that to avoid being an abstract idea, a claim must not be to a "disembodied concept" and instead must be to a concept tethered to "real-world application[,]" see CLS Bank Intl v. Alice Corp. Pty. Ltd., 717 F.3d 1269, 1286 (Fed. Cir. 2013) (Lourie, J., concurring) (internal quotation marks and citations omitted), but on the other hand, just because a claim might include a large number of concrete, tangible components, that does not necessarily mean that the claim is not abstract, see Yu v. Apple, Inc., 1 F.4th 1040, 1042-45 & n.2 (Fed. Cir. 2021); see also In re TLI Commc'ns LLC Pat. Litig., 823 F.3d 607, 611 (Fed. Cir. 2016)? In other words, what is your view about what it means for a claim to have a sufficient "real-world application" in the Section 101 context?; (3) When a court is figuring out what a claim is "directed to," what are the permissible tools that the court can use as part of that analysis?; (4) How is the "conventionality" analysis in Section 101 law different from that in a Section 102/103 analysis? IT IS FURTHER ORDERED that at the same time that the parties submit to the Court versions of any slides or other demonstrative materials they will use at the hearing (i.e., by no later than 4:00 p.m. on Wednesday, July 6, 2022), the parties shall also advise the Court and opposing counsel which attorney(s) will argue each motion. Ordered by |

| | | |
|---|---|---|
| | | Judge Christopher J. Burke on 6/24/22. Associated Cases: 1:21-cv-01591-CJB, 1:21-cv-01592-CJB(mlc) (Entered: 06/24/2022) |
| 07/01/2022 | 42 | Letter to Honorable Christopher J. Burke from Nathan R. Hoeschen regarding responses to the Courts questions on Section 101 Motion. (Hoeschen, Nathan) (Entered: 07/01/2022) |
| 07/01/2022 | 43 | Letter to The Honorable Christopher J. Burke from Bindu A. Palapura regarding responses to the Courts questions on Section 101 Motion - re 41 Oral Order,,,,,,,,,,,,. (Palapura, Bindu) (Entered: 07/01/2022) |
| 07/08/2022 | | Minute Entry for proceedings held before Judge Christopher J. Burke - Motion Hearing held on 7/8/2022 regarding D.I. (11 in 1:21-cv-01592-CJB) MOTION to Dismiss for Failure to State a Claim filed by TVision Insights, Inc., D.I. (10 in 1:21-cv-01591-CJB) MOTION to Dismiss for Failure to State a Claim filed by HyphaMetrics, Inc. (as well as regarding motions to dismiss in Civil Action Nos. 21-1119, 21-1695). The Court heard argument from the parties. The Court ordered that the Section 101 portion of D.I. 11 in 21-1592 be denied. The Court will issue a written version of the Court's order. The Court will take up the willfullness portion of the motion on the papers and will issue an order. The Court ordered that D.I. 10 in 21-1591 be denied. The Court will issue a written version of the Court's order. (Court Reporter Deanna Warner. Clerk: M. Crawford, E. Bryant-Alvarez) Appearances: For C.A. No. 21-1119-MN-CJB, H. Stern, P. Mazur for Plaintiff; J. Ying. A. Aly for Defendant; For C.A. No. 21-1591-CJB, B. Palapura, C. Bartlet, S. Yovits for Plaintiff; J. Tigan, G. Sobolski, G. Bell, S. Propst for Defendant; For C.A. No. 21-1592-CJB, B. Palapura, C. Bartlet, S. Yovits for Plaintiff; N. Hoeschen, J. Shaw, J. Allen for Defendant; For C.A. No. 21-1695-MN-CJB, S. Kellner, M. Burns, B. Biggs, S. OByrne, G. Ferroni for Plaintiff; R. Smith, H. Guy, J. Lynn, S. Kassa for Defendant. Associated Cases: 1:21-cv-01591-CJB, 1:21-cv-01592-CJB(mlc) (Entered: 07/11/2022) |
| 07/11/2022 | 44 | NOTICE OF SERVICE of Plaintiff The Nielsen Company (US), LLC's Disclosures Pursuant to Paragraph 4(a) of the Delaware Default Standard for Discovery [Confidential (Contains TVision Confidential Information)] filed by The Nielsen Company (US), LLC. (Harper, Brandon) (Entered: 07/11/2022) |
| 07/12/2022 | 45 | Official Transcript of Motion Hearing held on 7/8/2022 before Judge Judge Burke. Court Reporter/Transcriber Deanna Warner. Transcript may be viewed at the court public terminal or order/purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER Redaction Request due 8/2/2022. Redacted Transcript Deadline set for 8/12/2022. Release of Transcript Restriction set for 10/11/2022. Associated Cases: 1:21-cv-01591-CJB, 1:21-cv-01592-CJB(dlb) (Entered: 07/12/2022) |
| 08/10/2022 | 46 | Letter to The Honorable Christopher J. Burke from David E. Moore regarding request for teleconference. (Moore, David) (Entered: 08/10/2022) |
| 08/10/2022 | 47 | MEMORANDUM OPINION and ORDER regarding D.I. 11 Motion to Dismiss.. Signed by Judge Christopher J. Burke on 8/10/2022. (dlb) (Entered: 08/10/2022) |
| 08/10/2022 | 48 | ORAL ORDER Setting Teleconference: The Court has reviewed the parties' Letter Request for Teleconference to Resolve Discovery Dispute regarding one dispute. (D.I. 46) It hereby ORDERS that: (1) A Discovery Dispute Teleconference is set for September 6, 2022 at 12:30 p.m. before Judge Christopher J. Burke.; (2) By no later than August 17, 2022, the party seeking relief shall file with the Court a letter, not to exceed three (3) single-spaced pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. By no later than August 24, 2022, the party opposing the application for relief may file a letter, not to exceed three (3) single-spaced pages, in no |

| | | |
|---|---|---|
| | | less than 12-point font, outlining that party's reasons for its opposition. By no later than August 29, 2022, the party seeking relief shall file a reply letter brief, not to exceed one (1) single-spaced page, in no less than 12-point font.; (3) The parties should also consult and follow Judge Burke's "Guidelines for Discovery Disputes," which is found in the "Guidelines" tab on Judge Burke's portion of the District Court's website.; (4) By no later than August 29, 2022, the parties shall jointly provide the Court's Courtroom Deputy, Ms. Benyo, with a dial-in number via e-mail to use for the call.; (5) For the Court's administrative purposes, by no later than August 17, 2022, the parties shall file a "Motion for Teleconference to Resolve Discovery Dispute" with respect to this dispute. The suggested text for this motion can be found in the "Forms" tab of Judge Burke's page on the District Court's website.; and (6) The Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference (however, if any party advises the Court in advance that a newer attorney will argue the dispute, see Standing Order Regarding Courtroom Opportunities for Newer Attorneys, https://www.ded.uscourts.gov/sites/ded/files/StandingOrder2017.pdf, then the Court will go forward with the conference). Ordered by Judge Christopher J. Burke on 8/10/2022. (dlb) (Entered: 08/10/2022) |
| 08/10/2022 | 49 | ORAL ORDER: The only portion of Defendant's motion to dismiss, (D.I. 11), that the Court has not yet addressed is Defendant's request that Plaintiff's claim of willful infringement as to the '189 patent be dismissed. (D.I. 12 at 17-18; D.I. 18 at 10) Knowledge of the patent-in-suit is a required element of a willful infringement claim, and the parties do not dispute that Plaintiff's Complaint, (D.I. 1), does not plausibly allege facts indicating that Defendant had knowledge of the existence of the '189 patent prior to the filing of that pleading. (See D.I. 12 at 17-18; D.I. 16 at 20) Plaintiff nevertheless suggests that its willful infringement claim could still survive to the extent it alleges post-suit willful infringement (that is, willful infringement occurring after the filling of the Complaint). (D.I. 16 at 20) But for reasons the Court has previously expressed, in order for a patentee to have a viable claim of willful infringement, it must allege in the governing pleading that the accused infringer had willfully infringed prior to the date of the filing of that pleading. See ICON Health & Fitness, Inc. v. Tonal Sys., Inc., Civil Action No. 21-652-LPS-CJB, 2022 WL 611249, at *3 n.6 (D. Del. Feb. 7, 2022); Valinge Innovation AB v. Halstead New England Corp., Civil Action No. 16-1082-LPS-CJB, 2018 WL 2411218, at *11 & n.15 (D. Del. May 29, 2018). Therefore, this portion of Defendant's motion is GRANTED and Plaintiff's willful infringement claim is dismissed WITHOUT PREJUDICE to its ability to attempt to allege willful infringement in the future as to this patent (either pursuant to a proposed amended complaint or proposed supplemental complaint). See ICON Health & Fitness, Inc., 2022 WL 611249, at *3 & n.5; Valinge Innovation AB, 2018 WL 2411218, at *11 n.15. Ordered by Judge Christopher J. Burke on 8/10/2022. (dlb) (Entered: 08/10/2022) |
| 08/12/2022 | 50 | Joint MOTION for Discovery *Dispute Teleconference* - filed by The Nielsen Company (US), LLC. (Moore, David) (Entered: 08/12/2022) |
| 08/17/2022 | 51 | [SEALED] Letter to The Honorable Christopher J. Burke from Bindu A. Palapura regarding Discovery Dispute. (Attachments: # 1 Exhibit A-C, # 2 Text of Proposed Order) (Palapura, Bindu) (Entered: 08/17/2022) |
| 08/24/2022 | 52 | REDACTED VERSION of 51 Letter by The Nielsen Company (US), LLC. (Attachments: # 1 Exhibit A-C)(Palapura, Bindu) (Entered: 08/24/2022) |
| 08/24/2022 | 53 | ANSWER to 1 Complaint, with Jury Demand *and Affirmative Defenses* by TVision Insights, Inc..(Shaw, John) (Entered: 08/24/2022) |
| 08/24/2022 | 54 | [SEALED] Letter to The Honorable Christopher J. Burke from John W. Shaw regarding Discovery Dispute - re 48 Order Setting Teleconference,,,,,,,,. (Attachments: # 1 Exhibit |

| | | A, # 2 Exhibit B)(Shaw, John) (Entered: 08/24/2022) |
|---|---|---|
| 08/25/2022 | 55 | NOTICE requesting Clerk to remove Michael J. Weil of Kelley Drye & Warren LLP as co-counsel. Reason for request: no longer working on case. (Moore, David) (Entered: 08/25/2022) |
| 08/29/2022 | 56 | [SEALED] Letter to The Honorable Christopher J. Burke from Bindu A. Palapura regarding discovery dispute reply - re 48 Order Setting Teleconference,,,,,,,,,. (Attachments: # 1 Exhibit A)(Palapura, Bindu) (Entered: 08/29/2022) |
| 08/29/2022 | 57 | NOTICE OF SERVICE of The Nielsen Company (US), LLC's First Set of Request for the Production of Documents and Things; and The Nielsen Company (US), LLC's First Set of Interrogatories filed by The Nielsen Company (US), LLC.(Palapura, Bindu) (Entered: 08/29/2022) |
| 08/30/2022 | 58 | MOTION for Pro Hac Vice Appearance of Attorney Matthew Chakmakian of Kelley Drye & Warren LLP - filed by The Nielsen Company (US), LLC. (Palapura, Bindu) (Entered: 08/30/2022) |
| 08/31/2022 | 59 | REDACTED VERSION of 54 Letter by TVision Insights, Inc.. (Hoeschen, Nathan) (Entered: 08/31/2022) |
| 09/02/2022 | 60 | ORAL ORDER: The Court, having reviewed Plaintiff's discovery dispute motion ("Motion"), (D.I. 50), via which Plaintiff asks the Court to compel Defendant to produce core technical documents relating to the accused TVision Logitech-based system, and the briefing related thereto, (D.I. 51; D.I. 54; D.I. 56), hereby ORDERS that the Motion is GRANTED and that no later than 14 days from today's date, Defendant shall produce core technical documents for the Logitech-based system. The Logitech-based system is an accused product in the case, and appears to be captured within the description of the "Infringing System" in Plaintiff's Complaint. (See D.I. 1 at paras. 39-49; D.I. 51, ex. A at 2) Defendant's argument for why it need not produce the discovery is that the material is not relevant, because the Logitech-based system cannot infringe claim 9 of the '189 patent. (D.I. 54) But if the Court did not allow discovery of properly-accused products every time a defendant said that its product did not infringe the patent-in-suit, there would be little to no discovery permitted in the patent cases in this Court. The real dispute here appears to be about whether a product can infringe the relevant patent if it contains a two-dimensional and three-dimensional sensor that are implemented in one piece of hardware. (D.I. 56 at 1; see also D.I. 51 at 2) It strikes the Court that that issue may get resolved via claim construction, or, if not, then pursuant to a later dispute (perhaps at summary judgment) regarding infringement. But those steps in the case are still to come. Defendant also suggests that if Plaintiff's infringement read is correct then the claim will be covered by "most of the prior art." (D.I. 54 at 3 (emphasis omitted)) If that is so, that will be good news for Defendant, but again, that is an issue that will be litigated later in the case. And of course, if it turns out that Plaintiff's infringement read is baseless/frivolous, Defendant can always seek to address that problem via various types of motions in the future. In the end, at present Plaintiff has: (1) accused the Logitech-based system of infringement; (2) survived the pleading stage; and (3) articulated an understandable basis as to how that system could infringe claim 9. Nothing more is required for it to get core technical document discovery. See, e.g., Greatbatch Ltd. v. AVX Corp., 179 F. Supp. 3d 370, 374 (D. Del. 2016) (ordering the defendant to produce core technical documents relating to products accused by the plaintiff, despite the defendant's argument that a particular product "unarguably does not infringe"). In light of this order, the teleconference scheduled for September 6 is CANCELED. Ordered by Judge Christopher J. Burke on 9/2/2022. (dlb) (Entered: 09/02/2022) |

| 09/06/2022 | 61 | REDACTED VERSION of 56 Letter by The Nielsen Company (US), LLC. (Attachments: # 1 Exhibit A)(Palapura, Bindu) (Entered: 09/06/2022) |
|---|---|---|
| 09/06/2022 | | SO ORDERED D.I. 58 MOTION for Pro Hac Vice Appearance of Attorney Matthew Chakmakian of Kelley Drye & Warren LLP filed by The Nielsen Company (US), LLC. Ordered by Judge Christopher J. Burke on 9/6/2022. (dlb) (Entered: 09/06/2022) |
| 09/09/2022 | 62 | NOTICE OF SERVICE of The Nielsen Company (US), LLC's Initial Claim Charts [Highly Confidential-Outside Attorneys' Eyes Only] filed by The Nielsen Company (US), LLC.(Palapura, Bindu) (Entered: 09/09/2022) |
| 09/12/2022 | 63 | NOTICE OF SERVICE of The Nielsen Company (US), LLC's Second Set of Interrogatories filed by The Nielsen Company (US), LLC.(Palapura, Bindu) (Entered: 09/12/2022) |
| 09/15/2022 | 64 | NOTICE OF SERVICE of 1. TVision Insights, Inc.'s First Set of Interrogatories 2. TVision Insights. Inc.'s First Set of Requests for the Production of Documents and Things filed by TVision Insights, Inc..(Hoeschen, Nathan) (Entered: 09/15/2022) |
| 09/23/2022 | 65 | Joint STIPULATION and [Proposed] Order to Extend Various Deadlines by TVision Insights, Inc.. (Hoeschen, Nathan) (Entered: 09/23/2022) |
| 09/23/2022 | | SO ORDERED D.I. (40 in 1:22-cv-00057-CJB, 65 in 1:21-cv-01592-CJB) Stipulation to Extend Various Deadlines filed by TVision Insights, Inc. Ordered by Judge Christopher J. Burke on 9/23/22. Associated Cases: 1:21-cv-01592-CJB, 1:22-cv-00057-CJB(mlc) (Entered: 09/23/2022) |
| 09/27/2022 | 66 | NOTICE OF SERVICE of 1. TVision Insights, Inc.'s Objections and Responses to The Nielsen Company (US), LLC's First Set of Interrogatories 2. TVision Insights, Inc.'s Objections and Responses to The Nielsen Company (US), LLCs First Set of Request for Production (Nos. 1 - 105) filed by TVision Insights, Inc..(Hoeschen, Nathan) (Entered: 09/27/2022) |
| 10/05/2022 | 67 | NOTICE OF SERVICE of TVision Insights, Inc.'s Second Set of Interrogatories filed by TVision Insights, Inc..(Hoeschen, Nathan) (Entered: 10/05/2022) |
| 10/14/2022 | | Pro Hac Vice Attorney Matthew Chakmakian for The Nielsen Company (US), LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (srs) (Entered: 10/14/2022) |
| 10/17/2022 | 68 | NOTICE OF SERVICE of Plaintiff The Nielsen Company (US), LLC's Responses and Objections to Defendant's First Set of Requests for the Production of Documents and Things; and Plaintiff The Nielsen Company (US), LLC's Responses and Objections to Defendant's First Set of Interrogatories [Highly Confidential-Outside Attorneys' Eyes Only] filed by The Nielsen Company (US), LLC.(Palapura, Bindu) (Entered: 10/17/2022) |
| 10/21/2022 | 69 | NOTICE requesting Clerk to remove Carson R. Bartlett as co-counsel. Reason for request: no longer with the firm of Potter Anderson & Corroon LLP. (Moore, David) (Entered: 10/21/2022) |
| 10/24/2022 | 70 | NOTICE OF SERVICE of Defendant TVision Insights, Inc.'s Initial Invalidity Contentions regarding the '889 Patent filed by TVision Insights, Inc..(Hoeschen, Nathan) (Entered: 10/24/2022) |
| 10/25/2022 | 71 | NOTICE OF SERVICE of TVision Insights, Inc.'s Objections and Responses to The Nielsen Company (US), LLC's Second Set of Interrogatories filed by TVision Insights, Inc..(Russell, Andrew) (Entered: 10/25/2022) |

| 11/03/2022 | 72 | NOTICE OF SERVICE of Plaintiff The Nielsen Company (US), LLC's Responses and Objections to Defendant's Second Set of Interrogatories [Highly Confidential-Outside Attorneys' Eyes Only] filed by The Nielsen Company (US), LLC.(Palapura, Bindu) (Entered: 11/03/2022) |
|---|---|---|
| 11/09/2022 | 73 | NOTICE OF SERVICE of TVision Insights, Inc.'s Third Set of Interrogatories (No. 8) filed by TVision Insights, Inc..(Hoeschen, Nathan) (Entered: 11/09/2022) |
| 11/22/2022 | 74 | NOTICE OF SERVICE of Defendant TVision Insights, Inc.'s Initial Invalidity Contentions Regarding the '189 Patent filed by TVision Insights, Inc..(Hoeschen, Nathan) (Entered: 11/22/2022) |
| 11/30/2022 | 75 | NOTICE OF SERVICE of Plaintiff Nielsen, Inc.'s Second Set Of Requests For The Production Of Documents And Things filed by The Nielsen Company (US), LLC. (Palapura, Bindu) (Entered: 11/30/2022) |
| 12/02/2022 | 76 | NOTICE OF SERVICE of TVision Insights, Inc.'s Supplemental Objections and Responses to The Nielsen Company (US), LLC's Second Set of Interrogatories filed by TVision Insights, Inc..(Russell, Andrew) (Entered: 12/02/2022) |
| 12/07/2022 | 77 | MOTION for Pro Hac Vice Appearance of Attorney Mel W. Gaddy - filed by The Nielsen Company (US), LLC. (Moore, David) (Entered: 12/07/2022) |
| 12/09/2022 | 78 | NOTICE OF SERVICE of Plaintiff The Nielsen Company (US), LLC's Responses and Objections to Defendant TVision Insights, Inc.'s Third Set of Interrogatories filed by The Nielsen Company (US), LLC.(Palapura, Bindu) (Entered: 12/09/2022) |
| 12/09/2022 | | SO ORDERED (60 in 1:21-cv-01591-CJB) MOTION for Pro Hac Vice Appearance of Attorney Mel W. Gaddy filed by The Nielsen Company (US), LLC, (77 in 1:21-cv-01592-CJB) MOTION for Pro Hac Vice Appearance of Attorney Mel W. Gaddy filed by The Nielsen Company (US), LLC, (52 in 1:22-cv-00057-CJB) MOTION for Pro Hac Vice Appearance of Attorney Mel W. Gaddy filed by The Nielsen Company (US), LLC. Ordered by Judge Christopher J. Burke on 12/9/2022. Associated Cases: 1:21-cv-01591-CJB, 1:21-cv-01592-CJB, 1:22-cv-00057-CJB(dlb) (Entered: 12/09/2022) |
| 12/12/2022 | | Pro Hac Vice Attorney Melvin Gaddy for The Nielsen Company (US), LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:21-cv-01591-CJB, 1:21-cv-01592-CJB, 1:22-cv-00057-CJB(mpb) (Entered: 12/12/2022) |
| 01/09/2023 | 79 | NOTICE OF SERVICE of TVision Insights, Inc.'s Objections and Responses to The Nielsen Company (US), LLC's Second Set of Requests for Production of Documents (Nos. 106-116) filed by TVision Insights, Inc..(Russell, Andrew) (Entered: 01/09/2023) |
| 01/16/2023 | 80 | NOTICE OF SERVICE of Defendant TVision Insights, Inc.'s Disclosure of Proposed Claim Constructions for the '189 and '889 Patents filed by TVision Insights, Inc..(Russell, Andrew) (Entered: 01/16/2023) |
| 01/18/2023 | 81 | NOTICE OF SERVICE of Nielsen's List of Claim Terms and Proposed Constructions filed by The Nielsen Company (US), LLC.(Palapura, Bindu) (Entered: 01/18/2023) |
| 01/25/2023 | 82 | CLAIM Construction Chart by The Nielsen Company (US), LLC. (Attachments: # 1 Exhibit A-E)(Moore, David) (Entered: 01/25/2023) |
| 01/25/2023 | 83 | MOTION for Claim Construction re (57 in 1:22-cv-00057-CJB, 82 in 1:21-cv-01592-CJB) Claim Construction Chart - filed by The Nielsen Company (US), LLC. (Moore, David) (Entered: 01/25/2023) |

| 01/25/2023 | 84 | MOTION for Claim Construction *[Defendant TVision Insights, Inc.'s Motion for Claim Construction]* - filed by TVision Insights, Inc.. (Hoeschen, Nathan) (Entered: 01/25/2023) |
|---|---|---|
| 01/31/2023 | 85 | ORAL ORDER: Due to a scheduling conflict, the Markman Hearing has been rescheduled and is now set for 5/23/2023 at 11:00 AM in Courtroom 2A before Judge Christopher J. Burke. Ordered by Judge Christopher J. Burke on 1/31/2023. (dlb) (Entered: 01/31/2023) |
| 02/16/2023 | 86 | NOTICE OF SERVICE of Plaintiff The Nielsen Company (US), LLC's Opening Claim Construction Brief; and Joint Appendix to Claim Construction Brief (Ex. F) filed by The Nielsen Company (US), LLC.(Brown, Andrew) (Entered: 02/16/2023) |
| 02/17/2023 | 87 | MOTION for Pro Hac Vice Appearance of Attorney Joshua B. Long of Kelley Drye & Warren LLP - filed by The Nielsen Company (US), LLC. (Brown, Andrew) (Entered: 02/17/2023) |
| 02/22/2023 | | SO ORDERED D.I. (28 in 1:22-cv-01345-CJB) MOTION for Pro Hac Vice Appearance of Attorney Joshua B. Long of Kelley Drye & Warren LLP filed by The Nielsen Company (US), LLC, D.I. (62 in 1:22-cv-00057-CJB) MOTION for Pro Hac Vice Appearance of Attorney Joshua B. Long of Kelley Drye & Warren LLP filed by The Nielsen Company (US), LLC, (87 in 1:21-cv-01592-CJB) MOTION for Pro Hac Vice Appearance of Attorney Joshua B. Long of Kelley Drye & Warren LLP filed by The Nielsen Company (US), LLC, and D.I. (72 in 1:21-cv-01591-CJB) MOTION for Pro Hac Vice Appearance of Attorney Joshua B. Long of Kelley Drye & Warren LLP filed by The Nielsen Company (US), LLC. Signed by Judge Christopher J. Burke on 2/22/2023. Associated Cases: 1:21-cv-01591-CJB, 1:21-cv-01592-CJB, 1:22-cv-00057-CJB, 1:22-cv-01345-CJB(dlb) (Entered: 02/22/2023) |
| 03/07/2023 | 88 | NOTICE OF SERVICE of The Nielsen Company (US), LLC's Third Set of Requests for the Production of Documents and Things filed by The Nielsen Company (US), LLC. (Brown, Andrew) (Entered: 03/07/2023) |
| 03/07/2023 | 89 | NOTICE OF SERVICE of 1. Defendant TVision Insights, Inc.'s Answering Claim Construction Brief 2. Declaration of David Anderson filed by TVision Insights, Inc.. (Russell, Andrew) (Entered: 03/07/2023) |
| 03/08/2023 | | Pro Hac Vice Attorney Joshua B. Long for The Nielsen Company (US), LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:21-cv-01591-CJB et al.(mpb) (Entered: 03/08/2023) |
| 03/10/2023 | 90 | NOTICE OF SERVICE of Defendant TVision Insights, Inc.'s Amended Initial Disclosures filed by TVision Insights, Inc..(Russell, Andrew) (Entered: 03/10/2023) |
| 03/15/2023 | 91 | NOTICE OF SERVICE of TVision Insights, Inc.'s Second Set of Requests for the Production of Documents and Things filed by TVision Insights, Inc..(Russell, Andrew) (Entered: 03/15/2023) |
| 03/22/2023 | 92 | MOTION for Pro Hac Vice Appearance of Attorney Jolie Brett Schenerman of Kelley Drye & Warren LLP - filed by The Nielsen Company (US), LLC. (Brown, Andrew) (Entered: 03/22/2023) |
| 03/23/2023 | | SO ORDERED (67 in 1:22-cv-00057-CJB) MOTION for Pro Hac Vice Appearance of Attorney Jolie Brett Schenerman of Kelley Drye & Warren LLP filed by The Nielsen Company (US), LLC, (92 in 1:21-cv-01592-CJB) MOTION for Pro Hac Vice Appearance of Attorney Jolie Brett Schenerman of Kelley Drye & Warren LLP filed by The Nielsen Company (US), LLC. Ordered by Judge Christopher J. Burke on 3/23/2023. Associated Cases: 1:22-cv-00057-CJB, 1:21-cv-01592-CJB(dlb) (Entered: 03/23/2023) |

| 03/23/2023 | 93 | NOTICE OF SERVICE of Plaintiff The Nielsen Company (US), LLC's Reply Claim Construction Brief, and Joint Appendix to Claim Construction Brief with Exs. I-J filed by The Nielsen Company (US), LLC.(Palapura, Bindu) (Entered: 03/23/2023) |
| 03/31/2023 | | Pro Hac Vice Attorney Jolie Brett Schenerman for The Nielsen Company (US), LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (apk) (Entered: 03/31/2023) |
| 03/31/2023 | | Pro Hac Vice Attorney Jolie Brett Schenerman for The Nielsen Company (US), LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:21-cv-01592-CJB, 1:22-cv-00057-CJB(mpb) (Entered: 03/31/2023) |
| 04/04/2023 | 94 | NOTICE OF SERVICE of Defendant TVision Insights, Inc.'s Sur-Reply Claim Construction Brief filed by TVision Insights, Inc..(Russell, Andrew) (Entered: 04/04/2023) |
| 04/06/2023 | 95 | NOTICE OF SERVICE of TVision Insights, Inc.'s Objections and Responses to The Nielsen Company (US), LLC's Third Set of Requests for the Production of Documents (Nos. 117-160) filed by TVision Insights, Inc..(Hoeschen, Nathan) (Entered: 04/06/2023) |
| 04/10/2023 | 96 | NOTICE of Subpoena as to Apple, Inc. by TVision Insights, Inc. (Hoeschen, Nathan) (Entered: 04/10/2023) |
| 04/10/2023 | 97 | NOTICE OF SERVICE of Defendant TVision Insights, Inc.'s Supplemental Initial Invalidity Contentions regarding the '889 Patent filed by TVision Insights, Inc.. (Hoeschen, Nathan) (Entered: 04/10/2023) |
| 04/12/2023 | 98 | NOTICE OF SERVICE of Defendant TVision Insights, Inc.'s Second Supplemental Objections and Responses to the Nielsen Company (US), LLC's Second Set of Interrogatories filed by TVision Insights, Inc..(Russell, Andrew) (Entered: 04/12/2023) |
| 04/14/2023 | 99 | Letter to The Honorable Christopher J. Burke from David E. Moore regarding Plaintiff's Technology Tutorial. (Moore, David) (Entered: 04/14/2023) |
| 04/14/2023 | 100 | JOINT CLAIM CONSTRUCTION BRIEF filed by The Nielsen Company (US), LLC. (Palapura, Bindu) (Entered: 04/14/2023) |
| 04/14/2023 | 101 | Joint APPENDIX re (100 in 1:21-cv-01592-CJB) Joint Claim Construction Brief, (75 in 1:22-cv-00057-CJB) Joint Claim Construction Brief by The Nielsen Company (US), LLC. (Attachments: # 1 Exhibit F-L)(Palapura, Bindu) (Entered: 04/14/2023) |
| 04/14/2023 | 102 | Joint Letter to The Honorable Christopher J. Burke from David E. Moore regarding the Markman hearing. (Moore, David) (Entered: 04/14/2023) |
| 04/14/2023 | 113 | MULTI MEDIA DOCUMENT containing Plaintiff's Technology Tutorial filed by The Nielsen Company (US), LLC in the form of a Flash Drives (2). Filing related to (99 in 1:21-cv-01592-CJB) Letter. (Media on file in Clerk's Office). Associated Cases: 1:21-cv-01592-CJB, 1:22-cv-00057-CJB(dlb) (Entered: 05/17/2023) |
| 04/17/2023 | 103 | NOTICE OF SERVICE of Plaintiff The Nielsen Company (US), LLC's Responses to Defendant's Second Document Requests filed by The Nielsen Company (US), LLC. (Brown, Andrew) (Entered: 04/17/2023) |
| 04/17/2023 | 104 | MOTION for Pro Hac Vice Appearance of Attorney Jason P. Greenhut of Kelley Drye & Warren LLP - filed by The Nielsen Company (US), LLC. (Brown, Andrew) (Entered: 04/17/2023) |

| 04/19/2023 | | SO ORDERED 104 MOTION for Pro Hac Vice Appearance of Attorney Jason P. Greenhut of Kelley Drye & Warren LLP filed by The Nielsen Company (US), LLC. Ordered by Judge Christopher J. Burke on 4/19/2023. (dlb) (Entered: 04/19/2023) |
|---|---|---|
| 04/19/2023 | 105 | NOTICE OF SERVICE of TVision Insights, Inc.'s Fourth Set of Interrogatories (No. 9) filed by TVision Insights, Inc..(Hoeschen, Nathan) (Entered: 04/19/2023) |
| 04/19/2023 | 106 | ORAL ORDER: The Court, having reviewed the parties' April 14, 2023 letter regarding the Markman hearing (the "April 14 letter"), (D.I. 102 in Civil Action No. 21-1592-CJB; D.I. 77 in Civil Action No. 22-57-CJB), hereby ORDERS as follows: (1) The Court hereby ADOPTS the parties' proposal regarding time allocation. Two hours will be allocated for argument, to be split equally between the parties.; (2) With respect to the order of the terms and which side will present argument first for each term, the Court ADOPTS the parties' proposal set out in the April 14 letter. (3) On or before May 5, 2023, Delaware and lead counsel for the parties shall meet and confer and file an amended joint claim construction chart that sets forth the terms/issues that remain in dispute. The meet and confer shall focus on an attempt to reach agreement on any remaining disputed terms/issues where possible and on an attempt to focus the dispute over the remaining terms/issues in light of the parties' claim construction briefing. In a joint letter that the parties shall submit by May 5, the parties shall identify by name each individual who participated in this meet and confer, when and how that meet and confer occurred and how long it lasted. If no agreements on constructions have been reached or if no dispute has been narrowed on the meet and confer, the letter shall so state and the parties need not file an amended joint claim construction chart.; and (4) In this letter, the parties should also let the Court know if there is joint agreement to conduct the Markman hearing via videoconference. If there is joint agreement, the Court will do so; if there is not joint agreement, then the hearing will go forward as an in-person hearing in Courtroom 2A. Ordered by Judge Christopher J. Burke on 4/19/2023. Associated Cases: 1:21-cv-01592-CJB, 1:22-cv-00057-CJB(dlb) (Entered: 04/19/2023) |
| 04/21/2023 | 107 | STATEMENT *[TVision Insights, Inc.'s Comments on The Nielsen Company (US), LLC's Technology Tutorial]* by TVision Insights, Inc.. (Russell, Andrew) (Entered: 04/21/2023) |
| 05/01/2023 | | Pro Hac Vice Attorney Jason P. Greenhut for The Nielsen Company (US), LLC, added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:21-cv-01591-CJB, 1:21-cv-01592-CJB, 1:22-cv-00057-CJB, 1:22-cv-01345-CJB, 1:23-cv-00136-GBW(mkr) (Entered: 05/01/2023) |
| 05/01/2023 | 108 | NOTICE OF SERVICE of The Nielsen Company (US), LLC's Fourth Set of Requests for the Production of Documents and Things filed by The Nielsen Company (US), LLC. (Brown, Andrew) (Entered: 05/01/2023) |
| 05/05/2023 | 109 | Joint Letter to The Honorable Christopher J. Burke from David E. Moore regarding response to the Court's April 19, 2023 Oral Orders re Markman hearing - re (81 in 1:22-cv-00057-CJB, 106 in 1:21-cv-01592-CJB) Oral Order,,,,,,,,. (Moore, David) (Entered: 05/05/2023) |
| 05/10/2023 | 110 | Letter to The Honorable Christopher J. Burke from David E. Moore regarding courtesy of Plaintiff's Technology Tutorial. (Moore, David) (Entered: 05/10/2023) |
| 05/11/2023 | 111 | MOTION for Pro Hac Vice Appearance of Attorney Eric C. Cohen and Jason Xu - filed by TVision Insights, Inc.. (Russell, Andrew) (Entered: 05/11/2023) |
| 05/11/2023 | 112 | NOTICE requesting Clerk to remove Ajay S. Krishnan, Julia L. Allen, Bailey W. Heaps, Reaghan E. Braun as co-counsel.. (Russell, Andrew) (Entered: 05/11/2023) |

| 05/12/2023 | | SO ORDERED (44 in 1:22-cv-01345-CJB) MOTION for Pro Hac Vice Appearance of Attorney Eric C. Cohen and Jason Xu filed by TVision Insights, Inc., (111 in 1:21-cv-01592-CJB) MOTION for Pro Hac Vice Appearance of Attorney Eric C. Cohen and Jason Xu filed by TVision Insights, Inc., (92 in 1:21-cv-01591-CJB) MOTION for Pro Hac Vice Appearance of Attorney Michael B. Eisenberg, Stephanie Lopez and David L. D'Amato filed by HyphaMetrics, Inc.. Signed by Judge Christopher J. Burke on 5/12/2023. Associated Cases: 1:21-cv-01591-CJB, 1:21-cv-01592-CJB, 1:22-cv-01345-CJB(dlb) (Entered: 05/12/2023) |
|---|---|---|
| 05/12/2023 | | Pro Hac Vice Attorney Eric Cohen and Jason L. Xu for TVision Insights, Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (mpb) (Entered: 05/12/2023) |
| 05/18/2023 | 114 | NOTICE to Take Deposition of TVision Insights, Inc. on June 21, 2023 (30(b)(6)) filed by The Nielsen Company (US), LLC.(Moore, David) (Entered: 05/18/2023) |
| 05/18/2023 | 115 | NOTICE to Take Deposition of Inderbir Sidhu on June 27, 2023 filed by The Nielsen Company (US), LLC.(Moore, David) (Entered: 05/18/2023) |
| 05/18/2023 | 116 | NOTICE to Take Deposition of Dan Schiffman on June 28, 2023 filed by The Nielsen Company (US), LLC.(Moore, David) (Entered: 05/18/2023) |
| 05/18/2023 | 117 | NOTICE to Take Deposition of Yan Liu on June 23, 2023 filed by The Nielsen Company (US), LLC.(Moore, David) (Entered: 05/18/2023) |
| 05/18/2023 | 118 | NOTICE to Take Deposition of Mark Green on July 6, 2023 filed by The Nielsen Company (US), LLC.(Moore, David) (Entered: 05/18/2023) |
| 05/18/2023 | 119 | NOTICE to Take Deposition of Shlomo Neumann on July 11, 2023 filed by The Nielsen Company (US), LLC.(Moore, David) (Entered: 05/18/2023) |
| 05/18/2023 | 120 | NOTICE to Take Deposition of Tristan Webster on July 13, 2023 filed by The Nielsen Company (US), LLC.(Moore, David) (Entered: 05/18/2023) |
| 05/18/2023 | 121 | NOTICE to Take Deposition of Luke McGuiness on July 14, 2023 filed by The Nielsen Company (US), LLC.(Moore, David) (Entered: 05/18/2023) |
| 05/19/2023 | 122 | NOTICE OF SERVICE of Plaintiff The Nielsen Company (US), LLC's Responses And Objections To Defendant TVision Insights, Inc.'s Fourth Set Of Interrogatories filed by The Nielsen Company (US), LLC.(Brown, Andrew) (Entered: 05/19/2023) |
| 05/23/2023 | 123 | NOTICE of Issuance of Subpoenas upon Ms. Chengcheng Jia by The Nielsen Company (US), LLC (Moore, David) (Entered: 05/23/2023) |
| 05/23/2023 | | Minute Entry for proceedings held before Judge Christopher J. Burke - Markman Hearing held on 5/23/2023. The Court heard argument from the parties regarding the disputed terms. (D.I. 83; D.I. 84 in Civil Action No. 21-1512-CJB; D.I. 58; D.I. 59 in Civil Action No. 22-57-CJB) The Court took the matter under advisement. (Clerk: M. Crawford) Appearances: B. Palapura, A. Brown and S. Yovits for Plaintiff; A. Russell and N. Hoeschen for Defendant (Court Reporter Ellie Corbitt (Veritext)) Associated Cases: 1:21-cv-01592-CJB, 1:22-cv-00057-CJB(dlb) (Entered: 05/23/2023) |
| 05/23/2023 | 125 | Official Transcript of Markman Hearing held on 5/23/2023 before Judge Christopher J. Burke. Court Reporter/Transcriber: Ellie Corbett Hannum. Transcript may be viewed at the court public terminal or order/purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 6/13/2023. Redacted Transcript |

| | | |
|---|---|---|
| | | Deadline set for 6/23/2023. Release of Transcript Restriction set for 8/21/2023. (twk) (Entered: 05/31/2023) |
| 05/30/2023 | 124 | NOTICE OF SERVICE of TVision Insights, Inc.'s Objections and Responses to The Nielsen Company (US), LLC's Fourth Set of Requests for Production of Documents (Nos. 161 - 162) filed by TVision Insights, Inc..(Russell, Andrew) (Entered: 05/30/2023) |
| 06/02/2023 | 126 | STIPULATION to Amend Scheduling Order re (24 in 1:22-cv-00057-CJB, 32 in 1:21-cv-01592-CJB) Scheduling Order,,,, by TVision Insights, Inc.. (Russell, Andrew) (Entered: 06/02/2023) |
| 06/02/2023 | | SO ORDERED D.I. (100 in 1:22-cv-00057-CJB) Stipulation to Amend Scheduling Order deadlines filed by TVision Insights, Inc. (See Stipulation for details) Ordered by Judge Christopher J. Burke on 6/2/2023. Associated Cases: 1:21-cv-01592-CJB, 1:22-cv-00057-CJB(dlb) (Entered: 06/02/2023) |
| 06/29/2023 | 127 | NOTICE of Issuance of Subpoenas upon Mr. Mark Green by The Nielsen Company (US), LLC (Brown, Andrew) (Entered: 06/29/2023) |
| 07/13/2023 | 128 | NOTICE OF SERVICE of Responses and Objections of Mark Green to Subpoenas filed by TVision Insights, Inc..(Russell, Andrew) (Entered: 07/13/2023) |
| 07/17/2023 | 129 | NOTICE OF SERVICE of Plaintiff The Nielsen Company (US), LLC's Third Set of Interrogatories filed by The Nielsen Company (US), LLC.(Brown, Andrew) (Entered: 07/17/2023) |
| 07/20/2023 | 130 | NOTICE OF SERVICE of Plaintiff The Nielsen Company (US), LLC's Fourth Set of Interrogatories filed by The Nielsen Company (US), LLC.(Brown, Andrew) (Entered: 07/20/2023) |
| 07/24/2023 | 131 | STATEMENT *First Supplemental Notice Under Rule 30(b)(6) to TVision* by The Nielsen Company (US), LLC. (Moore, David) (Entered: 07/24/2023) |
| 07/25/2023 | 132 | NOTICE OF SERVICE of Defendant TVision Insights, Inc.'s Notice Under Rule 30(b)(6) to Plaintiff The Nielsen Company (US), LLC filed by TVision Insights, Inc..(Hoeschen, Nathan) (Entered: 07/25/2023) |
| 07/25/2023 | 133 | MOTION for Pro Hac Vice Appearance of Attorney Michael F. Heafey - filed by TVision Insights, Inc.. (Hoeschen, Nathan) (Entered: 07/25/2023) |
| 07/26/2023 | 134 | ORAL ORDER: The Court hereby advises the parties that it will not meet its aspirational goal of issuing the claim construction opinion within 60 days of the Markman hearing. Ordered by Judge Christopher J. Burke on 7/26/2023. Associated Cases: 1:21-cv-01592-CJB, 1:22-cv-00057-CJB(dlb) (Entered: 07/26/2023) |
| 07/26/2023 | | SO ORDERED (108 in 1:22-cv-00057-CJB, 133 in 1:21-cv-01592-CJB, 54 in 1:22-cv-01345-CJB) MOTION for Pro Hac Vice Appearance of Attorney Michael F. Heafey filed by TVision Insights, Inc.,. Ordered by Judge Christopher J. Burke on 7/26/2023. Associated Cases: 1:21-cv-01592-CJB, 1:22-cv-00057-CJB, 1:22-cv-01345-CJB(dlb) (Entered: 07/26/2023) |
| 07/26/2023 | 135 | STIPULATED ADDENDUM TO PROTECTIVE ORDER (30 in 1:21-cv-01592-CJB, 22 in 1:22-cv-00057-CJB) by The Nielsen Company (US), LLC. (Moore, David) Modified on 7/27/2023 (dlb). (Entered: 07/26/2023) |
| 07/27/2023 | | Pro Hac Vice Attorney Michael F. Heafey for TVision Insights, Inc. added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. Associated Cases: 1:21-cv-01592-CJB, 1:22-cv-00057-CJB, 1:22-cv-01345-CJB(mpb) (Entered: 07/27/2023) |

| 07/27/2023 | | SO ORDERED D.I. (135 in 1:21-cv-01592-CJB, 110 in 1:22-cv-00057-CJB) STIPULATED ADDENDUM TO PROTECTIVE ORDER filed by The Nielsen Company (US), LLC. Ordered by Judge Christopher J. Burke on 7/27/2023. Associated Cases: 1:21-cv-01592-CJB, 1:22-cv-00057-CJB(dlb) (Entered: 07/27/2023) |
| --- | --- | --- |
| 07/27/2023 | | CORRECTING ENTRY: Incorrect docketing code "Statement" used for filing made at (135 in 1:21-cv-01592-CJB, 110 in 1:22-cv-00057-CJB). The docket has been corrected to reflect the filing as a STIPULATED ADDENDUM TO PROTECTIVE ORDER Associated Cases: 1:21-cv-01592-CJB, 1:22-cv-00057-CJB(dlb) (Entered: 07/27/2023) |
| 07/27/2023 | 136 | NOTICE OF SERVICE of TVision Insights, Inc.'s Responses and Objections to Plaintiff The Nielsen Company (US), LLC's Notice Under Rule 30(b)(6) to TVision filed by TVision Insights, Inc..(Hoeschen, Nathan) (Entered: 07/27/2023) |
| 07/28/2023 | 137 | MOTION for Pro Hac Vice Appearance of Attorney Douglas Lewis of Kelley Drye & Warren LLP - filed by The Nielsen Company (US), LLC. (Palapura, Bindu) (Entered: 07/28/2023) |
| 08/03/2023 | 138 | NOTICE OF SERVICE of Plaintiff The Nielsen Company (US), LLC's Responses and Objections to Defendant TVision Insights, Inc.'s Notice Under Rule 30(b)(6) filed by The Nielsen Company (US), LLC.(Palapura, Bindu) (Entered: 08/03/2023) |
| 08/04/2023 | | SO ORDERED (37 in 1:22-cv-01344-CJB) (55 in 1:22-cv-01345-CJB) (25 in 1:23-cv-00136-GBW-CJB) (111 in 1:21-cv-01591-CJB) (112 in 1:22-cv-00057-CJB) (137 in 1:21-cv-01592-CJB) MOTION for Pro Hac Vice Appearance of Attorney Douglas Lewis of Kelley Drye & Warren LLP filed by The Nielsen Company (US), LLC. Ordered by Judge Christopher J. Burke on 8/4/2023. Associated Cases: 1:21-cv-01591-CJB et al.(dlb) (Entered: 08/04/2023) |
| 08/08/2023 | | Pro Hac Vice Attorney Douglas Lewis for The Nielsen Company (US), LLC added for electronic noticing. Pursuant to Local Rule 83.5 (d)., Delaware counsel shall be the registered users of CM/ECF and shall be required to file all papers. (apk) (Entered: 08/08/2023) |
| 08/14/2023 | 139 | NOTICE OF SERVICE of Plaintiff The Nielsen Company (US), LLC's Supplemental Disclosures Pursuant To Paragraph 4(a) Of The Delaware Default Standard For Discovery [Confidential (Contains TVision Confidential Information)] filed by The Nielsen Company (US), LLC.(Brown, Andrew) (Entered: 08/14/2023) |
| 08/14/2023 | 140 | NOTICE OF SERVICE of 1. Defendant TVision Insights, Inc.'s Supplement to Its Identification of Invalidity References 2. TVision Insights, Inc.'s Objections and Responses to The Nielsen Company (US), LLC.'s Third Set of Interrogatories 3. Defendant TVision Insights, Inc.'s Notice of Deposition of Pierre Moulin Pursuant to Fed. R. Civ. P. 30(b)(1) 4. Defendant TVision Insights, Inc.'s Notice of Deposition of Venugopal Srinivasan Pursuant to Fed. R. Civ. P. 30(b)(1) filed by TVision Insights, Inc.. (Russell, Andrew) (Entered: 08/14/2023) |
| 08/14/2023 | 141 | NOTICE of Issuance of Subpoena upon Mr. Daniel Schiffman by The Nielsen Company (US), LLC (Brown, Andrew) (Entered: 08/14/2023) |
| 08/16/2023 | 142 | STIPULATION of Dismissal *(with prejudice)* by The Nielsen Company (US), LLC. (Palapura, Bindu) (Entered: 08/16/2023) |
| 08/16/2023 | 143 | Letter to The Honorable Christopher J. Burke from Bindu A. Palapura regarding dismissal with prejudice of C.A. No. 22-1592-CJB - re (142 in 1:21-cv-01592-CJB) Stipulation of Dismissal. (Palapura, Bindu) (Entered: 08/16/2023) |

| 08/16/2023 | | SO ORDERED D.I. 142 Stipulation of Dismissal filed by The Nielsen Company (US), LLC. Ordered by Judge Christopher J. Burke on 8/16/2023. (dlb) (Entered: 08/16/2023) |
|---|---|---|
| 08/16/2023 | | CASE CLOSED (dlb) (Entered: 08/16/2023) |
| 08/16/2023 | 144 | Report to the Commissioner of Patents and Trademarks for Patent/Trademark Number(s) US 9,020,189 B2 ;US 8,302,120 B2. (dlb) (Entered: 08/16/2023) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SEAKEEPER INC.                          )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )    C.A. No. 25-484-JCB
                                        )
DOMETIC CORPORATION,                    )
                                        )
            Defendant.                  )

## **[PROPOSED] ORDER**

This _____ day of _____, 2026, upon consideration of Defendant Dometic Corporation's Motion to Strike Certain Portions of Plaintiff Seakeeper Inc.'s Initial Infringement Contentions; now therefore,

IT IS HEREBY ORDERED THAT Defendant's Motion is GRANTED and the portions of Plaintiff's Initial Infringement Contentions directed to the current version of the Dometic DG3 marine gyrostabilizer product (**Exhibit B** to Plaintiff's Initial Infringement Contentions) are STRICKEN.

                                        _____
                                        J. Campbell Barker
                                        United States District Judge

{02210297;v1 }