# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAKEEPER, INCORPORATED, | |
| Plaintiff, | |
| v. | C.A. No. 25-0484-JCB |
| DOMETIC CORPORATION, | **REDACTED PUBLIC VERSION** |
| Defendant. | |

## LETTER TO THE HONORABLE J. CAMPBELL BARKER FROM STEVEN J. FINEMAN IN RESPONSE TO DOMETIC'S MOTION TO STRIKE

OF COUNSEL:

MARSHALL, GERSTEIN & BORUN LLP
6300 Willis Tower
233 S. Wacker Drive
Chicago, IL 60606
(312) 474-6300

Steven J. Fineman (#4025)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
fineman@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*
*Seakeeper, Inc.*

Dated: March 5, 2026

1

Defendant Dometic Corporation improperly seeks a ruling of non-infringement under the guise of a 3-page motion to strike. Briefing concerning claim construction has yet to occur, fact discovery does not close until June 2026, and dispositive motions are not scheduled for 12 months. Dometic nevertheless asks this Court to declare its current design non-infringing, and deny Seakeeper discovery to support its contentions. Dometic's request is unsupported by caselaw and based on incorrect characterizations of Seakeeper's infringement allegations. It should be denied.

**I.    Dometic's Motion to Strike Is An Improper Attempt to Seek Dispositive Judgment**

Unsurprisingly, Dometic cites no authority supporting its demand that this Court strike Seakeeper's infringement contentions based upon Dometic's assertions that its design is non-infringing. There is, however, precedent denying such improper requests. *See, e.g.,* Ex. 1, *PerDiemCo LLC*, No. 1-20-cv-01397 (D. Del. May 17, 2022) (denying inappropriate motion seeking to strike portions of Paragraph 4(a) identification of products for listing products not identified in complaint); *see also TwinStrand Biosciences, Inc. et al v. Guardant Health, Inc.,* No. 21-01126-GBW-SRF (D. Del. Oct. 18, 2022) (D.I. 156-15) (noting "[d]efendant's substantive challenge to the merits of [Plaintiff's] infringement contentions does not provide a reasonable basis to withhold discovery.") (citation omitted); *John Mezzalingua Associates, LLC v. Amphenol Corp. et al.*, No. 24-576-JFM (D. Del. Feb. 13, 2026) (D.I. 156-16) (rejecting argument that new products cannot be added in Paragraph 4(a) statement); *Greatbatch Ltd. v. AVX Corp.*, 179 F. Supp. 3d 370, 374 (D. Del. 2016), aff'd, 813 F. App'x 609 (Fed. Cir. 2020) (rejecting argument that defendant's subjective non-infringement belief may negate accusation of infringement in Paragraph 4(a) statement).

Nor does Dometic cite any persuasive authority that expressly holds designs may only be identified as infringing in Paragraph 4(a) Disclosures if they were previously expressly identified in the Complaint. The weight of the caselaw is to the contrary, allowing products not specifically identified in the Complaint to be identified as accused products in Paragraph 4(a) Disclosures. For example, in *PerDiemCo*, the complaint identified an initial set of products. Ex. 2, Plaintiff's Opening Letter Brief in *PerDiemCo LLC v. CalAmp Corp.*, No. 1-20-cv-01397 at 2. When defendant revamped its product line in response to the litigation, plaintiff later added additional products in its identification of goods statement. *Id*. Plaintiff's new allegations were deemed appropriate and no amendment to the complaint was required. Ex 1. Here, Seakeeper is not required to amend its Complaint before identifying Dometic's current design as an infringement merely because Dometic attempted (unsuccessfully) to redesign its product to avoid infringement. *See also TwinStrand Biosciences* (D.I. 156-15) (compelling discovery of services first accused of infringement in plaintiffs' Paragraph 4(a) disclosures); *John Mezzalingua,* (D.I. 156-16) (same); *Greatbatch*, 179 F. Supp. 3d at 374 (Court observing that it saw no "space in our default standards for the defendants not to produce **all core technical documents for all products that are accused by the plaintiff in 4(a)**.")

**II.    Dometic Mischaracterizes Seakeeper's Infringement Contentions**

Putting aside Dometic's failure to cite authority for the relief it seeks, Dometic distorts Seakeeper's infringement contentions. Dometic selectively crops Seakeeper's infringement contentions, suggesting that Seakeeper has identified a single structure as comprising a first

*plurality* of vanes.  Dometic omits from its submission the annotated diagram of its current design in which Seakeeper identified at least two structures as the plurality (*i.e.* two or more) of first vanes.



D.I. 156-5, at 79 (annotations in original).

As illustrated above, Dometic's current design includes "second vanes defining gaps into which the first vanes extend[,]" as recited in Claim 1 of the '782 Patent. D.I. 1-1 10:39-30.[1] Contrary to Dometic's narrow focus on a single embodiment described in the '782 Patent, the inventions claimed more broadly in the '782 Patent concern innovative methods of removing heat in a vacuum from bearing races adjacent a moving flywheel. D.I. 1, ¶30. A first heat transfer element is employed that moves relative to a stationary second heat transfer element thermally connected to the enclosure and the exterior. *Id*. The first and second heat transfer elements are positioned in close proximity to one another so that substantial heat is transferred from the first heat transfer element to the second heat transfer element, and thereby removed from the interior of the enclosure, via conduction and/or convection, or a combination of both. *Id*, ¶¶30-37.

Contrary to Dometic's further assertions, Seakeeper did not state in its Complaint that Dometic's current design did not infringe. Seakeeper's Complaint makes no reference to those figures of Dometic's patent application that Dometic now asserts disclose structures through which "substantial heat is transferred from the first vanes to the second vanes" and second vanes configured "such that that heat can be readily transferred from the second vanes to the exterior of

---

[1] Unlike Claim 11 discussed at the hearing on Seakeeper's Motion for a Temporary Restraining Order, Claim 1 asserted against Dometic's current design does not recite the first plurality of vanes extending in a "first direction[.]"D.I. 1-1 at 10:17-49.

3

the enclosure." Seakeeper's statements at paragraph 53 of its Complaint referred solely to Figure 66 of that application to illustrate that Dometic's incorporation of specific features employed in Seakeeper's *commercial products* appeared to have occurred only after a confidential meeting between Seakeeper and Dometic. Figure 66 does not disclose a second plurality of vanes "defining gaps into which the first vanes extend[.]"



FIG. 66

Dometic's patent application did not specifically discuss using moving and stationary vanes in close proximity to one another so that "substantial heat is transferred from the first vanes to the second vanes," and such that "heat can be readily transferred from the second vanes to the exterior of the enclosure" by means of conduction and gaseous convection. Dometic's application instead emphasized use of a coolant loop to remove heat from the stationary bearing race, opposite the moving flywheel. *See, e.g.* Ex. 3, U.S. Patent Application Serial No. 2024/0400167 at ¶¶[0307]-[00312]. Seakeeper's Complaint merely observed that Dometic's interest in incorporating the cooling features of Seakeeper's products, so as to additionally remove heat from moving bearing races adjacent to the rotating flywheel, did not appear to arise until after the confidential meeting between representatives of the two corporations.

Dometic's redesign appears intended to preserve the heat transfer pathway established in its initial design, albeit using a potentially less efficient design. This pathway, established in Dometic's original design, allowed for heat to be drawn from the bearing race adjacent the moving flywheel, via moving and stationary elements, to the exterior. As Seakeeper observed in its infringement contentions, Dometic's intent to create such a pathway is clearly evidenced by, among other things, its positioning of further, liquid cooling features adjacent these stationary elements to receive that transferred heat. While Dometic adjusted the shape of these moving and stationary elements in its current design, Dometic retained a configuration in which the one extends into a gap formed in the other and preserved the liquid cooling features which anticipate receipt of the transferred heat. The principle of operation remains the same.

In sum, Dometic's motion must be denied at least because (1) it is inappropriate to rule on infringement merits in the context of a motion to strike, (2) there is no requirement to amend the complaint to identify new infringing products, and/or (3) Seakeeper's contentions are reasonable.

Respectfully,

*/s/ Steven J. Fineman*

Steven J. Fineman (#4025)

cc: Counsel of Record (by CM/ECF and e-mail)