# EXHIBIT 1

ORAL ORDER: Having reviewed the parties&#39; discovery dispute letter submissions (D.I. 47 ; D.I. 48 ; D.I. 49 ; D.I. 50 ), IT IS HEREBY ORDERED that: (1) Plaintiff&#39;s request to compel the production of sales information for the accused products and services is GRANTED in accordance with Paragraph 7(b) of the scheduling order, which provides that sales figures for the accused products shall be produced along with the production of core technical documents. (D.I. 16 at &para; 7(b)) Plaintiff&#39;s decision to defer pressing for sales figures at the time it sought core technical documents from the Defendant in November of 2021 did not eliminate the obligation to produce them. Defendant shall produce the requested sales information on or before June 1, 2022. (2) Plaintiff&#39;s request to compel the production of core technical documents is DENIED. Defendant represents that it has produced core technical documents, including operation manuals, product literature, schematics, specifications, system-level and device-level user guides, and configuration documents for end users and customers. (D.I. 49 at 2) Plaintiff has not identified specific deficiencies in the production. Plaintiff has not shown that source code should be categorized as a core technical document. Cf. Delaware Default Standard for Discovery of ESI, &para; 4(b); Cirba Inc. v. VMWare, Inc., C.A. No. 19-742-LPS, 2021 WL 7209447, at *6 (D. Del. Dec. 14, 2021) (explaining that &#34;whether source code must be produced as a core technical document is far from clear.&#34;). Furthermore, to the extent Plaintiff moves to compel production of source code in response to its Request for Production No. 4, (D.I. 47, Ex. A at 8), it is premature on this discovery record. However, the parties are directed to meet and confer on the issue of source code production on or before June 24, 2022. (3) Plaintiff&#39;s request to compel the production of an accused service sample is DENIED because Defendant has reasonably explained that such a &#34;sample&#34; account would not be functional, therefore, it is not feasible. However, on or before June 24, 2022, the parties are directed to meet and confer on feasible methods of inspection of Defendant&#39;s software. (4) Defendant&#39;s motion to strike Plaintiff&#39;s infringement contentions is GRANTED-IN-PART. The motion is GRANTED with respect to infringement contentions relating to U.S. Patent No. 10,819,809, which was not identified as an infringed patent in Plaintiff&#39;s complaint. The motion is DENIED in all other respects because &#34;[s]triking a patentees infringement contentions is a severe sanction that should be used sparingly and only for good cause.&#34; Avago Techs., Inc. v. IPtronics Inc., 2015 WL 4647923, at *2 (N.D. Cal. Aug. 5, 2015). IT IS ORDERED that Plaintiff shall supplement its initial infringement contentions after the parties have met and conferred on the alleged deficiencies in those contentions, with supplemental contentions due no later than June 15, 2022. ==Defendant&#39;s motion to strike Plaintiff&#39;s identification of accused products is also DENIED because discovery on the additional 14 accused products is relevant and proportional to the needs of the case, and it would be premature to grant dispositive relief on this issue in the context of a discovery dispute. Defendant cites no authority suggesting that discovery must be limited only to accused products identified in the complaint, and authority from this district establishes that discovery need not be so limited. See Invensas Corp. v. Renesas Elecs. Corp., 287 F.R.D. 273, 281 (D. Del. 2012) (declining to impose a &#34;bright-line proposition that, in all cases, a plaintiff cannot take discovery on products it has not accused of infringement.&#34;).== (5) Defendant&#39;s alternative request to stay the case is DENIED. IT IS FURTHER ORDERED that the discovery dispute teleconference scheduled for May 18, 2022 at

11:00 a.m. is CANCELLED. Ordered by Judge Sherry R. Fallon on 5/17/2022. (lih) (Entered: 05/17/2022)

As of May 18, 2022, PACER did not contain a publicly available document associated with this docket entry. The text of the docket entry is shown above.

*PerDiemCo LLC v. CalAmp Corp.*
1-20-cv-01397 (DDE), 5/17/2022, docket entry