UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

———

No. 1:25-cv-00484

———

**Seakeeper Inc.,**
*Plaintiff,*

v.

**Dometic Corporation,**
*Defendant.*

———

# ORDER

Before the court is plaintiff's motion to compel defendant to provide discovery regarding defendant's current version of the accused product (Doc. 156) and defendant's motion to strike plaintiff's initial infringement contentions (Doc. 157).

Plaintiff initiated this case by accusing defendant's "DG3" product of infringing U.S. Patent Nos. 7,546,782 and 8,117,930. Doc. 1 at 9–15, 17–26. After suit was filed, and while plaintiff's since-denied motion for a preliminary injunction was pending, defendant modified its DG3 design. Doc. 65. Plaintiff did not move for leave to amend its complaint to specifically accuse this new design of infringement. However, within the court's deadlines, plaintiff served on defendant:

- Requests for production (Doc. 156-2),
- Interrogatories (Doc. 156-3),
- An initial disclosure of accused products under paragraph 4(a) of the District of Delaware's Default Standard for Discovery (Default Standard) (Doc. 156-4),
- Initial infringement charts under paragraph 4(c) of the Default Standard (Doc. 156-5), and
- A notice of Federal Rule of Civil Procedure 30(b)(6) deposition (Doc. 156-11).

As admitted by defendant and apparent from the record, each of the above listed documents listed defendant's updated DG3

design as an "accused product." Doc. 157. Defendant argues that the new design cannot be an accused product because it was not specifically listed in the complaint. Doc. 158 at 2. Because the new design was released after the complaint was filed, defendant argues that plaintiff must move for leave to amend its complaint to obtain discovery on the updated design. Doc. 156 at 3.

This district has already refuted the notion advanced by defendants here; there is no "bright-line [rule] that, in all cases, a plaintiff cannot take discovery on products it has not accused of infringement" in the complaint. *Invensas Corp. v. Renesas Electronics Corp.*, 287 F.R.D. 273, 281 (D. Del. 2012) (cleaned up). To be sure, the weight of the authority in this district stands for plaintiff's proposition: accused products identified by plaintiff in its disclosure under paragraph 4(a) of the Default Standard obligate the defendant to disclose the relevant information regarding those products. *See, e.g.*, *TwinStrand Biosciences, Inc. v. Guardant Health, Inc.*, No. 1:21-cv-01126, Oral Order (D. Del. Oct. 18, 2022) (compelling discovery related to accused activity identified in plaintiff's paragraph 4(a) disclosure that was not specifically identified in the complaint); *see also Greatbatch Ltd. v. AVX Corp.*, 179 F. Supp. 3d 370, 374 (D. Del. 2016) (observing that there is no "space in our default standards for the defendants not to produce *all core technical documents for all products that are accused by the plaintiff in 4(a)*"), *aff'd*, 813 F. App'x 609 (Fed. Cir. 2020).

"Striking a patentees infringement contentions is a severe sanction that should be used sparingly and only for good cause." *Avago Techs., Inc. v. IPtronics Inc.*, No. 5:10-cv-02863, 2015 WL 4647923, at *2 (N.D. Cal. Aug. 5, 2015) (citation omitted). Considering that defendant has shown no good cause and "cites no authority suggesting that discovery must be limited only to accused products identified in the complaint," defendant's motion to strike is denied. *PerDiemCo LLC v. CalAmp Corp.*, No. 1:20-cv-01397, Oral Order (D. Del. May 17, 2022).

For similar reasons, the court grant's plaintiff's motion to compel. *See John Mezzalingua Assocs., LLC v. Amphenol Corp.*, No.

Case 1:25-cv-00484-JCB   Document 165   Filed 03/25/26   Page 3 of 3 PageID #: 5171

1:24-cv-00576, slip. op. at 1 n.1 (D. Del. Feb. 13, 2026) (granting plaintiff's motion to compel production of information concerning accused products not identified in the complaint, noting "on the merits, this is not a close call"). Defendant argues that the court should deny plaintiff's motion to compel because defendant "has produced ample technical documentation confirming the non-infringing nature of this [new] design." Doc. 158 at 1. "Defendant's substantive challenge to the merits of Plaintiff['s] infringement contentions does not provide a reasonable basis to withhold discovery." *TwinStrand Biosciences*, No. 1:21-cv-01126, Doc. 138 (citing *Greatbatch*, 179 F. Supp. 3d at 374 and *Contour IP Holding, LLC v. GoPro, Inc.*, No. 1:15-cv-01108, Oral Order (D. Del. July 6, 2016)).

Accordingly, the court denies defendant's motion to strike (Doc. 157) and grants plaintiff's motion to compel (Doc. 156). Defendant shall (1) supplement its responses to plaintiff's requests for production and interrogatories and produce responsive documents and information about the current DG3 design; (2) within 10 days of the entry of this order, under its obligations according to Paragraph 4(b) of the Default Standard, produce documents describing the configuration and operation of the current design, including testing data relating to heat transfer, as well as all sales documents relating to the current DG3 design; and (3) within seven days after complying with (2), present a deposition witness under Federal Rule of Civil Procedure 30(b)(6) regarding the revised topic list (Doc. 156-10 at 4).

*So ordered by the court on March 25, 2026.*

_____

J. CAMPBELL BARKER
United States District Judge