## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SEAKEEPER, INC.

      Plaintiff,

v.                                                     C.A. No. 25-0484-JCB

DOMETIC CORPORATION,

      Defendant.

### NOTICE OF RULE 30(b)(6) DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Seakeeper, Inc. ("Plaintiff" or "Seakeeper"), through its undersigned counsel, will take the deposition upon oral examination of Defendant Dometic Corporation ("Dometic" or "Defendant") on April 13, 2026, beginning at 10:00 a.m. Pacific Daylight Time remotely via video conferencing software and shall continue day to day until completed. The deposition will occur before a notary public, court reporter, or any other person qualified to administer oaths, will be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware and may be recorded by stenographic, sound, video, audiovisual, and/or any other such appropriate means.

Pursuant to Rule 30(b)(6), Defendant is requested to produce the person(s) within its organization who can testify with respect to the matters identified in the attached Appendix.

OF COUNSEL:

MARSHALL, GERSTEIN & BORUN LLP
6300 Willis Tower
233 South Wacker Drive
Chicago, IL 60606
(312) 474-6300

Dated: April 10, 2026

/s/ Christine D. Haynes
Steven J. Fineman (#4025)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
fineman@rlf.com
farnan@rlf.com
haynes@rlf.com

Attorneys for Plaintiff
SEAKEEPER, INC.

2

# APPENDIX A

## DEFINITIONS

1.      "Seakeeper" and/or "Plaintiff" shall each mean and refer to Seakeeper, Inc., including its directors, officers, employees, accountants, consultants, representatives, agents, divisions, subsidiaries, or affiliates, past or present, any partnership or joint ventures to which they are a party, and all others acting on behalf of Seakeeper.

2.      The terms "you," "your," "Dometic" and "Defendant" refer to Defendant Dometic Corporation, its directors, officers, employees, attorneys, accountants, consultants, experts, representatives, agents, predecessors, successors, divisions, subsidiaries, or affiliates, past or present, any partnership or joint ventures to which they are a party, and all others acting or purporting to act on behalf of Defendant.

3.      The term "Affiliate" as used herein means Dometic Group AB, Dometic Marine Canada and any other Person directly or indirectly controlling, controlled by or under common control with Dometic.

4.      The phrases "this Action" and "this Litigation" means Civil Action No. 25-cv-00484-JCB (D. Del.).

5.      The "'728 Patent" shall refer to U.S. Patent No. 8,546,728.

6.      The "'930 Patent" shall refer to U.S. Patent No. 8,117,930.

7.      The "Seakeeper Patents" shall refer collectively to the '728 Patent and the '930 Patent.

8.      "Accused Products" shall mean the DG3 Gyro Stabilizer (including all past, current and future designs thereof), including but not limited to any products alleged in the Complaint (and any amendments thereof) to infringe the Seakeeper Patents, identified in discovery responses as infringing one or more of those patents, or identified in Seakeeper's Para.

4(a) Disclosures and shall include at least the products depicted in documents produced at Dometic_000001-301 and Dometic_001737-1913.

9. The term "date" shall mean the exact date, if known, or the closest approximation to the exact date as can be specified, including the year, month week in a month or part of a month.

10. The term "person" or "individual" shall mean any natural person, corporation, partnership, proprietorship, association, organization, entity, team or group of natural persons.

11. The term "employee" refers to any individual who provided services or performed work for Dometic, and received compensation, whether full time, part time, seasonal, as an independent contractor, vendor or consultant.

## TOPICS FOR EXAMINATION

1. The number of units made or manufactured of the prior DG3 design.

2. The number of units made or manufactured of the current DG3 design.

3. The dates the prior design was first and last made or manufactured.

4. The date the current design was first made or manufactured.

5. Detailing the disposition of each of the above units, whether stored, sold, gifted, transferred, or otherwise, including the dates thereof, the identity and role of the parties involved in making that disposition, the identity of the recipient of the unit, the current or last known known location of the unit, the price thereof, and the revenues derived therefrom.