## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SEAKEEPER, INCORPORATED,

      Plaintiff,

    v.                                                    C.A. No. 25-0484-JCB

DOMETIC CORPORATION,

      Defendant.                                      **JURY TRIAL DEMANDED**

## SEAKEEPER'S MOTION FOR LEAVE TO
## FILE AN AMENDED COMPLAINT AND ADD PARTIES

Plaintiff Seakeeper, Inc. ("Seakeeper") respectfully moves under Federal Rule of Civil Procedure 15(a)(2) for leave to amend its complaint to add a subsidiary and the parent of the current defendant as parties (*see, e.g.,* proposed Amended Compl. at ¶¶3-19) and to assert additional claims for false advertising under the Lanham Act and deceptive practice under Delaware law for their false and misleading statements in connection with the marketing of the accused DG3 gyrostabilizer (*see, e.g.,* proposed Amended Compl. at ¶¶71-78 and 116-133). D.I. 175. Seakeeper's motion is timely brought by the deadline set in the Court's Scheduling Order for the filing of motions to amend to add parties and claims. Defendant Dometic Corporation is not prejudiced by the amendment. Additional party Dometic Marine Canada ("Dometic Canada") has been included in discovery in this action to the same degree as a party. D.I. 130. Moreover, recently produced discovery which Seakeeper was forced to secure through motion practice before this Court has confirmed grounds for the addition of its false advertising claim for false and misleading statements made by the defendants named in the Amended Complaint. A copy of the

1

RLF1 35922154v.1

proposed Amended Complaint is attached as Exhibit 1 and a redlined version of the Amended Complaint, highlighting the changes from the original Complaint, is attached as Exhibit 2.

## I.    BACKGROUND

This lawsuit involves marine gyrostabilizer products used to virtually eliminate roll in seacraft. Seakeeper's patents address a shortcoming of the prior gyrostabilizers, in particular the ability to efficiently cool the flywheel to enable these products to be used on smaller sized vessels. Seakeeper filed this lawsuit in April 2025 against Dometic Corporation alleging that the Dometic-branded DG3 gyrostabilizer product marketed and offered for sale on its website infringed Seakeeper's patents. *See* Compl., D.I. 1.

Two months after this case was filed, Dometic Corporation filed a motion to dismiss, arguing that it was not responsible for the manufacture, use, sales, offers for sale and importation of the DG3. *See* D.I. 90-93. The Court denied Dometic's motion, finding that Dometic had represented that: (1) it "advertises, distributes, and sells its products to consumers" in the United States using the "Dometic" trademark; (2) the "Dometic" mark has "become associated exclusively with" Dometic in the United States; and (3) it "develops, manufactures, and sells marine products" bearing the "Dometic" mark in the United States. D.I. 121 at 3 *citing* Complaint, *Dometic Corp. v. CitiMarine LLC*, No. 1:20-cv-23317 (S.D. Fla. Aug. 10, 2020), Doc. 1 at 3-5.

In its motion, Dometic Corporation acknowledged that its subsidiary, Dometic Canada, was involved in the manufacture, use, sales, offers for sale and importation of the DG3. Dometic Corporation agreed that its responses to Seakeeper's discovery requests would encompass information, documents and witnesses in the possession and control of Dometic Canada. D.I. 130.

Following the filing of its motion to dismiss, Dometic Corporation frustrated discovery by refusing to participate in a Rule 16 scheduling conference, necessitating a motion by Seakeeper to

RLF1 35922154v.1

compel that participation and to permit discovery to proceed.  D.I. 107.  After the Court ordered such a conference and directed that discovery commence, Seakeeper served written discovery requests on Dometic Corporation seeking documents and information relating to the design, manufacturing, operation, testing, marketing, sales, offers for sale and the like, including information and documents in possession of its parent, Dometic Gorup AB.  Dometic Corporation served written responses and objections, but did not provide the requested documents.

Separately, in accordance with the Court's scheduling order, Dometic Corporation was obligated to produce core technical documents. Dometic Corporation's failure to fully comply with these obligations required yet another motion to compel compliance. D.I. 156.

Seakeeper noticed the deposition of Dometic Corporation, seeking information on the design, testing, marketing and sale of the accused DG3 product, and the role of each Defendant therein. D.I. 148. Dometic Corporation again refused to present the requested witness, requiring a further motion to compel the presentment of a witness to testify pursuant to Seakeeper's request. D.I. 156.

On March 25, 2026, the Court ordered Dometic to supplement its core technical document production and provide a witness. D.I. 165.  That deposition was conducted on April 13, 2026 and a preliminary transcript was received on April 29, 2026.

The current deadline for motions to amend pleadings is May 11, 2026.  In their joint scheduling order, the parties proposed a period of substantial discovery before this deadline. Dometic Corporation has twice agreed to extend this deadline in view of the need to extend fact discovery deadlines.  Fact discovery is not currently scheduled to close until July 10, 2026. D.I. 171 at 1-2. Trial in this matter is set for a year from now on May 25, 2027. D.I. 141 at 1. The parties met and conferred in advance of this motion, and Dometic indicated it would oppose the

3

motion. Dometic asserted Seakeeper should have filed its motion before it had concluded its efforts to compel discovery from Dometic. Dometic also asserts the amendment would prejudice Dometic because the amendment allegedly would require additional discovery of Dometic and a customer, and that discovery directed to Dometic Group AB ("Dometic Group") implicates European GDPR regulations. Dometic did not indicate any other ground for objection during the meet and confer.

## II.    ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading with "the court's leave" and "[t]he court should freely give leave when justice so requires." The Third Circuit encourages a liberal approach to amendment of pleadings. *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). In the absence of "undue delay, ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)(2)); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (identifying grounds to deny leave to amend as "undue delay, bad faith, dilatory motive, prejudice, and futility"). An amendment is "[f]util[e]" when it "does not state a claim upon which relief can be granted." *Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 634 (D. Del. 2006).

None of the factors for denying leave to amend apply here.

### A.   Seakeeper Did Not Unduly Delay

There is no undue delay or dilatory motive behind Seakeeper's proposed amendment. Seakeeper's motion was timely filed in accordance with the Scheduling Order's May 11, 2026 deadline to amend pleadings. D.I. 171 at 2; *see Broadsoft, Inc. v. Callwave Commc'ns, LLC*, C.A. No. 13-711-RGA, 2014 WL 12929398, at *1-2 (D. Del. Sept. 9, 2014) (granting motion to amend

because, among other reasons, the motion was timely having been made before the deadline for Amendment of Pleadings). The parties agreed that it was advisable to permit amendment of the pleadings to add parties and claims following a period for substantial discovery. Seakeeper served discovery in November of last year seeking the requested information, but Dometic refused to provide the information absent a court order. This case is still in relatively early stages, with the close of fact discovery a few months away and relevant documents from Dometic Canada have allegedly been collected and were allegedly produced yesterday in accordance with the deadline for substantial document production. D.I. 171 at 2.

Seakeeper only recently received the core technical documents and a portion of the corporate testimony it sought, after months of delay and orders to compel. D.I. 165. These newly-produced documents established the lack of testing to support certain marketing claims made by Dometic about the DG3 and Seakeeper's competing products. Seakeeper promptly and timely sought this amendment.

### B.  Dometic is Not Prejudiced by Seakeeper's Proposed Amendment

The proposed amendment is not prejudicial to Dometic Corporation. The false advertising claim will not necessitate substantial additional discovery.  Months ago, Seakeeper requested information and documentation relating to Dometic's marketing and promotion of the accused DG3 product, as well as development and testing documents that would substantiate the performance claims that are the subject of Seakeeper's false advertising claim.  Specifically, Dometic agreed to produce documents in response to Seakeeper's requests seeking inter alia, documents relating to Seakeeper's products (RFP 8), the functionality and testing of the infringing products (RFPs 9 and 10), any advantages or disadvantages of the infringing products and documents relating to features that drive consumer demand for the infringing products (RFP 11),

5

first disclosure, use, sale and testing of the infringing products (RFP 16), agreements concerning the infringing products, including agreements with Regulator (RFP 30), advertising or promotion of the infringing products (RFP 31), marketing activities at the 2025 Miami Boat Show (RFP 33), inter-entity communications about the infringing products (RFP 34), documents about Dometic Group's access to Seakeeper's confidential information (RFP 35), and documents about marine stabilizer functionality such as bearing cooling (RFP 36).  D.I. 156-5, *Dometic's Responses to Seakeeper's First Set of Document Requests*.  Completion of the foregoing discovery was scheduled to be substantially complete by May 11, 2026.  D.I. 171

Nor was discovery directed to Dometic's customers unanticipated prior to the proposed amendment.  Initial Rule 26(a)(1) disclosures served more than five months ago identified "[t]hird party customers and potential customers of [Dometic]" as persons likely to have discoverable information. Ex. 3, Plaintiff's Rule 26(a)(1) Initial Disclosures at 4.   Dometic already agreed to produce all documents relating to agreements with customers concerning the accused product (RFP No. 30), consumer demand for that product (RFP No. 11), and all communications concerning its DG3 product with such customers (Interrog. No. 4). D.I. 156-5 and D.I. 156-6, *Dometic's Response to Seakeeper's First Set of Interrogatories, dated December 29, 2025* at 8-9. Discovery relating to Dometic's false and misleading promotion of its products was already contemplated to be completed by the deadline for fact discovery in this matter.

Nor does the addition of Dometic's subsidiary, Dometic Canada as a party, enlarge discovery in this action.  Dometic Canada has also already participated in discovery per Dometic Corporation's agreement. In addition, Dometic has asserted Dometic Canada bears responsibility for the manufacture, offers to sell, sales, and importation of the accused DG3. Dometic Canada's

6

formal addition to the infringement count does not place any additional discovery burden on Dometic Corporation.

Similarly, discovery from Dometic Group has already been the subject of requests served more than five months ago. D.I. 156-1 at 1 (Discovery requests directed to Dometic, defined as including both Dometic Canada and Dometic Group). Dometic's untimely objection that such discovery would violate GDPR obligations is unsubstantiated and insufficient to preclude the requested amendment. Discovery with respect to Dometic Group's false and misleading advertising claims focuses on its *public* performance claims concerning Dometic's and Seakeeper's products. Such discovery does not implicate GDRP obligations. To the extent Dometic Group seeks to defend against Seakeeper's claims using internal studies and testing, such studies and tests would have been conducted by Dometic and Dometic Canada and are already the subject of the discovery initiated more than five months ago. There is not a claim that documents in the possession or control of these entities implicates GDRP obligations.

As Dometic's counsel acknowledged in the parties' recent meet and confer, Seakeeper has raised its claims of false and misleading advertising in prior communications with respect to Seakeeper's efforts to secure evidence concerning the support for those statements. As noted above, Seakeeper's persistence in the face of Dometic's obstruction has only recently secured internal evidence concerning the lack of testing supportive of Dometic's marketing claims.

Lastly, to the extent some limited additional discovery may be required, the relatively early stage of the case also demonstrates the lack of prejudice. As discussed above, the fact discovery cut-off is still a few months away and Dometic Canada has allegedly already collected its documents and produced a witness for deposition. Similarly, Dometic Group will have time to respond to the allegations of the amended complaint and participate in discovery.

7

### C. *Seakeeper's Proposed Amendment Is Not Futile*

Seakeeper's proposed amendment is not futile. "Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted." *Amgen, Inc. v. Sanofi*, CA No. 14-1317-SLR, 2016 WL 393857, at *1 (D. Del. Jan. 29, 2016). In the parties' recent meet and confer, Dometic did not identify futility as a bases for opposing Seakeeper's motion.

With respect to Seakeeper's existing claims of patent infringement, Dometic itself has acknowledged that such claims are properly directed to Dometic Canada (*see, e.g.,* proposed Amended Compl. at ¶¶15-16, 53-70).[1] The amended complaint also sufficiently alleges false and misleading statements about the comparative qualities of Dometic's DG3 product (*see, e.g.,* proposed Amended Compl. at ¶¶71-78).

### D. *Seakeeper's Amendment is Not Requested in Bad Faith*

Seakeeper moved to amend its complaint promptly after obtaining factual information evidencing that Dometic knew it lacked a basis for making the promotional claims made concerning the DG3. With Dometic, Dometic Canada and Dometic Group form an integrated entity that collectively has been engaged in the manufacture, sale, and promotion of the accused DG3 product, and in the defense against Seakeeper's allegations. Seakeeper did not act in bad faith in first pressing for disclosures concerning Dometic's testing and development before alleging that Dometic knowingly made misleading statements lacking supportive evidence. Seakeeper did not conceal its intention to assert claims of false advertising, advising Dometic well before the present

---

[1] Many of these allegations mirror those set forth in Plaintiff's Opposition to Defendants' Motion to dismiss and have already been relied upon by the court. *See, e.g.,* D.I. 87 at 9-10 (discussing dometic.com website functionality).

RLF1 35922154v.1

motion that the discovery sought was relevant because it would substantiate those claims. There is no bad faith.

### III.     CONCLUSION

For the foregoing reasons, Seakeeper should be granted leave to file its Amended Complaint adding defendants Dometic Canada and Dometic Group as parties, adding Dometic Canada to the existing patent infringement count, and adding a new count for false advertising under the Lanham Act against all three defendants.

/s/ Kelly E. Farnan
Steven J. Fineman (#4025)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
fineman@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*
*Seakeeper, Inc.*

9

RLF1 35922154v.1