## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SEAKEEPER, INCORPORATED,                 )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )          CA No. 25-484-JCB
                                         )
DOMESTIC CORPORATION,                    )
                                         )
            Defendant.                   )

**DOMETIC'S OPPOSITION TO SEAKEEPER'S MOTION FOR LEAVE TO FILE AN
<u>AMENDED COMPLAINT AND ADD PARTIES</u>**

OF COUNSEL:

DINSMORE & SHOHL LLP

Oleg Khariton
255 East Fifth Street, Suite 1900,
Cincinnati, OH 45202
(513) 977-8200
oleg.khariton@dinsmore.com

Michael A. Xavier
1775 Sherman Street, Suite 2600
Denver, CO 80203
(303) 831-6980
michael.xavier@dinsmore.com

Christopher K. VanDeusen
755 West Big Beaver Road, Suite 1900
Troy, MI 48084
(248) 203-1642
christopher.vandeusen@dinsmore.com


Dated: June 2, 2026

Andrew C. Mayo (#5207)
John G. Day (#2403)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com
jday@ashbygeddes.com

*Attorneys for Defendant*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ ii

I.    Background ............................................................................................................ 1

II.   Legal Standard for Leave to Amend ........................................................................ 3

III.  Undue Delay ........................................................................................................... 4

      a.    The Motion Should be Denied for Seakeeper's Unjustifiable Multi-Month Delay in Asserting the New Claims ............................................ 4

      b.    The Motion Mischaracterizes Dometic's April 6 Data Production as a Flimsy Pretext for Seakeeper's Needless Delay ...................................... 6

      c.    Seakeeper Knew of Dometic Marine Canada and Dometic Group for Nearly a Year Before Seeking to Add Them as Co-Defendants ........... 7

IV.   Unfair Prejudice ....................................................................................................... 8

      a.    Entry of the Amended Complaint would Unfairly Prejudice Defendants .......................................................................................... 9

          1.    Seakeeper's Discovery on the New Claims Might Be "Substantially Complete" but Dometic's Cannot Have Begun. 9

          2.    The Motion Tacitly Seeks an Extension of Fact Discovery, But Seakeeper's Delay Forecloses the Requisite "Good Cause" ... 12

V.    Futility ..................................................................................................................... 13

      a.    Rule 9(b) Applies to the New Claims Because they "Sound in Fraud." ............................................................................................. 14

      b.    The Amended Complaint Fails to Plausibly Plead that the Alleged Statements were False. ................................................................... 15

          1.    The Alleged Statements on Testing and Bearing Life Cannot Survive Only on "Information and Belief" Pleadings. ............. 15

          2.    The Alleged Statement as to Testing is not Plausibly Alleged to Concern the Redesigned DG3. .................................................. 17

          3.    The Alleged Statement as to Power Usage is Not Plausibly Alleged to be False. ..................................................................... 17

          4.    The Amended Complaint Lacks Any Plausible Factual Allegation of Monetary Damages. ............................................. 18

VI.   Conclusion .............................................................................................................. 20

# TABLE OF AUTHORITIES

**Cases**

*Allen Organ Co. v. Galanti Organ Builders, Inc.*, 798 F. Supp. 1162 (E.D. Pa. 1992 ) .............. 18

*Asahi Glass Co. v. Guardian Indus. Corp.*, 276 F.R.D. 417 (D. Del. 2011) ................................. 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................ 13, 19

*Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263 (3d Cir. 2008)............................ 4, 7, 8, 9, 10, 11

*Control Solutions, LLC v. Oshkosh Corp.*, No. 10C 121, 2011 U.S. Dist. LEXIS 32894 (N.D. Ill. March 28, 2011 ......................................................................................................... 16

*Cot'n Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d 613 (D. Del. 2014) ................................. 4, 7, 8

*Cureton v. NCAA*, 252 F.3d 267 (3d Cir. 2001) ......................................................... 3, 4, 9, 10, 11

*Deutsche Bank Nat'l Trust Co. v. Cothran*, Civ. No. 12-245, 2012 U.S. Dist. LEXIS 75921 (D.N.J. May 31, 2012) ....................................................................................................... 16

*Diamond State*, 2011 U.S. Dist. LEXIS at *28....................................................................... 15, 16

*Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869 (3d Cir. 1992) ..................... 13

*El v. Marino*, 722 F. App'x 262 (3d Cir. 2018)............................................................................ 13

*Election Sys. & Software, LLC v. Smartmatic USA Corp.*, No. 18-cv-01259-RGA, 2022 U.S. Dist. LEXIS 193026 (D. Del. Oct. 24, 2022) ............................................................... 8, 10, 11

*Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009) ............................ 15, 16

*Foman v. Davis*, 371 U.S. 178 (1962) ............................................................................................ 3

*Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197 (9th Cir. 1989)................................. 19

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997 ......................... 3, 13, 15

*Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631 (D. Del. 2006)..................................................... 13

*Kuhn Constr. Co. v. Diamond State Port Corp.*, Civ. No. 10-637-SLR, 2011 U.S. Dist. LEXIS 44635 (D. Del. April 26, 2011)......................................................................................... 15

*Kuhn Constr. Co. v. Ocean & Costal Consultants, Inc.*, 844 F. Supp. 2d 519, 530 (D. Del. 2012) ........................................................................................................................................ 15

*M. Arthur Gensler, Jr. & Assoc. v. Strabala*, 764 F.3d 735 (7th Cir. 2014) ............................... 14

*Muzikowski v. Paramount Pictures Corp.*, 01 C 6721, 2003 U.S. Dist. LEXIS 21766 (N.D. Ill. Dec. 2, 2003)............................................................................................................... 18, 19

*New York v. Intel Corp.*, No. 09-827-LPS, 2011 U.S. Dist. LEXIS 51193 (D. Del. May 12, 2011) ........................................................................................................................................... 9

*Paoli v. Stetser*, No. 12-66-GMS-CJB, 2013 U.S. Dist. LEXIS 70247 (D. Del. May 16, 2013) . 12

*Phreesia, Inc. v. Luma Health, Inc.*, 1:24cv1168, 2026 U.S. Dist. LEXIS 65321 (D. Del. Jan. 23, 2026) ..................................................................................................................................... 19

*Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57 (3d Cir. 2010) ......................... 12

*Registered Agent Sols.*, 2022 U.S. Dist. LEXIS 56727 at *4 ...................................................... 14

*Robinson v. Family Dollar Inc.*, 679 F. App'x 126 (3d Cir. 2017) .............................................. 19

*Rocke v. Pebble Beach Co.*, 541 F. App'x 208 (3d Cir. 2013) ...................................................... 11

*Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644 (3d Cir. 1998) ........................... 4, 7, 8

*Satellite Financial Planning Corp. v. First Nat'l Bank*, 633 F. Supp. 386 (D. Del. 1986) ..............

.......................................................................................................................................... 15, 16

*Shapiro v. UJB Fin. Corp.*, 964 F.2d 272 (3d Cir.1992) ......................................................... 14, 16

*Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069 (Del. 1983) ...................................................... 13

*Verisign, Inc. v. XYZ.com LLC*, 848 F.3d 292 (4th Cir. 2017) ...................................................... 18

*Warner-Lambert Co. v. BeathAssure, Inc.*, 204 F.3d 87 (3d Cir. 2000) ....................................... 18

**Statutes**

6 Del. Code § 2513 ........................................................................................................................ 2

Lanham Act, 15 U.S.C. § 1125(a) ................................................................................................ 7

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 15(a)(1)(B). ....................................................................................................... 11

Fed. R. Civ. P. 16(b)(4)................................................................................................................ 17

Fed. R. Civ. P. 26(b)(1)........................................................................................................... 14, 15

Fed. R. Civ. P. 9(b) ........................................................................................................ 14, 15, 18, 19

On the very last day of the previously extended deadline, Plaintiff Seakeeper Inc. ("Seakeeper") seeks leave to add claims and parties *based on information known to Seakeeper for nearly a year*. Seakeeper has long known of Defendant, Dometic Corporation's ("Dometic"), public statements as well as the roles of Dometic Marine Canada, Inc., and Dometic Group AB. Despite many earlier opportunities to amend its Complaint, Seakeeper delayed for nearly a year without a credible explanation. As detailed below, Dometic opposes Seakeeper's Motion for Leave to File an Amended Complaint and Add Parties (the "Motion") and respectfully submits the Court should deny the Motion for undue delay, unfair prejudice, and futility.

Due to Seakeeper's needless delay, its eleventh-hour amendment would expansively broaden the scope of fact discovery with only weeks remaining. Yet Seakeeper has not sought to extend the case schedule set for its original Complaint. Instead, it seeks leave to amend, and if the Motion is granted, it will cram discovery on the new claims and new parties into the fast-fading existing deadline for fact discovery. Moreover, the newly added claims lack any meaningful factual allegations, rendering the motion futile. The proposed Amended Complaint was ostensibly drafted on more recently procured information but in fact contains only conclusory assertions, largely made based on "information and belief," that could have been brought in May 2025.

Because of the heightened pleading standards and Seakeeper's nearly year-long delay, it would need to present freshly obtained, smoking-gun allegations to amend the complaint this late in fact discovery. But the amended complaint fails on both fronts—its sparse factual allegations are not only months old, but insufficient to make the new claims plausible.

## I.    Background

In April 2025, Seakeeper filed this suit against Dometic for patent infringement. Early on, Dometic promptly offered Seakeeper a proposed schedule to take immediate discovery in

1

connection with its motion for a preliminary injunction. D.I. 37. Seakeeper rejected Dometic's proposal to begin discovery, and after briefing was completed, the Court denied Seakeeper's Motions for a Temporary Restraining Order and a Preliminary Injunction, holding that Seakeeper failed to satisfy even a single factor as to either motion. *See* D.I. 87 at 34.

After this flurry of initial activity, Dometic's Motion to Dismiss the Complaint was denied. D.I. 121. In November 2025, the Court ordered the parties to commence discovery, D.I. 115; the Rule 26(f) Conference was held, D.I. 116; and the parties served their respective first Requests for Production of Documents. D.I.s 117, 120.

The Case Scheduling Order, as amended, required substantial completion of document production by May 11, 2026. D.I.s 168, 171. Dometic produced documents to Seakeeper on January 16, February 6, April 6, April 10, April 16, and May 11, exceeding 10,000 individual documents. Conversely, Seakeeper made a single document production on May 11—the deadline for document productions to be substantially complete. Seakeeper's long-delayed and deadline-induced production contained fewer than 900 documents, of which only <u>seven</u> are emails. In view of the stark contrast between productions, it is remarkable that Seakeeper attempts to paint Dometic as dilatory in its discovery efforts. In reality, Seakeeper's meager, barely-timely production has delayed discovery progress in this case. Fact discovery is set to close July 17, less than six weeks after the Motion will be briefed.

The Amended Complaint seeks to add two new claims for false advertising under the Lanham Act, 15 U.S.C. § 1125(a), and a similar Delaware statute, 6 Del. Code § 2513, respectively (the "New Claims"). The New Claims involve three statements allegedly made by Dometic (the

2

"Alleged Statements")[1] concerning, respectively, (1) Dometic's testing of the accused DG3 product, ¶ 72, (2) the DG3's bearing life, ¶ 73, and (3) the DG3's power consumption, ¶ 74. The Amended Complaint also seeks to add two new foreign-entity Co-Defendants: Dometic Group AB—the Swedish corporate parent of Dometic ("Dometic Group")—and Dometic Marine Canada, Inc. ("DMC").

Seakeeper first raised the New Claims to Dometic in a letter dated April 28, 2026. On May 11, 2026—the last day for amending the Complaint, as later extended to May 12, D.I.s 174, 175—Seakeeper served a copy of the proposed Amended Complaint and requested to meet and confer that same day regarding the Amended Complaint. Dometic opposed the amendments and the Motion was served on May 12.

## II.    Legal Standard for Leave to Amend

The Court may deny leave to amend for undue delay, unfair prejudice to the non-moving party, or futility of the proposed amendment. *Cureton v. NCAA*, 252 F.3d 267, 272–73 (3d Cir. 2001) (collecting cases, including *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Any of those reasons is sufficient. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the grounds that could justify a denial of leave to amend are undue delay, . . . prejudice, and futility." (citations omitted)).

As discussed below, the Motion should be denied for each of those three reasons—undue delay, unfair prejudice, and futility. Seakeeper delayed its request to amend the Complaint for at least six months without any credible justification. Further, entry of the Amended Complaint now would unfairly burden Dometic with discovery well beyond what the Court contemplated in setting

---

[1] For brevity, these statements are not referred to as "alleged" throughout this document. This is not a concession by Dometic that it made the statements and Dometic reserves all rights.

the case schedule. Finally, the Motion is futile because the Amended Complaint fails the pleading standards.

### III.    Undue Delay

The Motion and Amended Complaint expose Seakeeper's six-month-plus delay as needless and unjustified. Crucially, the Amended Complaint contains no allegations that could not have been brought in 2025. The New Claims concern statements made over a year ago and the Amended Complaint shows that Seakeeper knew of those statements at least as early as May 2025. Yet Seakeeper withheld the Complaint until May 2026, with only a few weeks remaining in fact discovery. The Motion fails to credibly explain why Seakeeper did not amend sooner. The Court should deny the Motion due to Seakeeper's unnecessary, extended delay.

Undue delay focuses on "the movant's reasons for not amending sooner." *Cureton*, 252 F.3d at 273 (citation omitted). "Delay becomes 'undue,' and thereby creates grounds for [denial of] leave, . . . if the Plaintiff has had previous opportunities to amend." *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d. Cir. 2008) (3d Cir. 2008) (citing *Cureton*, 252 F.3d at 273); *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654 (3d Cir. 1998) (affirming denial of leave where the new facts could have been pleaded "much earlier in the proceedings"). Even a delay of weeks can be "undue"—resulting in denial of leave—if not justified. *Cot'n Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d 613, 622 (D. Del. 2014) (unjustified three-month delay considered in denial of leave to amend).

#### a.    The Motion Should be Denied for Seakeeper's Unjustifiable Multi-Month Delay in Asserting the New Claims

The New Claims assert that the Alleged Statements violate the Lanham Act and a Delaware consumer-protection statute. ¶¶ 71–78, 116–26, 127–33. The Amended Complaint asserts that the false statements are:

4

(1) the redesigned DG3 was "the result of years of engineering, testing, and refinement," "extensive testing to refine every component" and "perfected in countless trials," ¶ 72, dated 2025 (including one from February 2025) and alleged to be false because "[u]pon information, no significant testing was performed on the current design of the DG3 before its commercial launch[,]" ¶ 72, and "[u]pon information and belief, Defendants began manufacturing unproven redesigned units . . . at least four months before manufacture of such units for internal testing." ¶ 72;

(2) the DG3's bearings "last three times longer than the competition," ¶¶ 73, 75, appearing to be from 2025 and alleged to be false because "[o]n information and belief, Defendants do not possess data establishing the lifespan of bearings used in either of its DG3 designs, or that Seakeeper's bearings las only one-third as long." ¶ 75; and

(3) the DG3 has "40% less power consumption . . . than the competition[,]" ¶¶ 73, 76, apparently dated February 2025 and alleged to be false because "[b]oth the DG3 and the Seakeeper 3 reportedly consume similar amounts of power." ¶ 76 (citing sources showing a 35% reduction in power by the DG3, comparable to "40%" in the statement).

None of the websites or articles linked in the Amended Complaint are dated past 2025 (including the site allegedly accessed in 2026, ¶ 74, which is dated February 22, 2025). The "information and belief" assertions made in Paragraphs 72 and 75 are entirely unsupported by any facts at all—much less by any facts evolved since May 2025. Lacking any factual allegations to the contrary, these claims based on "information and belief" could have been made anytime.

If the Amended Complaint shows anything, it's that Seakeeper had long planned to bring the New Claims. Indeed, the new assertions cite to 11 URLs archived through Perma.cc (*e.g.*, ¶ 54). The available dates in those links' metadata betray that Seakeeper collected them in <u>May</u>

5

2025. In other words, Seakeeper collected its support for the New Claims in May 2025, kept quiet for more than eleven months, then belatedly revealed that it was pursuing the New Claims with only a few weeks left in fact discovery.

In sum, the entire Amended Complaint could have been brought as early as May 2025. And had Seakeeper amended promptly, it could have done so as of right—that is, without leave of the Court—following Dometic's June 2025 motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B).

### b. The Motion Mischaracterizes Dometic's April 6 Data Production as a Flimsy Pretext for Seakeeper's Needless Delay

Without any factual substantiation, the Motion claims that a Dometic document production "established the lack of testing to support certain marketing claims[.]" Motion at 5. The Motion concedes, at 5, that Seakeeper had not reviewed Dometic's May 11 document production when the Motion was served, ruling out the May 11 document production as a basis for any alleged lack of testing. The Motion suggests that Dometic's April 6 document production supports a "lack of testing." Motion at 1, 5. But that is not a credible assertion.

The April 6 testing data only concerned "heat transfer[,]" D.I. 165 at 3; that is, the manner of removing heat in the redesigned DG3 device. The New Claims, however, do not involve heat transfer—the Alleged Statements concern device testing, bearing life, and power usage, *not heat transfer*. Amended Complaint ¶¶ 72, 73, 76.  Dometic's April 6 data production neither concerned the Alleged Statements, nor could it be extrapolated from to ascertain any "lack of testing" as to the Alleged Statements. The Motion's suggestion, at 5, materially mischaracterizes the April 6 data production to advance the Motion.

Further, if Dometic's April 6 data production were indeed necessary for Seakeeper to bring the New Claims, Seakeeper needed to allege so the Amended Complaint. But the Amended Complaint does not reference the April 6 data production—or any other newly-discovered facts.

6

Instead, the Amended Complaint relies solely on "information" or "information and belief" conclusions. The Amended Complaint's allegations thus expose the truth: Seakeeper did not need the April 6 data production to bring the Amended Complaint. The Motion's reference to that production is, transparently, a false pretext for Seakeeper's undue delay.

Plainly, Seakeeper could have brought the Amended Complaint earlier. No allegations of the Amended Complaint originated since May 2025, when Seakeeper collected its support for the New Claims. And case law is clear: "Delay becomes 'undue," and thereby creates grounds for [denial of] leave, . . . if the plaintiff has had previous opportunities to amend." *Bjorgung*, 550 F.3d at 266; *see also Rolo*, 155 F.3d at 654–55 (affirming denial of leave where the new facts could have been pleaded "much earlier in the proceedings"); *Cot'n Wash,* 56 F. Supp. 3d at 622 (leave to amend denied based on unjustified three-month delay).

### c. Seakeeper Knew of Dometic Marine Canada and Dometic Group for Nearly a Year Before Seeking to Add Them as Co-Defendants

The Amended Complaint seeks to name DMC and Dometic Group as co-defendants. But Seakeeper knew of both entities for nearly a year before seeking to add them as a party.

At the very outset of the case, Dometic argued that Seakeeper had sued the wrong entity because DMC—not Dometic—was "responsible for [the DG3's] design, manufacture, and distribution." D.I. 41 at 12 (filed May 20, 2025). Dometic opposed Seakeeper's motions for injunctive relief, *see id.*, and sought to dismiss the complaint for the same reason. *See* D.I. 91 at 8. Indeed, the broader corporate structure, including Dometic Group, has been publicly disclosed since May 2025. D.I. 41 at 13 n.4. None of the Amended Complaint's factual allegations as to those entities appear to have emerged since May 2025. Yet Seakeeper waited until May 2026—nearly a year later—to add DMC and Dometic Group as parties.

7

Case law is clear that "undue delay" focuses closely on a movant's earlier opportunities to amend. *Bjorgung*, 550 F.3d at 266 ("Delay becomes 'undue,'" and thereby creates grounds for [denial of] leave, . . . if the plaintiff has had previous opportunities to amend."); *Rolo*, 155 F.3d at 654–55 (affirming denial of leave where the new facts could have been pleaded "much earlier in the proceedings"); *Cot'n Wash,* 56 F. Supp. 3d at 622 (leave to amend denied based on unjustified three-month delay). Simply put, there is no justifiable reason that Seakeeper waited to add DMC and Dometic Group as parties—much less any justification for the delay stretching to nearly a year. The Court should deny the Motion because of Seakeeper's undue delay, both as to asserting the New Claims and to adding new parties.

## IV.    Unfair Prejudice

Seakeeper's delay in bringing the Amended Complaint would cause unfair prejudice to Dometic if the complaint were now amended. Amending now would force Dometic to complete discovery on the New Claims, from scratch, in only a few weeks. As case law recognizes, this unfair prejudice to Dometic is grounds for denying the Motion.

"[S]ubstantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." *Cureton*, 252 F.3d at 273. Additional discovery burdens imposed on the non-movant can cause unfair prejudice, especially if they arise later in the case. *Election Sys. & Software, LLC v. Smartmatic USA Corp.*, No. 18-cv-01259-RGA, 2022 U.S. Dist. LEXIS 193026 at *15–16 (D. Del. Oct. 24, 2022) ("extent of additional discovery required, coupled with the late stage of the current schedule, . . . would be unfairly prejudicial"); *Asahi Glass Co. v. Guardian Indus. Corp.*, 276 F.R.D. 417, 420 (D. Del. 2011) (leave denied due to late amendment's "unwarranted burden" of delay). Unfair prejudice arises if the amendment would burden the non-movant with additional discovery, motions, costs, or the need to defend against new facts or

8

theories. *Cureton*, 252 F.3d at 273; *Bjorgung*, 550 F.3d at 267; *see also New York v. Intel Corp.*, No. 09-827-LPS, 2011 U.S. Dist. LEXIS 51193 at \*10, 12 (D. Del. May 12, 2011) (leave denied for unfair prejudice resulting from expanded discovery scope).

### a.  Entry of the Amended Complaint would Unfairly Prejudice Defendants

Entry of the Amended Complaint would work substantial burdens on Dometic, DMC, and Dometic Group through expanded scope of discovery, including new facts and new legal theories. The late stage of fact discovery compounds the burden.

Downplaying the prejudice, the Motion refers to the case as being in "relatively early stage" with "the fact-discovery cut-off [] still a few months away." Motion at 7. In reality, fact discovery is near its end. Fewer than six weeks of fact discovery will remain when the Motion is briefed. Once the Motion is briefed, the Court will need time to consider the papers and could set the matter for a hearing. And Dometic cannot take discovery on the New Claims while the Motion is pending. Fed. R. Civ. P. 26(b)(1). Consequently, Dometic would have little to no time to complete, from scratch, discovery on the New Claims.

During that same timeframe, discovery needs to be completed on the original complaint's claim for patent infringement. That discovery is, itself, far from complete. Seakeeper has produced only 850 documents to date, all on May 11. Of those, only 110 appear non-public, and only <u>seven</u> documents are emails. Seakeeper's delay has prevented any depositions by Dometic. Even without the Amended Complaint, Dometic will be pressed for time to complete fact discovery on schedule.

### 1.  Seakeeper's Discovery on the New Claims Might Be "Substantially Complete" but Dometic's Cannot Have Begun.

The Motion misleadingly asserts that the New Claims "will not necessitate substantial additional discovery" because Seakeeper served discovery requests on the New Claims "[m]onths ago." Motion at 5. It identifies 11 document requests Seakeeper served in November 2025

9

concerning the New Claims. The Motion thus concludes that "[d]iscovery relating to [the New Claims] was already contemplated to be completed by" the existing fact discovery deadline. Motion at 6. But discovery can only be complete as to <u>Seakeeper's</u> discovery.[2]

Seakeeper's delay has deprived Dometic of the opportunity to seek discovery on the New Claims. Indeed, the Federal Rules prohibit discovery on the New Claims unless they are added, Fed. R. Civ. P. 26(b)(1) (scope of discovery limited to claims and defenses), so Dometic's discovery on the New Claims <u>cannot</u> have yet begun. For example, Dometic may need to ascertain whether customers were actually swayed by the Alleged Statements through third-party discovery and would propound discovery from Seakeeper concerning any all  suffered damages and proofs (if any) that the Alleged Statements were false or misleading.

Adding the New Claims now would unfairly foist expanded discovery burdens onto Dometic, requiring it to defend against new facts and new legal theories—which, again, it could not have begun yet—with only a few weeks remaining in fact discovery. Such burdens have long been considered unfair prejudice sufficient to deny leave to amend. *Cureton*, 252 F.3d at 273, 275–6 (affirming denial of leave based on expanded case scope and considering additional discovery, cost, and need to defend new facts or legal theories); *Bjorgung*, 550 F.3d at 267 (affirming denial of leave where non-movant was burdened with additional discovery and motions); *Election Sys.*, 2022 U.S. Dist. LEXIS 193026 at *15–16 (leave denied where burdens of expanded discovery on compressed timeline constituted unfair prejudice).

Additionally, the Motion makes no mention of the heightened burdens on DMC and Dometic Group. First, Dometic has agreed to produce documents from DMC, but has never

---

[2] This statement also disclaims any need by Seakeeper for additional discovery on the New Claims. If the Motion is granted, Seakeeper should be held to its word that its discovery is complete and should be foreclosed from taking any further discovery on the New Claims.

conceded that the Court has jurisdiction over either DMC or Dometic Group. The Amended Complaint's theories of jurisdiction include several allegations supported only by "information and belief." *E.g.*, ¶¶ 16–17. Such allegations are routinely tested through jurisdictional discovery to ascertain their accuracy. *See, e.g.*, *Rocke v. Pebble Beach Co.*, 541 F. App'x 208, 212–13 (3d Cir. 2013) (reversing denial of jurisdictional discovery and observing that "jurisdictional discovery particularly appropriate where a defendant is a corporation." (citation omitted)). That jurisdictional discovery would only compound the burdens on the parties—and the Court—from Seakeeper's eleventh-hour Motion.

Moreover, adding Dometic Group as a defendant would require it to undertake document collection, search, and production, all on an unreasonably accelerated timeline. Although Seakeeper has requested Dometic Group's documents in this case, Dometic has never agreed to produce those documents. Case law is clear that expanded discovery burdens warrant denial of leave. *Cureton*, 252 F.3d at 273; *Bjorgung*, 550 F.3d at 267; *Election Sys.*, 2022 U.S. Dist. LEXIS 193026 at *15–16. Further increasing the burdens on Dometic Group, the European Union's General Data Protection Regulation ("GDPR") imposes data privacy and security requirements as part of any effort to collect and produce discovery. The Motion attempts to brush this burden aside by conflating the public nature of the Alleged Statements with the non-public materials that would be sought in discovery. And even if Seakeeper only sought discovery as to public documents, Dometic Group would nonetheless need to review its productions to ensure that they complied with the GDPR. Asking Dometic Group to bear those burdens on an unnecessarily accelerated timeline amounts to unfair prejudice.

If Seakeeper had simply brought the Amended Complaint earlier—as it could have—many of these burdens could have been avoided. Seakeeper's choice to delay the amendment unfairly

11

burdens Dometic, DMC, and Dometic Group. The Court should deny leave to amend due to the unfair prejudice that would follow the Amended Complaint.

### 2. The Motion Tacitly Seeks an Extension of Fact Discovery, But Seakeeper's Delay Forecloses the Requisite "Good Cause"

The case schedule's fact discovery timeline is based on the original complaint—not the Amended Complaint. The New Claims concern new causes of action and invoke facts and law entirely independent from the original complaint's sole claim for patent infringement. These could not have been accounted for in setting the case schedule. Adding the New Claims earlier in discovery would have caused some additional burdens, but Seakeeper's delay until nearly the end of fact discovery would exacerbate those burdens.

With a wink and a nod, Seakeeper suggests that additional extensions of discovery would not disrupt the broader case schedule. Motion at 3 (trial "set for a year from now on May 25, 2027."). But Seakeeper has not sought to amend the scheduling order. And for the Court to consider further extensions of discovery as part of the Motion, Seakeeper must meet the "good cause" requirement for amending the schedule, Fed. R. Civ. P. 16(b)(4)—which "focuses on the moving party's burden to show due diligence." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). As already noted, Seakeeper delayed in raising this issue for nearly a year, rendering "due diligence" impossible to satisfy. *Paoli v. Stetser*, No. 12-66-GMS-CJB, 2013 U.S. Dist. LEXIS 70247 at *7 (D. Del. May 16, 2013) ("good cause is not shown 'when a party was aware of the facts that would lead it to amend and failed to act on [them].'" (citation omitted)).

Because Seakeeper's needless delay forecloses "good cause" to amend the schedule, the Court should consider the Motion based only on the case schedule as-is: with fact discovery closing

12

on July 17, 2026. And under that schedule, it is beyond dispute that the Motion would unfairly prejudice Dometic by allowing only a few weeks for fact discovery on the New Claims.

The Amended Complaint would expand the scope of discovery to include new facts and legal theories, which the defendants would be forced to defend on an unnecessarily accelerated timeline due to Seakeeper's delay. The Motion should be denied due to the unfair burdens the amendment would work on Dometic, DMC, and Dometic Group.

## V.    Futility

The Motion is futile because the Amended Complaint fails to state a claim upon which relief can be granted as to the New Claims. The Amended Complaint fails the general pleading standards and certainly fails the heightened pleading standards applicable by Federal Rule 9(b).

"Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted." *Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 634 (D. Del. 2006) (citing *Burlington Coat Factory*, 114 F.3d at 1434). Leave to amend is properly denied where the proposed amendment would not survive a motion to dismiss. *E.g.*, *El v. Marino*, 722 F. App'x 262, 266 (3d Cir. 2018) (citation omitted) (affirming denial of leave to amend).

The Lanham Act New Claim require that the Alleged Statements (1) be "false or misleading," (2) actually deceive or have the tendency to deceive, (3) be material to consumers, (4) be made in interstate commerce, and (5) cause harm to Seakeeper. *E.g.*, *Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 872 (3d Cir. 1992). The Delaware New Claim requires that the statements (1) be false, (2) be made negligently or with knowledge or reckless indifference to the truth, (3) be made with intent to induce action or inaction by the plaintiff, and (4) harm the plaintiff. *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983).

13

On a motion to dismiss, the Court must first disregard "bare assertions" and "formulaic recitation[s] of the elements" of a cause of action, because such "conclusory" allegations are disentitled "to the presumption of the truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009) (internal quotation marks and citation omitted). Next, the Court considers the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the complaint's factual allegations are merely consistent with liability, it is insufficient. *Id.* at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter" to render the claim plausible. *Id.*

### a.  Rule 9(b) Applies to the New Claims Because they "Sound in Fraud."

Rule 9(b) requires that assertions of "fraud or mistake" be pleaded with particularity. Fed. R. Civ. P. 9(b). "[E]ven if claims do not [necessiate] fraud, they must meet the heightened pleading standard if their 'specific factual allegations . . . charge defendants with fraud." *Registered Agent Sols., Inc. v. Corp. Serv. Co.*, No. 1:21-cv-786-SB, 2022 U.S. Dist. LEXIS 56727 at *4 (D. Del. March 28, 2022) (quoting *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 287-89 (3d Cir.1992)). If the complaint asserts a Lanham Act claim for "a form of fraud," a court should "expect [the] complaint to allege with particularity the nature of the grievance" under Rule 9(b). *M. Arthur Gensler, Jr. & Assoc. v. Strabala*, 764 F.3d 735, 737 (7th Cir. 2014).

"The touchstone of fraud is the intent to mislead. So a claim 'sounds in fraud' if '[t]he specific factual allegations on which [it] is based . . . aver that [a] defendant[ ] intentionally, knowingly, or recklessly misrepresented . . . certain material information.'" *Registered Agent Sols.*, 2022 U.S. Dist. LEXIS 56727 at *4 (quoting *Shapiro*, 964 F.2d at 287) (internal quotation marks omitted).

The proposed Amended Complaint asserts that Dometic, DMC, and Dometic Group made the alleged false statements willfully, intentionally, and deliberately, Prayer for Relief ¶ K, and

14

does not offer any other motivation for their conduct. The New Claims thus "sound in fraud" and trigger the heightened pleading requirements of Rule 9(b).

To survive Rule 9(b), the Amended Complaint must "inject[] precision and some measure of substantiation into [its] allegations[.]" *Kuhn Constr. Co. v. Ocean & Costal Consultants, Inc.*, 844 F. Supp. 2d 519, 530 (D. Del. 2012) (citation omitted). "The use of 'boiler plate and conclusory allegations will not suffice.'" *Kuhn Constr. Co. v. Diamond State Port Corp.*, Civ. No. 10-637-SLR, 2011 U.S. Dist. LEXIS 44635 at *26–27 (D. Del. April 26, 2011) (citing *Burlington Coat Factory*, 114 F.3d at 1418), and a plaintiff must plead "how the claimed representations were false[]" with specificity. *Id.* at *28 (fraud claims failed for lack of factual allegations).

As explained above, Seakeeper delayed in bringing the amended claims for nearly a year, and even now lacks any factual allegations not known to it in May 2025. Despite Seakeeper's needless delay, the Amended Complaint still fails any pleading standard, and it certainly fails Rule 9(b)'s heightened pleading standard because it does not meaningfully explain "how the claimed representations were false." *Diamond State*, 2011 U.S. Dist. LEXIS at *28. A

### b. The Amended Complaint Fails to Plausibly Plead that the Alleged Statements were False.

#### 1. The Alleged Statements on Testing and Bearing Life Cannot Survive Only on "Information and Belief" Pleadings.

"Information and belief" allegations alone are insufficient. *Satellite Financial Planning Corp. v. First Nat'l Bank*, 633 F. Supp. 386, 403 (D. Del. 1986) ("Circumstances that constitute [falsity], if alleged on information and belief, generally will not satisfy Rule 9(b)'s particularity requirement." (citation omitted)). *See also Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1330–31 (Fed. Cir. 2009) ("Pleading on 'information and belief' is permitted under Rule 9(b) . . . *but only if* the pleading sets forth the specific facts upon which the belief is reasonably based." (emphasis added) (collecting cases)), *Brinkmeier v. BIC Corp.*, 733 F. Supp. 2d 552, 559 (D. Del.

15

2010) (even under a "relaxed" application of Rule 9(b), "'boilerplate and conclusory allegations will not suffice, and the plaintiffs have an obligation to 'accompany their legal theory with factual allegations that make their theoretically viable claim plausible.'" (citation omitted)); *Shapiro*, 964 F.2d at 285 ("even under a more relaxed application of [Rule 9(b)], plaintiffs must accompany [a boilerplate] allegation with a statement of facts upon which their allegation is based." (collecting authorities)). *See also Control Solutions, LLC v. Oshkosh Corp.*, No. 10C 121, 2011 U.S. Dist. LEXIS 32894 at *7–8 (N.D. Ill. March 28, 2011) (Lanham Act claims dismissed where "information and belief" pleadings lacked the requisite "basis for [plaintiff's] suspicion that these allegations occurred."); *Deutsche Bank Nat'l Trust Co. v. Cothran*, Civ. No. 12-245, 2012 U.S. Dist. LEXIS 75921 at *14 (D.N.J. May 31, 2012) (dismissing claim supported only by pleadings of "information and belief").

The Amended Complaint asserts that Dometic's alleged statements concerning testing and bearing life were false based solely on conclusory "information and belief" allegations. ¶¶ 72, 75. Case law is clear that those conclusions alone are not sufficient. To survive a motion to dismiss, a complaint must substantiate its "information and belief" conclusions with the supporting factual allegations. *Satellite Financial*, 633 F. Supp. at 403 ("information and belief" alone insufficient); *Exergen Corp.*, 575 F.3d at 1330–31 (factual allegations supporting the "information and belief" required); *Control Solutions*, 2011 U.S. Dist. LEXIS 92894 at *7–8 ("information and belief" pleadings insufficient without accompanying "basis for . . . suspicion that these allegations occurred."). In short, the Amended Complaint lacks any meaningful explanation of <u>how</u> these statements were false. *Diamond State*, 2011 U.S. Dist. LEXIS at *28.

The New Claims would fail the general pleading standards for the same reason—the assertions of falsity lack any factual support. Indeed, the Amended Complaint lacks even a single

16

factual allegation to support the falsity of these statements. The Motion is futile as to Dometic's alleged statements concerning testing and bearing life.

### 2. The Alleged Statement as to Testing is not Plausibly Alleged to Concern the Redesigned DG3.

The Amended Complaint asserts that early-2025 statements by Dometic concerned testing of the current design of the DG3. ¶ 72. But as the record shows, *e.g.* D.I. 87 at 33, the DG3 was redesigned in mid-2025. Statements made before that time—including the February 2025 statement, ¶ 72 (linking to https://www.dometic.com/en/article/marinejournal-the-launch-of-the-dometic-dg3-gyro-stabilizer)—<u>cannot</u> have concerned the redesigned DG3, which did not exist yet. The New Claims lack a statement after the DG3 was redesigned and thus cannot plausibly allege that these statements concerned the current design.

### 3. The Alleged Statement as to Power Usage is Not Plausibly Alleged to be False.

The New Claims fail to plausibly assert that the alleged power-use statement was false. The only factual support that the alleged power-use statement was false is that "Both the DG3 and the Seakeeper 3 reportedly consume similar amounts of power." ¶ 76. However, the references for that conclusion support the <u>truth</u> the alleged power-use statement as applied to Seakeeper. Seakeeper's "operating power" in the linked reference is "400 – 900 Watts (Sea State Dependent)." https://www.seakeeper.com/seakeeper-products/seakeeper-3/. The DG3's "operating power" in its linked reference is "260-750 Watts (Sea State dependent)." https://media.dometic.com/externalassets/dg3_9620018742_120383.pdf?ref=2113317502. At the low end, the DG3's 260 Watts is 140 Watts less than Seakeeper's 400 Watts—a reduction of 35% from the baseline of 400 Watts. So Seakeeper's pleading that the devices use "similar amounts of power" is disproven by its own citations. Further, Seakeeper's citations show reduction in power

17

comparable to the 40% reduction in the alleged statement. Seakeeper has plead itself out of court with its own pleadings where the alleged power-usage statement is not false or misleading.

Further, the power-use statement does not compare the DG3 to the Seakeeper 3; instead, it compares the DG3 to "the competition." ¶ 73. The Amended Complaint self-servingly asserts that Seakeeper is the only competition, ¶ 74, relying on alleged non-public statements by Dometic and comparative claims by a third-party, the latter of which cannot be attributed to Dometic. *E.g.*, *Allen Organ Co. v. Galanti Organ Builders, Inc.*, 798 F. Supp. 1162, 1170 (E.D. Pa. 1992 ) (defendants not liable for statements they "did not prepare or disseminate[.]"). As such, there is no meaningful factual basis for Seakeeper's conflation of "the competition" to mean itself. Even taking the Amended Complaint's factual assertions are true, there is no basis to read the alleged power-usage statement as false.

In sum, the Amended Complaint lacks factual support for the conclusion that any of the three Alleged Statements were false. If anything, Seakeeper's citations show the power-usage statement to be true. But falsity is required for both New Claims and is not sufficiently supported, rendering the Motion futile.

### 4. The Amended Complaint Lacks Any Plausible Factual Allegation of Monetary Damages.

In addition to lacking factual support that the Alleged Statements were false, the Amended Complaint also fails to plausibly allege that Seakeeper has suffered monetary damages. It is well established that monetary damages for false advertising must be quantified and are not presumed. *E.g.*, *Warner-Lambert Co. v. BeathAssure, Inc.*, 204 F.3d 87, 92 (3d Cir. 2000) (damages only awarded to the extent they are quantifiably proven). If damages are not adequately alleged as a false-advertising remedy, "the portions of [a] complaint seeking money damages for false advertising are dismissed." *Muzikowski v. Paramount Pictures Corp.*, 01 C 6721, 2003 U.S. Dist.

18

LEXIS 21766 at *19–21 (N.D. Ill. Dec. 2, 2003). *See also Verisign, Inc. v. XYZ.com LLC*, 848 F.3d 292, 299 (4th Cir. 2017) (to recover Lanham Act damages, a plaintiff must show false advertising and that defendant's statements caused plaintiff actual damages); *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 210 (9th Cir. 1989) (in suit for damages, "actual evidence of some injury *resulting from the deception* is an essential element of the plaintiff's case") (emphasis in original); *Phreesia, Inc. v. Luma Health, Inc.*, 1:24cv1168, 2026 U.S. Dist. LEXIS 65321 at *2–3 (D. Del. Jan. 23, 2026) ("Plaintiff would be well advised to bolster its allegations regarding th[e harm] element of its Lanham Act claim in any new pleading.") (Burke, M.J.), *report and recommendation adopted on other grounds at Phreesia, Inc. v. Luma Health, Inc.,* 2026 U.S. Dist. LEXIS 63067 (D. Del. March 25, 2026).

The Amended Complaint lacks any factual allegations as to monetary damages. It asserts, at ¶ 78, the unadorned conclusions of harm. But conclusions are not given weight in evaluating a motion to dismiss, *Iqbal*, 556 U.S. at 680–81, and the Amended Complaint contains no facts to support those conclusions. As such, the conclusion of Seakeeper's entitlement to monetary damages is not plausible. *Id.*; *Muzikowski*, 2003 U.S. Dist. LEXIS 21766 at *21 ("the portions of [a] complaint seeking money damages for false advertising are dismissed" if not supported with factual allegations); *Robinson v. Family Dollar Inc.*, 679 F. App'x 126, 131–32 (3d Cir. 2017) (allegations that are "no more than conclusions, are not entitled to the assumption of truth" (internal quotations and citations omitted)). Even if the remainder of the Amended Complaint is entered, the conclusory assertion of monetary damages should be struck as failing a motion to dismiss.

As detailed above, the Amended Complaint lacks sufficient factual allegations that any of the Alleged Statements were false or that Seakeeper has incurred any monetary damages.

## VI.     Conclusion

Seakeeper could have filed the Amended Complaint nearly a year ago but did not. If allowed, its months-long delay would cause substantial unfair prejudice to Dometic, DMC and Dometic Group. Finally, the Amended Complaint lacks sufficient factual allegations to support the New Claims and would fail a motion to dismiss. Dometic respectfully submits the Court should deny the Motion as unduly delayed, unfairly prejudicial, and futile.

OF COUNSEL:

DINSMORE & SHOHL LLP

Oleg Khariton
255 East Fifth Street, Suite 1900,
Cincinnati, OH 45202
(513) 977-8200
oleg.khariton@dinsmore.com

Michael A. Xavier
1775 Sherman Street, Suite 2600
Denver, CO 80203
(303) 831-6980
michael.xavier@dinsmore.com

Christopher K. VanDeusen
755 West Big Beaver Road, Suite 1900
Troy, MI 48084
(248) 203-1642
christopher.vandeusen@dinsmore.com

Dated: June 2, 2026

ASHBY & GEDDES

/s/ Andrew C. Mayo

Andrew C. Mayo (#5207)
John G. Day (#2403)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com
jday@ashbygeddes.com

*Attorneys for Defendant*

20