**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SEAKEEPER, INCORPORATED,

      Plaintiff,

      v.

DOMETIC CORPORATION,

      Defendant.

C.A. No. 25-0484-JCB

**JURY TRIAL DEMANDED**

**SEAKEEPER'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO
FILE AN AMENDED COMPLAINT AND ADD PARTIES**

Defendant Dometic Corporation's ("Dometic") grumbles that Seakeeper sought leave to amend its complaint within the time period the parties agreed it could seek such an amendment (Opp. at 1, 4–6), and argues that it will be prejudiced because Seakeeper sought amendment before the deadline to which Dometic itself agreed (*Id*. at 10). Dometic also mistakenly asserts that Seakeeper's proposed amendment falls under Rule 9(b) and that it fails to plead sufficient facts. *Id*. at 13–19. Each contention misstates both the record and governing law. Rule 15 embodies a liberal amendment standard, and none of the limited grounds for denial applies here.

Dometic's assertion that Seakeeper had "nearly a year" to act (Opp. at 4–6) ignores the fact that for more than half of that time, Dometic refused to participate in discovery because its motion to dismiss was pending. *See* D.I. 121, 11/24/25 Order Denying Dometic's Motion to Dismiss. Once Seakeeper's contested motion to commence discovery was granted, Seakeeper diligently sought testing and other evidence Dometic purportedly substantiating its marketing claims. Dometic was persistent in impeding Seakeeper's efforts at discovery. D.I. 156 at 1-2. After Dometic was

1

compelled to provide the requested discovery, and the lack of substantiation for Dometic's marketing claims was clear, Seakeeper sought amendment prior to the deadline both parties agreed would be appropriate for the addition of parties and claims.  These facts do not constitute "delay" precluding a timely motion to amend.

Paradoxically, Dometic argues that Seakeeper pleads insufficient facts, while asserting that Seakeeper should have sought amendment before Dometic provided any discovery. As to Seakeeper's remaining allegations of false advertising, Dometic wrongly asserts that these allegations must satisfy the heightened pleading requirements for fraud set forth in Fed. R. Civ. P 9(b). Contrary to Dometic's assertions, Rule 9(b) provides that "intent, knowledge, and other conditions of a person's mind may be alleged generally." Seakeeper's proposed amendment meets the pleading requirements of this District because it identifies at least three specific statements upon which its claims are based and state of mind may be pled generally.

## I.    NO UNDUE DELAY

Seakeeper's motion was timely filed in accordance with the Scheduling Order's May 11, 2026, deadline to amend pleadings; such filings generally preclude a finding of delay. D.I. 171 at 2; *see Vilox AB v. Mohawk Indus., Inc.,* No. 24-1430-JCB, D.I. 82 at 2-4 (D. Del. May 19, 2026) (granting motion to amend timely having been made before the deadline for Amendment of Pleadings); *Broadsoft, Inc. v. Callwave Commc'ns, LLC*, No. 13-711-RGA, 2014 WL 12929398, at *1-2 (D. Del. Sept. 9, 2014) (same).

Dometic's opposition ignores the central fact that Seakeeper responsibly sought discovery into Dometic's testing and substantiation of its advertised performance claims before pleading its false advertising claims. As detailed in Seakeeper's motion, Seakeeper filed this lawsuit in April 2025 against Dometic alleging that the Dometic-branded DG3 gyrostabilizer product marketed

RLF1 36063603v.1

and offered for sale on its website infringed Seakeeper's patents. *See* Compl., D.I. 1. Dometic moved to dismiss, arguing that it was not responsible for the manufacture, use, sales, offers for sale and importation of the DG3. *See* D.I. 90-93.

On November 24, 2025, the Court denied Dometic's motion, finding that Dometic had represented that: (1) it "advertises, distributes, and sells its products to consumers" in the United States using the "Dometic" trademark; (2) the "Dometic" mark has "become associated exclusively with" Dometic in the United States; and (3) it "develops, manufactures, and sells marine products" bearing the "Dometic" mark in the United States. D.I. 121 at 3 *citing* Complaint, *Dometic Corp. v. CitiMarine LLC*, No. 1:20-cv-23317 (S.D. Fla. Aug. 10, 2020), Doc. 1 at 3-5.

Following the filing of its motion to dismiss, Dometic repeatedly refused to produce documents and witnesses concerning testing of the DG3 product, requiring motion practice and Court intervention. D.I. 156. The timeline reflects diligence by Seakeeper and obstruction by Dometic—not delay. Only after the Court ordered compliance did Seakeeper obtain testimony and documents confirming the absence of substantiation for Dometic's claims. D.I. 165. The amended complaint does not refer to this testing data because, unfortunately, this production does appear to reflect that any such tests were actually performed. Hence, Seakeeper continues to allege the absence of this data on "information and belief" (Opp. at 6-7)—because no data to the contrary has been produced to date.

Similarly, that Seakeeper knew of the existence of Dometic Group and Dometic Marine Canada (Opp. at 7) did not mean Seakeeper knew of the lack of evidence each had to substantiate their marketing claims.

Dometic's cases do not support denial of leave. In *Bjorgung v. Whitetail Resort, LP*, denial was deemed appropriate where amendment was sought after a three-and-one-half year delay and

summary judgment briefing had occurred. 550 F. 3d 263 (3rd Cir. 2008). Similarly, in *Cureton v. National Collegiate Athletic Association*, a motion for leave was denied where summary judgment had already been entered against the plaintiff. 252 F. 3d 267, 272-76 (3rd Cir. 2009) (affirming denial of post-judgement motion to amend pleading). Unlike the plaintiffs in those cases, Seakeeper acted promptly after obtaining critical discovery and within the time allowed under the scheduling order (as modified). Dometic cannot both withhold discovery and then fault Seakeeper for not pleading claims earlier without that evidence. In short, there is no undue delay or dilatory motive behind Seakeeper's proposed amendment.

## II.    NO PREJUDICE

Dometic offers no particularized claim of prejudice.  Delay alone will not constitute grounds for denial. *Cureton*, 252 F. 3d at 273; *see Vilox AB v. Mohawk Indus., Inc.,* Case 1:24-cv-01430-JCB, D.I. 82 at 2-4 (amendment filed by deadline generally precludes prejudice). Discovery regarding the marketing, testing, and performance of the DG3 has been outstanding for months. This discovery encompasses the subject matter of the proposed false advertising claims as advertising and the veracity of Dometic's advertising claims has always been at issue:

> **REQUEST FOR PRODUCTION NO. 31: All documents and things relating to the advertising or promotion of any Accused Product**, **including any advertisements**, advertising campaigns or **demonstrations**, advertising budgets and expenditures, **brochures, pamphlets, videos, social media posts**, **catalogs**, or price lists, **as well as any documents that support or were relied upon in making any claims** with respect to the Accused Products.

D.I. 156-5, *Dometic's Responses to Seakeeper's First Set of Document Requests* at 23-24 (emphasis added). Dometic agreed to produce documents in response to this topic. *Id*.

Dometic also agreed to produce documents in response to Seakeeper's requests seeking *inter alia*, documents relating to Seakeeper's products (RFP 8), the functionality and testing of the infringing products (RFPs 9 and 10), any advantages or disadvantages of the infringing products

and documents relating to features that drive consumer demand for the infringing products (RFP 11), first disclosure, use, sale and testing of the infringing products (RFP 16), agreements concerning the infringing products, including agreements with Regulator (RFP 30), marketing activities at the 2025 Miami Boat Show (RFP 33), inter-entity communications about the infringing products (RFP 34), documents about Dometic Group's access to Seakeeper's confidential information (RFP 35), and documents about marine stabilizer functionality such as bearing cooling (RFP 36). *Id.* at 8-10, 13-14 and 23-28.

Discovery directed to Dometic's customers also was anticipated since the outset of this case, included in both Seakeeper's Initial Rule 26(a)(1) disclosures and written discovery. Mot. Ex. 3, Plaintiff's Rule 26(a)(1) Initial Disclosures at 4; D.I. 156-5. Dometic already agreed to produce all documents relating to agreements with customers concerning the accused product (RFP No. 30), consumer demand for that product (RFP No. 11), and all communications concerning its DG3 product with such customers (Interrog. No. 4). D.I. 156-5 and 156-6, *Dometic's Response to Seakeeper's First Set of Interrogatories, dated December 29, 2025,* at 8-9.

Because discovery relating to Dometic's false and misleading promotion of its products was already contemplated to be completed by the deadline for fact discovery in this matter, these topics permeate, if not fully encapsulate, the discovery encompassed by the false advertising claims, and there is no prejudice. *Coventry v. US Steel Corp.*, 856 F. 2d 514 (3rd Cir. 1988) (motion to amend 8 months *after* discovery closed not prejudicial where new claim permeates original).

Nor does the addition of Dometic's subsidiary, Dometic Canada as a party, enlarge discovery in this action. Dometic Canada has also already participated in discovery per Dometic Corporation's agreement. In addition, Dometic has asserted Dometic Canada bears responsibility for the manufacture, offers to sell, sales, and importation of the accused DG3. Dometic Canada's

RLF1 36063603v.1

formal addition to the infringement count does not place any additional discovery burden on Dometic Corporation.

Similarly, discovery from Dometic Group has already been the subject of requests served more than five months ago. D.I. 156-1 at 1 (Discovery requests directed to Dometic, defined as including both Dometic Canada and Dometic Group). As Dometic Canada is ostensibly responsible for the development, manufacturing and testing of the accused product, discovery with respect to Dometic Group's false and misleading advertising claims should be limited to its *public* performance claims concerning Dometic's and Seakeeper's products. Such discovery is likely to implicate only a small set of documents and not likely to implicate GDRP obligations.[1]

## III.   NO FUTILITY

### A.  The Claims Based On Testing and Bearing Statements Are Properly Pled

Dometic argues that Lanham Act claims must be pled under Rule 9(b), citing *Registered Agent Sols., Inc. v. Corp. Serv. Co.*, No. 21-786-SB, 2022 WL 911253, at *1-2 (D. Del. Mar. 28, 2022). Yet the Third Circuit has not held as such. *Id.*; *see also Graco, Inc. v. PMC Glob., Inc.*, No. 08-1304 (FLW), 2009 WL 904010, at *24–25 (D.N.J. Mar. 31, 2009) (discussing "intermediate" pleading rule short of Rule 9(b) specificity applied by some courts).

Yet even if the quasi-heightened burden in *Registered Agent* applied, it only requires the

---

[1] Even if the Court were to allow a short, targeted extension of fact discovery (*e.g.*, 2–4 months) to address the false advertising claims, prejudice is not inevitable as there would be no material impact on the overall case schedule. Fact discovery is currently set to close on July 17, 2026, while the identification of expert witnesses is not due until November 27, 2026. This intervening period, during which claim construction briefing can occur in parallel, provides ample time to complete limited additional discovery without affecting expert work, dispositive motions, or trial. Moreover, the additional discovery relates to marketing and testing issues and does not overlap with claim construction, which proceeds independently. Dometic's suggestion that amendment would derail the schedule is therefore incorrect. At most, a modest extension of fact discovery would ensure a full and fair adjudication on the merits without prejudicing any party or disrupting the Court's timetable.

6

circumstances constituting fraud, such as the date, place or time of the fraud, who made the misrepresentation to whom and its general content, to be pled with particularity. *Registered Agent*, No. 21-786-SB, 2022 WL 911253 at *1-2. Seakeeper's proposed amendment directly alleges each of these facts by identifying the specific statements made by Dometic, cites where those statements were made (Dometic's website and others), and alleges those statements appear to lack substantiation based on Seakeeper's current knowledge.

For example, Seakeeper explicitly alleges that: (1) Dometic was motivated to convince customers with misleading claims (¶71); Dometic represented that its product had was "the result of years of engineering, testing and refinement" (¶72 citing two webpage statements) even though the redesigned versions had not undergone significant testing; "Defendants falsely claim their DG3 product reduces maintenance costs with bearings lasting three times longer than those used in Seakeeper's product" (¶73 citing webpage statement); Dometic's reference to "competition" necessarily implicates Seakeeper (¶74 citing webpage showing marketplace comparison to Seakeeper product); Dometic's statements suggest the existence of testing of bearing life that does not appear to exist (¶75); Dometic's statements that the DG3 consumes 40% less power than the competition is false and misleading (¶76 citing webpage with statement and refuting evidence); Dometic's statements are significant to the decision of purchasers and potential purchasers (¶77 citing third party webpages repeating false/misleading statements); and Dometic's false advertising has caused Seakeeper to lose profits, suffer reputational damage and price erosion and that Dometic has been unjustly enriched (¶78). That Dometic explicitly identified each of these false claims with particularity in its brief, evinces their specificity. Opp. at 5. These pleadings satisfy even *Registered Agent's* "intermediate" standard, and easily clear the actual bar set by Rule 8. *Registered Agent*, No. 21-786-SB, 2022 WL 911253 at *1-2; *see also Graco*, 2009 WL 904010

at *24–25 (denying dismissal of allegations identifying allegedly false statement and pleading intent generally).

On the other hand, Dometic misrepresents what allegations are pled "on information and belief." These allegations are directed solely to Dometic's non-public actions that: (1) no significant testing was performed on the current design of the DG3 before its commercial launch (¶72); (2) Defendants began manufacturing unproven redesigned units for shipment to customers in May 2025, at least four months before the manufacture of such units for internal testing (¶72); and (3) Defendants do not possess data establishing the lifespan of bearings used in either of its DG3 designs, or that Seakeeper's bearings last only one-third as long" (¶75). These allegations go to information uniquely under Dometic's control, such as their knowledge of falsity and intent, which may be generally averred even under Rule 9(b). *Exergen Corp. v. Wal-Mart Stores*, Inc., 575 F. 3d 1312, 1327 (Fed. Cir. 2009) ("[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally") (alteration in original) (citation omitted); *Graco*, 2009 WL 904010 at *24–25 (pleading intent generally).

Dometic's cases again do not support denying leave to amend. Dometic overstates the holding of *Satellite Financial Planning v. First Nat. Bank*, asserting that "[c]ircumstances that constitute [falsity]" cannot be alleged on information and belief. Opp. at 15. *Satellite* did not concern false advertising claims under the Lanham Act. Moreover, in applying the Maryland fraud statute, the court noted averments that statements were "either actually known to be false or made with reckless indifference to truth" and were made "for the purpose of defrauding the party claiming injury" may be "aver[ed] generally." *Satellite Fin. Planning Corp. v. First Nat. Bank of Wilmington*, 633 F. Supp. 386, 403 (D. Del. 1986). Other courts have similarly rejected the level specificity demanded by Dometic. *See e.g. Graco*, 2009 WL 904010 at *24–25 (pleading intent

8

generally). Dometic's testing is uniquely within its possession. Similarly, in *Control Solutions, LLC v. Oshkosh Corp.*, the complaint alleged "on information and belief" that the statement themselves was even made. No. 10C 121, 2011 WL 1131329, at *2-3 (N.D. Ill. Mar. 28, 2011); *see also Kuhn Constr. Co. v. Diamond State Port Corp.*, No. 10-637-SLR, 2011 WL 1576691, at *9 (D. Del. Apr. 26, 2011) (dismissing for lack of identifying statements). Seakeeper identifies Dometic's specific statements.

### B.  The Claims Based On Testing Statements Are Properly Pled

Dometic alleges that its testing statement cannot relate to its redesigned DG3.  Dometic fails to acknowledge the allegations that Dometic is presently making these statements concerning its gyrostabilizer product, and its representations that it is only offering the redesigned product. Seakeeper's allegations more than "plausibly" allege that Dometic's present marketing statements concern the design they are presently selling.  Opp. at 17. That Dometic would even advance an argument that its current marketing statements cannot be reasonably understood as pertaining to the product it currently sells is evidence of the lack of merit in Dometic's opposition.

### C.  The Claims Based On Power Consumption Statements Are Properly Pled

As explained above, Dometic's requirement that falsity be pled with specificity is wrong. Moreover, Dometic's math also fails to support its claim of a 40% reduction in power usage. Even Dometic concedes that its statements are literally false, and highly misleading.  Dometic focuses solely on the lowest range of power consumption to argue its product consumes 35% less power than the Seakeeper 3. At the upper range of power consumption for these products, the products reportedly differ by 17%.  At neither of these ends is Dometic's statement of 40% reduced power consumption true, but rather, appears literally false. *See Warner-Lambert Co. v. Breathasure, Inc.*, 204 F.3d 87, 92 (3d Cir. 2000) (literally false statements do not require reliance). Moreover, Dometic's use of the term "competition" in place of "Seakeeper" cannot save it. *See, e.g., Castrol*

9

*Inc. v. Pennzoil Co.*, 987 F. 2d 939, 941, 947 (3rd Cir. 1993) (affirming verdict based on comparison to "any leading motor oil" for implied outperformance of all competitors) (emphasis omitted). Seakeeper is not required to establish Dometic's knowledge of and/or the ultimate veracity of these statements at the motion for leave stage. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plausibility standard); *Graco*, 2009 WL 904010 at *24–25 (pleading intent generally).

### D.  Damages Are Properly Pled

Lastly, with respect to damages, Dometic claims Seakeeper has not alleged damages with specificity (Opp. at 18–19), but detailed proof is not required at pleading. Again, Dometic's cases do not support their arguments, and most did not involve pleadings. *Verisign, Inc. v. XYZ. COM LLC*, 848 F. 3d 292 (4th Cir. 2017) (reviewing grant of summary judgment); *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 198 (9th Cir. 1989) (reviewing judgment awarding damages for copyright infringement and unfair competition); *Phreesia, Inc. v. Luma Health, Inc.*, No. 24-1168-JLH-CJB, 2026 U.S. Dist. LEXIS 65321, at *1 (D. Del. Jan. 23, 2026) (in dicta warning that complaint should allege no more specifically than that false statement "caused, or was likely to cause, Plaintiff any damage or injury"); *Muzikowski v. Paramount Pictures Corp.*, No. 01 C 6721, 2003 WL 22872117, at *6 (N.D. Ill. Dec. 2, 2003) (dismissing false advertisement claim for failing plead reliance, not lack of damages specificity).

### E.  Seakeeper Should Be Afforded An Opportunity To Refine Its Pleading

Lastly, even if Rule 9(b) applied and the Court found Seakeeper failed to meet this standard, Seakeeper should first be given an opportunity to revise the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (reversing denial under Rule 9(b) without allowing plaintiff opportunity to correct).

### IV.    CONCLUSION

For these reasons, Seakeeper should be granted leave to file its Amended Complaint.

RLF1 36063603v.1

/s/ Kelly E. Farnan
Steven J. Fineman (#4025)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
fineman@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*
*Seakeeper, Inc.*

11

RLF1 36063603v.1