# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEAKEEPER, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CA No. 1:25-cv-00484-JCB |
| | ) | |
| DOMETIC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**LETTER TO THE HONORABLE J. CAMPBELL BARKER FROM ANDREW C. MAYO REGARDING DOMETIC CORPORATION'S MOTION TO COMPEL**

<table>
<tr><td>

OF COUNSEL:

DINSMORE & SHOHL LLP

Oleg Khariton
255 East Fifth Street, Suite 1900,
Cincinnati, OH 45202
(513) 977-8200
oleg.khariton@dinsmore.com

Michael A. Xavier
1775 Sherman Street, Suite 2600
Denver, CO 80203
(303) 831-6980
michael.xavier@dinsmore.com

Christopher K. VanDeusen
755 West Big Beaver Road, Suite 1900
Troy, MI 48084
(248) 203-1642
christopher.vandeusen@dinsmore.com

Dated: June 11, 2026

</td><td>

ASHBY & GEDDES
Andrew C. Mayo (#5207)
John G. Day (#2403)
500 Delaware Avenue, 8th Floor
PO Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com
jday@ashbygeddes.com

*Attorneys for Defendant*

</td></tr>
</table>

Dear Judge Barker,

This motion concerns Seakeeper's wholesale failure to comply with the May 11, 2026 deadline to substantially complete its document production.  In this patent infringement case involving two direct competitors, relatively sophisticated technology, and allegations of far-reaching economic harm, Seakeeper's document production so far consists almost entirely of publicly available information and includes less than 100 non-public documents.  By contrast, Dometic's production currently stands at over 10,000 documents.  It seems clear that Seakeeper has not even attempted, in good faith, to meet the Court-ordered document production deadline.

Dometic has met and conferred with Seakeeper about its failure to comply with the Scheduling Order, but, to date, Seakeeper has not remedied its deficient production or provided a date certain by which it expects to do so.  Because Seakeeper's continued failure to produce documents severely prejudices Dometic's ability to complete depositions before the fast-approaching July 17, 2026 deadline for completing fact discovery, Dometic moves to compel Seakeeper to promptly produce documents responsive to Dometic's requests for production ("RFPs") by no later than June 25, 2026. A proposed order describing the specific relief requested in this motion is attached.

## I.    Background

Dometic served its RFPs on November 21, 2025.  Ex. A.  Seakeeper served its responses and objections on December 22, 2025.  Ex. B.  On February 3, 2026, Dometic sent Seakeeper a letter outlining the deficiencies in its discovery responses.  Ex. C.  Despite multiple follow-up attempts from Dometic, Seakeeper ignored that letter until March 19, 2026.  Exs. D, E.  And even its March 19 letter provided little by way of a meaningful response; instead, it mostly feigned confusion about the scope of Dometic's RFPs and needlessly asked Dometic to "clarify" its positions on issues it already fully explained in its prior letter.  Ex. E.  Dometic promptly followed up with another deficiency letter on March 24, 2026.  Ex. F.

In the end, Seakeeper did not produce a single document in this case until May 11, 2026—the deadline for substantial completion of document production.  D.I. 171.  On that date, Seakeeper produced 858 documents.  237 of those documents appear to be from the public file histories of the Patents-in-Suit.  The bulk of the remaining 621 documents consist of publicly available patent filings, news articles, and social media posts.  Seakeeper has produced *less than 100* non-public documents, including only *seven* emails.  Indeed, during the parties' May 27, 2026 meet-and-confer, Seakeeper's counsel all but confirmed that, despite previously identifying no less than ten (10) custodians of discoverable information in its disclosures under Paragraph 3(a) of the Default Standard for Discovery, Ex. G at 2-3, Seakeeper had made no meaningful effort to collect, review, and produce email communications and other custodial ESI prior to the May 11 deadline.

Following the May 27 meet-and-confer regarding Seakeeper's failure to comply with the Scheduling Order, Seakeeper sent Dometic a document entitled "Revised Scope of Disputed RFPs," which purported to narrow the scope of certain RFPs discussed by the parties in the meet-and-confer.  Ex. H.  On June 5, 2026, Dometic responded by explaining that Seakeeper's attempts to limit the scope of most of these RFPs were improper, and that, in any event, the real issue here was not about Seakeeper's failure to fully respond to a discrete set of disputed RFPs but rather about its near total failure to comply (or even make a good-faith effort to comply) with the deadline for substantially completing its document production—including its failure to produce several categories of documents that it *had agreed* to produce, without

1

objection, in its December 22, 2025 written responses to Dometic's RFPs. Ex. I. Dometic requested that Seakeeper promptly remedy these deficiencies. *Id.* at 2. As of the filing of this motion, Seakeeper has neither responded to Dometic's letter nor produced any additional documents.

II.     **The Court Should Compel Seakeeper to Immediately Produce Responsive Documents.**

The Court should order Seakeeper to produce the following categories of documents, all of which are covered by Dometic's RFPs, by June 25:

- Documents relating to the conception and reduction to practice of the features subject to the Patents-in-Suit[1] (**RFP No. 7**);

- Documents relating to Seakeeper's investigation, analysis, and evaluation of the accused Dometic DG3 product and comparisons of the DG3 to Seakeeper's patented invention (**RFP Nos. 30, 39**);[2]

- Documents relating to Seakeeper's first knowledge of the accused Dometic DG3 product and alleged infringement **(RFP No. 24)**;

- Documents sufficient to show the design, operation, and testing of any Seakeeper gyrostabilizer products alleged to practice the patented technology (**RFP No. 9**);

- Documents relating to the design, operation, and testing of any non-patented cooling features used within Seakeeper's gyrostabilizer products **(RFP Nos. 9, 13)**;[3]

- Documents relating to customer feedback to Seakeeper's gyrostabilizer products (**RFP No. 9**);

- Documents relating to Seakeeper's evaluation of other competing gyrostabilizer products besides the accused Dometic DG3 product **(RFP No. 39)**;

- Documents relating to Seakeeper's actual or contemplated attempts to enforce the Patents-in-Suit or related patents against third parties (**RFP Nos. 21, 22, 23**);

- Documents relating to any actual or proposed licenses to the Patents-in-Suit or related patents (**RFP Nos. 16, 17, 34**);

- Documents relating to any licenses (whether to or from Seakeeper or any third party) covering marine gyrostabilizer technology, including flywheel cooling technology (**RFP No. 17**);

- Documents relating to any settlement agreements pertaining to the Patents-in-Suit (**RFP No. 16**);

---

[1] So far, Seakeeper has produced only four (4) documents from before January 12, 2006 (the filing date of the '782 Patent) that apparently concern the conception and reduction to practice of patented features.

[2] Seakeeper has produced only seven (7) internal documents mentioning DG3. Given the "existent[ial]" harm that Dometic's entry in the gyrostabilizer market supposedly poses to Seakeeper (D.I. 9 at 19), it seems extremely unlikely that Seakeeper has no more documents that discuss the DG3 in its files.

[3] As the Court has explained, the incorporation of non-patented cooling features in Seakeeper's gyrostabilizer products is directly relevant to the purported existence of a "nexus" between the commercial success of those products and the patented invention. D.I. 27 at 28.

- Documents relating to Seakeeper's analysis of the market for marine gyrostabilizers (**RFP Nos. 37, 40, 41**);

- Documents relating to Seakeeper's marketing strategy for its gyrostabilizer products (**RFP No. 43**);

- Documents relating to Seakeeper's strategic plans with respect to its patented gyrostabilizer products (**RFP No. 42**);

- Documents relating to Seakeeper's plans with respect to the expiration of the Patents-in-Suit (**RFP No. 38**);

- Documents relating to any formal or informal valuations of Seakeeper and/or the patented technology (**RFP No. 44**);

- Documents relating to Dometic Group AB's exploration of a potential acquisition of Seakeeper (**RFP No. 36**);[4]

- Documents that discuss the prior art (**RFP Nos. 10, 11, 12**);

- Documents relating to any prior art search results for the Patents-in-Suit (**RFP No. 12**);

- Documents relating to the first offer for sale of the invention claimed in the Patents-in-Suit (**RFP No. 8**);

- Documents sufficient to show Seakeeper's marking of its products (**RFP No. 19**);

- Documents sufficient to show the organization of Seakeeper's management team (**RFP No. 26**).

All of these categories of documents are clearly relevant and otherwise discoverable. In fact, Seakeeper agreed to produce many of them in its December 22 responses to Dometic's RFPs. Ex. I at 2-3. As to the rest, Seakeeper has not articulated any legitimate basis for not producing them. Instead, it has offered only unsubstantiated, boilerplate objections based on supposed overbreadth, undue burden, and lack of proportionality. Ex. B. These unsupported objections are insufficient to avoid a motion to compel. *E.g.*, *Invensas Corp. v. Renesas Elecs. Corp.*, Civil Action No. 11-448-GMS-CJB, 2013 U.S. Dist. LEXIS 199894 at \*11–12 (D. Del. May 8, 2013) (granting motion to compel where party opposing discovery "ha[d] not really explained" why the proposed search was burdensome "in any further detail" beyond general burden and expense).

Of note, nearly all of the foregoing RFPs implicate potentially responsive email communications. And yet, Seakeeper has admittedly not searched the email files of its 10 identified ESI custodians for communications responsive to Dometic's RFPs. Ex. I at 4-5. Seakeeper should be ordered to do so immediately.

## III.    Conclusion

Seakeeper brought this suit and demanded an aggressive discovery schedule. Now, it apparently seeks to shirk its discovery obligations without any excuse whatsoever. The Court should not allow that. It should order Seakeeper to produce the documents identified above by no later than June 25.

---

[4] Although Seakeeper has produced a few emails with Dometic Group AB concerning the potential acquisition, it has produced only one (1) internal email on the topic.

3

Respectfully,

/s/ *Andrew C. Mayo*

Andrew C. Mayo (#5207)

ACM: nml
Attachments

cc: All Counsel of Record (via electronic mail; w/attachments)