**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SEAKEEPER, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CA No. 1:25-cv-00484-JCB |
| | ) | |
| DOMETIC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER**

This _____ day of _____, 2026, upon consideration of Defendant Dometic Corporation's Motion to Compel and all other matters properly of record; now therefore,

IT IS HEREBY ORDERED THAT Defendant's Motion is GRANTED and Plaintiff Seakeeper, Incorporated is HEREBY ORDERED to produce, by June 25, 2026, all non-privileged documents within the categories identified below (with any defined terms having the same meanings as set forth in Dometic's requests for production of documents), as well as any privilege logs.

- Documents relating to the conception and reduction to practice of the features subject to the Patents-in-Suit (RFP No. 7);

- Documents relating to Seakeeper's investigation, analysis, and evaluation of the accused Dometic DG3 product and comparisons of the DG3 to Seakeeper's patented invention (RFP Nos. 30, 39);

- Documents relating to Seakeeper's first knowledge of the accused Dometic DG3 product and alleged infringement (RFP No. 24);

- Documents sufficient to show the design, operation, and testing of any Seakeeper gyrostabilizer products alleged to practice the patented technology (RFP No. 9);

- Documents relating to the design, operation, and testing of any non-patented cooling features used within Seakeeper's gyrostabilizer products (RFP Nos. 9, 13);

- Documents relating to customer feedback to Seakeeper's gyrostabilizer products (RFP No. 9);

- Documents relating to Seakeeper's evaluation of other competing gyrostabilizer products besides the accused Dometic DG3 product (RFP No. 39);

- Documents relating to Seakeeper's actual or contemplated attempts to enforce the Patents-in-Suit or related patents against third parties (RFP Nos. 21, 22, 23);

- Documents relating to any actual or proposed licenses to the Patents-in-Suit or related patents (RFP Nos. 16, 17, 34);

- Documents relating to any licenses (whether to or from Seakeeper or any third party) covering marine gyrostabilizer technology, including flywheel cooling technology (RFP No. 17);

- Documents relating to any settlement agreements pertaining to the Patents-in-Suit (RFP No. 16);

- Documents relating to Seakeeper's analysis of the market for marine gyrostabilizers (RFP Nos. 37, 40, 41);

- Documents relating to Seakeeper's marketing strategy for its gyrostabilizer products (RFP No. 43);

- Documents relating to Seakeeper's strategic plans with respect to its patented gyrostabilizer products (RFP No. 42);

- Documents relating to Seakeeper's plans with respect to the expiration of the Patents-in-Suit (RFP No. 38);

- Documents relating to any formal or informal valuations of Seakeeper and/or the patented technology (RFP No. 44);

- Documents relating to Dometic Group AB's exploration of a potential acquisition of Seakeeper (RFP No. 36);

- Documents that discuss the prior art (RFP Nos. 10, 11, 12);

- Documents relating to any prior art search results for the Patents-in-Suit (RFP No. 12);

- Documents relating to the first offer for sale of the invention claimed in the Patents-in-Suit (RFP No. 8);

- Documents sufficient to show Seakeeper's marking of its products (RFP No. 19);

- Documents sufficient to show the organization of Seakeeper's management team (RFP No. 26).

IT IS SO ORDERED.

_____

J. Campbell Barker

United States District Judge