# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SEAKEEPER, INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-484-JCB |
| | ) | |
| DOMETIC CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DOMETIC CORP.'S FIRST SET OF**
**REQUESTS FOR PRODUCTION TO PLAINTIFF SEAKEEPER, INC.**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Dometic Corporation hereby propounds the following document requests on Plaintiff Seakeeper, Incorporated. Defendant requests that Plaintiff respond to these requests and produce the requested documents within thirty (30) days of service, by email to all undersigned counsel for Plaintiff and in the form specified herein.

**DEFINITIONS**

1.      "Document(s)" has the broadest meaning consistent with the usage of this term in Federal Rule of Civil Procedure 34(a).  "Document" includes, without limitation, any written, printed, typed, stored, photostated, photographed, recorded, or otherwise reproduced communication, compilation, or reproduction, including computer or electronically generated or stored information or data, whether asserted privileged or not.  A draft or non-identical copy is a separate document within the meaning of this term.  "Document" specifically includes all forms of electronically stored information or data.

2.      "Seakeeper," "you," and "your" mean Plaintiff Seakeeper, Incorporated, including without limitation all corporate locations, and any predecessors, successors, wholly or partially owned subsidiaries, parent companies, affiliates, and all past or present agents, representatives,

1

partners, employees, directors, officers, consultants, attorneys, entities acting in joint venture or partnership relations with Seakeeper, Incorporated and persons purporting to act on Seakeeper's behalf. To the extent that any inventor as to any of the Patents-in-Suit may not have been an employee of Seakeeper during any relevant period, all inventors as to any of the Patents-in-Suit are included in these terms.

3.      "Dometic" means Defendant Dometic Corporation and/or any of its affiliates involved in the design, development, manufacture, marketing, or sale of the Accused Product.

4.      "Patents-in-Suit" means U.S. Patent No. 7,546,782 (the "'782 Patent") and U.S. Patent No. 8,117,930 (the "'930 Patent"), individually or collectively, and, in the event that any further patents are asserted against Defendants and permitted in this case, such further patents shall be incorporated into this definition. To the extent that a request solicits Documents referring or relating to any of the Patents-in-Suit, such request also seeks Documents referring or relating to the applications that issued as the '782 Patent and the '930 Patent, individually or collectively.

5.      "Related Patents" means PCT/US07/60091 and the subsequent national-phase applications, including in China, Australia, India, Germany and with the European Patent Office, and any other U.S. or foreign patent or application that (i) claims priority to any of the Patents-in-Suit; (ii) describes subject matter claimed in any of the Patents-in-Suit; or (iii) claims any subject matter claimed in any of the Patents-in-Suit.

6.      "Related Patent Applications" means any U.S. or foreign patent application that (i) claims priority to any of the Patents-in-Suit; (ii) describes subject matter claimed in any of the Patents-in-Suit; or (iii) claims any subject matter claimed in any of the Patents-in-Suit.

7.      "Accused Product" means any product made, sold, or offered for sale by Dometic that Seakeeper alleges or contends infringes any claim of the Patents-in-Suit.

8.    "Person" means any natural person or any entity, including, but not limited to, any business or governmental entity, organization, or association.

9.    "Relating to" means consisting of, referring to, reflecting, concerning, or being in any way logically or factually connected with the matter discussed.

10.    "Communication" means any of the following: (i) any letter, memorandum, or e-mail; (ii) any telephone call between two or more persons (whether such was by chance or prearranged, formal or informal); (iii) any conversation or discussion or meeting between two or more persons (whether such conversation was by chance or prearranged, formal or informal); and (iv) any other transmittal of information (in the form of facts, ideas, suggestions, inquiries, responses or otherwise) between two or more persons.

11.    "Complaint" means the Complaint filed by Seakeeper in this action [D.I. 1] and, in the event of any amended complaint, means the later-operative amended complaint.[1]

12.    "Prior Art" means patents, patent applications, printed publications, and any other Documents, information, events or activities (including without limitation any public uses, disclosures, sales, or offers to sell) that could or would anticipate or render obvious or otherwise affect the validity of any claim of the Patents-in-Suit or that could or would anticipate or render obvious or otherwise preclude or affect the patentability of any claim of any application leading to the issuance of the Patents-in-Suit.  "Prior Art" includes without limitation anything of which Seakeeper is now aware which, if it had been aware of during the prosecution of any application which led to the issuance of the Patents-in-Suit, Seakeeper would have been required to provide

---

[1] In the event the Complaint is amended, and the numbering of the paragraphs of the Complaint referenced herein change in any such amendment, the number of the paragraph referenced herein shall also be construed to have changed to track that paragraph (as it itself may be amended) to its new number in a later-operative amended complaint.

to the USPTO under the duty of disclosure described in Manual of Patent Examining Procedure §2001.06.

13.     "Product Market" means the market for marine gyroscopic stabilizers and/or any other market in which the Accused Product is or was competing, or is expected to compete, with any Seakeeper or third-party licensed product(s) covered by the Patents-in-Suit.

14.     "USPTO" means the United States Patent and Trademark Office.

15.     "Flywheel Cooling" means transferring heat from and/or cooling one or more heat generating components that support or drive a flywheel or other spinning member, whether or not in a gyrostabilizer system, including any apparatuses or equivalents and any methods of making or using those apparatuses or equivalents.

16.     The terms "and," "or," and "and/or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all documents that might otherwise fall outside the scope of the request.

17.     The terms "all," "any," or "each" encompass any and all of the matter discussed.

18.     "Including" means including, but not limited to.

## INSTRUCTIONS

1.     Produce all Documents in the same file or other organizational environment in which they are maintained by Seakeeper. Include file folders, tabs, binders and any other means of separating and/or organizing a Document or collection of Documents. Where a Document is part of a file, patent, engineering or development docket, analytical report or study, or other grouping however denominated, it should be produced together with all of the Documents from said file, docket or grouping that are responsive to a request in the same order as the original.

2.      Produce all Documents and electronically stored information in the manner and format agreed upon by the Parties in any stipulated order regarding discovery of electronically stored information to be filed with the Court at a later date, or in the absence of such a stipulated order, in accordance with the District of Delaware's Default Standard for Discovery.

3.      If, after conducting a reasonable investigation, all Documents or things requested cannot be provided for any request, state that such is the case and provide Documents and things to the fullest extent possible, stating what responsive Documents cannot be provided, the reason such Documents are unavailable, the efforts made to obtain the unavailable Documents, and the person or persons who last had such Documents and, if not currently within Seakeeper's possession, custody, or control, the persons or entities that may currently possess such Documents.

4.      For all Documents that are withheld on a claim of privilege or pursuant to the work product doctrine, provide for each such Document: (a) the type or nature of the Document; (b) a description of its subject matter; (c) the dates it was prepared and transmitted; (d) the identity of the author(s) and sender(s); (e) the identity of all person(s) to whom it was provided, communicated, or otherwise made available in whole or in part; and (f) all grounds for withholding the Document.

5.      If Seakeeper objects to any portion of a request, provide all information or Documents responsive to those portions of the request to which Seakeeper does not object.  If Seakeeper objects that a term or phrase is vague, ambiguous, or indefinite, then provide Seakeeper's understanding of the term or phrase and respond accordingly.  If Seakeeper objects to a request on the ground that it is too broad, provide all Documents responsive to those portions of the request that Seakeeper concedes is relevant or reasonably calculated to lead to the discovery of admissible evidence.

5

6.        This First Set of Requests for Production is continuing and must be supplemented to the fullest extent required by applicable law, including the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** File histories for the Patents-in-Suit, Related Patents, and Related Patent Applications (whether before the USPTO or a foreign patent office).

**REQUEST FOR PRODUCTION NO. 2:** Any non-privileged Documents and things not produced in response to Request For Production No. 1 that relate to the preparation, filing, prosecution, or issuance of any of the Patents-in-Suit, Related Patents, or Related Patent Applications (whether before the USPTO or any foreign patent office), including any search reports or written opinions on the application's claims prepared or issued by any patent office.

**REQUEST FOR PRODUCTION NO. 3:** All Documents and things that disclose or relate to any lapse of rights in the Patents-in-Suit, Related Patents, or Related Patent Applications.

**REQUEST FOR PRODUCTION NO. 4:** All Documents and things that refer to or relate to any actual or potential reexamination, reissue, or interference proceeding of the Patents-in-Suit or Related Patents.

**REQUEST FOR PRODUCTION NO. 5:** Documents and things sufficient to show any past or present ownership interest in any of the Patents-in-Suit, Related Patents, or Related Patent Applications.

**REQUEST FOR PRODUCTION NO. 6:** Documents and things constituting or related to any contemplated transfer of ownership interest in any of the Patents-in-Suit, Related Patents, or Related Patent Applications.

**REQUEST FOR PRODUCTION NO. 7:** All Documents and things that refer or relate to the research, conception, design, development, or any actual or constructive reduction to practice of

6

the alleged invention(s) of the Patents-in-Suit, Related Patents, or Related Patent Applications.

**REQUEST FOR PRODUCTION NO. 8:** All Documents and things disclosing, constituting, or relating to the first disclosure, first public use, first demonstration, first sale, or first offer for sale of the subject matter disclosed and claimed in the Patents-in-Suit, Related Patents, or Related Patent Applications.

**REQUEST FOR PRODUCTION NO. 9:** All Documents and things that refer or relate to Seakeeper's efforts to develop, design, test, commercialize, manufacture, or have manufactured Flywheel Cooling technology.

**REQUEST FOR PRODUCTION NO. 10:** All Documents and things that constitute or refer to Prior Art to the Patents-in-Suit, Related Patents, or Related Patent Applications.

**REQUEST FOR PRODUCTION NO. 11:** All patents, textbooks, articles, journals, or other publications of any kind issued, printed, published, distributed, or made available prior to January 12, 2006 that relate to the development, design, or performance of, or any attempt to design or develop, Flywheel Cooling technology, whether or not you contend or concede that such patents, textbooks, articles, journals, or publications constitute or reflect Prior Art.

**REQUEST FOR PRODUCTION NO. 12:** All non-privileged Documents and things that constitute or refer to the results of any search for Prior Art concerning any of the Patents-in-Suit, Related Patents, or Related Patent Applications.

**REQUEST FOR PRODUCTION NO. 13:** All Documents and things referring or relating to Seakeeper's knowledge or awareness of, or participation in, demonstrations, testing, evaluations, or safety studies conducted by any person and that relate to Flywheel Cooling technology.

**REQUEST FOR PRODUCTION NO. 14:** All Documents and things referring or relating to Seakeeper's knowledge or awareness of, or participation in, meetings, presentations, or

7

conferences conducted by any person and that relate to Flywheel Cooling technology.

**REQUEST FOR PRODUCTION NO. 15:** All Documents and things referring or relating to Seakeeper's knowledge or awareness of, or participation in, grant proposals by any entity or person, grant awards by any entity or person, or solicitations for comment by any entity or person, any of which relate to Flywheel Cooling technology.

**REQUEST FOR PRODUCTION NO. 16:** All Documents and things that constitute or relate to any actual or proposed license, assignment, settlement agreement, hold harmless agreement, indemnification agreement, grant of rights, or other agreement related to the Patents-in-Suit, Related Patents, or Related Patent Applications, and all Documents and things that constitute or relate to any offers, proposals, responses, negotiations, or Communications in connection with any such actual or proposed license, assignment, grant, or agreements.

**REQUEST FOR PRODUCTION NO. 17:** All Documents and things constituting, disclosing, referring to, or relating to any intellectual property license relating to marine gyroscopic stabilizers or Flywheel Cooling technology.

**REQUEST FOR PRODUCTION NO. 18:** All Documents and things constituting or relating to any Seakeeper policy(ies) relating to licensing of patents or patent applications.

**REQUEST FOR PRODUCTION NO. 19:** All Documents and things referring or relating to all efforts by or on behalf of Seakeeper and/or any prior owners of each Patent-in-Suit to satisfy the marking requirements of 35 U.S.C. § 287.

**REQUEST FOR PRODUCTION NO. 20:** Documents sufficient to disclose the sales, pricing, units sold, net and gross revenues, profits, losses, and royalties (broken out by year and product model) for any products sold or offered for sale by Seakeeper (or by any licensee of the Patents-in-Suit) that Seakeeper alleges embody or practice any claim of the Patents-in-Suit.

8

**REQUEST FOR PRODUCTION NO. 21:** All Documents and things that refer or relate to (a) any infringement of any of the Patents-in-Suit or Related Patents by any person and/or (b) any consideration or decision by Seakeeper whether to sue or pursue other steps to enforce the Patents-in-Suit or Related Patents against such person for any reason(s).

**REQUEST FOR PRODUCTION NO. 22:** All Documents and things constituting or relating to any Communication or notice by or for Seakeeper to any person alleging infringement of any of the Patents-in-Suit or Related Patents, threatening any enforcement of any of the Patents-in-Suit or Related Patents, or otherwise relating to alleged or possible infringement of any of the Patents-in-Suit or Related Patents.

**REQUEST FOR PRODUCTION NO. 23:** All Documents and things referring or relating to any steps or actions taken by Seakeeper to enforce the Patents-in-Suit or Related Patents, including actual or threatened litigation in the United States, actual or threatened litigation in any foreign country, or any arbitration or mediation proceeding.

**REQUEST FOR PRODUCTION NO. 24:** All Documents and things referring or relating to Seakeeper's knowledge of the Accused Product, including any Documents and things disclosing or relating to (a) how and when Seakeeper learned about such product and (b) how and when Seakeeper learned that such product allegedly infringed or practiced any of the claims of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 25:** All Documents and things relating to any cooling apparatus or method, or any apparatus or method for transferring heat from heat-generating components, in the Accused Product.

**REQUEST FOR PRODUCTION NO. 26:** Documents sufficient to disclose the organizational structure of Seakeeper with respect to the development, invention, prosecution, engineering,

9

safety, production, marketing, advertising, litigation, licensing, sales, and regulation (including interactions with regulatory entities) of marine stabilization products by Seakeeper, including employee or contractor or consultant names, titles, departments, positions, or relationships with Seakeeper in Seakeeper's organizational structure.

**REQUEST FOR PRODUCTION NO. 27:** All Documents and things referring to Dometic and related to marine gyroscopic stabilizers or Flywheel Cooling technology.

**REQUEST FOR PRODUCTION NO. 28:** All Documents and things relating to Dometic's actual or constructive knowledge of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 29:** All Documents that constitute, refer to, or relate to statements by the inventors of the Patents-in-Suit regarding the Patents-in-Suit, Related Patents, or Related Patent Applications.

**REQUEST FOR PRODUCTION NO. 30:** All Documents and things constituting or relating to any comparison of the Accused Product, or of any other device, process, method, use, manufacture, or system, to any claim, description, or invention in the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 31:** All Documents and things on which Seakeeper intends to rely or use in support of a proposed construction or interpretation of any word or phrase of any claim of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 32:** All Documents and things on which Seakeeper intends to rely or which Seakeeper intends to use in support of the alleged priority date for each of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 33:** All Documents and things on which Seakeeper intends to rely or which Seakeeper intends to use in support of any alleged objective indicia of secondary considerations of non-obviousness of any invention claimed in any of the Patents-in-

Suit, including commercial success, long-felt but unsolved needs, and the failures of others with respect to any invention claimed in any of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 34:** All Documents and things which disclose, refer to, or relate to any attempt by Seakeeper to commercialize or license any invention claimed in any of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 35:** All Documents and things disclosing, quantifying, or relating to any alleged damage or harm that Seakeeper has allegedly suffered as a result of any alleged infringement of any claim of any of the Patents-in-Suit by Dometic.

**REQUEST FOR PRODUCTION NO. 36:** All Documents and things which refer to or relate to Dometic's alleged access to the "confidential information" referred to in Paragraphs 49–58 of the Complaint.

**REQUEST FOR PRODUCTION NO. 37:** All Documents and things relating to or describing the Product Market, including its suppliers, original equipment manufacturers, purchasers, and purchasing cooperatives, including Independent Boat Builders, Inc.

**REQUEST FOR PRODUCTION NO. 38:** All Documents and things relating to actions taken or proposed within or concerning Seakeeper in response to, preparation for, or otherwise motivated (in whole or in part) by the anticipated expiration of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 39:** All Documents and things relating to any evaluations of third-party products that compete with Seakeeper's products in the Product Market.

**REQUEST FOR PRODUCTION NO. 40:** All Documents and things relating to any research or analysis of the Product Market.

**REQUEST FOR PRODUCTION NO. 41:** All Documents and things relating to Seakeeper's, Dometic's, or any third party's market share (past, current, or projected) in the Product Market.

11

**REQUEST FOR PRODUCTION NO. 42:** All Documents and things relating to Seakeeper's business plans, strategic plans, operating plans, marketing plans, financial plans, sales plans, and investment plans pertaining to marine gyroscopic stabilizers.

**REQUEST FOR PRODUCTION NO. 43:** All Documents and things relating to any marketing efforts or initiatives by Seakeeper to sell or promote marine gyroscopic stabilizers, including marketing plans, materials, advertisements, presentations, promotions, or press releases.

**REQUEST FOR PRODUCTION NO. 44:** All Documents and things relating to any formal or informal valuations of Seakeeper and/or any technology disclosed or described in the Patents-in-Suit, Related Patents, or Related Patent Applications.

**REQUEST FOR PRODUCTION NO. 45:** All other Documents and things not requested or described above on which Seakeeper intends to rely or which Seakeeper intends to use in support of any claim or contention asserted in this action.

**REQUEST FOR PRODUCTION NO. 46:** To the extent that Seakeeper no longer has Documents or things which disclosed, constituted, referred to, or related to the conception, actual or constructive reduction to practice, testing, development or commercialization, prosecution, abandonment, expiration, enforcement or licensing of any invention claimed in any of the Patents-in-Suit that are sought or described in the above requests because such Documents or things have been destroyed (whether or not pursuant to a document retention policy), then produce all Documents and things referring or relating to their destruction, all Documents and things constituting or relating to consideration as to whether to keep them in view of possible or contemplated litigation or other enforcement of the Patents-in-Suit, and any document retention policy or policies covering or governing them.

**REQUEST FOR PRODUCTION NO. 47:** To the extent that Seakeeper no longer has

12

Documents or things which disclosed, constituted, referred to, or related to the prosecution, abandonment, expiration, enforcement or licensing that are sought or described in requests above because such Documents or things have been destroyed (whether or not pursuant to a document retention policy), then produce all Documents and things referring or relating to their destruction, all Documents and things constituting or relating to consideration as to whether to keep them in view of possible or contemplated litigation or other enforcement of the Patents-in-Suit, and any document retention policies covering or governing them.

**REQUEST FOR PRODUCTION NO. 48:** All Documents and things identified in your responses to Dometic's First Set of Interrogatories to you in this proceeding or which you relied upon or reviewed in responding to Dometic's First Set of Interrogatories.

ASHBY & GEDDES

/s/ Andrew C. Mayo
Andrew C. Mayo (#5207)
Brian A. Biggs (#5591)
500 Delaware Avenue, 8th Floor
PO Box 1150
Wilmington, DE 19899
(302) 654-1888
amayo@ashbygeddes.com
bbiggs@ashbygeddes.com

OF COUNSEL:

DINSMORE & SHOHL LLP

Oleg Khariton
255 East Fifth Street, Suite 1900,
Cincinnati, OH 45202
(513) 977-8200
oleg.khariton@dinsmore.com

Michael A. Xavier
1775 Sherman Street, Suite 2600
Denver, CO 80203
(303) 831-6980
michael.xavier@dinsmore.com

Dated: November 21, 2025

*Attorneys for Defendant*

13