# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEAKEEPER, INCORPORATED, | |
| Plaintiff, | |
| v. | C.A. No. 25-cv-00484-JCB |
| DOMETIC CORPORATION, | |
| Defendant. | |

**PLAINTIFF SEAKEEPER'S ANSWERS AND OBJECTIONS TO
DOMETIC'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-48)**

Pursuant to Rules 33 and 26 of the Federal Rules of Civil Procedure, Plaintiff, Seakeeper, Incorporated ("Seakeeper" or "Plaintiff"), answers and objects to the First Set of Request for Production (Nos. 1-48) from Defendant, Dometic Corporation ("Dometic" or "Defendant"), as follows:

**GENERAL OBJECTIONS**

These general objections are hereby incorporated by reference into the responses made with respect to each separate discovery request.

Seakeeper will respond to each request based on the best of its present knowledge, information, and belief. Seakeeper's agreement to produce documents is not to be construed as a statement that such documents exist or have existed, but only that such documents, to the extent that any exist and are located after a reasonable search, will be produced.

Seakeeper's production of any documents or things or identification of information in response to any request is not intended to waive, and does not constitute any waiver of, any objection which it may have to the admissibility, authenticity, competency, or relevance of the materials produced or information identified.

1

Seakeeper objects to each request to the extent it calls for any documents or information protected by any applicable privilege or doctrine, including without limitation the attorney-client privilege, the work product doctrine, and/or documents or information pertaining to Seakeeper's counsel's mental impressions and/or trial preparation materials. Without waiving its objections, pursuant to Federal Rule of Civil Procedure 26(b)(5), Seakeeper will produce a privilege log of responsive documents that are being withheld by reason of such privileges against disclosure. Seakeeper objects to identifying privileged or work product documents created after the commencement of this lawsuit.

Seakeeper objects to all of Plaintiff's discovery requests to the extent that they call for the production of any documents or information disclosing confidential or proprietary information, and/or trade secrets of Seakeeper or any third party, or documents or information restricted from dissemination pursuant to court order, statute, or regulation. Without waiving its objections, Seakeeper will produce such documents and information that are reasonably responsive and non-privileged subject to the applicable protective order restrictions governing such confidential information and documents.

Seakeeper objects to each discovery request to the extent it seeks disclosure of any information and documents not relevant to any party's claims or defenses, to the extent that responding to the request would be unreasonably burdensome, and to the extent that the burden or expense of responding to the request outweighs its likely benefit.

Seakeeper objects to each request to the extent that the discovery sought by such requests is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome or less expensive.

Seakeeper objects to each request to the extent they seek the general search and production of emails or electronic messages, or electronically stored information ("ESI") related to emails or electronic messages as overly broad, unduly burdensome, and not proportional to the needs of the case.

Seakeeper objects to the discovery requests to the extent that they seek to impose duties and obligations beyond those imposed under the Federal Rules of Civil Procedure, or the Local Rules or Orders of this Court.

Seakeeper objects to the proposed definition of "Dometic" as vague, overly broad, unduly burdensome, and not proportional to the needs of the case. Seakeeper lacks knowledge of the identity of all of Dometic's past and present affiliates, operating divisions, parent corporations, subsidiaries, directors, officers, agents, employees, representatives, and all persons acting on its behalf. Seakeeper's responses interpret Dometic as having the same meaning as that term is defined in Seakeeper's First Set of Requests for Production.

Seakeeper objects to the proposed definition of "Seakeeper" as overly broad, unduly burdensome, and not proportional to the needs of the case. With respect to requests directed to Seakeeper, Seakeeper's responses are made on behalf of Seakeeper Incorporated.

Seakeeper objects to the proposed definition of "Plaintiff(s)," "You," and "Your" as overly broad, unduly burdensome, and not proportional to the needs of the case. With respect to requests directed to Plaintiff(s), You, and Your, Seakeeper's responses are made on behalf of Seakeeper, Incorporated.

Seakeeper objects to the use of the terms "relating to," including to the extent used to define the terms "concerns" and "concerning," to the term "associated," and to the term "evidencing," as

3

well as similar formulations, on the grounds that such requests are vague and do not "describe with reasonable particularity" the documents and materials sought as required under Rule 34(b)(1)(A).

Seakeeper objects to the proposed definition of "Related Patents" and "Related Applications" as overly broad, unduly burdensome, and not proportional to the needs of the case. With respect to requests directed to "Related Patents" and "Related Applications," Seakeeper's responses are limited to those patent applications that claim priority, either directly or indirectly, to U.S. Patent Application Serial No. 11/330896 filed January 12, 2006 (issued as U.S. Patent No. 7,546,782), as well as any patents that may have issued from those applications. These include U.S. Patent Application Serial No. 12/484501 (U.S. Patent No. 8,117,930), PCT/US2007/060091 (Published: WO2007095403), Indian Patent Application Serial No. 3087KON2008 (Published: IN20087KN03087), European Patent Application No. EP07756280 (Patent: EP1979708), Chinese Patent Application Serial No. 200780007581 (Patent: CN101443987), Brazilian Patent Application Serial No.10707129 (Patent: BRPI0707129), Australian Patent Application Serial No.200721498 (Patent: AU2007214984), Polish Patent Application Serial No. PL07756280T (Patent: PL1979708T), Portuguese Patent Application Serial No. PT1979708T (Patent: PT1979708T), Spanish Patent Application Serial No. 07756280 (Patent: ES2638169T3) and Denmark Patent Application Serial No.07756280T (Patent: DK1979708T) (collectively, the "Seakeeper Patent Applications").

## SPECIFIC OBJECTIONS AND RESPONSES

## REQUEST FOR PRODUCTION NO. 1:

File histories for the Patents-in-Suit, Related Patents, and Related Patent Applications (whether before the USPTO or a foreign patent office).

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. file histories for "Related Patents, and Related Patent Applications" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available. Plaintiff further objects to this request as duplicative or cumulative with other discovery sought in this case, for example Interrogatory No. 1.  Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to and without waiving its general and specific objections, Seakeeper agrees to produce copies of non-privileged, non-cumulative, non-duplicative copies of the public file histories of the Seakeeper Patent Applications to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 2:**

Any non-privileged Documents and things not produced in response to Request For Production No. 1 that relate to the preparation, filing, prosecution, or issuance of any of the Patents-in-Suit, Related Patents, or Related Patent Applications (whether before the USPTO or any foreign patent office), including any search reports or written opinions on the application's claims prepared or issued by any patent office.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g.

5

Any non-privileged Documents and things . . . that relate to the preparation, filing, prosecution, or issuance of any of the Patents-in-Suit, Related Patents, or Related Patent Applications [as defined by Dometic]"). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available. Plaintiff further objects to this request as duplicative or cumulative with other discovery sought in this case, for example Interrogatory No. 1.  Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to and without waiving its general and specific objections, Seakeeper agrees to produce copies of non-privileged, non-cumulative, non-duplicative copies of the public file histories of the Seakeeper Patent Applications to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and things that disclose or relate to any lapse of rights in the Patents-in-Suit, Related Patents, or Related Patent Applications.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things that disclose or relate," "Related Patents, and Related Patent Applications" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other

privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to and without waiving its general and specific objections, Seakeeper agrees to produce copies of non-privileged, non-cumulative, non-duplicative documents relating to the conception and reduction to practice of patented features, such as the interlocking fins and use of specific gas in vacuum, and maintenance fee payments for the Asserted Patents to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and things that refer to or relate to any actual or potential reexamination, reissue, or interference proceeding of the Patents-in-Suit or Related Patents.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. ""All Documents and things that refer to or relate to any actual or potential," "Related Patents" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks

information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to and without waiving its general and specific objections, Seakeeper agrees to produce copies of non-privileged, non-cumulative, non-duplicative documents relating to the conception and reduction to practice of the inventions claimed in the Patents-in-Suit and maintenance fee payments for the Patents-in-Suit to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 5:**

Documents and things sufficient to show any past or present ownership interest in any of the Patents-in-Suit, Related Patents, or Related Patent Applications.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "Related Patents, and Related Patent Applications" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to and without waiving its general and specific objections, Seakeeper agrees to produce copies of non-privileged, non-cumulative, non-duplicative copies of recorded assignments of the Patents-in-Suit to the extent such documents exist and are located after a

8

reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 6:**

Documents and things constituting or related to any contemplated transfer of ownership interest in any of the Patents-in-Suit, Related Patents, or Related Patent Applications.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "Documents and things constituting or related to any contemplated," "Related Patents, or Related Patent Applications" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to and without waiving its general and specific objections, Seakeeper agrees to produce copies of non-privileged, non-cumulative, non-duplicative copies of recorded assignments of the Patents-in-Suit to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and things that refer or relate to the research, conception, design, development, or any actual or constructive reduction to practice of the alleged invention(s) of the Patents-in-Suit, Related Patents, or Related Patent Applications.

9

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things that refer or relate to," "Related Patents, and Related Patent Applications" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available. Plaintiff further objects to this request as duplicative or cumulative with other discovery sought in this case, for example Request for Production No. 46 and Interrogatory No. 1.  Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to and without waiving its general and specific objections, Seakeeper agrees to produce copies of non-privileged, non-cumulative, non-duplicative documents relating to the conception and reduction to practice of the inventions claimed in the Patents-in-Suit to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and things disclosing, constituting, or relating to the first disclosure, first public use, first demonstration, first sale, or first offer for sale of the subject matter disclosed and claimed in the Patents-in-Suit, Related Patents, or Related Patent Applications.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g.

10

"All Documents and things disclosing, constituting, or relating to," "Related Patents, and Related Patent Applications" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available. Plaintiff further objects to this request as duplicative or cumulative with other discovery sought in this case, for example Request for Production No. 19.  Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents establishing the first press release, first public use of, and/or first sale of a product embodying an invention recited in the Patents-in-Suit to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and things that refer or relate to Seakeeper's efforts to develop, design, test, commercialize, manufacture, or have manufactured Flywheel Cooling technology.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things that refer or relate to," "Flywheel Cooling technology" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or

11

immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to and without waiving its general and specific objections, Seakeeper agrees to produce copies of non-privileged, non-cumulative, non-duplicative documents relating to the conception and reduction to practice of the inventions claimed in the Patents-in-Suit to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and things that constitute or refer to Prior Art to the Patents-in-Suit, Related Patents, or Related Patent Applications.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things that constitute or refer to," "Related Patents, and Related Patent Applications" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that

it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to and without waiving its general and specific objections, Seakeeper agrees to produce copies of non-privileged, non-cumulative, non-duplicative copies of prior art to the Patents-in-Suit to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 11:**

All patents, textbooks, articles, journals, or other publications of any kind issued, printed, published, distributed, or made available prior to January 12, 2006 that relate to the development, design, or performance of, or any attempt to design or develop, Flywheel Cooling technology, whether or not you contend or concede that such patents, textbooks, articles, journals, or publications constitute or reflect Prior Art.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All patents, textbooks, articles, journals, or other publications of any kind issued, printed, published, distributed, or made available prior to January 12, 2006 that relate to the development, design, or performance of, or any attempt to design or develop," "Flywheel Cooling technology" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

13

Subject to and without waiving its general and specific objections, Seakeeper agrees to produce copies of non-privileged, non-cumulative, non-duplicative copies of prior art to the Patents-in-Suit to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 12:**

All non-privileged Documents and things that constitute or refer to the results of any search for Prior Art concerning any of the Patents-in-Suit, Related Patents, or Related Patent Applications.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All non-privileged Documents and things that constitute or refer to," "Related Patents, and Related Patent Applications" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents relating to non-confidential copies of any prior art search results for the Patents-in-Suit to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody and control.

14

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and things referring or relating to Seakeeper's knowledge or awareness of, or participation in, demonstrations, testing, evaluations, or safety studies conducted by any person and that relate to Flywheel Cooling technology.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things referring or relating to," "demonstrations, testing, evaluations, or safety studies conducted by any person," "Flywheel Cooling technology" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to and without waiving its general and specific objections, Seakeeper agrees to produce copies of non-privileged, non-cumulative, non-duplicative documents relating to the conception and reduction of the inventions claimed in the Patents-in-Suit to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and things referring or relating to Seakeeper's knowledge or awareness of, or participation in, meetings, presentations, or conferences conducted by any person and that relate to Flywheel Cooling technology.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things referring or relating to," "meetings, presentations, or conferences conducted by any person," "Flywheel Cooling technology" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to and without waiving its general and specific objections, Seakeeper agrees to produce copies of non-privileged, non-cumulative, non-duplicative documents establishing the first press release, first public use of, and/or first sale of a product embodying an invention recited in the Patents-in-Suit to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and things referring or relating to Seakeeper's knowledge or awareness of, or participation in, grant proposals by any entity or person, grant awards by any entity or person, or solicitations for comment by any entity or person, any of which relate to Flywheel Cooling technology.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things referring or relating to Seakeeper's knowledge or awareness of, or

participation in, grant proposals by any entity or person, grant awards by any entity or person, or solicitations for comment by any entity or person," "Flywheel Cooling technology" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper states that it has not submitted any grant proposals nor received any grants.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and things that constitute or relate to any actual or proposed license, assignment, settlement agreement, hold harmless agreement, indemnification agreement, grant of rights, or other agreement related to the Patents-in-Suit, Related Patents, or Related Patent Applications, and all Documents and things that constitute or relate to any offers, proposals, responses, negotiations, or Communications in connection with any such actual or proposed license, assignment, grant, or agreements.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things that constitute or relate to any actual or proposed license, assignment, settlement agreement, hold harmless agreement, indemnification agreement, grant of rights, or other agreement," "Related Patents, and Related Patent Applications" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper

objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available. Plaintiff further objects to this request as duplicative or cumulative with other discovery sought in this case, for example Interrogatory No. 5. Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to its general and specific objections, Seakeeper states that it has not licensed or offered to license the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and things constituting, disclosing, referring to, or relating to any intellectual property license relating to marine gyroscopic stabilizers or Flywheel Cooling technology.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things constituting, disclosing, referring to, or relating to," "Flywheel Cooling technology" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper states that it has not licensed or offered to license the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents and things constituting or relating to any Seakeeper policy(ies) relating to licensing of patents or patent applications.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things constituting or relating to any"). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper states that it has not licensed or offered to license the Patents-in-Suit, nor has any policy relating to licensing of the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and things referring or relating to all efforts by or on behalf of Seakeeper and/or any prior owners of each Patent-in-Suit to satisfy the marking requirements of 35 U.S.C. § 287.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. All Documents and things referring or relating to all efforts). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product

doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available. Plaintiff further objects to this request as duplicative or cumulative with other discovery sought in this case, for example Interrogatory No. 19 and Request for Production No. 8.  Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to its general and specific objections, Seakeeper agrees to produce representative documents sufficient to show marking of Seakeeper's products as patented to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to disclose the sales, pricing, units sold, net and gross revenues, profits, losses, and royalties (broken out by year and product model) for any products sold or offered for sale by Seakeeper (or by any licensee of the Patents-in-Suit) that Seakeeper alleges embody or practice any claim of the Patents-in-Suit.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit. Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly

available. Plaintiff further objects to this request as duplicative or cumulative with other discovery sought in this case, for example Interrogatory No. 7.  Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to its general and specific objections, Seakeeper agrees to produce copies of non-privileged, non-cumulative, non-duplicative documents sufficient to show information on sales, pricing, units sold, net and gross revenues, profits, losses and royalties (if any) by product by year for the Asserted Patents to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and things that refer or relate to (a) any infringement of any of the Patents-in-Suit or Related Patents by any person and/or (b) any consideration or decision by Seakeeper whether to sue or pursue other steps to enforce the Patents-in-Suit or Related Patents against such person for any reason(s).

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things that refer or relate to," "any consideration or decision," "Related Patents" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents alleging infringement of the Patents-in-

21

Suit to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and things constituting or relating to any Communication or notice by or for Seakeeper to any person alleging infringement of any of the Patents-in-Suit or Related Patents, threatening any enforcement of any of the Patents-in-Suit or Related Patents, or otherwise relating to alleged or possible infringement of any of the Patents-in-Suit or Related Patents.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g., "All Documents and things constituting or relating to any Communication or notice," "otherwise relating to alleged or possible infringement," "Related Patents" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available. Plaintiff further objects to this request as duplicative or cumulative with other discovery sought in this case, for example Interrogatory No. 9. Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents alleging infringement of the Patents-in-Suit to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and things referring or relating to any steps or actions taken by Seakeeper to enforce the Patents-in-Suit or Related Patents, including actual or threatened litigation in the United States, actual or threatened litigation in any foreign country, or any arbitration or mediation proceeding.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things referring or relating to any steps or actions," "Related Patents" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents alleging infringement of the Patents-in-Suit by a third-party to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and things referring or relating to Seakeeper's knowledge of the Accused Product, including any Documents and things disclosing or relating to (a) how and when Seakeeper learned about such product and (b) how and when Seakeeper learned that such product allegedly infringed or practiced any of the claims of the Patents-in-Suit.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things referring or relating to," "any Documents and things disclosing or relating to"). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents relating to the operation of the Accused Products to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and things relating to any cooling apparatus or method, or any apparatus or method for transferring heat from heat-generating components, in the Accused Product.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things relating to"). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not

relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents relating to the operation of the Accused Products to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to disclose the organizational structure of Seakeeper with respect to the development, invention, prosecution, engineering, safety, production, marketing, advertising, litigation, licensing, sales, and regulation (including interactions with regulatory entities) of marine stabilization products by Seakeeper, including employee or contractor or consultant names, titles, departments, positions, or relationships with Seakeeper in Seakeeper' s organizational structure.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "development, invention, prosecution, engineering, safety, production, marketing, advertising, litigation, licensing, sales, and regulation (including interactions with regulatory entities)," "employee or contractor or consultant names, titles, departments, positions, or relationships with Seakeeper in Seakeeper' s organizational structure"). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

25

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents sufficient to show the organization of Seakeeper's management team relating to the Patents-in-Suit to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and things referring to Dometic and related to marine gyroscopic stabilizers or Flywheel Cooling technology.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things referring to Dometic and related to marine gyroscopic stabilizers or Flywheel Cooling technology," "Flywheel Cooling technology" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents relating to the sales, marketing and/or operation of the Accused Products to the extent such documents exist and are located after a

26

reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and things relating to Dometic's actual or constructive knowledge of the Patents-in-Suit.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Document and things relating to"). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents sufficient to show to Dometic's knowledge of the Patents-in-Suit to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents that constitute, refer to, or relate to statements by the inventors of the Patents-in-Suit regarding the Patents-in-Suit, Related Patents, or Related Patent Applications.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents that constitute, refer to, or relate to statements," "Related Patents, or Related Patent Applications" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents relating to published articles from the inventors relating to the technologies in the Asserted Patents to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents and things constituting or relating to any comparison of the Accused Product, or of any other device, process, method, use, manufacture, or system, to any claim, description, or invention in the Patents-in-Suit.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things constituting or relating to," "any other device, process, method, use, manufacture, or system"). Seakeeper objects to this request to the extent that it seeks information

protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents reflecting a comparison of the Accused Products to any claimed invention recited in the Patents-in-Suit to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and things on which Seakeeper intends to rely or use in support of a proposed construction or interpretation of any word or phrase of any claim of the Patents-in-Suit.

**RESPONSE:**

Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents which Seakeeper intends to rely on or use in support of a proposed construction or interpretation of any word or phrase of any claim of the Patents-in-Suit  to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents and things on which Seakeeper intends to rely or which Seakeeper intends to use in support of the alleged priority date for each of the Patents-in-Suit.

**RESPONSE:**

Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents which Seakeeper intends to rely on for priority for the Asserted Patents to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and things on which Seakeeper intends to rely or which Seakeeper intends to use in support of any alleged objective indicia of secondary considerations of non-obviousness of any invention claimed in any of the Patents-in- Suit, including commercial success, long-felt but unsolved needs, and the failures of others with respect to any invention claimed in any of the Patents-in-Suit.

**RESPONSE:**

Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Plaintiff further objects to this request as duplicative or cumulative with other discovery sought in this case, for example and Interrogatory No. 4.  Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents which Seakeeper intends to rely on for secondary considerations for the Asserted Patents to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents and things which disclose, refer to, or relate to any attempt by Seakeeper to commercialize or license any invention claimed in any of the Patents-in-Suit.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things which disclose, refer to, or relate to any attempt by Seakeeper to commercialize or license any invention claimed in any of the Patents-in-Suit"). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to and without waiving its general and specific objections, Seakeeper agrees to produce copies of non-privileged, non-cumulative, non-duplicative documents relating to the first public disclosure of a product embodying inventions claimed in the Asserted Patents to the extent

such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody and control.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents and things disclosing, quantifying, or relating to any alleged damage or harm that Seakeeper has allegedly suffered as a result of any alleged infringement of any claim of any of the Patents-in-Suit by Dometic.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things disclosing, quantifying, or relating to"). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available. Plaintiff further objects to this request as duplicative or cumulative with other discovery sought in this case, for example Interrogatory No. 6. Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents which Seakeeper intends to rely on to show its harms as a result of Dometic's infringement of the Patents-in-Suit to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and things which refer to or relate to Dometic's alleged access to the "confidential information" referred to in Paragraphs 49-58 of the Complaint.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things which refer to or relate to"). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents relating to Dometic's exploration of a potential acquisition of Seakeeper (or that of any affiliated entity) to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO.37:**

All Documents and things relating to or describing the Product Market, including its suppliers, original equipment manufacturers, purchasers, and purchasing cooperatives, including Independent Boat Builders, Inc.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g.

"All Documents and things relating to or describing the Product Market"). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative representative documents sufficient to show the gyroscopic stabilizer market, Seakeeper's share of the gyroscopic stabilizer market and/or any projections or forecasts of Seakeeper's future share of the gyroscopic stabilizer market for the Asserted Patents to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and things relating to actions taken or proposed within or concerning Seakeeper in response to, preparation for, or otherwise motivated (in whole or in part) by the anticipated expiration of the Patents-in-Suit.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things relating to actions taken or proposed within or concerning Seakeeper"). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the

34

possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative representative documents sufficient to show Seakeeper's plans with respect to the expiration of the Asserted Patents to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and things relating to any evaluations of third-party products that compete with Seakeeper's products in the Product Market.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit. Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents sufficient to show Seakeeper's comparisons of Dometic's gyroscopic stabilizer products to Seakeeper products embodying an invention claimed in the Patents-in-Suit to the extent such documents exist and are located after a

reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and things relating to any research or analysis of the Product Market.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things relating to any research or analysis of the Product Market"). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative representative documents sufficient to show the gyroscopic stabilizer market, Seakeeper's share of the gyroscopic stabilizer market and any projections or forecasts of Seakeeper's future share of the gyroscopic stabilizer market for the Asserted Patents to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and things relating to Seakeeper's, Dometic's, or any third party's market share (past, current, or projected) in the Product Market.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g., "All Documents and things relating to"). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative representative documents sufficient to show the gyroscopic stabilizer market, Seakeeper's share of the gyroscopic stabilizer market and any projections or forecasts of Seakeeper's future share of the gyroscopic stabilizer market for the Asserted Patents to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and things relating to Seakeeper's business plans, strategic plans, operating plans, marketing plans, financial plans, sales plans, and investment plans pertaining to marine gyroscopic stabilizers.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things relating to Seakeeper's business plans, strategic plans, operating plans, marketing plans, financial plans, sales plans, and investment plans pertaining to marine gyroscopic

stabilizers"). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative representative documents sufficient to show Seakeeper's strategic planning for products embodying an invention claimed in the Patents-in-Suit to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents and things relating to any marketing efforts or initiatives by Seakeeper to sell or promote marine gyroscopic stabilizers, including marketing plans, materials, advertisements, presentations, promotions, or press releases.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things relating to any marketing efforts or initiatives by Seakeeper to sell or promote marine gyroscopic stabilizers"). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that

38

it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative representative marketing materials for products embodying an invention claimed in the Patents-in-Suit to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents and things relating to any formal or informal valuations of Seakeeper and/or any technology disclosed or described in the Patents-in-Suit, Related Patents, or Related Patent Applications.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things relating to any formal or informal valuations," "Related Patents, and Related Patent Applications" as defined by Dometic). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity.  Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents relating to any formal offers for the company or formal valuations of the Asserted Patents to the extent such documents exist and are

39

located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 45:**

All other Documents and things not requested or described above on which Seakeeper intends to rely or which Seakeeper intends to use in support of any claim or contention asserted in this action.

**RESPONSE:**

Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents Seakeeper intends to use at trial to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 46:**

To the extent that Seakeeper no longer has Documents or things which disclosed, constituted, referred to, or related to the conception, actual or constructive reduction to practice, testing, development or commercialization, prosecution, abandonment, expiration, enforcement or licensing of any invention claimed in any of the Patents-in-Suit that are sought or described in the above requests because such Documents or things have been destroyed (whether or not pursuant to a document retention policy), then produce all Documents and things referring or relating to their destruction, all Documents and things constituting or relating to consideration as to whether to keep them in view of possible or contemplated litigation or other enforcement of the Patents-in-Suit, and any document retention policy or policies covering or governing them.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "Documents or things which disclosed, constituted, referred to, or related to the conception, actual or constructive reduction to practice, testing, development or commercialization, prosecution, abandonment, expiration, enforcement or licensing of any invention claimed in any of the Patents-in-Suit that are sought or described in the above requests," "all Documents and things referring or relating to their destruction," "all Documents and things constituting or relating to consideration as to whether to keep them," "any document retention policy or policies covering or governing them"). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available. Plaintiff further objects to this request as duplicative or cumulative with other discovery sought in this case, for example Request for Production No. 7 and Interrogatory No. 1. Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative representative copies of Seakeeper's document retention policy(ies) to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

41

**REQUEST FOR PRODUCTION NO. 47:**

To the extent that Seakeeper no longer has Documents or things which disclosed, constituted, referred to, or related to the prosecution, abandonment, expiration, enforcement or licensing that are sought or described in requests above because such Documents or things have been destroyed (whether or not pursuant to a document retention policy), then produce all Documents and things referring or relating to their destruction, all Documents and things constituting or relating to consideration as to whether to keep them in view of possible or contemplated litigation or other enforcement of the Patents-in-Suit, and any document retention policies covering or governing them.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "Documents or things which disclosed, constituted, referred to, or related to the prosecution, abandonment, expiration, enforcement or licensing that are sought or described in requests above," "then produce all Documents and things referring or relating to their destruction," "all Documents and things constituting or relating to consideration," "any document retention policies covering or governing them"). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available. Plaintiff further objects to this request as duplicative or cumulative with other discovery sought in this case, for example Request for Production No. 46. Fed. R. Civ. P. 26(b)(2)(C)(i).

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative representative copies of Seakeeper's document

42

retention policy(ies) to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents and things identified in your responses to Dometic's First Set of Interrogatories to you in this proceeding or which you relied upon or reviewed in responding to Dometic's First Set of Interrogatories.

**RESPONSE:**

Seakeeper objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, as the burden of the requested discovery outweighs its likely benefit (e.g. "All Documents and things . . . which you relied upon or reviewed in responding to Dometic's First Set of Interrogatories"). Seakeeper objects to this request to the extent that it seeks information protected by the attorney-client privilege the work product doctrine, and/or any other privilege or immunity. Seakeeper objects to the request to the extent that it seeks information not relevant to any claim or defense in this action. Seakeeper objects to this request to the extent that it seeks information already in the possession of Dometic, or that may be reasonably found with a third party, or that is publicly available.

Subject to its general and specific objections, Seakeeper will produce copies of non-privileged, non-cumulative, non-duplicative documents specifically identified in its interrogatory responses to the extent such documents exist and are located after a reasonable search of documents and communications within Seakeeper's possession, custody, and control.

OF COUNSEL:

MARSHALL, GERSTEIN & BORUN LLP
6300 Willis Tower
233 S. Wacker Drive
Chicago, IL 60606
(312) 474-6300

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
fineman@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*
*Seakeeper, Inc.*

Dated: December 22, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 22, 2025, a true and correct copy of the foregoing document was caused to be served by e-mail on the following counsel:

**<u>BY E-MAIL</u>**

John G. Day
Andrew C. Mayo
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

**<u>BY E-MAIL</u>**

Oleg Khariton
Dinsmore & Shohl LLP
255 E. Fifth Street
Suite 1900
Cincinnati, OH 45202

**<u>BY E-MAIL</u>**

Michael. A. Xavier
Dinsmore & Shohl LLP
1775 Sherman Street
Suite 2600
Denver, CO 80203

**<u>BY E-MAIL</u>**

Christoper K. VanDeusen
Dinsmore & Shohl LLP
755 West Big Beaver Road, Suite 1900
Troy, MI 48084

*/s/ Christine D. Haynes*
Christine D. Haynes (#4697)
haynes@rlf.com