# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SEAKEEPER, INCORPORATED,

Plaintiff,

v.

DOMETIC CORPORATION,

Defendant.

C.A. No. 25-0484-JCB

**PLAINTIFF'S PARAGRAPH 3 DISCLOSURES**

Pursuant to Paragraph 3 of the Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") (the "Default Standard"), Plaintiff Seakeeper, Incorporated ("Seakeeper" or "Plaintiff") provides the following disclosures based upon the information reasonably available to Plaintiff at this time. Seakeeper's investigation is ongoing, and it reserves the right to supplement and amend these disclosures, to otherwise disclose relevant information to Defendant in response to other discovery requests, and to include additional information acquired during the course of this litigation pursuant to Fed. R. Civ. P. 26(e).

**A.    Custodians, most likely to have discoverable information in their possession, custody, or control, from the most likely to the least likely**

Seakeeper identifies the following custodians that Seakeeper presently believes are likely to have discoverable information that is relevant to this case. Seakeeper does not represent that these custodians have relevant documents in their possession, custody, or control, and does not waive its right to object to the production of any document or tangible thing in the possession of any custodian on the basis of privilege, the work product doctrine, relevance or any other valid

objection.  Seakeeper reserves the right to supplement or modify this list of custodians as discovery continues.

1.      Andrew Semprevivo. Mr. Semprevivo is the President and Chief Executive Officer of Seakeeper. The information may concern Seakeeper's sales, marketing, pricing, relating to Seakeeper's gyroscopic stabilization products; Seakeeper's damages and the nature and identity of harms to Plaintiff; negotiations with affiliates of Defendant and the disclosure of information thereto concerning Plaintiff, its products, or its business; Defendant's marketing and promotion of, and similar or related actions of its affiliates relating to, the Accused Products.

2.      Rebecca Smitha. Ms. Smitha is the Chief Financial Officer of Seakeeper. The information may concern Seakeeper's history and internal operations; its sales, marketing, revenue, profits, and pricing of its gyroscopic stabilization products; information relevant to Seakeeper's damages and the nature and identity of harms to Plaintiff.

3.      Will Cimino. Mr. Cimino is the Chief Commercial Officer of Seakeeper. He has previously served as Seakeeper's Director of Global Sales and Vice President of Growth and Strategy. The information may concern Seakeeper's sales, marketing and pricing of its gyroscopic stabilization products, as well as the overall market for gyroscopic stabilization products and related topics; information relevant to Seakeeper's damages and the nature and identity of harms to Plaintiff; and, Defendant's marketing and promotion of, and similar or related actions of its affiliates relating to, the Accused Products.

4.    Nick Troche. Mr. Troche is the Chief Technology Officer at Seakeeper. The information may concern marine gyroscopic stabilization products, including but not limited to Seakeeper's gyroscopic stabilizer products; the invention(s) claimed and/or described in the Asserted Patents; as well as, the nature and identity of harms to Plaintiff.

5.    Brian Steele. Mr. Steele is the Principal Mechanical Development Engineer. The information may concern marine gyroscopic stabilization products, including but not limited to Seakeeper's gyroscopic stabilizer products; the invention(s) claimed and/or described in the Asserted Patents; as well as, the nature and identity of harms to Plaintiff.

6.    Steve Goss. Mr. Goss is a Senior Electrical Development Engineer. The information may concern marine gyroscopic stabilization products, including but not limited to Seakeeper's gyroscopic stabilizer products; the invention(s) claimed and/or described in the Asserted Patents; as well as, the nature and identity of harms to Plaintiff.

7.    Travis Messner. Mr. Messner is a Service Engineering Lead. The information may concern marine gyroscopic stabilization products, including but not limited to Seakeeper's gyroscopic stabilizer products; the invention(s) claimed and/or described in the Asserted Patents; as well as, the nature and identity of harms to Plaintiff.

8.    Greg Reed. Mr. Reed is the Lead Current Product Engineer. The information may concern marine gyroscopic stabilization products, including but not limited to Seakeeper's gyroscopic stabilizer products; the invention(s) claimed and/or

3

described in the Asserted Patents; as well as, the nature and identity of harms to Plaintiff.

9.      Dave McClean. Mr. McClean is a Service Manager. The information may concern marine gyroscopic stabilization products, including but not limited to Seakeeper's gyroscopic stabilizer products; the invention(s) claimed and/or described in the Asserted Patents; as well as, the nature and identity of harms to Plaintiff.

10.     Maggie Meredith. Ms. Meredith is Vice President of People, Culture, & Brand. The information may concern Seakeeper's internal operations; its sales, marketing, revenue, profits, and pricing of its gyroscopic stabilization products; information relevant to Seakeeper's damages and the nature and identity of harms to Plaintiff.

**B.      Non-custodian data sources.  A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from most likely to the least likely.**

Seakeeper hereby identifies the following sources of potentially relevant non-custodial data, from which Seakeeper may produce documents in this litigation:

- Financial and CRM software

- Engineering Drawings Repository

- Manufacturing Execution System

- Project Management Software

- Document Management Systems

**C.      Notice**

**(i)      Any ESI (by type, date, custodian, electronic system or other criteria) that a party asserts is not reasonably accessible under Fed R. Civ. P. 26(b)(2)(C)(i)**

Seakeeper identifies the categories of ESI identified in Schedule A to the Default Standard as not reasonably accessible to Seakeeper.  Seakeeper is not presently aware of

any other issues relating to inaccessible ESI.  Seakeeper's investigation is ongoing, and it may seek to amend and/or supplement this disclosure.

**(ii)    Third-Party discovery under Fed R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.**

Seakeeper may seek third-party discovery regarding Dometic's infringement of the Asserted Patents, Dometic's acquisition and use of Seakeeper confidential information, and/or related to the validity of the Asserted Patents.  Seakeeper anticipates that the timing and sequence of any third-party discovery will comport with Federal Rule of Civil Procedure 45, the Court's Local Rules, and the Scheduling Order.

**(iii)    Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws**

Seakeeper identifies information maintained and/or possessed by Dometic Marine Canada Inc. and/or Dometic Group AB as information that may need to be produced from outside of the United States and may be subject to foreign laws.

|  |  |
|---|---|
| OF COUNSEL: | */s/ Steven J. Fineman* |
|  | Steven J. Fineman (#4025) |
|  | Kelly E. Farnan (#4395) |
| MARSHALL, GERSTEIN & BORUN LLP | Christine D. Haynes (#4697) |
| 6300 Willis Tower | Richards, Layton & Finger, P.A. |
| 233 S. Wacker Drive | One Rodney Square |
| Chicago, IL 60606 | 920 North King Street |
| (312) 474-6300 | Wilmington, DE 19801 |
|  | 302-651-7700 |
|  | fineman@rlf.com |
|  | farnan@rlf.com |
|  | haynes@rlf.com |
|  |  |
|  | *Attorneys for Plaintiff* |
|  | *Seakeeper, Inc.* |

Dated: January 9, 2026

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2026, a true and correct copy of the foregoing document was caused to be served by e-mail on the following counsel:

**BY E-MAIL**

John G. Day
Andrew C. Mayo
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

**BY E-MAIL**

Oleg Khariton
Dinsmore & Shohl LLP
255 E. Fifth Street
Suite 1900
Cincinnati, OH 45202

**BY E-MAIL**

Michael. A. Xavier
Dinsmore & Shohl LLP
1775 Sherman Street
Suite 2600
Denver, CO 80203

**BY E-MAIL**

Christoper K. VanDeusen
Dinsmore & Shohl LLP
755 West Big Beaver Road, Suite 1900
Troy, MI 48084

*/s/  Christine D. Haynes*
Christine D. Haynes (#4697)
haynes@rlf.com