# EXHIBIT I



**DINSMORE & SHOHL LLP**
255 E. Fifth St., Suite 1900
Cincinnati, Ohio 45202
www.dinsmore.com • Legal Counsel

Oleg Khariton
(513) 977-8246 (direct) · (513) 977-8141 (fax)
oleg.khariton@disnmore.com

June 5, 2026

<u>**VIA EMAIL**</u>
Raymond R. Ricordati
Marshall, Gerstein & Borun LLP
233 South Wacker Drive, Suite 6300
Chicago, IL 60606
rricordati@marshallip.com

> RE:    *Seakeeper, Inc. v. Dometic Corporation* (D. Del. Case No. 1:25-cv-00242-JCB) –Seakeeper's Failure to Comply With the Deadline for Substantial Completion of Document Production

Ray:

We are in receipt of your proposals for what you term the "Revised Scope of Disputed RFPs" that you sent via email on May 29, 2026, after our meet-and-confer on May 27, 2026.

At the outset, we want to make it clear that the parties' current dispute is not simply a dispute about a discrete set of RFPs. Rather, it is primarily about Seakeeper's total failure to comply with the Court-ordered deadline for the substantial completion of document production. As you know, that deadline was May 11, 2026. Seakeeper had not produced any documents prior to that date. On May 11, it produced a total of 858 files. It appears that 237 of those files are parts of the public file histories of the Patents-in-Suit. The majority of the remaining 621 files consist of captures of public websites and other third-party publications. The production includes what appears to be some financial and testing data, but only in a very small number of files. Only a handful of emails have been produced.

There is no doubt, then, that Seakeeper has failed to comply with the Court's Scheduling Order. A production of a few hundred documents is not a meaningful production in just about any patent case, and certainly not in this case, which involves two direct competitors, sophisticated technology, and allegations of far-reaching economic harm. Seakeeper's almost total failure to collect, review, and produce relevant documents prior to the May 11 deadline not only violates the Court's Scheduling Order but is also highly prejudicial to Dometic. As you know, the fact discovery cut-off is fast approaching on July 18, 2026. Dometic cannot conduct depositions without any documents from Seakeeper.

June 5, 2026
Page 2

Please confirm by the close of business on **June 8, 2026**, that Seakeeper will produce the documents identified below within seven (7) days, by **June 15, 2026**. Otherwise, we will be forced to seek appropriate relief from the Court.

### 1.    *Seakeeper has failed to produce the documents it promised.*

Seakeeper's document production is glaringly deficient even as to the categories of documents that Seakeeper previously committed to producing in its December 22, 2025 Responses to Dometic's RFPs. Specifically, Seakeeper has not made a fulsome production of the following categories of documents that it promised to produce:

- Documents relating to the conception and reduction to practice of the features subject to the Patents-in-Suit[1] and maintenance fee payments for the Asserted Patents (RFP Nos. 3, 4, 7, 9, 13);

- Documents establishing the first public disclosure, press release, first public use of, and/or first sale of a product embodying the inventions claimed in the Patents-in-Suit (RFP Nos. 8, 14, 34);

- Copies of the prior art to the Patents-in-Suit (RFP Nos. 10, 11);

- Documents relating to non-confidential copies of any prior art search results for the Patents-in-Suit (RFP No. 12);

- Documents sufficient to show Seakeeper's marking of its products (RFP No. 19);

- Documents alleging infringement of the Patents-in-Suit (RFP Nos. 21, 22, 23);

- Documents relating to the operation of the Accused Product (RFP Nos. 24, 25);

- Documents sufficient to show the organization of Seakeeper's management team relating to the Patents-in-Suit (RFP No. 26);

- Documents relating to the sales, marketing, and/or operation of the Accused Product (RFP No. 27);

- Documents sufficient to show Dometic's knowledge of the Patents-in-Suit (RFP No. 28);

- Documents relating to published articles from the inventors relating to the technologies in the Patents-in-Suit (RFP No. 29);

- Documents reflecting a comparison of the Accused Product to any claimed invention recited in the Patents-in-Suit (RFP No. 30);

- Documents relating to Dometic Group AB's exploration of a potential acquisition of Seakeeper (or that of any affiliated entity) (RFP No. 36);

---

[1] Although Seakeeper has produced some documents responsive to this request, Seakeeper's production is clearly incomplete, given the extremely small number of documents produced relative to the nature and complexity of the invention.

June 5, 2026
Page 3

- Documents sufficient to show the gyroscopic stabilizer market, Seakeeper's share of the gyroscopic stabilizer market, and/or any projections or forecasts of Seakeeper's future share of the gyroscopic stabilizer market for the Patents-in-Suit (RFP Nos. 37, 40, 41);

- Documents sufficient to show Seakeeper's plans with respect to the expiration of the Patents-in-Suit (RFP No. 38);

- Documents sufficient to show Seakeeper's comparisons of Dometic's gyroscopic stabilizer products to Seakeeper products embodying an invention claimed in the Patents-in-Suit (RFP No. 39);

- Documents sufficient to show Seakeeper's strategic planning for products embodying the inventions claimed in the Patents-in-Suit (RFP No. 42);

- Representative marketing materials for products embodying the inventions claimed in the Patents-in-Suit (RFP No. 43);

- Documents relating to any formal offers for the company or formal valuations of the Patents-in-Suit (RFP No. 44);

- Representative copies of Seakeeper's document retention policy(ies) (RFP Nos. 46, 47);

- The December 21, 2007 "press release" announcing Seakeeper's "strategic partnership with Azimut Yachts," identified in Seakeeper's Response to Interrogatory No. 1 (RFP No. 48); and

- The business records that Seakeeper references and relies upon in answering Interrogatory Nos. 1, 2, 4, 5, 7, and 7 under Rule 33(d).[2]

The May 11 deadline to substantially complete document production has come and gone, and yet Seakeeper has failed to produce the majority of documents it agreed to produce months ago in response to a large number of Dometic's RFPs. Seakeeper must promptly produce the promised documents.

**2. *Seakeeper's commitments to produce documents in response to the disputed RFPs are also insufficient.***

As to the specific RFPs we discussed in our May 27 meet-and-confer—Nos. 2, 4, 5, 6, 8, 9, 13, 16, 17, 21, 22, 23, 24, 30, 34, 37, 39, 40, 41, 43, and 44—we have reviewed the proposals in your May 29 "Proposed Revised Scope" document. However, we cannot agree to limit many of these RFPs as you suggest. Specifically:

- **RFP Nos. 2 and 4:** We appreciate your commitment to produce communications between Seakeeper and Wavetamer referring to or discussing the Wavetamer IPRs and internal, non-privileged documents discussing the Wavetamer IPRs. However, we gave this category of documents as just one example of the type of documents that would be

---

[2] Seakeeper's written Responses to these Interrogatories are also deficient, as they do not identify what documents Seakeeper seeks to rely up to answer each Interrogatory.

June 5, 2026
Page 4

responsive to these RFPs.  Seakeeper must undertake a reasonable search and produce documents responsive to the full scope of RFP Nos. 2 and 4.

- **RFP Nos. 9 and 34:** We gave the "Glycol Seawater" feature as one example of a non-patented cooling feature used in Seakeeper's products. To the extent Seakeeper's products employ other non-patented cooling features, Seakeeper must produce documents concerning these as well.

- **RFP Nos. 16, 17, and 34:**  Missing from your commitment to produce are (a) documents concerning any licenses granted or offered by Seakeeper to related Seakeeper patents or patent applications and (b) any licenses offered to Seakeeper covering marine gyrostabilizer technology.

- **RFP Nos. 21-23:** Missing from your commitment to produce are non-privileged documents concerning Seakeeper's <u>contemplated</u> enforcement of the Patents-in-Suit against third parties, even if this did not lead to any actual enforcement activity.

- **RFP Nos. 30 and 39:** Seakeeper must produce all non-privileged documents concerning its investigation and analysis of the DG3 (whether from a technical or commercial standpoint).

- **RFP Nos. 37, 40, and 41:** Missing from your commitment to produce are documents concerning Seakeeper's analysis or evaluation of competing gyrostabilizer products besides the DG3.

- **RFP No. 44:** In addition to producing "[f]ormal valuations of the patents-in-suit or the patented technology," Seakeeper has already agreed to produce documents concerning any "formal offers" for the company.  Seakeeper must also produce documents concerning any informal valuations of the Patents-in-Suit, the patented technology, or the company.

### 3.    *Seakeeper must promptly search email and other custodial ESI.*

Seakeeper's Paragraph 3 Disclosures identified ten (10) custodians of relevant information. Seakeeper has plainly failed to undertake any systematic search of these custodians' files, including their email.  In fact, the File Path metadata accompanying Seakeeper's documents indicates that all of the files Seakeeper produced came from a single folder called "Seakeeper Production"—suggesting that these documents were self-collected and manually placed into that single folder from other, unnamed sources, before Seakeeper processed the production.[3]  Your comments during the parties' meet-and-confer on May 27, 2026 (three weeks after the deadline for substantial completion of document production) all but confirmed that Seakeeper has failed to undertake any meaningful search of email and other custodial ESI prior to the document production deadline.  Seakeeper must immediately remedy this failure and conduct a reasonable

---

[3] The lack of any meaningful metadata is itself problematic.  An appropriate metadata production would have indicated where the produced files were maintained in the ordinary course of business (and, in the case of custodial files, by whom).

4

June 5, 2026
Page 5

search of the email communications and other ESI maintained by its Paragraph 3 custodians for documents responsive at least to the following RFPs:

- No. 7 (research, conception, design, development, or any actual or constructive reduction to practice of the alleged inventions);

- Nos. 9 and 34 (non-patented cooling features and customer feedback);

- Nos. 10, 11, and 12 (prior art and prior art search results);

- Nos. 16, 17 and 34 (licensing);

- Nos. 21-23 (actual or contemplated enforcement activity);[4]

- No. 24 (first awareness of the Accused Product);

- No. 27 (sales, marketing, and/or operation of the Accused Product);

- Nos. 30 and 39 (investigation and analysis of the Accused Product);

- No. 36 (Dometic Group AB's potential acquisition of Seakeeper);

- Nos. 37, 40, and 41 (analysis of the gyrostabilizer market, DG3, or other competing products);

- No. 38 (plans with respect to the expiration of the Patents-in-Suit);

- No. 42 (strategic planning);

- No. 43 (formal and informal valuations of the Patents-in-Suit, the patented technology, or the company); and

- No. 44 (marketing strategy).

***

As noted above, Seakeeper's inexcusable delay in producing documents unfairly prejudices Dometic by delaying its ability to take depositions ahead of the July 18 fact discovery cut-off and to otherwise develop its case. Seakeeper must promptly produce the documents discussed above. We look forward to your prompt response and cooperation.

---

[4] Seakeeper cannot simply produce enforcement-related correspondence "to/from" third parties but must also produce internal communications concerning such correspondence.

June 5, 2026
Page 6

Sincerely,

Oleg Khariton

cc: all counsel of record