**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEAKEEPER, INCORPORATED, | |
| Plaintiff, | |
| v. | C.A. No. 25- 0484-JCB |
| DOMETIC CORPORATION, DOMETIC GROUP AB, and DOMETIC MARINE CANADA, INC. | **JURY TRIAL DEMANDED** |
| Defendant. | |

**LETTER TO THE HONORABLE J. CAMPBELL BARKER FROM
<u>STEVEN J. FINEMAN REGARDING DOMETIC'S MOTION TO COMPEL</u>**

OF COUNSEL:

MARSHALL, GERSTEIN & BORUN LLP
6300 Willis Tower
233 S. Wacker Drive
Chicago, Illinois 60606
(312) 474-6300

Steven J. Fineman (#4025)
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
302-651-7700
fineman@rlf.com
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff
Seakeeper, Inc.*

Dated: June 18, 2026

1

Plaintiff Seakeeper, Inc. ("Seakeeper") respectfully submits this letter in opposition to Defendant Dometic Corporation's ("Dometic") Motion to Compel. Dometic's motion presents an incomplete and misleading account of the parties' discovery discussions and Seakeeper's production efforts. Contrary to Dometic's characterization, this is not a case of noncompliance with discovery obligations, but rather a dispute over the scope, sequencing, and proportionality of ongoing discovery—much of which was the subject of a recent, extended meet-and-confer during which the parties reached agreement on a substantial portion of the issues now presented.

## I.    The Motion Disregards the Parties' Meet-and-Confer and Areas of Agreement

Dometic's motion largely ignores a lengthy meet-and-confer between the parties that addressed a significant portion of the issues raised here. During that discussion, the parties reached understanding on numerous categories of documents and appropriate limitations to certain requests. Despite those efforts, Dometic now seeks an order compelling sweeping production "as if no call occurred," including relief that exceeds what was discussed or agreed.

This framing is improper. Where parties have meaningfully conferred and narrowed issues, a motion to compel should reflect those discussions—not erase them. Dometic's failure to acknowledge those agreements underscores that its motion is not directed at resolving discrete disputes, but rather at expanding discovery beyond what Rule 26 permits.

At all times, Seakeeper has acted in good faith, consistent with its responses and objections to Dometic's RFPs, to identify and produce responsive, non-privileged materials. Seakeeper has not sought to delay discovery, having responded to Dometic's various correspondence with proposals for addressing Dometic's vague and overbroad requests. When Dometic sought a meet and confer, Seakeeper promptly agreed. During that meet and confer, Seakeeper meaningfully engaged with Dometic's counsel in a sincere effort to clarify Dometic's requests and resolve disagreements concerning scope. Seakeeper has continued to supplement its production as part of an ongoing process consistent with the Federal Rules.

## II.    Dometic Mischaracterizes Alleged Deficiencies in Seakeeper's Production

Dometic's assertion that Seakeeper has failed to produce broad categories of documents is inaccurate. The parties addressed many of these categories during meet-and-confer, and the issues concerning the remaining requests are either premature or the requests are directed to documents that Seakeeper has advised do not exist.

### A.  Technical Development and DG3-Related Requests (RFP Nos. 7, 9, 13, 24, 30, 39)

Seakeeper has already produced responsive non-privileged documents to the extent that they exist, and has provided appropriate clarification as to others. For example:

- Seakeeper produced documents reflecting its first awareness of DG3 at the February 2025 Miami Boat Show (RFP 24).

- Seakeeper produced non-privileged DG3 evaluation materials (RFPs 30, 39), to the extent that they exist, and is not presently aware of additional non-privileged pre-suit analyses.
- For product design and testing (RFP 9), Seakeeper has produced non-privileged materials describing the design of its gyrostabilizer and will continue supplementation.
- With respect to non-patented cooling features (RFPs 9, 13), Dometic only recently clarified that it seeks materials regarding a glycol seawater cooling feature, which Seakeeper agreed it would provide. Dometic's demand for documents concerning additional, unspecified product features exceeds the agreed scope and is disproportionate.

### B. Commercial, Competitive, and Customer Materials (RFP Nos. 9, 37, 40, 41, 43)

Dometic only recently narrowed these broad requests to high-level, summary documents:

- Summary reports of customer feedback (RFP 9)
- High-level executive analyses of the gyrostabilizer market and DG3's impact (RFPs 37, 40, 41)
- High-level marketing strategy materials (RFP 43)

Seakeeper has agreed to provide these documents. Dometic's attempt to expand the scope of these requests exceeds the parties' agreement and is not proportional. Seakeeper is not presently aware of additional non-privileged documents reflecting broader competitive analyses.

### C. Enforcement, Licensing, and Settlement Requests (RFP Nos. 16, 17, 21–23, 34)

These categories were addressed and largely resolved in the parties' meet-and-confer:

- Seakeeper agreed to produce non-privileged third-party infringement correspondence concerning the Asserted Patents and is not presently aware of any additional responsive non-privileged documents.
- Seakeeper has confirmed that it is not presently aware of any licenses that exist relating to the Asserted Patents.
- Seakeeper has confirmed that it is not presently aware of any settlement agreements that exist relating to the Asserted Patents.

Dometic's revived demands for broader materials (e.g., "contemplated enforcement") are vague and intrude on privilege.

### D. Valuations (RFP No. 44)

During the meet-and-confer, Seakeeper agreed to produce formal valuation materials concerning the Asserted Patents, if any exist. As reflected in the parties' follow-up proposal, Seakeeper specifically requested that Dometic provide authority supporting broader "company valuation" discovery. Dometic has provided none.

Dometic has also not demonstrated relevance of valuations of the company itself. Despite Seakeeper's request that Dometic point to authority for its request, it has declined to cite any authority, or explained why such discovery is appropriate.

### E.  Remaining Requests (RFP Nos. 7–8, 10–12, 19, 26, 36, 38, 42)

In the parties' recent meet-and-confer, Dometic chose not to raise these requests. Seakeeper objects that these requests are not ripe and Dometic's motion to compel is premature. In any event, Seakeeper has produced responsive materials where located after a reasonable search and will continue to supplement as appropriate.

### F.  Custodial ESI and Search Terms

Dometic's motion also criticizes Seakeeper's email and ESI efforts, but that criticism omits critical context from the parties' discussions.

Pursuant to the Delaware Default Standard For Discovery, Including Discovery Of Electronically Stored Information ("ESI"), Seakeeper invited Dometic to propose Boolean search terms. Dometic insisted upon broad, undifferentiated search terms such as "Dometic" or "DG3." Seakeeper objected, noting that the Delaware Standard prohibits use of "over-broad terms (e.g., product and company names)" such as Dometic proposed. Seakeeper remains available to discuss focused and appropriately tailored search terms, consistent with the Delaware Standard.

Seakeeper has therefore proceeded—and continues to proceed—with a reasonable approach to ESI discovery: identifying appropriate custodians, working toward targeted search parameters, and sequencing collection efforts to ensure proportionality and efficiency. Those efforts were underway prior to Dometic's motion and remain ongoing.

## III.    Dometic Has Not Demonstrated Prejudice Warranting Court Intervention

Dometic's claimed prejudice does not justify the extraordinary relief it seeks. Dometic failed to follow up on these issues until recently, discovery remains ongoing, and Seakeeper continues to make rolling productions as Dometic raises issues, including documents responsive to the recently-agreed upon narrowing of various RFPs. To the extent Dometic argues there is not sufficient time before the close of fact discovery, any purported prejudice could be easily cured by a modest extension of the deadline for the close of fact discovery, which is currently set for July 17, 2026.  (D.I. 178). Claim construction briefing does not begin until early September, and expert reports are not due to be served until the end of November. (D.I. 141).

Dometic's motion reflects a disagreement over the scope and sequencing of discovery—not a failure by Seakeeper to comply with its obligations. Seakeeper has engaged in substantial meet-and-confer efforts, produced responsive materials, and continues to do so in good faith.

For these reasons, Seakeeper respectfully requests that the Court deny Dometic's Motion to Compel.

Respectfully,

/s/ *Steven J. Fineman*

Steven J. Fineman (#4025)

Cc: Counsel of Record (by CM/ECF and e-mail)

5